# EXHIBIT   A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE OF CALIFORNIA; RAMON SILVA; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SANDRA KIRKMAN and CARLOS ALANIZ, individually and as successors-in-interest to JOHN ALANIZ, deceased;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/28/2023 4:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By T. Carlson, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Compton Courthouse
200 West Compton Blvd., Compton, CA 90220

**CASE NUMBER:**
*(Número del Caso):*
23CMCV01174

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale K. Galipo, Esq., 21800 Burbank Blvd. #310, Woodland Hills, CA 91367 818/347-3333

DATE: 07/28/2023   Clerk, by T. Carlson, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* STATE OF CALIFORNIA
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* 416.50 (public entity)
4. ☒ by personal delivery on *(date):* 8-11-2023

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
rlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorney for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/28/2023 4:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By T. Carlson, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDRA KIRKMAN and CARLOS ALANIZ, individually and as successors-in-interest to JOHN ALANIZ, deceased;<br><br>Plaintiffs,<br>vs.<br><br>STATE OF CALIFORNIA; RAMON SILVA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 23CMCV01174<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)<br>4. Battery (Survival and Wrongful Death)<br>5. Negligence (Survival and Wrongful Death)<br>6. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Come now Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ individually and as successors-in-interest to JOHN ALANIZ, Deceased; for their Complaint against Defendants STATE OF CALIFORNIA; RAMON SILVA; and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

2. Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California, and because Defendants reside in the County of Los Angeles, California.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal California Highway Patrol officer-involved shooting of John Alaniz on May 4, 2022.

## PARTIES

4. At all relevant times, Decedent JOHN ALANIZ ("DECEDENT") was an individual residing in the County of Los Angeles, California.

5. Plaintiff SANDRA KIRKMAN ("Plaintiff KIRKMAN") is an individual residing in the City of Laguna Niguel, County of Los Angeles, California. SANDRA KIRKMAN is the natural mother of DECEDENT and sues in her individual capacity and as successor-in-interest to DECEDENT. SANDRA KIRKMAN seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

6. Plaintiff CARLOS ALANIZ ("Plaintiff ALANIZ") is an individual residing in the County of Los Angeles, California. CARLOS ALANIZ is the natural father of DECEDENT and

sues in his individual capacity and as successor-in-interest to DECEDENT. CARLOS ALANIZ seeks survival damages, wrongful death damages, compensatory damages, and punitive damages under federal and state law.

7. At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the State of California. STATE is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE is and was responsible for the management and overseeing of the CHP, for the actions or inactions of the Defendants Ramon Silva and DOES 1-10, and for the policies, practices, and/or customs relating to the CHP and its officers. At all relevant times, STATE was the employer of Defendants Ramon Silva and DOES 1-10.

8. At all relevant times, Defendant RAMON SILVA ("SILVA") and DOES 1-7, inclusive (collectively "OFFICER DEFENDANTS") were duly appointed by STATE as CHP officers and employees or agents of STATE, subject to oversight and supervision by STATE's elected and non-elected officials. SILVA, and DOES 1-7 acted under color of law within the course and scope of their duties as officers for the CHP. At all relevant times, OFFICER DEFENDANTS were acting within the complete authority and ratification of their principal, Defendant STATE.

9. At all relevant times, Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of the CHP, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the CHP and the STATE. DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant STATE.

10. In doing the acts and failing and omitting to act as hereinafter described, SILVA and DOES 1-10 were acting on the implied and actual permission and consent of Defendant STATE.

1  11.  On information and belief, SILVA and DOES 1-10 are residents of the County of Los Angeles.

2  12.  SILVA and DOES 1-10 are sued in their individual capacities.

3  13.  The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

16. On November October 19, 2022 Plaintiffs filed comprehensive and timely claims for damages with the STATE pursuant to the applicable sections of the California Government Code. Said claims were rejected by STATE on March 7, 2023.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18. This incident occurred on May 4, 2022. On that date, DECEDENT was, on information and belief, experiencing a mental health crisis or emotional disturbance and walked along the shoulder of the 105 freeway in Paramount, California. DECEDENT was struck by an oncoming semi-truck, but survived. He continued walking along the shoulder of the freeway.

19. CHP Officers responded to a traffic call involving a vehicle and pedestrian.

-3-
COMPLAINT FOR DAMAGES

20. On information and belief, a CHP officer, DOE 1, arrived at the scene to check on the welfare of DECEDENT, who had been struck by the semi-truck. DECEDENT stood on the side of the freeway as the DOE 1 parked on between the shoulder of the freeway and the lane next to the shoulder. Traffic continued to move in the four left lanes.

