Dale K. Galipo, SBN 144074
Shannon J. Leap, SBN 339574
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

ROB BONTA
EMILY D. W. SWEET
ASHLEY REYES (State Bar No. 312120)
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN and CARLOS ALANIZ, individually and as successors-in-interest to JOHN ALANIZ, deceased;<br><br>Plaintiffs,<br>vs.<br><br>STATE OF CALIFORNIA; RAMON SILVA; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:23-cv-07532-DMG-SSC**<br>*District Judge Dolly M. Gee*<br>*Magistrate Judge Stephanie S. Christensen*<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26**<br><br>**Scheduling Conference**<br>Date: November 17, 2023<br>Time: 9:30 a.m.<br>Ctrm: 8C<br>350 West 1st Street<br>Los Angeles, California 90012 |

Pursuant to this Court's September 26, 2023 Order (Dkt. No. 11), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record following their Early Meeting of Counsel, held on October 10, 2023:

**I. PARTIES, FACTS, AND CLAIMS:**

    **A.**    **Parties:**

Plaintiffs:    SANDRA KIRKMAN and CARLOS ALANIZ, each as individuals and as successors in interest to JOHN ALANIZ; deceased.

Defendants: STATE OF CALIFORNIA; RAMON SILVA; and DOES 1 through 10, inclusive.

    **B.**    **Facts:**

        1.    *Plaintiffs' Version of the Facts:*

On May 4, 2022, Decedent, John Alaniz, was experiencing a mental health crisis or emotional disturbance and walked along the shoulder of the 105 freeway in Paramount, California. Decedent was struck by an on-coming semi-truck, but survived and continued to walk along the shoulder of the freeway. California Highway Patrol Officers responded to the scene following a traffic call involving a vehicle and a pedestrian. After the initial CHP officer responded ("DOE 1") to the scene and parked on the shoulder of the freeway and the first lane of traffic next to the shoulder, Defendant SILVA arrived at the scene, dismounted his patrol motorcycle and walked down the shoulder of the freeway towards Decedent. DOE 1's patrol vehicle was parked in between Defendant SILVA (along with his motorcycle), and Decedent. DOE 1 exited his patrol vehicle, walked towards the trunk of his vehicle and towards freeway traffic, facing Decedent, who stood on the shoulder. Decedent then approached the back of the parked patrol vehicle in the officers' direction. As Decedent came around the back of the patrol vehicle, visibly unarmed and posing no immediate threat of death or serious bodily injury, DOE 1

pulled his taser and aimed at Decedent. As Decedent came into Defendant SILVA'S view on SILVA'S side of the patrol vehicle, SILVA fired multiple shots at Decedent, striking and injuring him. Decedent ultimately died from his injuries. Even though the Officer Defendants were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to them, SILVA did not use, let alone exhaust these alternatives.

2. *Defendants' Version of the Facts:*

On May 4, 2022, California Highway Patrol ("CHP") dispatch received a 9-1-1 call reporting that a big rig had collided with a pedestrian (later determined to be John Alaniz) on the roadway of Interstate 105, westbound at Garfield Avenue. It was also reported that the pedestrian was purposefully jumping in front of additional vehicles and running in lanes of traffic. CHP dispatch broadcast this information, and added that the pedestrian was possibly a suicidal party.

Defendant, Officer Ramon Silva, responded to the call and arrived on scene to check on the welfare of the pedestrian. When he arrived, he reported to dispatch that the pedestrian had his hands in his pockets. CHP Officer Van Dragt arrived on scene shortly thereafter and exited his vehicle. As the officers approached the pedestrian, they instructed him to take his hands out of his pockets repeatedly. The pedestrian failed to comply with the officer's commands.

Without warning, the pedestrian suddenly took both hands out of his pockets, produced an unknown object in his right hand, and positioned himself in a shooting stance. He began to run towards Officer Van Dragt with the unknown object in his hand, causing Officer Van Dragt to retreat to the front of his patrol vehicle. The pedestrian then ran around the back of Officer Van Dragt's patrol vehicle and continued to advance in a shooting stance with the unknown object in his hands. Fearing for his life and the life of his partner, Officer Silva utilized lethal force to stop the threat of the advancing pedestrian.

C.     **Claims For Relief:**

Plaintiff brings the following claims for relief against Defendants:

1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983);
2. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983);
3. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983);
4. Battery (Survival and Wrongful Death);
5. Negligence (Survival and Wrongful Death);
6. Violation of Cal. Civil Code § 52.1

**II. DISCOVERY PLAN:**

A.     The parties will serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), within 14 days after the parties' Rule 26(f) conference, and by October 24, 2023.

B.     The parties have discussed anticipated discovery and propose the non-expert discovery schedule set forth in Exhibit "A," attached.  This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.  Discovery will be conducted in two phases, non-expert fact discovery and expert discovery.

C. Plaintiffs anticipate propounding written discovery upon Defendants regarding the facts and circumstances of the incident that forms the basis of this lawsuit, including matters of individual liability, supervisory liability, compensatory damages and punitive damages. Plaintiffs anticipate taking the depositions of the defendant officer and any percipient witnesses.

