ROB BONTA
Attorney General of California
CATHERINE A.
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone:  (559) 705-2312
  Fax:  (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, Officer Ramon Silva and
the State of California, acting by and through the
California Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants, | 2:23-cv-07532-DMG-SSC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br><br><br><br><br>Trial Date:  Not yet set.<br>Action Filed: July 28, 2023 |

1.    **INTRODUCTION**

1.1    <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2   <u>Good Cause Statement</u>.  This action is likely to involve information protected by the Peace Officer Bill of Rights as set forth in California Government Code sections 832.7 and 832.8 for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Defendants may be producing documents that contain personal and confidential information regarding individuals which information is generally unavailable to the public, including peace officer personnel records. The disclosure of this information to the public may violate those individuals' privacy rights. Defendants contend that peace officers have a federal privilege of privacy in their personnel file records: a reasonable expectation of privacy therein that is underscored, specified, and arguably heightened by the *Pitchess* protective procedure of California law. See *Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes"); Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  The uncontrolled disclosure of such personnel file information can threaten the safety of non-party witnesses, officers, and their families/associates.

///

2

Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests.

Defendants also contend that, since peace officers do not have the same rights as other private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of fairness to permit uncontrolled release of officers' compelled statements. See generally *Lybarger v. City of Los Angeles*, 40 Cal.3d 822, 828-830 (1985); cf. U.S. Const., amend V.

Defendants contend that law enforcement agencies have federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal advice or analysis – potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice. See *Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1 089, 1092-1095 (9th Cir. 1997); *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).

1    Additionally, Defendants may be producing reports obtained from

2    the California Law Enforcement Telecommunications System (CLETS),

3    which reports are generally unavailable to the public. The disclosure of

4    this information to the public may jeopardize the security of CLETS, the

5    effectiveness of law enforcement efforts that rely on CLETS, and the

6    safety of law enforcement officers using CLETS. Defendants may also be

7    producing documents concerning confidential internal policies, which

8    documents are generally unavailable to the public. The disclosure of this

9    information may jeopardize the security of the State's operations, and

10   jeopardize the safety of peace officers. In addition, defendants may be

11   producing investigation reports which are generally unavailable to the

12   public, the disclosure of which could violate individuals' privacy rights

13   and jeopardize the safety of officers. Finally, documents related to the

14   incident at issue in this matter were produced in response to a

15   California Public Records Act request which may be used in this case.

16   The parties jointly contend that there is typically a particularized

17   need for protection as to any medical or psychotherapeutic records,

18   because of the privacy interests at stake. Because of these sensitive

19   interests, a court order should address these documents rather than a

20   private agreement between the parties.

21   Accordingly, to expedite the flow of information, to facilitate the

22   prompt resolution of disputes over confidentiality of discovery materials,

23   to adequately protect information the parties are entitled to keep

24   confidential, to ensure that the parties are permitted reasonable

25   necessary uses of such material in preparation for and in the conduct of

26   trial, to address their handling at the end of the litigation, and serve the

27   ends of justice, a protective order for such information is justified in this

28   matter.  It is the intent of the parties that information will not be

designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

      1.3   <u>Acknowledgment of Procedure for Filing Under Seal</u>.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

///

///

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.     DEFINITIONS**

2.1     <u>Action</u>: This pending federal lawsuit, *Sandra Kirkman, et al. v. Officer Ramon Silva*, et al., United States District Court, Central District, Case No. 2:23-cv-07532-DMG-SSC.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>Final Disposition</u>:  the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9 <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or

are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  <u>Professional Vendors</u>: persons or entities that provide litigation- support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

///

///

### 4.   TRIAL AND DURATION

The terms of this Stipulated Protective Order apply through Final Disposition of the Action.

ONCE A CASE PROCEEDS TO TRIAL, INFORMATION THAT WAS DESIGNATED AS CONFIDENTIAL OR MAINTAINED PURSUANT TO THIS STIPULATED PROTECTIVE ORDER AND USED OR INTRODUCED AS AN EXHIBIT AT TRIAL BECOMES PUBLIC AND WILL BE PRESUMPTIVELY AVAILABLE TO ALL MEMBERS OF THE PUBLIC, INCLUDING THE PRESS, UNLESS COMPELLING REASONS SUPPORTED BY SPECIFIC FACTUAL FINDINGS TO PROCEED OTHERWISE ARE MADE TO THE TRIAL JUDGE IN ADVANCE OF THE TRIAL.  *SEE KAMAKANA*, 447 F.3D AT 1180–81 (DISTINGUISHING "GOOD CAUSE" SHOWING FOR SEALING DOCUMENTS PRODUCED IN DISCOVERY FROM "COMPELLING REASONS" STANDARD WHEN MERITS-RELATED DOCUMENTS ARE PART OF COURT RECORD). ACCORDINGLY, FOR SUCH MATERIALS, THE TERMS OF THIS STIPULATED PROTECTIVE ORDER DO NOT EXTEND BEYOND THE COMMENCEMENT OF THE TRIAL.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The Parties shall make best efforts to place the

1   confidentiality legend in the margins of the designated document

2   whenever possible so as not to obstruct or otherwise impact the

3   legibility of the document.

