ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail: Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants Officer Ramon Silva and*
*the State of California, acting by and through the*
*California Highway Patrol*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CERTAIN DISCOVERY AND AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 12, 2024<br>Time: 9:30 a.m.<br>Courtroom: 8C<br>Judge: Honorable Dolly M. Gee<br><br>Trial Date: Not yet set.<br>Action Filed: 7/28/2023 |

PLEASE TAKE NOTICE that on January 12, 2024, at 9:30 a.m or as soon thereafter as counsel may be heard, in Courtroom 8C of the above-captioned Court, located at 350 West First Street, Los Angeles, CA 90012, Defendants, Officer Ramon Silva and the State of California, acting by and through the California Highway Patrol, will and hereby do move for a one hundred and eighty day stay of discovery directed to the officer defendant pending the disposition of possible criminal proceedings concerning the allegations in this civil case. Defendants further request that the scheduling order be amended to accommodate the requested

1  stay.

2      This Motion is made after counsel for the parties met and conferred in accord

3  with Local Rule 7-3, which took place on November 17, 2023.

4      This Motion is based on this Notice, the Memorandum of Points and

5  Authorities, and the Declaration of Deputy Attorney General Ashley Reyes thereto,

6  the Court's file in this case, and on such further evidence and argument which may

7  be presented at the hearing on this matter.

8  Dated:  December 4, 2023                    Respectfully submitted,

9                                              ROB BONTA
                                               Attorney General of California
10                                             CATHERINE WOODBRIDGE
                                               Supervising Deputy Attorney General
11

12

13                                             */s/ Ashley Reyes*
                                               ASHLEY REYES
14                                             Deputy Attorney General
                                               *Attorneys for Defendants Officer*
15                                             *Ramon Silva and the State of*
                                               *California, acting by and through the*
16                                             *California Highway Patrol*

17
   LA2023603259
18 95535015.docx

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................. 1

Statement of Facts ....................................................................................... 2

Argument ..................................................................................................... 3

   I.     Assembly Bill 1506 Background ............................................. 3

   II.    The Court Has Inherent Authority to Stay Discovery ............ 4

   III.   The Fifth Amendment Rights of Officer Silva Are Heavily Implicated by the DOJ's Parallel Criminal Review .............................. 5

       A.    The Issues in This Civil Action Are Substantially Similar to Those in the Parallel Criminal Review and Therefore Warrant a Discovery Stay ............................................. 6

       B.    The Lack of Indictment or Criminal Charges Does Not Divest the Court of Its Power to Stay Discovery ...................... 8

   IV.   The Keating Factors Favor a Discovery Stay ..................... 10

       A.    Plaintiffs' Interest and Potential Prejudice ............................. 10

       B.    Burden on Defendants ....................................................... 11

       C.    Court Efficiency ............................................................... 12

       D.    Burden on Non-Parties .................................................... 13

       E.    The Public Interest .......................................................... 13

Conclusion ................................................................................................ 14

# TABLE OF AUTHORITIES

Page

CASES

*Ashworth v. Albers Med., Inc.*
229 F.R.D. 527 (S.D.W. Va. 2005) ................................................................. 11

*Baxter v. Palmigiano*
425 U.S. 306 (1976) ............................................................................................ 7

*Baxter v. Palmigiano*
425 U.S. 308 (1976) ............................................................................................ 6

*Bridgeport Harbour Place I, LLC v. Ganim*
269 F. Supp. 2d 6 (D. Conn. 2002) ................................................................. 10

*Brock v. Tolkow*
109 F.R.D. 116 (E.D.N.Y.1985) ................................................................. 6, 12

*Campbell v. Eastland*
307 F. 2d 478 (5th Cir. 1962) ........................................................................... 8

*Chao v. Fleming*
498 F. Supp. 2d 1034 (W.D. Mich. 2007) ................................................ 8, 9, 12

*Corbin v. Fed. Dep. Ins. Corp.*
74 F.R.D. 147 (E.D.N.Y. 1997) ..................................................................... 11

*Crawford v. Dominic*
469 F. Supp. 260 (E.D. Pa. 1979) ................................................................... 13

*Douglas v. U.S.*
2006 WL 2038375 (N.D. Cal. July 17, 2006) ............................................... 13

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*
889 F.2d 899 (9th Cir. 1989) ............................................................................ 5

