1  Dale K. Galipo, Esq. (SBN 144074)
   *dalekgalipo@yahoo.com*
2  Shannon J. Leap, Esq. (SBN 339574)
   *sleap@galipolaw.com*
3  **LAW OFFICES OF DALE K. GALIPO**
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel:   (818) 347-3333
5  Fax:   (818) 347-4118

6  *Attorneys for Plaintiffs*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | SANDRA KIRKMAN, CARLOS | Case No. 2:23-cv-07532-DMG-SSC |
   | ALANIZ, individually and successors- | |
12 | in-interest to JOHN ALANIZ, | Assigned to: |
   | deceased, | *Hon. Dolly M. Gee* |
13 | | *Hon. Stephanie S. Christensen* |

14              Plaintiffs,

                                    **PLAINTIFFS' OPPOSITION TO**
15      vs.                         **DEFENDANTS' MOTION TO STAY**
                                    **DISCOVERY AND OPPOSITION**
16                                  **TO DEFENDANTS' REQUEST TO**
   STATE OF CALIFORNIA, RAMON       **AMEND THE SCHEDULING**
17 SILVA, and DOES 1-10, inclusive, **ORDER**

18              Defendants.

19
                                    Date:   January 12, 2023
20                                  Time:   9:30 a.m.
                                    Ctrm:   8C
21

22                                  Trial Date:   Not set

23

24

25

26

27

28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.      INTRODUCTION ....................................................................................1

II.     THERE IS NO EVIDENCE THAT CIVIL RIGHTS LAWSUITS
        COMPROMISE DOJ INVESTIGATIONS .........................................3

III.    LEGAL STANDARD ............................................................................5

IV.     ANALYSIS ............................................................................................6

        A.    The Fact that Defendant Officer Silva *Could* Potentially Exercise
              their Fifth Amendment Right is an Insufficient Basis for a Stay ..........6

        B.    Plaintiffs Have a Strong Interest In Proceeding Expeditiously
              with this Litigation, and Would Be Prejudiced By Delay ...................11

        C.    The Burden the Civil Proceedings Would Impose on Defendants
              Appears to Be Minimal .....................................................................12

        D.    Staying the Case Would Not be an Efficient Use of Judicial
              Resources .........................................................................................13

        E.    The Interest of the Public in the Pending Civil Litigation Does
              Not Weigh in Favor of a Stay ...........................................................14

V.      CONCLUSION .....................................................................................15

1

# **TABLE OF AUTHORITIES**

2

Cases

*Atabekova-Michaelidis v. City of Los Angeles*,
No. 222CV05620MCSMAA, 2023 WL 5444328 (C.D. Cal. Feb. 28, 2023) .. 9

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975)...............................................................6

*Carlson v. City of Redondo Beach*,
2020 WL 7714699 (C.D. Cal. Dec. 29, 2020) ................................10

*Chao v. Flemming*,
498 F.Supp. 2d 1034 (W.D. Mich. 2007).........................................10

*Christian v. Rutkowski*,
2015 WL 5456600 (C.D. Cal. Sept. 17, 2015).................................9

*Clinton v. Jones*,
520 U.S. 681 (1997) ...........................................................................12

*Comm'n on Peace Officer Standards & Training v. Superior Court*,
42 Cal. 4th 278 (2007).........................................................................14

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007)..............................................................11

*ESG Capital Partners LP v. Stratos*,
22 F.Supp.3d 1042 (C.D. Cal. 2014)............................................11, 12

*Est. of Rob Marquise Adams v. City of San Bernardino*,
No. EDCV222206JGBSPX, 2023 WL 4843074 (C.D. Cal. June 1, 2023) ..7, 9

*Estate of Lopez v. Suhr*,
No. 15 Civ. 01846, 2016 WL 1639547 (N.D. Cal. Apr. 26, 2016) .................6

*Estate of Morad v. City of Long Beach*,
No. CV1606785MWFAJWX, 2017 WL 5187826 (C.D. Cal. Apr. 28, 2017) 8, 15

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
889 F.2d 899 (9th Cir. 1980)...................................................passim

