UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-07532-DMG-SSC                Date: October 8, 2024

Title      Sandra Kirkman v. State of California, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order Re: Informal Discovery Conference**

   The Court received the attached email from the parties dated September 24, 2024, outlining disputed discovery issues.  On October 8, 2024, the Court held an Informal Discovery Conference.

   The parties are ordered to continue to meet and confer regarding these disputes.

   Should outstanding discovery disputes remain after the parties meet and confer, they must follow the procedures in Local Rule 37-2 and **no later than October 22, 2024**, must file a joint stipulation as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-07532-DMG-SSC                    Date: October 8, 2024

Title   Sandra Kirkman v. State of California, et al.

required therein regarding any outstanding discovery disputes.  Any supplemental briefing must be filed **no later than October 29, 2024**.

**IT IS SO ORDERED.**

                                                                                                    :

Initials of Preparer    **ts**

| | |
|---|---|
| **From:** | Ashley Reyes |
| **To:** | SSC Chambers |
| **Cc:** | sleap@galipolaw.com; dalekgalipo@yahoo.com; Norman Morrison |
| **Subject:** | Sandra Kirkman v. State of California, et al. (Case No. 2:23-cv-07532-DMG-SSC) - Request for Informal Discovery Conference |
| **Date:** | Tuesday, September 24, 2024 5:03:12 PM |
| **Attachments:** | image001.png |

**CAUTION - EXTERNAL:**

Good afternoon,

The parties have met and conferred on a discovery issue that has come up regarding the decedent's medical and mental health records. Since the parties have reached an impasse and cannot reach an agreement, defendants are requesting an informal discovery conference with Magistrate Judge Christensen.

 **i.** **Time available for both parties:**
  Friday 9/27 between 9 am and 2 pm, 10/8 9:00 am – 11:30 am or after 1:30 pm; and 10/9 anytime.

 **ii.** **Non-expert discovery cutoff:**
  November 22, 2024.

 **iii.** **Neutral statement of issue in dispute:**
  Defendants subpoenaed the decedent's mental health and medical records from the Veterans Administration (VA) on July 2, 2024 requesting all records pertaining to John Joseph Alaniz including but not limited to medical summaries, intake sheets, intake notes, nurses notes, charts, chart notes, psychological records, counseling records, prescription records, images, photographs, x-rays, CT scans, MRI's, correspondence, prescription scrips. laboratory reports and results, toxicology reports and results and any other records related to the medical, psychological or counseling treatment of John Joseph Alaniz. The VA has requested that Defendants provide a HIPPA authorization to receive the records. The parties have met and conferred on the HIPPA authorization request, but plaintiffs have declined to provide an authorization and contend the records are privileged.

 **iv.** **Meet and confer communications & Parties Contentions:**
  a. Defendants sent an email to opposing counsel requesting a signed HIPAA authorization from plaintiffs on September 6, 2024. Defendant's email set forth the reasoning why the records are pertinent, namely the fact that plaintiffs have placed the decedent's mental health at issue based on their claims contained within the complaint. Opposing counsel responded on September 9, 2024 indicating that they were not agreeable to providing a HIPPA authorization, and provided times to meet and confer to discuss the issue further. The parties met and conferred via telephone on September 13, 2024 wherein plaintiff's counsel offered to provide redacted versions of the records they received from the VA. The parties met and conferred further via email on September 19-20, indicating that an impasse had been reached and an informal discovery conference was necessary.
  b. <u>Defendants' contentions:</u> Plaintiffs, who served an untimely objection to the VA

subpoena on August 26, 2024, have waived the decedent's right of privacy and psychotherapist privilege as to the decedent's medical and mental health status by filing this lawsuit and seeking survival and wrongful death damages. *A.H. v. County of Los Angeles*, WL 3035349, at *2 (C.D. Cal. 2023). Plaintiffs have also placed the decedent's medical and mental health status at issue by their claims that he was suffering from a mental health episode prior to the officer involved shooting that is the subject of this lawsuit. Additionally, the decedent's parents have testified that the decedent suffered and was diagnosed with schizophrenia and bipolar disorder as early as 2014. Defendants believe that the prior records on decedent's medical and mental health disorders may explain his actions on the date of the incident, which involved jumping in front of cars on the 105 Freeway, and positioning himself in a shooting stance and running towards CHP officers once they arrived on scene. Plaintiffs' counsel has agreed to provide redacted copies of the VA records, however, doing so would result in evidentiary issues if the records are used at trial. Defendants also contend that they are entitled to unredacted copies of the records.

c. <u>Plaintiffs' Contentions:</u> Plaintiffs contend that Defendants' Subpoena served on the Long Beach Veteran's Administration is overbroad on its face, requesting records of Decedent John Alaniz's entire medical and mental health history, with no temporal limitation, or any other limit on the scope of the request, such that it exceeds the bounds of fair discovery. Courts in this District have found that untimely objections to a subpoena do not waive such objections outright. Rather, objections to subpoenas that are overbroad on their face, such as the subject subpoena, are not waived on the basis that they are untimely. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (finding Defendant's untimely objections to Plaintiffs' subpoena not waived, given the "overbroad nature of the subpoena"). As a practical matter, Plaintiffs made their objections prior to Defendants' request for the authorization and prior to the VA's production of any records. Furthermore, as outlined in Plaintiffs' objections to the subpoena the records Defendants seek are beyond the scope of FRCP Rule 26 because they are privileged under Decedent's protections from the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, his psychotherapist-patient privilege under *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), Fed. Rule Evid. Rule 501, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, and his California constitutional right to privacy concerning medical information under Cal. Const. art I, § 1. Additionally, that Decedent was experiencing a mental health crisis at the time Defendant Silva used lethal force against Decedent does not place Decedent's mental health at issue such that his entire medical and mental health history should be disclosed. Decedent's diagnoses and mental health history were not known to Defendant Silva at the time he used lethal force, thereby making them irrelevant under the use of force analysis established in *Graham v. Connor,* 490 U.S. 386, 396 (1989). Such after-acquired information is not relevant to whether Silva's use of force was reasonable. Decedent's subjective state of mind is also not relevant, as Defendants argue. *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1193 (C.D. Cal. 2015). For these reasons, Defendants' subpoena should be quashed.

Sincerely,

**Ashley N. Reyes**
**Deputy Attorney General**
Tort & Condemnation Section
2550 Mariposa Mall, Ste. 5090
Fresno, CA 93721
Tel: (559) 705-2312   Cell: (916) 202-5047
Email: Ashley.Reyes@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.