ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE MOTION TO COMPEL COMPLIANCE FOR DECEDENT'S MEDICAL AND/OR MENTAL HEALTH RECORDS**<br><br>Date: November 12, 2024<br>Time:         1:30 p.m.<br>Courtroom: 790<br><br>Discovery Cut Off: November 22, 2024<br>Pre-Trial Conf.: March 18, 2025<br>Trial: April 15, 2025 |

Defendants, State of California, acting by and through the California Highway Patrol (CHP) and Officer Ramon Silva, pursuant to Local Rule 37-2.3, hereby submit the following Supplemental Memorandum in connection with the parties' Joint Stipulation regarding Defendants' Motion to Compel Decedent's Medical and/or Mental Health Records.

///

1

## I. INTRODUCTION

This action arises out of an officer-involved shooting that occurred on May 4, 2022, when CHP Officers responded to 9-1-1 calls regarding Decedent, John Alaniz, who had reportedly been hit by a big rig, and purposefully jumping in front of vehicles on the 105 freeway. Plaintiffs allege that Decedent was suffering from a mental health crisis at the time of the officer-involved shooting. Complaint, at ¶18. Defendants issued a subpoena duces tecum on third party Veterans Administration in Long Beach, California seeking production of Decedent's psychological and medical records, which were met with meritless objections by Plaintiffs. The parties filed the underlying joint stipulation setting forth the discovery dispute on October 22, 2024.

## II. ARGUMENT

### A. Decedent's Mental Health is Directly at Issue and Relevant for Purposes of Liability

Plaintiffs claim that when it comes to liability, the primary issue in this case is whether Officer Silva used deadly force against the Decedent, and therefore information that Office Silva did not have at the time of the shooting is not relevant to the use of force analysis. Yet they also allege that Silva knew Decedent was exhibiting signs of a mental health crisis at the time of the incident, and Officer Silva therefore had an obligation to respond using appropriate intervention strategies, thereby demonstrating the relevancy of the information sought. Complaint, at ¶ 29. Nonetheless, Decedent's mental health history not only tends to provide an explanation for the Decedent's actions, but also corroborates the version of the events offered by Officer Silva, and other witnesses present.

Federal Courts have repeatedly held that information not known to officers at the time of the incident is relevant, probative, and admissible. For example, the court in *Turner v. County of Kern, No. 1:11-CV-1366-AWI, 2014 WL 560834 (E.D. Cal. Feb. 13, 2014) at *2* explained, "[t]hat law enforcement officers may not have

2

1  suspected intoxication of some sort does not make evidence of intoxication
2  inadmissible, especially when there is a dispute as to the plaintiff/decedent's
3  conduct." In *T.D.W. v. Riverside County*, No. CV-08-232-CAS, 2010 WL 1006618,
4  at *3 (C.D. Cal., March 11, 2010), evidence of the decedent's intoxication was
5  properly admitted as probative evidence, with the court finding the evidence
6  corroborated defendant's version of what occurred and provided an explanation for
7  decedent's conduct during the incident. The *T.D.W.* court additionally recognized
8  that evidence of the decedent's intoxication was particularly probative in light of
9  the defendant police officer's contention that the decedent's behavior immediately
10 preceding and at the time of the shooting led to their use of force. Although the
11 Decedent's intoxication and/or drug use is not at issue in the present case, these
12 cases are analogous in regards the Decedent's mental health. The Decedent's
13 mental health history is certainly relevant to assist in explaining Decedent's
14 behavior before and during the incident, including running in front of cars, his
15 failure to obey the CHP officers' commands, and running at the officers after
16 standing in a shooting platform.

17        Further, Plaintiffs argue that Defendants are on a fishing expedition by way of
18 their subpoena, and whether the Decedent exhibited any prior aggressive behavior
19 is nothing other than bad character evidence that is not relevant. Joint Stipulation, at
20 pg. 21. Yet, "discovery is not limited to issues raised by the pleadings, for
21 discovery itself is designed to help define and clarify the issues." *Oppenheimer*
22 *Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If the information "bears on, or…
23 reasonably could lead to other matters that could bear on, any issue that is or may
24 be in the case," it is relevant, and therefore, within the permissible scope of
25 ///
26 ///
27 ///
28

discovery. *Id*. Multiple witness interviews from the AB 1506 investigation of the underlying incident raise a dispute as to the Decedent's behavior during his encounter with the CHP officers, and whether that behavior contributed to the use of force. Thus, information of the Decedent's mental health is relevant, probative, and admissible.

### B. Decedent's Medical and/or Mental Health Records Are Relevant to Plaintiffs' Damages

Several courts have routinely recognized waiver of the privilege when a party places their mental health at issue, as is the case here. See, e.g., *Much v. Gessesse*, 339 F.R.D. 625, 631-32 (C.D. Cal., May 18, 2018); *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal., Jun. 18, 2009); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 570 (S.D. Cal., Sep. 29, 1999). Plaintiffs have unequivocally placed Decedent's mental health at issue by virtue of their own allegations. Complaint, at ¶¶18, 29, 44, 46, 56, 62, 64, 67, 70, 73(i). Their theory of liability leaves no question that Decedent's mental health is squarely at issue in this litigation, and the psychotherapist-patient privilege is therefore waived.

Plaintiffs argue the Decedent's medical and/or mental health records are not relevant because the Plaintiffs have already had their depositions taken and have described the quality of their relationship with their son, including the context of his mental health diagnosis. They also argue they do not intend to rely on Decedent's mental health or medical records to establish their damages. These arguments lack merit, as information provided by plaintiffs alone is insufficient to evaluate the types of damages raised by Plaintiffs. Since Plaintiffs are claiming damages for interference of their familial relationship with Decedent, Defendants are entitled to Decedent's medical and/or mental health records to determine whether his medical and/or mental health issues played a party in his relationship with Plaintiffs, as well as his ability to work. See *Nehad v. Browder*, 2016 WL 1428069 at *5 (S.D. Cal., Apr. 11, 2016).

### C. The Stipulated Protective Order Addresses the Privacy Concerns of Plaintiffs

As noted by the Court during the informal discovery conference, the parties agreed to a stipulated protective order which protects public disclosure of confidential information. Plaintiffs claim that the stipulated protective order does not cover all the privacy concerns and they are willing to provide a privilege log identifying any redactions. However, during meet and confer conversations, as well as during the discovery conference with the Court, Plaintiff was unable to identify any privileged material that would not be covered by the protective order. Since any privacy concerns can be readily mitigated by producing the information pursuant to the protective order, Defendants request that the records be produced unredacted.

### III. CONCLUSION

Based on the foregoing, the Defendants respectfully request that the Court grant its motion to compel production of Decedent's medical and/or mental health records.

Dated: October 29, 2024                     Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

LA2023603259
95600709.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | ***Sandra Kirkman, et al. v. State of California, et al.*** | No. | **2:23-cv-07532-DMG-SSC** |

I hereby certify that on <u>October 29, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE MOTION TO COMPEL COMPLIANCE FOR DECEDENT'S MEDICAL AND/OR MENTAL HEALTH RECORDS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 29, 2024</u>, at Fresno, California

| | |
|---|---|
| Carrie Vue | */s/ Carrie Vue* |
| Declarant | Signature |

LA2023603259
95600716.docx