Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Ashley Reyes
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**<br><br>[Declaration of Deputy Attorney General Ashley Reyes and Proposed order filed concurrently herewith]<br><br>Judge: Honorable Dolly M. Gee<br>Trial Date:    04/15/2025<br>Action Filed: 7/28/2023 |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants, State of California, acting by and through the California Highway Patrol (CHP), and Officer Ramon Silva through their counsel of record, will and hereby do seek leave of this Court for a modification of current discovery deadlines and a trial continuance. A modification of the current Scheduling Order and a trial continuance is necessary for the following reasons: (1) there are approximately 23 civilian witnesses that were

1

recently identified and will need to be located and deposed; (2) these 23 civilian witnesses may have additional discoverable information that will need to be explored and; (3) Defendants' motion to compel Decedent's medical and/or mental health records from the Veteran's Administration in Long Beach (VA) is pending, and if the records are ordered to be produced, additional discovery, as well as expert review, testimony and opinion will likely be necessary to prevent prejudice against Defendants.

In July, the California Department of Justice's Police Shooting Investigation Team (CaPSIT Team) completed the investigation required pursuant to Assembly Bill 1506 involving Defendant Officer Silva and Decedent that had been pending since May 4, 2022. Plaintiffs subpoenaed the investigatory file from the Department of Justice on July 31, 2024. Records were produced September 11, 2024, and identified over twenty-three civilian witnesses who had either witnessed the Decedent's actions prior to the shooting and/or the Decedent's actions at the time of the shooting. Multiple videos and photographs taken by these witnesses were also produced. These percipient witnesses are vital and will need to be located and deposed. These witnesses will also likely have additional discoverable information that will need to be explored. Also, in July of this year, Defendants subpoenaed Decedent's medical and mental health records from the VA. Plaintiffs' counsel objected to the disclosure of these records and refused to provide an authorization for Defendants to obtain these records despite putting the Decedent's mental health at issue in this litigation. A hearing on Defendants' motion to compel is set for November 12, 2024. These records are reported to be voluminous in nature and if ordered to be produced, will likely contain additional discoverable information and may require additional discovery including but not limited to written discovery, subpoenaing of records and depositions of individuals identified within the records.

///

Upon identifying these issues, and the need for a modification of the scheduling order to accommodate these issues, Defendants promptly sought to address the issue by stipulation with Plaintiffs' counsel, but to no avail. Since there is an imminent need to depose these third-party civilian witnesses, obtain additional discoverable information from these witnesses, and the likelihood of additional discovery if the VA records are ordered to be produced, the current scheduling order must be modified and the trial date vacated to prevent prejudice to Defendants. Defendants therefore request that all current dates within the scheduling order be extended at least six months to allow for the necessary discovery to be completed.

Dated: November 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*

ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

LA2023603259
95601383.docx

3

# APPLICATION TO FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE

Defendants hereby respectfully submit their application for a modification of current discovery deadlines and a trial continuance. The basis for this request is due to the inability of the Defendants to conduct necessary discovery by the November 22, 2024 deadline because of the recent production of documents pursuant to Plaintiffs' subpoena identifying twenty-three civilian witnesses that will need to be located and deposed, additional information from these witnesses that will need to be explored, as well as the likelihood of additional discovery that will need to be completed if the Decedent's medical and/or mental health records from the VA are ordered to be produced by the Court at the November 12, 2024 hearing.

## BACKGROUND

On January 29, 2024, this Court issued its Scheduling Order (Doc. 25.) Since the issuance of the Scheduling Order, both parties have engaged in multiple sets of written discovery. (Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.), ¶3.). Officer Silva, CHP Officer Johnathon Van Dragt, both Plaintiffs, and Decedent's grandparents have all had their depositions taken. *Id*.

The Department of Justice (DOJ), through its California Police Shooting Investigation Team, had been investigating the shooting involving the Decedent and Officer Silva pursuant to California Government Code § 12525.3, which was enacted by California Assembly Bill 1506. *Id*., at ¶4. Defense counsel, an attorney within the DOJ, is completely walled off from all AB 1506 investigations by the CaPSIT Team, does not have access to any evidence and/or information. *Id*. The units are physically apart, have no access to each other's files, and keep all activities completely separate. *Id*. For conflict-of-interest purposes, the offices are separate. *People v. Christian* 41 Cal.App.4th 986, 998-999 (1996). In July 2024, the CaPSIT Team released the AB 1506 report concerning the officer-involved shooting. *Id*. The report found there was insufficient evidence to support a criminal

