1   ROB BONTA
    Attorney General of California
2   NORMAN D. MORRISON
    Supervising Deputy Attorney General
3   ASHLEY REYES
    Deputy Attorney General
4   State Bar No. 312120
     2550 Mariposa Mall, Room 5090
5    Fresno, CA  93721-2271
     Telephone: (559) 705-2312
6    Fax: (559) 445-5106
     E-mail:  Ashley.Reyes@doj.ca.gov
7   *Attorneys for Defendants State of California, acting*
    *by and through the California Highway Patrol, and*
8   *Officer Ramon Silva*

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  **SANDRA KIRKMAN AND CARLOS**          Case No. 2:23-cv-07532-DMG-SSC
    **ALANIZ, INDIVIDUALLY AND AS**
13  **SUCCESSORS-IN-INTEREST TO**          **DECLARATION OF DEPUTY**
    **JOHN ALANIZ, DECEASED,**             **ATTORNEY GENERAL ASHLEY**
14                                         **REYES IN SUPPORT OF**
                                Plaintiffs, **DEFENDANTS' EX PARTE**
15                                         **APPLICATION FOR**
                                           **MODIFICATION OF**
16       **v.**                            **SCHEDULING ORDER AND**
                                           **TRIAL CONTINUANCE**
17  **STATE OF CALIFORNIA; RAMON**
    **SILVA; AND DOES 1-10,**
18  **INCLUSIVE,**                         Judge: Honorable Dolly M. Gee
                                           Trial Date:    04/15/2025
19                               Defendants. Action Filed: 7/28/2023

20

21  I, Ashley N. Reyes, declare as follows:

22       1.    I am an attorney at law, duly licensed to practice before the courts in the

23  State of California and the United States District Court for the Central District of

24  California. I am an attorney with the Office of the Attorney General, California

25  Department of Justice, counsel of record for Defendant State of California, acting

26  by and through the California Highway Patrol ("CHP"), and Officer Ramon Silva.

27       2.    I am the attorney responsible for handling the defense of this litigation

28  on behalf of my clients. As such, I am thoroughly familiar with the legal issues in

                                    1

this matter and, if called upon as a witness, could and would competently testify to each of the matters set forth herein.

3. Since the issuance of the Scheduling Order, both parties have engaged in multiple sets of written discovery. Plaintiffs have propounded two sets of Requests for Production of Documents on CHP. In response to these requests, CHP has produced over 3,500 documents. Defendants have propounded two sets of Requests for Production of Documents and two sets of Special Interrogatories on Plaintiff Carlos Alanis. Defendants have also propounded three sets of Requests for Production of Documents and two sets of Special Interrogatories on Plaintiff Sandra Kirkman. Officer Silva, CHP Officer Johnathon Van Dragt, both Plaintiffs, and Decedent's grandparents have all had their depositions taken.

4. The Department of Justice, through its California Police Shooting Investigation Team (CaPSIT), had been investigating the shooting involving the Decedent and Officer Silva pursuant to California Government Code § 12525.3, which was enacted by California Assembly Bill 1506. As an attorney that defends CHP officers involved in officer-involved shootings within the DOJ, I am completely walled off from all AB 1506 investigations conducted by the CaPSIT Team and do not have any access to any of this information due to a conflict of interest. The units are physically apart, have no access to each other's files, and keep all activities completely separate. In July 2024, the CaPSIT Team released the AB 1506 report concerning the officer-involved shooting. The report found there was insufficient evidence to support a criminal prosecution of Officer Silva, and reported that twenty-three civilian witnesses were interviewed, but no names or contact information were provided in the report. On July 31, 2024, Plaintiffs served the DOJ with a subpoena duces tecum requesting the AB 1506 investigative materials. These materials were produced by the CaPSIT team on September 11, 2024. Multiple audio interviews of witnesses as well as photographs and videos taken by these witnesses were produced as part of these materials. Some of these

1    interviews were conducted in foreign languages such as Spanish and Mandarin

2    Chinese. I immediately sent all the audio interviews to be transcribed and also

3    requested that the audio interviews that were conducted in a foreign language be

4    translated as well. Our office received the transcripts of these audio interviews on

5    October 21, 2024.

6        5.      On October 22, 2024, I emailed opposing counsel, Shannon Leap, and

7    asked whether Plaintiffs would be agreeable to stipulating to modifying the

8    scheduling order based on the recent identification of these twenty-three civilian

9    witnesses, as well as the pending motion to compel the Decedents' medical and/or

10   mental health records from the VA.  Ms. Leap informed me that lead trial counsel

11   was in trial that week, but she would follow up with him and get back to me. Ms.

12   Leap informed me later that week, on October 25, 2024, that Plaintiffs were not

13   agreeable to stipulating to modify the current scheduling order.

14       6.      Should the Court order that Decedent's medical and/or mental health

15   records be produced, additional discovery will be necessary, including but not

16   limited to, additional written discovery to Plaintiffs, additional subpoenas duces

17   tecum, and depositions of individuals identified within the records. Through the

18   various meet and confer efforts regarding the release of these records thus far, as

19   well as the informal discovery conference held October 8, 2024, it has been made

20   known that the records are quite voluminous and contain identities of third parties

21   who may also have information relevant to Plaintiffs claims and/or Defendants

22   damages.

23       7.      On November 4, 2024, I contacted Ms. Leap and informed her that my

24   office would be filing an *ex parte* application for Modification of the Scheduling

25   Order and Trial Continuance. Ms. Leap indicated her office would be opposing the

26   request.

27   ///

28   ///

8.      This application is being filed due to the upcoming non-expert discovery deadline, as well as the need to complete this discovery, and to allow the experts to review the evidence and formulate their opinions. Plaintiffs' counsel would not agree to stipulate to modify the scheduling order, and there is insufficient time in advance of this application to be heard as a regularly noticed motion prior to the discovery cut off date of November 22, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed in Fresno, California on November 4, 2024.

*/s/ Ashley Reyes*
Deputy Attorney General Ashley Reyes

LA2023603259
95600734.docx

4

# CERTIFICATE OF SERVICE

Case Name: **Sandra Kirkman, et al. v. State of California, et al.**                    No.     **2:23-cv-07532-DMG-SSC**

I hereby certify that on <u>November 4, 2024,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 4, 2024</u>, at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|:---:|:---:|
| Declarant | Signature |

LA2023603259
95601405.docx