UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-23-7532-DMG (SSCx) | Date | November 7, 2024 |
|---|---|---|---|
| Title | *Sandra Kirkman et al v. State of California, et al.* | Page | **1** of 4 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DENYING *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND A TRIAL CONTINUANCE [37]**

On November 11, 2024, Defendants State of California, acting by and through the California Highway Patrol (CHP), and Officer Ramon Silva, filed an *ex parte* application seeking to modify the Court's current Scheduling Order [Doc. # 25] and continue this case's trial date. [Doc. # 37 ("EPA")] Plaintiffs Sandra Kirkman and Carlos Alaniz, individually and successors-in-interest to decedent John Alaniz, filed their Opposition. [Doc. # 38 ("Opp.").]

For the reasons set forth below, the Court **DENIES** Defendants' EPA.

**I.
PROCEDURAL BACKGROUND**

Plaintiffs initiated this lawsuit on July 29, 2023 in Los Angeles County Superior Court. [Doc. # 1-1.] Defendants removed the case to this Court on September 11, 2023. [Doc. # 1.] On December 4, 2023, Defendants moved to stay discovery directed to Defendant Silva pending the California Department of Justice ("Cal. DOJ") investigation into Silva's use of lethal force that gave rise to this lawsuit. [Doc. # 18.] This Court denied Defendants' motion to stay on January 29, 2024. [Doc. # 24 ("MTS Order").] That same day, the Court issued its Scheduling Order, setting a non-expert discovery cut-off deadline of November 22, 2024, a motion cut-off filing deadline of November 8, 2024, and a trial date of April 15, 2025. [Doc. # 25 at 18 ("Scheduling Order").][1] Defendants now file this EPA three days after the motion cut-off filing deadline.

In July of 2024, Cal. DOJ concluded its investigation and released a report on its findings. EPA at 4; Opp. at 4. Plaintiffs subsequently served Cal. DOJ with a subpoena duces tecum requesting the investigative materials on July 31, 2024. EPA at 5; Opp. at 4. Cal. DOJ produced

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-23-7532-DMG (SSCx) | Date | November 7, 2024 |
|---|---|---|---|
| Title | *Sandra Kirkman et al v. State of California, et al.* | Page | **2** of **4** |

the documents to Plaintiffs on September 12, 2024.  EPA at 5; Opp. at 4.  Defendants were walled off from the Cal. DOJ investigation for conflict-of-interest purposes at least until the report was released.  Defendants do not indicate, however, if that separation continues to extend after the report was released, or if any attempts at contacting Cal. DOJ were made between July and September of 2024.  EPA at 4–5.

Defendants contacted Plaintiffs on October 22, 2024, with their request to agree to a stipulation to modify the Scheduling Order.  EPA at 5.  Plaintiffs conveyed their opposition on October 25, 2024.  EPA at 5.

Also currently pending is Defendants' motion to compel compliance with subpoenas for decedent Alaniz's medical and/or mental health records ("MTC") before Hon. Stephanie S. Christensen, United States Magistrate Judge, which is set for a hearing on November 12, 2024.  [Doc. # 33.]

**II.
LEGAL STANDARD**

When a party moves for modification of the scheduling order before the final pretrial conference, the "good cause" standard of Federal Rule of Civil Procedure 16 applies.  Fed. R. Civ. P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  If the moving party was not diligent, the inquiry ends.  *Id.*

As the Court explained in its Initial Standing Order, *ex parte* applications are solely for extraordinary relief and should be used with discretion.  [Doc. # 8 ("ISO").]  Furthermore, the Court has a strong interest in keeping scheduled dates certain, changes in dates are disfavored, and trial dates set by the Court are firm and will rarely be changed, and certainly without detailed facts showing good cause.  ISO at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-23-7532-DMG (SSCx) | Date | November 7, 2024 |
|---|---|---|---|
| Title | *Sandra Kirkman et al v. State of California, et al.* | Page | **3** of **4** |

# III.
# DISCUSSION

Defendants request that the Court extend all deadlines in the Scheduling Order by at least six months to allow the completion of non-expert discovery and request the current trial date of April 15, 2025, be continued. EPA at 7. In support, Defendants present three reasons: (1) the Cal. DOJ report identified approximately 23 civilian witnesses, whom Defendants wish to locate and depose; (2) the 23 witnesses *may* have additional discoverable information; and (3) if Defendants' MTC is granted by Magistrate Judge Christensen, Defendants *may* require additional discovery, expert review, expert testimony, expert opinion, subpoenas duces tecum, and more depositions of individuals identified within the records. EPA at 1–2, 5.

Defendants have not shown good cause to modify the Scheduling Order and continue the trial date. First, Defendants' arguments regarding *potential* additional discovery following third-party witness interviews are vague and unsubstantiated. Defendants do not report having interviewed, let alone deposed, any of the third-party witnesses since the report was published in July of 2024, or since September of 2024 when Cal. DOJ produced their investigative materials, and they provide no rationale—beyond mere speculation—for why further discovery would yield meaningful results.

Indeed, Defendants have not shown any effort to organize or initiate their anticipated depositions of the 23 witnesses. Although the Cal. DOJ report did not include names or contact information, the materials produced in September 2024 did identify the witnesses. EPA at 2, 5. As far as the Court is aware, Defendants have made *no* efforts in the two months since to interview or depose any of these individuals. Additionally, it is not clear to the Court whether it is necessary to depose all 23 witnesses, and even if it were necessary to do so, Defendants have not indicated that the witnesses would be available for depositions within the timeframe Defendants propose. Opp. at 5. It also is not clear to the Court why witnesses who saw decedent Alaniz *prior to* the shooting would be material witnesses, inasmuch as Defendants do not address this issue. EPA at 2; Opp. at 8; *see Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) (evidence of which the officers were unaware is inadmissible) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Furthermore, Defendants were aware that there would be a Cal. DOJ report when the parties initially agreed to and requested their current deadlines—many months ago. [Doc. ## 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-23-7532-DMG (SSCx)** | Date | November 7, 2024 |
|---|---|---|---|
| Title | ***Sandra Kirkman et al v. State of California, et al.*** | Page | **4** of **4** |

at 5, 12-1.]² Although it was uncertain when the Cal. DOJ investigation would conclude, Defendants were not blindsided by the release of the report, and they had time between its release and the filing of this EPA to at least attempt to meet their deadlines. *See In re W. States*, 715 F.3d at 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

As for Defendants' anticipated discovery following Magistrate Judge Christensen's order on the pending MTC, Defendants have not shown good cause warranting a six-month extension for the possibility of further discovery *if* they succeed on a pending motion. Furthermore, according to Plaintiffs, Magistrate Judge Christensen's briefing schedule for the motion to compel was intentionally set in compliance with the current Scheduling Order's non-expert discovery cut-off of November 22, 2024. Opp. at 5. If Magistrate Judge Christensen grants Defendants' MTC, the Court may consider a timely request for a more limited continuance tailored to the discovery that remains to be completed as a result of the MTC.

In the meantime, the Court concludes that Defendants were not diligent in making this request to modify the scheduling order, and the inquiry therefore ends.

## IV.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' EPA to modify the scheduling order and continue the trial.

**IT IS SO ORDERED.**

---

² In the Joint Scheduling Conference Report, Defendants identified the pending Cal. DOJ investigation and reported that they "anticipate the inability to disclose and produce documents and information that is relevant to this lawsuit. Defendants anticipate requesting a stay of the civil proceedings until the completion of this investigation. The parties do not anticipate any additional issues regarding disclosure, discovery and preservation of electronically stored information." [Doc. # 12 at 5.]