UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-07532-DMG-SSC              Date: November 14, 2024

Title  Sandra Kirkman, et al. v. State of California, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order Granting Defendants' Motion to Compel (ECF 32)**

On October 22, 2024, the parties filed a joint stipulation concerning Defendants' motion to compel the production of Decedent's medical and mental health treatment records from third party Veterans Health Administration.  (ECF 32 at 12.)  Defendants filed a supplemental memorandum in support of the motion on October 29, 2024.  (ECF 36.)

On November 12, 2024, the Court held a hearing on the motion.  (ECF 40.)  During the hearing, the Court granted Defendants' motion and ordered the records produced no later than November 19, 2024.  (ECF 40.)  This order supplements that oral ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-07532-DMG-SSC                    Date: November 14, 2024

Title   Sandra Kirkman, et al. v. State of California, et al.

**I**

This civil rights action arises from an officer-involved shooting on May 4, 2022, when California Highway Patrol (CHP) responded to a call to assist with a pedestrian who was on the interstate, later determined to be John Alaniz (Decedent). (ECF 1-1.) The complaint alleges that Decedent was "experiencing a mental health or emotional disturbance" while walking along the interstate and "was struck by an oncoming semi-truck, but survived . . . [and] continued walking[.]" (ECF 1-1 at 5.) Responding officers first used a taser and then "lethal shots" to subdue Decedent as he approached the patrol vehicles. (*Id.* at 6.)

Plaintiffs Sandra Kirkman and Carlos Alaniz, Jr., the Decedent's parents, brought this wrongful death and survival action against the state and Officer Silva who used lethal force, alleging that the force used against Decedent was excessive in violation of the Fourth Amendment. (ECF 1-1 at 7–9.) They also bring constitutional claims for denial of medical care and due process, as well as state tort and statutory claims. (*Id.* at 9–16.) They seek survival and wrongful death damages including damages for Decedent's pain, emotional distress, loss of enjoyment of life, loss of life, and loss of earning capacity. (ECF 1-1 at 9, 16–17.)

**II**

Under Rule 26(b) of the Federal Rules of Civil Procedure, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07532-DMG-SSC | Date: | November 14, 2024 |
| Title | Sandra Kirkman, et al. v. State of California, et al. | | |

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.*

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such a motion may be made where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### III

Defendants seek to compel compliance with the subpoena they served on third party Veteran's Administration (VA). The disputed subpoena request[1] seeks: "All records pertaining to [Decedent] including but not limited to medical summaries, intake sheets, intake notes, nurses notes, charts, chart notes, psychological records, counseling records, prescription records, images, photographs, x-rays, CT scans, MRI's, correspondence prescription scrips, laboratory reports and results, toxicology reports and results and any other records related to the medical, psychological or counseling treatment of [Decedent][.]" (ECF 32 at 12.) At the hearing, Defendants narrowed the scope to records spanning from January 1, 2014, the year of Decedent's military discharge, through the date of the May 4, 2022 incident.

---

[1] The subpoena included an additional request that Defendants have since withdrawn. (ECF 32 at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07532-DMG-SSC     Date: November 14, 2024

Title  Sandra Kirkman, et al. v. State of California, et al.

    Plaintiffs dispute the relevance of the records sought and further assert that the psychotherapist-patient privilege has not been waived, and that disclosure is protected by the Health Insurance Portability and Accountability Act (HIPAA) and by a federal regulation protecting substance abuse treatment records. (ECF 32 at 20–29.) Defendants contend that the subpoenas are directly relevant to Plaintiffs' claims and damages, Plaintiffs waived Decedent's psychotherapist-patient privilege by instituting this litigation, and any other privacy concerns are assuaged by the protective order in place. (*Id.* at 13–19.) The Court will address each issue in turn.

### A

    Plaintiffs assert that Decedent's "mental health and medical records from the VA" are not relevant, but rather, "tangential to the primary issue in this case: whether Defendant Ramon Silva['s] use[] of deadly force against [D]ecedent . . . was reasonable." (*Id.* at 20.) The Court disagrees.