21. Soon thereafter, DEFENDANT SILVA arrived at the scene, dismounted his patrol motorcycle and walked down the shoulder of the freeway towards DECEDENT. SILVA's patrol motorcycle was parked farther from DECEDENT than DOE 1's patrol vehicle was parked in relation to DECEDENT.

22. DOE 1 exited his patrol vehicle, walked towards the trunk of his vehicle towards the freeway traffic, and faced DECEDENT who was standing on the shoulder. Then, DECEDENT approached the back of the parked patrol vehicle, in the direction of the officers.

23. As DECEDENT came around the back of the patrol vehicle, visibly unarmed and posing no immediate threat of death or serious bodily injury, DOE 1 pulled his taser and aimed at DECEDENT. On information and belief, DOE 1 discharged his taser at DECEDENT.

24. On information and belief, as soon as DECEDENT came in to SILVA's view on SILVA's side of DOE 1's patrol vehicle, SILVA fired multiple lethal shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him. SILVA's shooting at DECEDENT caused DECEDENT to fall to the freeway pavement. Even though OFFICER DEFENDANTS were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, SILVA did not use these, let alone exhaust these alternatives.

25. Prior to using deadly force against DECEDENT, SILVA issued no warnings that he would do so, despite it being feasible.

26. On information and belief, at the time SILVA used deadly force against DECEDENT, DECEDENT was unarmed, posed no immediate threat of death or serious bodily injury to anyone, including SILVA or any other officers or bystanders. Therefore, the shooting was excessive and unreasonable.

-4-
COMPLAINT FOR DAMAGES

27. SILVA knew or should have known that DECEDENT did not have any gun.

28. Furthermore, at the time SILVA used deadly force against DECEDENT, regular traffic moved behind DECEDENT and could have been struck in the course of SILVA's use of deadly force.

29. Despite DECEDENT showing obvious signs of mental distress, no mental health workers responded to the scene, and SILVA did not wait until a mental health team could arrive to the scene.

30. On information and belief, despite having knowledge that DECEDENT was seriously injured by SILVA's use of deadly force, OFFICER DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

31. DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

32. Plaintiff SANDRA KIRKMAN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

33. Plaintiff CARLOS ALANIZ is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs against SILVA)

34. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

35. On May 4, 2022, DECEDENT was walking along the shoulder of the 105 Freeway in Paramount, California. DECEDENT had been struck by an oncoming semi-truck, but survived. Afterwards, he continued walking along the shoulder of the freeway.

36. On information and belief, DOE1 and SILVA responded to a traffic call involving a vehicle and pedestrian.

37. DOE 1 arrived at the scene to check on the welfare of DECEDENT, who had been struck by the semi-truck. DECEDENT stood on the side of the freeway as the DOE 1 parked on the shoulder of the freeway. Traffic Continued to move in the four left lanes.

38. Soon thereafter, DEFENDANT SILVA arrived at the scene, dismounted his patrol motorcycle and walked down the shoulder of the freeway towards DECEDENT. SILVA's patrol motorcycle was parked farther from DECEDENT than DOE 1's patrol vehicle was parked in relation to DECEDENT.

39. DOE 1 exited his patrol vehicle, walked towards the trunk of his vehicle towards the freeway traffic, and faced DECEDENT who was standing on the shoulder. Then, DECEDENT approached the back of the parked patrol vehicle, in the direction of the officers.

40. As DECEDENT came around the back of the patrol vehicle, visibly unarmed and posing no immediate threat of death or serious bodily injury, DOE 1 pulled his taser and aimed at DECEDENT. On information and belief, DOE 1 discharged his taser at DECEDENT.

41. On information and belief, as soon as DECEDENT came in to SILVA's view on SILVA's side of DOE 1's patrol vehicle, SILVA fired multiple lethal shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him. SILVA's shooting at DECEDENT caused DECEDENT to fall to the freeway pavement. Even though OFFICER DEFENDANTS were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, SILVA did not use these, let alone exhaust these alternatives.

42. While acting under color of state law and in the course and scope of his duties as law enforcement officer for the CHP, SILVA fired multiple shots at DECEDENT, striking and

injuring DECEDENT and ultimately killing him. SILVA'S unjustified use of deadly force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. At all relevant times, including during all of the shots, DECEDENT was not armed with a gun or a knife at any point during the incident and posed no immediate threat of death or serious bodily injury to the officers or anyone else around him. Therefore, the shooting was excessive and unreasonable. There were less than lethal alternatives to detain or take DECEDENT into custody.

44. As a result of the foregoing, DECEDENT suffered great pain up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

45. The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

46. As a result of their misconduct, SILVA is liable for DECEDENT's injuries and death.

47. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. Plaintiffs also seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(All Plaintiffs against OFFICER DEFENDANTS)

48. Plaintiff repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-7-
COMPLAINT FOR DAMAGES

49. After SILVA shot DECEDENT multiple times, DECEDENT was immobile on the ground, alive, bleeding profusely, and was in obvious and critical need of medical care and treatment.