D. Defendants anticipate propounding written discovery upon Plaintiffs regarding their claims and damages. Defendants anticipate taking the depositions of Plaintiffs, the decedent's family members, percipient

witnesses, and any medical and mental healthcare professionals that have treated Plaintiffs and/or the decedent.

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

The Parties each anticipate designating retained and non-retained experts on liability and damages, and that depositions of such experts will also be taken. The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

E. The parties plan to enter into a protective order concerning documents that the parties contend are confidential. Defendants will submit a proposed Joint Stipulation for Protective Order and meet and confer with Plaintiffs regarding same.

F. Due to the pending investigation pursuant to Assembly Bill 1506, Defendants anticipate the inability to disclose and produce documents and information that is relevant to this lawsuit. Defendants anticipate requesting a stay of the civil proceedings until the completion of this investigation. The parties do not anticipate any additional issues regarding disclosure, discovery and preservation of electronically stored information.

G. The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials.

H. The parties do not anticipate any other changes to the limitations on discovery imposed under the Rules or by Local Rule.

IV. **MOTION SCHEDULE:**

The parties have discussed potential motions and propose the motion dates set forth in Exhibit "A" attached hereto.

Plaintiff anticipates filing the following motions:

If, in the course of discovery, Plaintiff learns of additional uses of force by the

named officers and/or the identities of the Doe Officers, Plaintiff will seek leave to amend the pleadings. Plaintiff will file appropriate discovery motions, if and as needed.

Defendants anticipate filing the following motions:

Defendants anticipate filing a motion for summary judgment.

The Parties anticipate filing motions *in limine* if this matter proceeds to trial.

The Parties request a period of fourteen (14) days to file an opposition to any dispositive motion including a motion for summary judgment or partial summary judgment. The Parties are also agreeable to a period of fourteen (14) days to file a reply.

## IV.   STATEMENT OF SETTLEMENT EFFORTS:

### A.   Possibility Of Prompt Settlement Or Resolution:

The parties have discussed the possibility of informal resolution of the case, as well as early mediation, and propose the mediation cutoff set forth in Exhibit "A" attached hereto.  The parties have not yet engaged in substantive settlement discussions but are amenable to settlement discussions following a period of discovery.

### B.   ADR Selection Pursuant To Local Rule 16-15.4:

The parties agree to ADR Procedure No. 2. The Parties will select a mutually agreeable mediator from the Court's ADR Mediation Panel. Plaintiffs will timely file the appropriate ADR Forms with the Court.

## V.   TRIAL ESTIMATE:

The parties have discussed trial and trial preparation, and propose the trial dates set forth in Exhibit "A," attached hereto.  The parties request a trial date of April 15, 2025, which is the earliest trial date available on the trial calendars for all counsel. The parties estimate that this trial will take 5-7 days, not including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that

will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Trial will be by jury.

## VI. ADDITIONAL PARTIES:

At this time, Plaintiff does not anticipate naming additional parties, or amending the pleadings, unless the documents produced during discovery by Defendants reveal that other State of California, California Highway Patrol Officers were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional rights.

## VII. SEVERANCE/BIFURCATION:

Defendants intend to move for an order bifurcating the liability phase from the damages phase.

## VIII. PRINCIPAL ISSUES IN THE CASE:

    1. Plaintiffs

The following are among the principal issues raised by Plaintiffs' Complaint:

a) Whether Defendant Officer used excessive force;

b) Whether the use of excessive force against decedent was malicious, oppressive, or in reckless disregard of his rights;

c) Whether Defendant Officers unreasonably denied medical care to Plaintiff under the Fourth Amendment;

d) Whether the use of deadly force and shooting interfered with Plaintiffs' rights to a familial relationship with the Decedent;

e) Whether the Defendants were negligent with respect to their handling of the situation, including pre-shooting negligence, using lethal force with decedent, and failing to deliver prompt care to the decedent.

f) Whether the Defendants violated the Bane Act;

g) The extent and nature of Plaintiffs' damages including punitive damages;

      h) Causation of damages.

      i) Whether Officer Ramon Silva is entitled to qualified immunity.

## IX. INSURANCE:

Defendants are self-insured pursuant to California Government Code sections 990 and 11007.4

## X. MAGISTRATE JUDGE

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

## OTHER ISSUES:

This case is not complex and does not require utilization of the Manual For Complex Litigation.

Counsel agree that this matter is not a class action.

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

The parties are not aware of any other issues that need to be addressed by the court at this time.

Dated: October 30, 2023        **LAW OFFICES OF DALE K. GALIPO**

By:  /s/ Dale K. Galipo
      Dale K. Galipo, Esq.
      Shannon J. Leap, Esq.
      *Attorneys for Plaintiffs*

Dated: October 30, 2023        **OFFICE OF THE ATTORNEY GENERAL**

By:  /s/ Ashley Reyes
      Ashley Reyes, Esq.
      *Attorneys for Defendants*