4       A Party or Non-Party that makes original documents available for

5   inspection need not designate them for protection until after the

6   inspecting Party has indicated which documents it would like copied

7   and produced.  During the inspection and before the designation, all of

8   the material made available for inspection shall be deemed

9   CONFIDENTIAL.  After the inspecting Party has identified the

10  documents it wants copied and produced, the Producing Party must

11  determine which documents, or portions thereof, qualify for protection

12  under this Stipulated Protective Order.  Then, before producing the

13  specified documents, the Producing Party must affix the

14  "CONFIDENTIAL" legend to each page that contains Protected

15  Material.  If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify

17  the protected portion(s) (e.g., by making appropriate markings in the

18  margins). The Parties shall make best efforts to place the

19  confidentiality legend in the margins of the designated document

20  whenever possible so as not to obstruct or otherwise impact the

21  legibility of the document.

22          (b) for testimony given in depositions that the Designating

23  Party identify the Disclosure or Discovery Material on the record, before

24  the close of the deposition all protected testimony.

25          (c) for information produced in some form other than

26  documentary and for any other tangible items, that the Producing Party

27  affix in a prominent place on the exterior of the container or containers

28  in which the information is stored the "CONFIDENTIAL" legend.  If

only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

     6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and with Section 2 of Judge Christensen's Civil Procedures titled "Brief Pre-Discovery Motion Conference."[1]

     6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to

---

[1] Judge Christensen's Procedures are available at https://www.cacd.uscourts.gov/honorable-stephanie-s-christensen.

1  afford the material in question the level of protection to which it is
2  entitled under the Producing Party's designation until the court
3  rules on the challenge.

4  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected
6  Material that is disclosed or produced by another Party or by a Non-
7  Party in connection with this Action only for prosecuting, defending, or
8  attempting to settle this Action.  Such Protected Material may be
9  disclosed only to the categories of persons and under the conditions
10  described in this Order.  When the Action reaches a Final Disposition, a
11  Receiving Party must comply with the provisions of section 13 below.

12      Protected Material must be stored and maintained by a Receiving
13  Party at a location and in a secure manner that ensures that access is
14  limited to the persons authorized under this Stipulated Protective
15  Order.

16      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.
17  Unless otherwise ordered by the court or permitted in writing by the
18  Designating Party, a Receiving Party may disclose any information or
19  item designated "CONFIDENTIAL" only:

20      (a) to the Receiving Party's Outside Counsel of Record in this
21  Action, as well as employees of said Outside Counsel of Record to whom
22  it is reasonably necessary to disclose the information for this Action;

23      (b) to the officers, directors, and employees (including House
24  Counsel) of the Receiving Party to whom disclosure is reasonably
25  necessary for this Action;

26      (c)  to Experts (as defined in this Order) of the Receiving Party
27  to whom disclosure is reasonably necessary for this Action and who
28  have signed the "Acknowledgment and Agreement to Be Bound"

1    (Exhibit A);

2             (d)  to the court and its personnel;

3             (e)  to court reporters and their staff;

4             (f)   to professional jury or trial consultants, mock jurors, and

5    Professional Vendors to whom disclosure is reasonably necessary for

6    this Action and who have signed the "Acknowledgment and Agreement

7    to Be Bound" (Exhibit A);

8             (g)  to the author or recipient of a document containing the

9    information or a custodian or other person who otherwise possessed or

10   knew the information;

11            (h)  during their depositions, to witnesses, and attorneys for

12   witnesses, in the Action to whom disclosure is reasonably necessary,

13   provided: (1) the deposing party requests that the witness sign the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the

15   witness will not be permitted to keep any confidential information

16   unless they sign the "Acknowledgment and Agreement to Be Bound"

17   (Exhibit A), unless otherwise agreed by the Designating Party or

18   ordered by the court.  Pages of transcribed deposition testimony or

19   exhibits to depositions that reveal Protected Material may be

20   separately bound by the court reporter and may not be disclosed to

21   anyone except as permitted under this Stipulated Protective Order; and

22            (i)   to any mediator or settlement officer, and their supporting

23   personnel, mutually agreed upon by any of the parties engaged in

24   settlement discussions.

25   ///

26   ///

27   ///

28

## 8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1   <u>Application</u>.  The terms of this Stipulated Protective Order

are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2   <u>Notification</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) make the information requested available for inspection by the Non-Party, if requested.

9.3   <u>Conditions of Production</u>.  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

///

**10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

///

///

///

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.   FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

///

///

///

## 14.   **VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 3, 2023           */s/ Shannon Leap*

Dale K. Galipo, Esq.

Shannon Leap, Esq.

Attorneys for Plaintiffs

DATED: November 3, 2023            */s/ Ashley Reyes*

Ashley N. Reyes, Esq.

Attorney for Defendants

**ATTESTATION CLAUSE**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer set forth below, Ashley Reyes, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 3, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE A. WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, Officer Ramon Silva and the State of California, acting by and through the California Highway Patrol*

## FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 14, 2023

_____

STEPHANIE S. CHRISTENSEN

United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ **[print or type full name]**, of

_____ **[print or type full address]**, declare under penalty

of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court

for the Central District of California on **[date]** in the case of Sandra

Kirkman, et al. v. Officer Ramon Silva, et al., United States District

Court, Central District, Case No. 2:23-cv-07532-DMG-SSC. I agree to

comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.  I hereby

appoint _____ **[print or type full name]** of

_____ **[print or type full address and telephone number]** as

my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn

and signed: _____

Printed name: _____

Signature: _____

LA2023603259
95529437.docx