*Guiterrez-Rodreguez v. Cartegna*
882 F.2d 553 (1st Cir. 1989) ............................................................................. 9

*Hoffman v. U.S.*.
341 U.S. 479 (1951) ........................................................................................... 5

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Adelphia Commc'ns Sec. Litig.*
  02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) ............................ 10, 12

*Integrated Generics, Inc. v. Bowen*
  678 F. Supp. 1004 (E.D.N.Y. 1988) .................................................. 13

*Keating v. Office of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995) ......................................................... 5, 7, 10

*Landis v. North American Co.*
  299 U.S. 248 (1936) ...................................................................... 4

*Lefkowitz v. Turley*
  414 U.S. 70 (1973) ........................................................................ 5

*Sec. & Exch. Comm'n v. Downe*
  1993 W.L. 22126, 14 (S.D.N.Y. Jan. 26, 1993) ................................... 8

*Sec. & Exch. Comm'n v. Dresser Indus., Inc.*
  628 F.2d 1368 (D.C. Cir. 1980) ...................................................... 4

*Sec. & Exch. Comm'n v. Mersky*
  CIV. A. 93-5200, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994) .................. 8, 12

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v.
Transworld Mechanical*
  886 F. Supp. 1134 (S.D.N.Y. 1995) ................................................. 6, 7

*U.S. ex rel. Magee v. Lockheed Martin Corp.*
  1:09CV324-HSO-JMR, 2010 WL 2816658 (S.D. Miss. July 16,
  2010) ............................................................................................... 8

*U.S. v. Any and All Assets of that Certain Business Known as Shane
Co.*
  147 F.R.D. 99 (M.D.N.C. 1992) ...................................................... 4, 13

*U.S. v. Certain Articles of Jewelry, Gems, and Gold*
  727 F. Supp. 1372 (D. Or. 1990) ..................................................... 8

*U.S. v. Kordel*
  397 U.S. 1 (1970) ............................................................................ 7

# TABLE OF AUTHORITIES
## (continued)

Page

*U.S. v. One Parcel of Real Estate*
  731 F. Supp. 1057 (D. Fla. 1990) ...................................................................... 8

*Wallace v. Kato*
  549 U.S. 384 (2007) ........................................................................................... 8

*Walsh Securities, Inc. v. Cristo Property Mgmt., Ltd.*
  7 F. Supp. 2d 523 (D.N.J.1998) ........................................................................ 8

*Wehling v. Columbia Broadcasting Sys.*
  608 F.2d 1084 (5th Cir. 1979) ........................................................................... 6

*White v. Mapco Gas Products, Inc.*
  116 F.R.D. 498 (E.D. Ark. 1987) ..................................................................... 12

STATUTES

California Government Code
  § 12525.3 ............................................................................................................ 3
  § 12525.3(b)(1) ................................................................................................... 3
  § 12525.3(b)(1)(A) ............................................................................................. 4
  § 12525.3(b)(1)(B) ............................................................................................. 4
  § 12525.3(b)(1)(C) ............................................................................................. 4

CONSTITUTIONAL PROVISIONS

United States Constitution Fifth Amendment ................................................*passim*

COURT RULES

Federal Rules of Civil Procedure
  26 ........................................................................................................................ 2
  26(c)(1) ............................................................................................................... 4

Federal Rules of Criminal Procedure 16(b) ........................................................ 6

OTHER AUTHORITIES

California Assembly Bill 1506 ..................................................................... 1, 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On July 28, 2023, plaintiffs filed the instant lawsuit alleging, *inter alia*, that California Highway Patrol (CHP) Officer Ramon Silva used "excessive force" against Decedent John Alaniz during a law enforcement encounter on May 4, 2022, on the I-105 freeway in Los Angeles, California.  CHP dispatch received multiple calls after Decedent was hit by a big rig and continued to run in and out of the freeway, intentionally trying to get hit by oncoming traffic. Defendant Officer Ramon Silva responded to the call.

When Officer Silva arrived, he reported to dispatch that Decedent had his hands in his pockets. CHP Officer Van Dragt arrived on scene shortly thereafter and exited his vehicle. As the officers approached Decedent, they instructed him to take his hands out of his pockets repeatedly. Rather than comply with the officers' commands Decedent suddenly took both hands out of his pockets, produced an unknown object in his right hand, and positioned himself in a shooting stance. He began to run towards Officer Van Dragt with the unknown object in his hand, causing Officer Van Dragt to retreat to the front of his patrol vehicle. Decedent then ran around the back of Officer Van Dragt's patrol vehicle and continued to advance in a shooting stance with the unknown object in his hands. Fearing for his life and the life of his partner, Officer Silva utilized lethal force to stop the threat of the advancing Decedent. Plaintiffs allege various state and federal causes of action against Officer Silva and the State of California.