*Franco v. City of W. Covina*,
No. EDCV182587JGBSHKX, 2019 WL 6794203 (C.D. Cal. July 5, 2019) 14, 15

*Gonzalez v. Cty. of Merced*,
289 F. Supp. 3d 1094 (E.D. Cal. 2017).........................................14

*Grimes v. Knife River Constr.*,
No. S-13-02225 KJM CMK, 2014 WL 1883812 (E.D. Cal. May 12, 2014)....7

*IBM v. Brown*,
857 F.Supp 1384 (C.D. Cal 1994)................................................13

Jones v. Conte,
No. C 04-5312 SI, 2005 WL 1287017 (N.D. Cal. Apr. 19, 2005).................13

*Keating v. Off. of Thrift Supervision*,
45 F.3d 322 (9th Cir. 1995).....................................................passim

*KLATencor Corp. v. Murphy*,
717 F. Supp. 2d 895 (N.D. Cal. 2010) ..........................................7

*Lindsey v. City of Pasadena*,
No. CV1608602SJORAOX, 2017 WL 5891097 (C.D. Cal. Mar. 24, 2017) ..9, 12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Maryland v. Universal Elections, Inc.*,
    729 F.3d 370 (4th Cir. 2013) ................................................................................8

*Perez v. County of Los Angeles*,
    No. CV1509585SJOFFMX, 2016 WL 10576622 (C.D. Cal. May 3, 2016) ....8

*Perez v. Cty. of Los Angeles*,
    No. CV 15-09585 SJO (FFMx), 2016 WL 10576622 (C.D. Cal. May 3, 2016)
    ...............................................................................................................................14

*S.E.C. v. Dresser Industries, Inc.*,
    628 F.2d 1368 (D.C. Cir. 1980) .............................................................................8

*S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*,
    289 Fed. Appx. 183 (9th Cir. 2008) ..................................................................6, 8

*Sanrio, Inc. v. Ronnie Home Textile Inc.*,
    No. 2:14-CV-06369-RSWL, 2015 WL 1062035 (C.D. Cal. Mar. 10, 2015) .13

*Sartor v. Cnty. of Riverside*,
    2022 WL 18278597 (C.D. Cal. Nov. 30, 2022) .................................................8, 9

*Sec. & Exch. Comm'n v. Braslau*,
    No. 14-01290-ODW (AJWX), 2015 WL 9591482 (C.D. Cal. Dec. 29, 2015)
    ...............................................................................................................................13

*Securities & Exchange Comm'n v. Dresser Indus.*,
    628 F.2d 1368 (D.C. Cir.), *cert. denied,* 449 U.S. 993 (1980) .........................5

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
    720 F.Supp.805 (N.D. Cal. 1989) .......................................................................11

*U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*,
    297 F. Supp. 2d 531 (E.D.N.Y. 2003) ..................................................................8

*Vargas v. Cnty. of Los Angeles*,
    No. CV 19-3279 PSG (ASX), 2019 WL 6655269 (C.D. Cal. July 10, 2019) ..9

*Waller v. Georgia*,
    467 U.S. 39 (1984) .................................................................................................14

*Yong v. INS*,
    208, F.3d 1116 (9th Cir. 2000) .............................................................................6

## Statutes

28 U.S.C. §§471-82 .......................................................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This civil rights and state tort action arises out of the excessive and unreasonable force used against Decedent John Alaniz ("Decedent Alaniz") by California Highway Patrol ("CHP") Officer Ramon Silva ("Officer Silva"). On the morning of May 4, 2022, Decedent Alaniz was experiencing a mental health crisis or emotional disturbance when he walked along the 105 freeway in Paramount, California. As Decedent Alaniz walked along the shoulder of the 105, he was struck by an oncoming semitruck, but survived and continued walking on the side of the freeway.  CHP officers responded to the area for a traffic call involving a vehicle and pedestrian. One CHP Officer (DOE 1) responded to the scene in a SUV patrol vehicle. Soon thereafter, Defendant Officer Ramon Silva then responded on his patrol motorcycle, with the SUV unit in between himself and Decedent Alaniz.  Decedent Alaniz approached the back of the parked patrol vehicles in the direction of the officers, visibly unarmed and posing no threat of immediate death or serious bodily injury to the officers or any bystander. As Decedent Alaniz came around the back of DOE 1's patrol vehicle, and into Officer Silva's view, Officer Silva fired multiple lethal shots at Decedent Alaniz, ultimately killing him.