prosecution of Officer Silva, and reported that twenty-three civilian witnesses were interviewed, but no names or contact information were provided in the report. *Id*. On July 31, 2024, Plaintiffs served the DOJ with a subpoena duces tecum requesting the AB 1506 investigative materials. *Id*. These materials were produced by the CaPSIT team on September 11, 2024. *Id*. Multiple audio interviews of the witnesses as well as photographs and videos taken by these witnesses were produced as part of these materials. Some of these interviews were conducted in foreign languages such as Spanish and Mandarin Chinese. *Id*. Defense counsel immediately sent all the audio interviews to be transcribed and translated for those necessary. *Id*. The transcripts of these audio interviews were received October 21, 2024. *Id*.

On October 22, 2024, defense counsel emailed opposing counsel and asked whether Plaintiffs would be agreeable to stipulating to modifying the scheduling order based on the recent identification of these twenty-three civilian witnesses whose names and information were unknown to both parties prior to the production of records in response to Plaintiffs' subpoena to the DOJ, as well as the pending motion to compel the Decedents' medical and/or mental health records from the VA. *Id*., at ¶5. After following up with lead trial counsel, Plaintiffs' counsel informed defense counsel that they were not agreeable to stipulating to modify the current scheduling order on October 25, 2024.

The hearing on Defendants' motion to compel Decedent's medical and/or mental health records is currently set to be heard on November 12, 2024, at 1:30 p.m. Should the Court order that these records be produced, additional discovery will be necessary, including but not limited to, additional written discovery to Plaintiffs, additional subpoenas duces tecum, and the possibility of depositions of individuals identified within the records. *Id*., at ¶6.

///

///

# ARGUMENT

Defendants contend that based on the need to locate and depose multiple civilian witnesses, the pending motion to compel Decedent's medical and/or mental health records from the VA, as well as the likelihood of additional discovery that will be needed should the VA records be ordered to be produced, a modification of the Scheduling Order and trial continuance are warranted. Further, Defendants have been diligent in conducting discovery and obtaining the necessary information to set depositions of the third-party witnesses identified in the AB 1506 investigative materials produced in response to Plaintiffs' subpoena duces tecum.

Additionally, further discovery is needed to investigate the newly identified third-party witnesses' knowledge of the incident, the facts and circumstances surrounding the witnesses' versions of the incident, explore any additional information provided by these witnesses, the photographs and videos taken by these witnesses, and their expected testimony at trial. This non-expert discovery is also needed in order to complete expert discovery, as both parties' experts will need to review the witnesses' testimony.

Defendants request that the current deadlines identified in the scheduling order be extended at least six months to allow for further discovery to be completed. Defendants further request that the current trial date of April 15, 2025 be continued.

# LOCAL RULE 7-19 COMPLIANCE

Prior to filing this *ex parte* application, defense counsel contacted Plaintiffs' counsel of record, Shannon Leap, of the Law Offices of Dale Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, 91367, (818) 347-333, (sleap@galipolaw.com), in compliance with Local Rule 7-19 through 7-19.1. (Reyes Decl., ¶7.)

///

///

It is Defendants' understanding that Plaintiff will oppose this application. Defendants are filing this application due to the upcoming non-expert discovery deadline, as well as the need to complete this discovery, and to allow the experts to review the evidence and formulate their opinions. Plaintiffs would not agree to stipulate to modify the scheduling order, and there was insufficient time in advance of this application to be heard as a regularly noticed motion prior to the discovery cut off. *Id.* at ¶¶7-8.

## **CONCLUSION**

For the reasons set forth in the Declaration of Deputy Attorney General Ashley Reyes in Support of Ex Parte Application for Modification of the Scheduling Order and Trial Continuance, filed concurrently herewith, Defendants respectfully request that this Court grant this application and modify the Scheduling Order and continue the trial. Specifically, Defendants request that the Court extend all deadlines by at least six months to allow the completion of non-expert discovery. Defendants further request that the current trial date of April 15, 2025 be continued.

Dated: November 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Ashley Reyes*

ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

# CERTIFICATE OF SERVICE

Case Name: **Sandra Kirkman, et al. v. State of California, et al.**  No. **2:23-cv-07532-DMG-SSC**

I hereby certify that on November 4, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 4, 2024, at Fresno, California.

|  |  |
|---|---|
| Carrie Vue | */s/ Carrie Vue* |
| Declarant | Signature |

LA2023603259
95601405.docx