    The records sought are directly relevant to at least Plaintiffs' Fourth Amendment excessive force claim. The Fourth Amendment requires the degree of force to be "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Courts apply an objective inquiry to determine whether excessive force was used. The "reasonableness" of an officer's particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. This test considers the "totality of the circumstances," including "the severity of the crime at issue, whether the suspect poses an immediate threat to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-07532-DMG-SSC              Date: November 14, 2024

Title    Sandra Kirkman, et al. v. State of California, et al.

the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Here, CHP officers responded to a call for assistance following a report that Decedent was hit by a big rig on the interstate, was jumping and running into traffic, and was exhibiting what appeared to be suicidal behavior. (ECF 32 at 7.) Plaintiffs allege that, "despite [Decedent] showing obvious signs of mental distress," Defendant Silva used unreasonable excessive force against Decedent, who "was unarmed" and "posed no immediate threat of death or serious bodily injury to anyone," resulting in Decedent's death. (ECF 1-1 at 6–7.) Defendant Silva's deposition testimony, as read into the record at the hearing, reflected that prior to his arrival on scene, Officer Silva had obtained some information through dispatch that led him to believe that he would be responding to assist with someone who might be experiencing a mental health crisis. (ECF 32 at 9.) The reasonableness inquiry is thus intertwined with Decedent's mental state during the incident and resulting conduct. Accordingly, "[t]he Court finds that Decedent's mental health, history of mental health treatment and medication, and any related diagnoses are relevant to the claims and defenses in this case because the litigation turns on the determination of Decedent's mental health condition." *A.H. v. County of Los Angeles*, No. CV 22-03671-SB (ASx), 2023 WL 3035349, at *3 (C.D. Cal. Jan. 19, 2023).

The records sought are also relevant to Plaintiffs' claimed wrongful death and survival damages. Plaintiffs allege that, before his death, Decedent suffered "loss of earning capacity." (ECF 1-1 at 9.) They also allege that Plaintiffs have "been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance" of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-07532-DMG-SSC           Date: November 14, 2024

Title  Sandra Kirkman, et al. v. State of California, et al.

Decedent.  (*Id.* at 11–12.)  Discovery related to Decedent's ability to provide financial support and his familial relationships is relevant to these allegations.  *See A.H.*, 2023 WL 3035349, at *3.  In disputing relevance, Plaintiffs assert only that they "have already sat for deposition in this matter and testified as to the quality of their relationship with their son . . . including in the context of his mental health diagnoses."  (ECF 32 at 23.)  But Plaintiffs provide no support for their position that the relevance of such discovery is foreclosed by potentially overlapping deposition testimony.

#### B

Having found relevant the records sought, the Court turns to Plaintiffs' assertions of privilege and privacy.  The Court finds waiver of privilege and further finds that the protective order in place allays any privacy concerns implicated by the requested production.

#### 1

"Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."[2]  *Soto v.*

---

[2] Although not discussed by the parties in the joint stipulation, the Court notes that Plaintiffs initially made privacy objections based on "the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, and [Decedent's] California constitutional right to privacy concerning medical information under Cal. Const. art I, § 1."  (ECF 32 at 13.)  Because the Court has federal-question jurisdiction over this action, any privacy or privilege determinations are governed by federal,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07532-DMG-SSC        Date: November 14, 2024

Title    Sandra Kirkman, et al. v. State of California, et al.

*City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). "Medical records fall within the scope of the federal right to privacy." *Much*, 339 F.R.D. at 630 n.8; *see Doe v. Southeastern Pennsylvania Transp. Authority*, 72 F.3d 1133, 1138 (3rd Cir. 1995). "However, [u]nlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right." *Much*, 339 F.R.D. at 630 n.8 (quoting *Lind v. United States*, No. CIV 13–032–TUC–CKJ, 2014 WL 2930486 at *2 (D. Ariz. June 30, 2014)); *see also E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) ("[T]he right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs.").