50. On information and belief, OFFICER DEFENDANTS failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and/or refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

51. The denial of medical care by OFFICER DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52. As a result of the foregoing, DECEDENT suffered great pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

53. OFFICER DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

54. The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

55. As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

56. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights. Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)**

(All Plaintiffs against OFFICER DEFENDANTS)

57. Plaintiffs repeats and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58. OFFICER DEFENDANTS acted under color of state law and within their course and scope of their employment at all relevant times.

59. Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their son, DECEDENT.

60. The aforementioned actions of OFFICER DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ, including by using excessive and unreasonable deadly force against DECEDENT and by denying him medical care, all of which caused injuries that resulted in DECEDENT's death, and with purpose to harm unrelated to any legitimate law enforcement objective. OFFICER DEFENDANTS are liable to Plaintiffs for the interference with their familial relationship.

61. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. OFFICER DEFENDANTS thus violated the substantive due process rights of Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ to be free from unwarranted interference with their familial relationship with DECEDENT.

62. As a direct and proximate cause of the acts of OFFICER DEFENDANTS, Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ suffered emotional distress, mental anguish, and pain. Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ have also been deprived of the

life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

63. The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

64. Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ bring this claim individually for the interference with their relationship with their son, DECEDENT, and seek wrongful death damages for the violation of Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ's rights. Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Battery

(By Plaintiffs against Defendants STATE and SILVA)

65. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66. SILVA, while working as a law enforcement officer for the CHP, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of SILVA, DECEDENT ultimately died from his injuries. SILVA had no legal justification for using force against DECEDENT, and his use of deadly force while carrying out his duties as police officer was an unreasonable and non-privileged use of deadly force.

67. As a direct and proximate result of the conduct of SILVA as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ suffered emotional distress and mental anguish. Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ also has been deprived

of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

68. STATE is vicariously liable for the wrongful acts of SILVA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69. The conduct of SILVA was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to SILVA.

70. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including pain and suffering, and wrongful death damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Negligence

(Plaintiffs against all Defendants)

71. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72. Law enforcement officers, including OFFICER DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

73. OFFICER DEFENDANTS breached this duty of care. Upon information and belief, the actions and inactions of DEPUTY DEFENDANTS were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to use deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent use of deadly force against DECEDENT, who was experiencing a mental health crisis/ distress;

(d) the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise OFFICER DEFENDANTS with respect to the use of deadly force;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) the negligent handling of evidence and witnesses;

(h) the negligent communication of information during the incident; and

(i) the failure to provide appropriate responses to obvious mental health crisis calls.

74. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ suffered emotional distress and mental anguish. Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

75. STATE is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

### SIXTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(By Plaintiffs against all Defendants)

77. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.

79. On information and belief, OFFICER DEFENDANTS, while working for the STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including by fatally shooting him without justification or excuse, and by denying him necessary medical care, to prevent him from exercising his right or to retaliate against him for having exercised his rights.

80. When SILVA shot DECEDENT numerous times, and when DOES 1-10, either by integrally participating in the shooting or by failing to intervene, these officers deliberately subjected DECEDENT to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

81. On information and belief, Defendants specifically intended to violate DECEDENT's constitutional rights as stated above, as demonstrated by OFFICER DEFENDANTS' reckless disregard for DECEDENT's constitutional rights to be free from

1 excessive force and denial of medical care, which he was fully entitled to enjoy. Thus, Plaintiffs
2 can recover for violation of the Bane Act as successors-in-interest to DECEDENT. *See Reese v.*
3 *County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

82. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by OFFICER DEFENDANTS, inclusive were intended to coercively interfere with DECEDENT's civil rights, to discourage him from exercising the above civil rights or to prevent him from exercising such rights.

83. Defendants successfully interfered with the above civil rights of DECEDENT.

84. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

85. Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

86. STATE is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 8-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87. The conduct of Defendants was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

88. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's fees, and costs under this claim.

///
///
///
///
///

-14-
COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SANDRA KIRKMAN and CARLOS ALANIZ, individually and as successors-in-interest to John Alaniz, requests entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For treble damages pursuant to California Civil Code Sections 52, 52.1;

F. For interest;

G. For reasonable attorneys' fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 28, 2023                LAW OFFICES OF DALE K. GALIPO

                                    By _____

                                    Dale K. Galipo
                                    Attorneys for Plaintiffs

-15-
COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: July 28, 2023         LAW OFFICES OF DALE K. GALIPO

By

_____
Dale K. Galipo
Attorneys for Plaintiffs