The incident is currently under investigation by the Office of the Attorney General, California Department of Justice (DOJ), pursuant to Assembly Bill 1506. Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.,) ¶ 2. Assembly Bill 1506 requires the DOJ to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state. Assemb. B. 1506 (Cal. 2020). As part of this investigation, the DOJ will investigate

and review the officer involved shooting for potential criminal liability. *Id*. Many of the factual circumstances at the center of the DOJ's review involve the same facts and assertions set forth by plaintiffs in this civil lawsuit.  As of the date of filing this motion, the defense counsel understands that the DOJ's review remains open and pending. Reyes Decl., ¶ 2.  Accordingly, Defendants request a one hundred and eighty day stay of discovery directed to the officer defendant pending the disposition of possible criminal proceedings concerning the allegations in this civil case.  Defendants further request that the scheduling order be amended to accommodate the requested stay.

## STATEMENT OF FACTS

The Court in this case set a Scheduling Conference for November 17, 2023[1]. Dkt. No. 9.  In accordance with Fed. R. Civ. Proc. 26, the parties met and conferred in preparation for filing a Rule 26 Joint Report in advance of the Scheduling Conference.  Reyes Decl. ¶ 3.  As part of these meet and confer discussions, the parties addressed the need for a possible motion to stay discovery pending completion of the DOJ's review of the subject shooting.  Reyes Decl. ¶ 3.   The parties filed their Rule 26 Joint Report, alerting the Court to the DOJ's parallel investigation and the possibility of a motion to stay discovery pending resolution of same, and proposed competing trial dates and litigation deadlines.  Dkt. No. 12, pp. 4:20-25.  The parties also sought a trial date of April 15, 2025, and a discovery cutoff of November 22, 2024.  Dkt. No. 12.  The Court has not yet issued a scheduling order.

Following the issuance of the Court's Scheduling Order, the parties met and conferred concerning a discovery stay.  On November 17, 2023, the parties met and conferred concerning the discovery stay via telephone. Reyes Decl., ¶ 4.  Plaintiffs' counsel advised that plaintiffs would not stipulate to a discovery stay and would

---

[1] The Court previously set the scheduling conference for November 3, 2023, but continued it at the request of the parties.

oppose Defendants' Motion to Stay. *Id*., ¶ 5.  As a result, the parties were unable to resolve the issue.  *Id*., ¶ 6.

The parties will be diligent in conducting other discovery that does not involve the officer defendant. Reyes Decl., ¶ 7.  Plaintiff has already propounded written discovery to Defendant State, who will be providing responses thereto, as well as documents including non-privileged investigatory materials. *Id*.

Given the pendency of a criminal review, however, and Plaintiffs' refusal to stipulate to stay discovery, Defendants seek an order from the Court staying discovery directed to Officer Silva for one hundred and eighty days to allow for completion of the DOJ's review.  Permitting discovery in this civil case to proceed now poses the risk of undermining the integrity of the DOJ's review, thereby thwarting the public's substantial interest in adequate law enforcement.  In addition, Officer Silva may be placed in the untenable position of being forced to assert his Fifth Amendment rights against self-incrimination at the cost of properly defending themselves in this litigation.  Accordingly, for the reasons set forth more fully below, Defendants respectfully request that this Court stay discovery directed to them (e.g., written discovery and depositions) for one hundred and eighty days. Defendants further request that the Court modify its scheduling order to accommodate the requested stay.

## ARGUMENT

### I.   ASSEMBLY BILL 1506 BACKGROUND

The DOJ, through its California Police Shooting Investigation Team, is investigating the shooting involving the Decedent and Officer Silva pursuant to California Government Code § 12525.3, which was enacted by California Assembly Bill 1506. Reyes Decl., ¶2. As of July 1, 2021, the DOJ is required to investigate "incidents of an officer-involved shooting resulting in the death of an unarmed civilian." Cal. Gov't Code § 12525.3(b)(1). Under section 12525.3, the Attorney General is authorized to "[i]nvestigate and gather facts" regarding the

incident, and prepare and publish a written report that "shall include, at a minimum, the following information: (i) A statement of the facts. (ii) A detailed analysis and conclusion for each investigatory issue. (iii) Recommendations to modify the policies and practices of the law enforcement agency, as applicable." Cal. Gov't Code § 12525.3(b)(1)(A),(B). In addition, "[i]f criminal charges against the involved officer are found to be warranted," the Attorney General is authorized to "initiate and prosecute a criminal action against the officer." Cal. Gov't Code § 12525.3(b)(1)(C).