Plaintiffs, Decedent Alaniz's parents, filed their Complaint in California Superior Court on July 28, 2023. On September 11, 2023, Defendant State of California filed a notice of removal to this Court. Plaintiffs allege in significant part that Officer Silva used excessive and unreasonable force against Decedent Alaniz. At the time of the shooting, Decedent Alaniz was unarmed, Officer Silva did not issue any warning that he would use deadly force, despite it being feasible to do so; and Officer Silva did not use or exhaust reasonable alternatives to using deadly force. Most importantly, Decedent Alaniz was not an immediate threat of death or serious bodily injury to any person.

Defendants State of California ("State") and Silva now move to stay this matter pending conclusion of the California Department of Justice ("DOJ") investigation into Officer Silva's use of deadly force. Defendants' motion should be denied for several reasons: (i) this DOJ investigation is standard protocol in *all* officer-involved shootings involving unarmed individuals, and despite these investigations, the DOJ has not issued any charges against any officers since A.B. 1506 became law; (ii) the standard for which the DOJ is evaluating the incident is based on potential criminal culpability, not civil liability; (iii) Defendants cannot offer any indication as to when the DOJ will publish its findings – thus the 180 day request is based on pure speculation; (iv) there is also no evidence that the DOJ's investigation is incomplete; (v) there is no evidence (only speculation) that civil discovery *could* (not will) interfere with or adversely impact the DOJ investigation, especially considering that the DOJ already has access to the statements of the involved officers, investigation reports, and the videos of the incident; and (vi) whether Officer Silva *may* (not will) exercise his rights under the Fifth Amendment is further speculation and not enough to grant a six month stay of discovery directed at him. A review of the DOJ's website shows that the DOJ has published five reports since A.B. 1506 went into effect in 2021.[1] All five published reports conclude that the DOJ will not issue any criminal charges against the involved officers in the respective cases, and each occurred in 2021 or earlier.[2] There are also three incidents from July and August 2021 where the investigation report still has not been released.[3] In one of these reviews, the shooting occurred on June 2, 2020, and the report was not issued until December 19, 2023.[4] There is no realistic indication that the DOJ will release its findings for this case within the next 180 days. Defendants fail to meet their burden that discovery to stay

---

[1] See California DOJ Cases under review webpage: https://oag.ca.gov/ois-incidents/current-cases
[2] See California DOJ Case Archive webpage: https://oag.ca.gov/ois-incidents/case-archive
[3] *Id.*
[4] See California DOJ Report: https://oag.ca.gov/system/files/ois/report/2023_12_Monterrosa_Non-AB1506_Report.pdf

discovery as to Defendant Silva should be stayed, based on such a speculative premise.

Further, if Defendant State, through its highway patrol and DOJ office, is led to believe that it can dictate the timing of discovery and trial in these important civil rights cases, it sets a dangerous precedent. The DOJ has no incentive or requirement to complete timely investigations, nor incentive to timely publish their findings. The DOJ should not have the power to dictate the timing of the federal court's calendar. Additionally, there is no evidence that this civil rights lawsuit has, is, or will compromise any DOJ investigation and Defendants' contentions to the contrary are purely speculative and have lack merit. A stay would indicate creation of a rule that prejudices civil rights plaintiffs because it would permit government defendants (here, the State), who typically have the majority of the evidence and know the identities of witnesses, to stall every civil-rights proceeding by prolonging their own investigations. This not only adversely affects civil litigants, but it also affects the operation of the federal court. Finally, all the *Keating / Molinaro* factors are either not ripe or weigh against a stay in this case.

Therefore, the Defendants' Motion and request to amend the Scheduling Order should be denied in its entirety.