"Federal law also recognizes a psychotherapist-patient privilege with more robust protections than the right to privacy." *Much*, 339 F.R.D. at 630 n.8; *see Jaffee v. Redmond*, 518 U.S. 1, 9–18 (1996). "This privilege includes treatment by a physician, psychologist, or social worker for a mental or emotional condition, and, unlike the right to privacy, is not subject to a balancing approach." *Much*, 339 F.R.D. at 630 n.8; *see Jaffee*, 518 U.S. at 16–17.

---

rather than by California, law. *See Agster v. Maricopa County*, 422 F.3d 836, 839–40 (9th Cir. 2005); *Much v. Gessesse*, 339 F.R.D. 625, 630 n.8 (C.D. Cal. 2018); *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). These objections are thus inapplicable, and the Court does not discuss them further. *See Hutton*, 219 F.R.D. at 166; *Grasshopper House, LLC v. Accelerated Recovery Centers, LLC*, No. CV 09-8128-DMG (PLAx), 2010 WL 11549386, at *2 (C.D. Cal. Oct. 19, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-07532-DMG-SSC  Date: November 14, 2024

Title  Sandra Kirkman, et al. v. State of California, et al.

A plaintiff may waive the right to privacy and the psychotherapist-patient privilege by initiating litigation that turns on a determination of the plaintiff's mental condition. *Much*, 339 F.R.D. at 629–30. "A mental condition is 'in controversy' when it is itself the subject of the litigation." *Id.* at 629 (quoting *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013)).

**2**

Here, the parties do not dispute that a psychotherapist-patient privilege applies to the information sought. The issue is whether Plaintiffs have waived the privilege. (ECF 32 at 23–27.) The Court finds that Plaintiffs did so by placing Decedent's mental condition at issue in this litigation.

As discussed, Plaintiffs put Decedent's mental condition at issue by bringing a claim alleging that Defendant Silva's deadly force was excessive. Defendants are thus entitled to discovery to support their contention that Defendant Silva's use of force was reasonable in light of Decedent's conduct during the interaction. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994), *as amended* (Nov. 22, 1994) ("[Plaintiff] waived any privilege protecting his psychological records when he put his emotional condition at issue during the trial."); *Much*, 339 F.R.D. at 630 ("Plaintiff unambiguously put his mental health at issue in this litigation by bringing a Fourth Amendment claim against the SHPD Defendants alleging that they did not have probable cause to believe that he was a danger to himself or others 'as a result of a mental health disorder.'"); *A.H.*, 2023 WL 3035349, at *3 (litigation turned on the determination of decedent's mental health condition where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07532-DMG-SSC | Date: | November 14, 2024 |
| Title | Sandra Kirkman, et al. v. State of California, et al. | | |

plaintiffs alleged that defendants used unreasonable lethal force in responding to a call that decedent was having a mental health crisis).

Defendants also contend that "Plaintiffs have placed Decedent's mental health at issue," as to waive the privilege, by the damages they seek. (ECF 32 at 16–17.) They explain that "Decedent's records will have information about whether his mental illness impaired his ability to gain employment and/or spend time with his family," thus "bear[ing] on the amount of financial support Decedent would be able to provide to his family . . . [and] the nature and quality of his relationship with them." (*Id.*) For the reasons stated in the relevance discussion, the Court agrees.

The Court finds this case distinguishable from those relied on by Plaintiffs in which the *survivors'* mental health records are sought to dispute the *survivors'* degree of emotional distress damages. (ECF 32 at 25–27) (citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 530 (N.D. Ill. 1999); *M.S. v. City of Fontana*, No. ED CV 16-2498-JGB (SPx), 2018 WL 6075323, at *3 (C.D. Cal. July 12, 2018); *Ryan v. Putnam*, No. CV 17-05752-CAS (RAOx), 2021 WL 9721273, at *5 (C.D. Cal. July 26, 2021); *Boyd v. City & County of San Francisco*, No. C-04-5459 MMC (JCS), 2006 WL 1390423 (N.D. Cal. May 18, 2006); *Jones v. County of Del Norte, California*, No. C08-3222 CW (BZ), 2010 WL 11714135 (N.D. Cal. Apr. 1, 2010); *Valentine v. First Advantage Saferent Inc.*, No. EDCV 08-142-VAP (OPx), 2009 WL 3841967 (C.D. Cal. Sept. 18, 2009).) Here, it is Decedent's mental state that is at issue and it is tied to liability, as well as damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07532-DMG-SSC                    Date: November 14, 2024

Title    Sandra Kirkman, et al. v. State of California, et al.