The Office of the Attorney General, California Department of Justice (DOJ) has not yet issued a report nor announced whether it will bring criminal charges against any CHP officer.

## II.   THE COURT HAS INHERENT AUTHORITY TO STAY DISCOVERY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936).  Indeed, "a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action…." *Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (internal quotations omitted); see also Fed. R. Civ. P. 26(c)(1).  "When a civil proceeding may interfere with a criminal investigation, it is not uncommon [to] seek to stay discovery in the civil action in order to protect the criminal investigation." *U.S. v. Any and All Assets of that Certain Business Known as Shane Co*., 147 F.R.D. 99, 101 (M.D.N.C. 1992).  "Such requests are presumptively reasonable, nothing else appearing," in part because "[t]he public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings." *Id*.

///

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,'" including "'the extent to which the defendant's fifth amendment rights are implicated.'"

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In addition, the court should consider: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating,* at 324-25.

As more fully set forth below, a discovery stay with respect to Officer Silva is reasonable pending completion of the DOJ's review of the incident.

**III.   THE FIFTH AMENDMENT RIGHTS OF OFFICER SILVA ARE HEAVILY IMPLICATED BY THE DOJ'S PARALLEL CRIMINAL REVIEW**

The Fifth Amendment authorizes an individual "not to answer official questions put to him in any [ ] proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973); *see also Hoffman v. U.S.*. 341 U.S. 479, 486 (1951) (recognizing the Fifth Amendment privilege against self-incrimination can be invoked when answering questions would itself support a criminal conviction, or would merely "furnish a link in the chain of evidence" needed to prosecute a crime). Indeed, a party who "reasonably apprehends a risk of

///

///

self-incrimination" can claim the Fifth Amendment privilege even where "the risk of prosecution is remote." *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1087 n.5 (5th Cir. 1979).

Although "it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution," "[c]ourts are [nevertheless] afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y.1985) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (1976) (internal citations omitted)); *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanica*l, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

The DOJ is reviewing the investigation of the incident to determine if there was unlawful conduct by the CHP officers as alleged in the Complaint.  Thus, the risk of prosecution is actual, real, and imminent, and the Fifth Amendment rights of the officers are squarely implicated in this action.  Accordingly, Defendants respectfully request the Court exercise its discretion to stay discovery as against the officer defendants in this action pending completion of the DOJ's parallel criminal review.

**A. The Issues in This Civil Action Are Substantially Similar to Those in the Parallel Criminal Review and Therefore Warrant a Discovery Stay**

In determining whether denial of a stay would impair a party's Fifth Amendment privilege against self-incrimination, "[t]he first question to be resolved is the extent to which the issues in the criminal case overlap with those in the civil case, since self-incrimination is more likely if there is significant overlap."

1    *Trustees of the Plumbers*, 886 F. Supp. at 1138.

2        Here, the issues in the civil action and the parallel criminal review are

3    substantially similar inasmuch as the civil action arises out of alleged unlawful

4    conduct of CHP and its officers, including Defendant Officer Silva.  The DOJ is

5    presently reviewing the investigation into the incident, and the circumstances

6    related to same.  Whether the officers used "excessive force" against Decedent is as

7    pertinent to the parallel criminal review as it is to this civil action.  Indeed, there is a

8    virtually identical overlap of issues between the civil and criminal proceedings.  In

9    addition, if criminal charges are filed, then both the civil and criminal proceedings

10   will rely upon the same third-party witnesses and physical evidence.