## II.   THERE IS NO EVIDENCE THAT CIVIL RIGHTS LAWSUITS COMPROMISE DOJ INVESTIGATIONS

First, there is no evidence before this Court that the DOJ's investigation would be completed in the next 180 days, as Defendant's propose. This incident, which is captured on body worn camera footage, occurred over 18 months ago. DOJ investigations pursuant to A.B. 1506 can take several years to conclude. Defendants' proposed timeline of a 180-day stay is not based on any concrete information that the investigation will be completed by then. It is purely speculative, and should not control the Court's calendar or Plaintiffs' timely access to justice. Further, the DOJ

had or has access to Officer Silva's interview with investigators, the involved Officers' body-worn camera footage of the incident, security camera footage of the incident, all relevant investigatory reports, witness interviews, all relevant crime lab reports, and the coroner's report. This investigation may be still pending after over 18 months, with no indication of any end date in sight, and no indication that charges will be filed.

Second, there is no merit to Defendants' argument that civil rights lawsuits compromise the integrity of DOJ investigations. There is no evidence of any statement by DOJ that investigations into officer-involved shootings take precedent over and preclude investigation of the civil rights claims brought by the victims and family members of police violence. Other than conclusory statements, Defendants' motion fails to provide any explanation as to how a civil rights case will compromise the integrity of DOJ's review of this or any other officer-involved shooting.

Moreover, Defendants offer no evidence that any individuals involved in this matter have any privacy issues at stake if this federal civil matter were to proceed forward. Nevertheless, Defendants' concerns are easily resolved by a protective order – to which Plaintiff will stipulate. Defendants offer no evidence that the integrity of the DOJ investigation needs protecting, or that civil discovery will compromise the integrity of the investigation. Defendants primarily argue that Officer Silva's Fifth Amendment rights are implicated, and therefore that he should not be subjected to discovery in this civil rights case. However, this concern is purely speculative, and is therefore insufficient to warrant a stay, given that the DOJ has not brought criminal charges against Officer Silva, and that the DOJ has never issued charges against an officer at the close of its investigation pursuant to A.B. 1506.

Whether Defendant Silva invokes any privilege in this civil matter has no bearing on the integrity of the DOJ investigation. The public has a strong interest in allowing civil rights plaintiffs an opportunity to receive justice, particularly because

district attorney's offices constantly fail to press criminal charges. Again, Defendants offer no evidence that any civil discovery will impact the criminal process. As a preliminary matter, there is no information that Officer Silva has been arrested, arraigned, or criminally charged, and Defendants have not submitted any evidence that any criminal charges against Deputy Silva are even likely.

Defendants are essentially asking the Court to create a rule whereby a stay to every civil rights litigation should be granted if the DOJ is conducting an investigation. There is no basis in either law or reason to create such a rule. To the contrary, the DOJ is responsible for investigating *every* fatal officer-involved shooting in the State of California where the decedent was unarmed. Creating such a rule to stay civil rights proceedings in deference to these investigations would create unnecessary and undue burden on Plaintiffs and the Courts, especially in light of the fact that Defendants have not provided any information that the investigation will conclude in any particular time period, and that no criminal charges are even filed against any Defendant.

## III.   LEGAL STANDARD

There is no constitutional requirement to stay civil proceedings pending the outcome of criminal proceedings. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "[P]arallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id*. (quoting *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and compelling interests involved in the case." *Keating*, 45 F.3d at 324 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1980) (*Molinaro*)). It is the requesting party's "heavy burden" to make a "strong showing," that a civil case should be stayed. *Estate of Lopez v. Suhr*, No. 15 Civ. 01846, 2016 WL 1639547, at *3 (N.D. Cal. Apr. 26,

2016) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Moreover, "[i]f a stay is especially long or its term is indefinitely, [courts] require a greater showing to justify it." *Yong v. INS,* 208, F.3d 1116, 1117 (9th Cir. 2000).

Courts are therefore instructed to consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Molinaro*, 889 F.2d at 902. In addition, courts "should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 903).

Just as the Ninth Circuit began its analysis, Plaintiffs will also note that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating*, 45 F.3d at 324. Here, Plaintiffs contend that the *Keating* factors strongly weigh against staying this matter.