Accordingly, the Court finds that Plaintiffs have waived Decedent's psychotherapist-patient privilege and may not withhold production of the requested records on this ground.

**C**

Next, Plaintiffs rely on HIPAA to justify withholding Decedent's treatment records. (ECF 32 at 23.) But "Section 164.512 subsection (e) of HIPAA allows disclosure of information in the course of judicial and administrative proceedings." *Hutton*, 219 F.R.D. at 167; *see* 45 C.F.R. § 164.512(e) (a health care provider may disclose "protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order"); *see also* 42 U.S.C. §§ 290dd–2(a), (b) (even if a patient does not give consent, records of "the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research" may be released by a treatment provider "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause"). "Disclosure may be compelled in response to a court order or to a subpoena, discovery request, or other lawful process, even if not accompanied by a court order, if the party seeking the information makes reasonable efforts to secure a qualified protective order." *Hutton*, 219 F.R.D. at 167; 45 C.F.R. §§ 164.512(e)(1)(i), (ii)(A), (ii)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-07532-DMG-SSC                Date: November 14, 2024

Title   Sandra Kirkman, et al. v. State of California, et al.

Defendants have attempted to obtain the information by subpoena, and the parties have agreed to a protective order. (ECF 32 at 29.) The Court finds that the protective order in this case adequately safeguards Decedent's privacy such that HIPAA does not preclude production of the records sought. *See Hutton*, 219 F.R.D. at 167; *A.H.*, 2023 WL 3035349, at *4; *Grasshopper House, LLC*, 2010 WL 11549386, at *2.

**D**

Nor does Plaintiffs' reliance on 42 C.F.R. § 2.2 counsel a different result as to the disclosure of any drug and/or alcohol treatment records that may be obtained within the requested records. (ECF 32 at 18, 28–29.) Alcohol and drug abuse patient treatment records are confidential and may only be disclosed in limited circumstances. 42 C.F.R. § 2.2(b)(1). But "[t]he privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified." *Grasshopper House, LLC*, 2010 WL 11549386, at *2 (quoting *Hutton*, 219 F.R.D. at 166). "Limiting disclosure is meant to ensure that a person who seeks treatment for addiction is not made more vulnerable than [a person] who does not seek treatment." *Rosa v. City of Seaside*, No. C05-03577 JF (HRL), 2009 WL 2252070 (N.D. Cal. July 28, 2009); *see* 42 C.F.R. § 2.3(b)(2). In the absence of patient consent, a party seeking access to such records must obtain a court order upon a showing of good cause. *See* 42 C.F.R. § 2.2(a)(4); 42 U.S.C.A. § 290dd-2(b)(2)(C) (West 2020). Courts assess good cause by "weigh[ing] the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C.A. § 290dd-2(b)(2)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:23-cv-07532-DMG-SSC | Date: November 14, 2024 |
| Title | Sandra Kirkman, et al. v. State of California, et al. | |

Protection against disclosure continues even after the patient's death. 42 C.F.R. § 2.15(b)(2).

As discussed at the motion hearing, the cause of Decedent's alleged "mental distress" is unclear from discovery to date. Because that mental distress is at issue, the records sought are highly relevant to the claims brought by Plaintiffs and to Defendants' anticipated defenses, and the Court finds that good cause to produce records responsive to the subpoena request has been shown.

***

Defendants' motion to compel the production of Decedent's medical and/or mental health treatment records (ECF 32) is GRANTED.

Plaintiffs shall produce to Defendants **no later than November 19, 2024** records responsive to the request. The production shall be made pursuant to the provisions of the governing protective order.

**IT IS SO ORDERED.**

|   |   :   |
|---|---|
| Initials of Preparer | **ts** |