11       If the Court declines to stay discovery, then Officer Silva will be in the

12   untenable position of choosing to either (1) testify in this civil case, thereby

13   waiving his Fifth Amendment rights if a criminal trial later ensues, or (2) assert his

14   Fifth Amendment rights, thereby inviting a verdict against them in this action. *See*

15   *U.S. v. Kordel*, 397 U.S. 1, 10 (1970) (Fifth Amendment privilege waived if not

16   asserted during civil case); *see also Keating*, 45 F.3d at 326 (negative inferences

17   may be drawn in civil case where Fifth Amendment asserted); *Baxter v.*

18   *Palmigiano*, 425 U.S. 306, 318 (1976) (Fifth Amendment does not forbid adverse

19   inferences against parties to civil actions when they refuse to testify in response to

20   probative evidence offered against them).

21       Staying discovery will allow the parallel criminal review to run its course

22   without any prejudice to Officer Silva that would result from invoking the Fifth

23   Amendment.  Accordingly, Defendants respectfully request the Court exercise its

24   discretion to stay discovery in this action pending completion of the DOJ's parallel

25   criminal review.

26   ///

27   ///

28   ///

**B.    The Lack of Indictment or Criminal Charges Does Not Divest
the Court of Its Power to Stay Discovery**

Courts "ha[ve] broad discretion in determining whether to stay a civil action
while a criminal action is pending or impending."  *Chao v. Fleming*, 498 F. Supp.
2d 1034, 1037 (W.D. Mich. 2007) (emphasis added).  The absence of an indictment
or actual criminal charges "does not divest the Court of the power to issue the
requested stay."  *Sec. & Exch. Comm'n v. Mersky*, CIV. A. 93-5200, 1994 WL
22305 (E.D. Pa. Jan. 25, 1994) (unreported opinion).  Although "the case for a stay
is strongest where the defendant has already been indicted," courts have
consistently held that "a motion for a stay of a civil proceeding should not be
categorically denied solely because the defendant has yet to be indicted in a
criminal case."  *Chao*, 498 F. Supp. 2d at 1037-38 (citing *Walsh Securities, Inc. v.
Cristo Property Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J.1998)); *see also U.S. ex
rel. Magee v. Lockheed Martin Corp.*, 1:09CV324-HSO-JMR, 2010 WL 2816658
(S.D. Miss. July 16, 2010) (unreported opinion).

Numerous courts have held that active parallel criminal investigations may
warrant the stay of a civil suit even when an indictment has not yet been issued. See
*U.S. v. One Parcel of Real Estate*, 731 F. Supp. 1057, 1059 (D. Fla. 1990) (citing
*Campbell v. Eastland*, 307 F. 2d 478, 487-90 (5th Cir. 1962) ("[P]recedent
exists…regarding the stay of a civil suit pending the outcome of a criminal
investigation, when no indictment has issued."); *Wallace v. Kato*, 549 U.S. 384,
393-94 (2007) ("[I]t is within the power of the district court, and in accord with
common practice, to stay the civil action until the criminal case or the likelihood of
a criminal case is ended." (emphasis added); *Sec. & Exch. Comm'n v. Downe*, 1993
W.L. 22126, 14 (S.D.N.Y. Jan. 26, 1993) (unreported opinion) (Staying all
discovery for three months pending outcome of a criminal investigation); *U.S. v.
Certain Articles of Jewelry, Gems, and Gold*, 727 F. Supp. 1372, 1373 (D. Or.
1990) (civil forfeiture proceedings stayed where criminal investigations were being

conducted and defendants asserted that their civil defenses "may prejudice their [F]ifth [A]mendment rights in forthcoming criminal trials"); *Chao*, 498 F. Supp. 2d at 1037 (holding that a 90-day stay was warranted even where the defendants had not yet been indicted because the factual and legal issues would be almost identical in the civil and pending criminal case, the government was an interested party in both cases, and the public interests would be adequately represented and protected in the criminal case).

Charges have not been filed against any officers, but the absence of the same does not deprive the Court of its authority to stay discovery pending completion of the DOJ's parallel criminal review. Permitting discovery to proceed against Officer Silva in this action while the parallel criminal review is pending would likely compromise the DOJ's objectives, and would constrain this civil action. Under such circumstances the witnesses' recollection could become tainted, and negatively impact a potential criminal proceeding.