## IV.   ANALYSIS

### A. The Fact that Defendant Officer Silva *Could* Potentially Exercise their Fifth Amendment Right is an Insufficient Basis for a Stay

Although "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases, "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903, *see also S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned.").

Indeed, "there do not appear to be any cases granting a stay 'in the absence of any hint of criminal proceedings.'" *Grimes v. Knife River Constr.*, No. S-13-02225 KJM CMK, 2014 WL 1883812, at *2 (E.D. Cal. May 12, 2014) (quoting *KLATencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010)). Moreover, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment Privilege." *Keating*, 45 F.3d at 326. In the absence of an indictment, *Keating* stays are rarely granted. *See Est. of Rob Marquise Adams v. City of San Bernardino,* No. EDCV222206JGBSPX, 2023 WL 4843074 at *5 (C.D. Cal. June 1, 2023).

In *Keating*, the Ninth Circuit upheld the lower court's denial of the plaintiff's request for a stay, despite the fact that the plaintiff was already facing criminal charges in a parallel criminal proceeding. *Keating*, 45 F.3d at 325. Since then, the Ninth Circuit has considered this issue in a case with a similar procedural posture to this one: where no indictment is returned, nor charges filed. *See Molinaro*, *supra,* 889 F.2d 899. In *Molinaro*, the defendant in the civil proceedings learned that the FBI was investigating him and that he might soon be indicted on charges related to the issues raised in the civil proceedings. 889 F.2d 899, 901. Fearing that the criminal investigation could capitalize on inculpatory evidence generated through discovery in the civil proceedings, the defendant filed a motion to stay discovery indefinitely. The trial court denied the motion, and the Ninth Circuit upheld that ruling. *Id.* No criminal charges or indictments were pending against the defendant, and the mere possibility that criminal charges could have been brought against the defendant did not outweigh the other *Keating* factors. *Id.* at 903 (holding that "any burden on Molinaro's Fifth Amendment privilege was negligible," where no related criminal indictments were pending against him).

Increasingly, courts in the Central District have been confronted with these motions to stay, on facts and procedural postures very similar to the instant case.

Overwhelmingly, these courts have followed *Molinaro's* instruction and denied the motions to stay civil proceedings in the absence of an indictment. For example, in *Estate of Morad v. City of Long Beach*, the Court denied the defendant's request for a limited stay of 120 days in a wrongful death/excessive force case, pending the resolution of the Los Angeles District Attorney's Office Justice System Integrity Division ("JSID") investigation. No. CV1606785MWFAJWX, 2017 WL 5187826 at *8 (C.D. Cal. Apr. 28, 2017) ("Indeed, *Keating* stays are rarely, if ever granted where no indictment has yet been returned.") (citing *Molinaro*, 889 F.2d at 903); *see also S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (noting that the fact that no indictment had been returned weakened the argument for a stay); *S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned."); *accord Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) ("Stays generally are not granted before an indictment has issued."); *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("Pre-indictment requests for a stay of civil proceedings are generally denied."). When determining whether to stay discovery or a case, Courts treat the DOJ investigations pursuant to A.B. 1506 in the same manner as they do the JSID evaluations described above. *See Sartor v. Cnty. of Riverside*, No. EDCV221410JGBSPX, 2022 WL 18278597 (C.D. Cal. Nov. 30, 2022) (denying defendants' motion to stay where the DOJ was investigating the involved officer's conduct and no indictment was issued).

Similarly, in *Perez v. County of Los Angeles*, the Court declined to grant defendants' request for a stay, despite factual overlap between the complaint and any criminal charges the involved officer would potentially face because the JSID investigation itself was not sufficient evidence that the District Attorney's office was going to criminally charge him. No. CV1509585SJOFFMX, 2016 WL 10576622 at *