Furthermore, if Officer Silva is required to respond to written discovery or participate in deposition, then there is a substantial risk that his responses and/or testimony could impact the DOJ's decision to proceed with criminal charges. If the Fifth Amendment is invoked by Officer Silva, then he would not be permitted to testify in their own defense in any future proceeding. *See Guiterrez-Rodreguez v. Cartegna*, 882 F.2d 553, 576 (1st Cir. 1989) (witness who invokes the Fifth Amendment privilege during deposition or discovery may not be permitted to later testify on matters to which the privilege was claimed). In addition, Plaintiffs would obtain a windfall by being able to comment upon the Fifth Amendment invocation(s) at trial, and the probable inferences to be drawn by the jury. The Fifth Amendment implications are simply too critical to permit discovery during the pendency of the DOJ's parallel criminal review. Accordingly, Defendants respectfully request the Court exercise its discretion to stay discovery in this action pending completion of the DOJ's parallel criminal review.

## IV.   THE KEATING FACTORS FAVOR A DISCOVERY STAY

In addition to Fifth Amendment concerns, the Ninth Circuit has determined that the Court "should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25.

### A.   Plaintiffs' Interest and Potential Prejudice

In contesting a stay, a plaintiff must establish "more prejudice than simply a delay in his right to expeditiously pursue his claim." *In re Adelphia Commc'ns Sec. Litig.*, 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) (unreported opinion) (internal citations omitted). "Instead, the plaintiff should demonstrate a particularly unique injury, such as…an attempt to gain an unfair advantage from the stay." *Id*. Plaintiffs "have a legitimate interest in the expeditious resolution of [their] case, [but] courts frequently allow other factors, such as a party's Fifth Amendment privilege…to trump a plaintiff's interest." *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002) (internal quotations and citations omitted). "This is particularly true where the subject matter of both cases overlaps to a significant degree and the criminal case is expected to be resolved by the end of the year." *Id*. A stay, of course, may cause some prejudice to plaintiffs, but such prejudice is outweighed by "the burden on [defendants] of presenting [their] civil defense in a manner that protects [the officers'] Fifth Amendment rights." McCormick v. Rexroth, No. C 09-4188, 2010 WL 934242, *3 (N.D. Cal. Mar. 15, 2010) (unreported opinion).

///

10

Here, a discovery stay will not burden Plaintiffs enough to offset the more important consideration of Officer Silva's constitutional rights against self-incrimination.  The DOJ's parallel criminal review is ongoing.  Thus, the delay in this case is temporary, not indefinite, thereby limiting any potential prejudice to plaintiffs.  There is also a reduced risk of lost or unavailable evidence and/or testimony because the same is virtually identical as between this civil action and any potential criminal proceedings.

Furthermore, any alleged prejudice would be undermined by the benefit that Plaintiffs would receive from a discovery stay.  "[A]llowing the criminal investigation to proceed unburdened" by the civil action would further serve plaintiffs due to the fact that they could "rel[y] on the fruits of that investigation." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 531 (S.D.W. Va. 2005).  "The pending criminal investigation…[would] serve to chill the destruction of documents and affirmatively create a repository for documentary evidence" that the parties can subsequently use in the civil case.  *Id.* at 532.  Thus, any argument by Plaintiffs that they would be prejudiced – for example, in their ability to locate witnesses or the potential for witness memory loss – can be mitigated by the fact that the information derived from the criminal investigation could be used in the civil trial.

The slight prejudice that Plaintiffs will suffer in delaying their right to pursue this claim expeditiously is offset by the "more important consideration" of "protect[ing]… [the officers'] constitutional rights against self-incrimination," and by the advantage plaintiffs will gain from the fruits of the criminal investigation. *Corbin v. Fed. Dep. Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1997).

## B.   Burden on Defendants

Without a discovery stay, Officer Silva will be forced to choose between defending himself in this action and preserving his Fifth Amendment rights.  The extreme prejudice that will result from forcing such choice upon him outweighs any purported prejudice to plaintiffs.  Indeed, a discovery stay would provide Officer

Silva with a meaningful opportunity to exercise his constitutional rights and present a full and complete defense to Plaintiffs' allegations.

### C.   Court Efficiency

A discovery stay would promote judicial efficiency because it would eliminate the need for this Court to resolve issues concerning the assertion of the Fifth Amendment privilege (and, potentially, the official information privilege).  A number of courts have acknowledged this consideration in relation to a proposed stay.  *See e.g., White v. Mapco Gas Products, Inc*., 116 F.R.D. 498, 502 (E.D. Ark. 1987) ("[T]ermination of the criminal matter eliminates the conflict concerning assertion of the Fifth Amendment privilege which should allow civil discovery to proceed more smoothly."); *Cha*o, 498 F. Supp. 2d at 1040 (In response to defendants' contention that "the [c]ourt may be burdened with having to deal with [d]efendants' likely repeated assertions of their Fifth Amendment rights," the court concluded that "scarce judicial resources…would be best used by staying this case…which may ultimately reduce or eliminate the need for discovery…"); *In re Adelphia Commc'ns Sec. Litig*., 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) (unreported opinion) (Granting a stay promotes judicial efficiency because "without a stay, the civil defendants will likely assert their Fifth Amendment rights, causing the court to decide a number of privilege issues during civil discovery…").