3 (C.D. Cal. May 3, 2016) ("[T]he Court cannot conclude that not staying this action would substantially interfere with [the defendant's] Fifth Amendment rights."). Recently, in *Est. of Rob Marquise Adams v. City of San Bernardino*, the court also denied defendants' motion to stay, under similar factual and procedural circumstances to the instant case. No. EDCV222206JGBSPX, 2023 WL 4843074 at * 5 (C.D. Cal. June 1, 2023). In its opinion, the court consolidated similar cases from the Central District involving motions to stay civil rights proceedings in wrongful death and excessive use of force cases due to pending JSID evaluations. *Id.*, at *5-6. For example, in *Vargas v. Cnty. of Los Angeles*, the Court found that proceeding with the civil case pending the resolution of the JSID evaluation only remotely threatened defendant officers' Fifth Amendment rights because – as is the case here – the defendants did not provide "any information about timing and scope of potential criminal charges, let alone any indicia that indictment is imminent." No. CV 19-3279 PSG (ASX), 2019 WL 6655269 at *2 (C.D. Cal. July 10, 2019); *see also*, *Lindsey v. City of Pasadena*, No. CV1608602SJORAOX, 2017 WL 5891097 (C.D. Cal. Mar. 24, 2017) (denying motion to stay in excessive force/wrongful death case where no evidence that criminal charges were imminent or any findings that the defendants acted unlawfully did not substantially interfere with defendants' Fifth Amendment rights.); *see also*, *Christian v. Rutkowski*, 2015 WL 5456600, at *2 (C.D. Cal. Sept. 17, 2015) (same); and *Sartor v. Cnty. of Riverside*, 2022 WL 18278597, at *3-4 (C.D. Cal. Nov. 30, 2022) (same). Similarly, a Central District Court recently came to the same conclusion, and denied the Defendant Officer's motion to stay in a case with the same procedural posture as this one – where an investigation is pending, and no indictment returned. *See Atabekova-Michaelidis v. City of Los Angeles,* No. 222CV05620MCSMAA, 2023 WL 5444328 at *2 (C.D. Cal. Feb. 28, 2023).

Courts in this District consistently reject stays of the civil case pending the resolution of a criminal investigation because "there is no basis in law or reason to

create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers." *Carlson v. City of Redondo Beach*, 2020 WL 7714699, at *2-3 (C.D. Cal. Dec. 29, 2020) (in a police shooting case where there was no evidence of a certain timeline or status of the JSID evaluation, likelihood of an impending indictment). In *Carlson*, the Court found that an implication of the involved officers' Fifth Amendment Rights would be merely "speculative" due to a "possibility" of criminal charges being brought against the involved officer. *Id.*

Defendants rely on a variety of out of circuit decisions to support their request for a stay of discovery in this case. For example, Defendants cite *Chao v. Flemming*, as authority for the proposition that a stay in this case is warranted. 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) (see also Def. Mot. at 8). However, in that case, the Assistant United States Attorney conducting the criminal investigation notified defense counsel that "[t]he United States believes that it has sufficient evidence to bring criminal charges against [Defendants]…" and the evidence that an indictment was all but "an eventuality." *Id.* at 1036, 1039.

Defendants also allege that there is substantial similarity in issues between this civil rights case and the DOJ investigation. (Def. Mot. at 7:2-10). Defendants argue that this overlap warrants a stay of discovery. However, this argument is misguided, given that there is no criminal case against any Defendant. Moreover, even if there was a criminal case, the legal standards between this civil rights case and any potential criminal case would be different.

Here, there is no evidence that criminal charges are imminent. Defendants' argument that the officers *may* be charged, and therefore *may* implicate the Fifth Amendment is also speculative. Defendants' assertion that Plaintiffs would "obtain a windfall," if Defendant Silva invokes his Fifth Amendment Privilege is without merit and contrary to well-established federal law, which foresees this exact scenario.

Defendants should not be granted the opportunity to have this case stalled indefinitely when they have not and cannot provide any actual timeline by which the DOJ's evaluation may be completed. To the contrary, the DOJ has investigated approximately 52 officer-involved shootings in the last three years, 47 of which are still under investigation, and none of which have resulted in charges.[5]

Thus, Defendants have failed to demonstrate that the present civil litigation will substantially interfere with Defendants' Fifth Amendment rights. There is no need to stay discovery directed at Defendant Silva – Defendants' Motion should be denied.