Here, a discovery stay would promote judicial efficiency because it would alleviate the Court of the need to decide a number of privilege issues during civil discovery.  In addition, staying discovery pending completion of the parallel criminal review would promote judicial efficiency by streamlining discovery in this action.  *See, e.g., Mersky*, CIV. A. 93-5200, 1994 WL 22305 ("To the extent that the plaintiff will seek to prove illegal practices by the defendant, any successful criminal prosecutions may streamline discovery and trial."); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[R]esolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.").  Here,

judicial economy would be advanced by a discovery stay because the fruits of the criminal investigation could be used as a road map to streamline subsequent discovery in this action, effectively narrowing the issues to be litigated in the civil case.

### D.   Burden on Non-Parties

There is no known burden on non-parties.

### E.   The Public Interest

The public interest favors a discovery stay in this case to preserve the integrity of the criminal proceedings.  It is well settled that "[t]he public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."  *U.S. v. Any & All Assets of That Certain Bus. Known as Shane Co*., 147 F.R.D. at 101.  "Clearly, the public has the strongest interest in maintaining the confidentiality of police files when those files concern an ongoing criminal investigation."  *Crawford v. Dominic*, 469 F. Supp. 260, 264 (E.D. Pa. 1979).

In light of the public policy favoring the protection of law enforcement, the Court should stay discovery so as not to compromise the parallel criminal review. Indeed, "[i]t is difficult to understand how the government could produce the information sought in th[is] civil case without also revealing the focus of the…criminal investigation." *Integrated Generics, Inc. v. Bowen*, 678 F. Supp. 1004, 1009 (E.D.N.Y. 1988).  Ultimately, the public has an interest in "ensuring that the criminal process is not subverted by ongoing civil cases." *Douglas v. U.S.*, 2006 WL 2038375 (N.D. Cal. July 17, 2006).

Here, there is a substantial risk that permitting the parties to proceed with discovery will compromise the DOJ's review, and any further investigation or criminal proceedings.  Given the public's strong interest in a well-functioning criminal justice system, a discovery stay is appropriate to protect the integrity and confidentiality of the parallel criminal review.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

The particular circumstances and competing interests involved in this case favor a stay of discovery.  Allowing discovery to proceed puts Officer Silva in an untenable position, and substantially burdens Defendants.  In addition, continued discovery in this action could very well compromise the DOJ's parallel criminal review.  Accordingly, Defendants respectfully request the Court exercise its discretion to stay discovery in this action as against Officer Silva for one hundred and eighty days pending completion of the parallel criminal review. Defendants further request that the scheduling order be amended to accommodate the requested stay.

Dated:  December 4, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, Officer Ramon Silva and the State of California, acting by and through the California Highway Patrol*

LA2023603259
95535015.docx

14

1

**CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Defendants, Officer Ramon Silva and

3   State of California, acting by and through the California Highway Patrol,  certifies

4   that this brief contains 4391 words, which complies with the word limit of L.R. 11-

5   6.1.

6   Dated:  December 4, 2023                Respectfully submitted,

7                                                    ROB BONTA

8                                                    Attorney General of California

9

10                                              ***/s/ Ashley Reyes***

                                              ASHLEY REYES

11                                              Deputy Attorney General

                                              *Attorneys for Defendants, Officer*

12                                              *Ramon Silva and the State of*

                                              *California, acting by and through the*

13                                              *California Highway Patrol*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   ***Sandra Kirkman, et al. v. State***          No.      **2:23-cv-07532-DMG-SSC**
                   ***of California, et al.***

I hereby certify that on <u>December 4, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CERTAIN DISCOVERY AND AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 4, 2023</u>, at Fresno, California.

|                     |                          |
|:-------------------:|:------------------------:|
| Carrie Vue          | */s/ Carrie Vue*         |
| Declarant           | Signature                |

LA2023603259
95535050.docx