### B. Plaintiffs Have a Strong Interest In Proceeding Expeditiously with this Litigation, and Would Be Prejudiced By Delay

Courts uniformly recognize that a "civil plaintiff has an interest in having her case resolved quickly." *ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014). Plaintiff has a significant interest in obtaining resolution of her claims and receiving compensation if proved she is entitled to it. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp.805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). What Defendants are requesting effectively amounts to an indefinite stay, which is disfavored and delays relief to which Plaintiff may be entitled. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007). Thus, Plaintiffs are necessarily prejudiced by the delay caused by a stay.

Defendants' arguments to the contrary are unpersuasive and again rely on out of circuit decisions premised on a different legal standard. Plaintiffs will certainly be prejudiced by a delay of their case of at least six months. Defendants request a six month stay, without being able to produce any information that the investigation will actually be concluded by then. That Plaintiffs will eventually have access to the

---

[5] See California DOJ Cases under review webpage: https://oag.ca.gov/ois-incidents/current-cases

evidence collected in the criminal investigation – an investigation that has resulted in no charges in the approximately eighteen months since the subject incident – does nothing for Plaintiffs who otherwise would be entitled to access that evidence through discovery in their civil proceeding now.

**C. The Burden the Civil Proceedings Would Impose on Defendants Appears to Be Minimal**

Courts have found that even when a Defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other "compelling factors as described in Keating." *ESG Capital Partners*, 22 F.Supp.3d at 1046; *see also Lindsey v. City of Pasadena*, No. CV-1608602-SJO (RAOx), 2017 WL 5891097, at *4 (C.D. Cal. Mar. 24, 2017) (Otero, J.). Indeed, as cited above, "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Keating*, 45 F.3d at 326. As such, "[t]he Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished." *Id.* at 325. Courts also consider "the convenience of the court in the management of its cases, and the efficient use of judicial resources[.]" *Keating*, 45 F.3d at 325. The Ninth Circuit has held that a district court has an interest in clearing its docket and that this factor weighs in favor of denying a motion to stay. *Molinaro*, 899 F.2d at 903.

Here, where the State of California's, witnesses' and officers' Fifth Amendment rights have not been implicated, Defendants have not sufficiently demonstrated that the denial of a stay would create a significant and undue burden. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). Moreover, Defendant Silva has submitted nothing

1   to establish that he would suffer any prejudice from denial of a stay. Deputy Silva did

2   not submit a declaration offering any evidence at all in regard to this factor. This, too,

3   weighs against a stay.

4        **D. Staying the Case Would Not be an Efficient Use of Judicial Resources**

5        Judicial efficiency likewise weights against issuing a stay in this case since the

6   district court "ha[s] an interest in clearing its docket." *Molinaro*, 889 F.2d at 903.

7   Consequently, "[t]his factor usually weighs against granting a stay...." *Sec. & Exch.*

8   *Comm'n v. Braslau*, No. 14-01290-ODW (AJWX), 2015 WL 9591482, at *4 (C.D.

9   Cal. Dec. 29, 2015); *see also Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-CV-

10  06369-RSWL, 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015). Indeed, "a policy

11  of issuing stays solely because a litigant is defending simultaneous multiple suits

12  would threaten to become a constant source of delay and an interference with judicial

13  administration." *IBM v. Brown*, 857 F. Supp 1384, 1392 (C.D. Cal 1994).

14       Again, Defendants offer nothing to change this analysis. Defendants cite *White*

15  *v. Mapco Gas Products, Inc.,* for the proposition that judicial efficiency favors a stay

16  of these proceedings so as to avoid the conflict concerning the assertion of the Fifth

17  Amendment privilege. 116 F.R.D. 498, 502 (E.D. Ark. 1987). Defendants also cite

18  *Chao* for the same idea – that the Defendants' potential assertion of their Fifth

19  Amendment privilege would burden the court. 98. F. Supp. 2d at 1040. Again, these

20  out of circuit decisions are not persuasive and are distinguishable from the instant

21  case. The Defendant in *Chao* was facing imminent criminal charges. *Id.* at 1036,

22  1039. Similarly, in *White,* a Grand Jury had been impaneled, and two individuals (not

23  parties to the civil case) were already indicted, making the possibility of criminal

24  charges being brought against the Defendants in the civil case far less remote than the

25  instant case. 116 F.R.D. 498, 502. Here, particularly in the absence of an indictment,

26  Defendants offer no concrete reason to conclude that the criminal investigation will in

27  any meaningful way obstruct the resolution of this action. Defendants cannot even

28

provide a legitimate timeline by which this investigation will conclude. Thus, it is contrary to judicial economy to stay the case, and this factor weighs against a stay.

### E. The Interest of the Public in the Pending Civil Litigation Does Not Weigh in Favor of a Stay

The public has an interest in the "speedy resolution" of this action. *Keating*, 45 F.3d at 325; *see also Molinaro*, 889 F.2d at 903 (finding that the interest of the public "would be frustrated by further delay."). The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990. See 28 U.S.C. §§471-82. A stay would clearly impair that interest. *Perez v. Cty. of Los Angeles*, No. CV 15-09585 SJO (FFMx), 2016 WL 10576622, at 4* (C.D. Cal. May 3, 2016). However, courts have routinely recognized that the public has "a strong interest in exposing substantial allegations of police misconduct to the salutary effects of public scrutiny." *Waller v. Georgia*, 467 U.S. 39, 46-47 (1984); *see also Comm'n on Peace Officer Standards & Training v. Superior Court*, 42 Cal. 4th 278, 297 (2007) ("The abuse of a patrolman's office can have great potential for social harm."). In addition, "the public does have an interest in ensuring that the victim is made whole as rapidly as possible." *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1129 (E.D. Cal. 2017).

Moreover, courts in the Central District have rejected Defendants' argument that the public's interest in ensuring that the criminal process can proceed untainted by civil litigation. *See Franco v. City of W. Covina,* No. EDCV182587JGBSHKX, 2019 WL 6794203 at *4 (C.D. Cal. July 5, 2019). In *Franco,* the court was unpersuaded by Defendants' arguments that proceedings in a parallel civil case could subvert the criminal investigation process, finding that such an interest "is minimal where, as here, there is no evidence that criminal charges will ever be brought." In fact, "The public has a countervailing interest in the speedy resolution of civil cases, particularly ones related to matters of public concern such as officer-involved

shootings." *Id.*, (citing *Keating*, 45 F.3d at 326). Rather, the public is served by allowing these matters of public concern to proceed forward, instead of "allowing an inexplicably lengthy review process[] to postpone the resolution of civil litigation against municipalities and their agents." *Id.* Similarly, in cases such as this, where excessive force and police misconduct are alleged, the public has a strong interest "to see that justice be fairly and efficiently done." *Est. of Morad*, *supra*, No. CV1606785MWFAJWX, 2017 WL 5187826 at *9.

The public's interest in ensuring that police officers who use excessive and unreasonable deadly force are held to answer is fulfilled by civil plaintiffs. Although the public has a countervailing interest in ensuring that the criminal process can proceed untainted by civil litigation, this interest is minimal where, as here, there is no evidence that criminal charges will even be brought. Accordingly, this factor weighs against staying the instant action.

## V.   CONCLUSION

All the aforementioned factors weigh against any stay the instant action. Thus, Plaintiffs respectfully request this Honorable Court to deny Defendants' Motion to Stay and Request to Amend the Scheduling Order in its entirety.

Dated:  December 21, 2023                    **LAW OFFICES OF DALE K. GALIPO**

By: _____ *Shannon J. Leap* _____
           Dale K. Galipo, Esq.
           Shannon J. Leap
           *Attorneys for Plaintiffs*

1

<u>**CERTIFICATE OF COMPLIANCE**</u>

2     The undersigned, counsel of record for Plaintiff Regina Castro certifies that this

3 brief contains 4,909 words, which complies with the word limit of L.R. 11-6.1.

4

5 DATED: December 21, 2023          **LAW OFFICES OF DALE K. GALIPO**

6

                                      By:  _____/s/____Shannon J. Leap_____
7                                          Dale K. Galipo, Esq.
                                           Shannon J. Leap
8                                          *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28