ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail: Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,
acting by and through the California Highway
Patrol, and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**<br><br>[Declaration of Deputy Attorney General Ashley Reyes and Proposed order filed concurrently herewith]<br><br>Judge: Honorable Dolly M. Gee<br>Trial Date:    04/15/2025<br>Action Filed: 7/28/2023 |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND**

**THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants, State of California, acting by and

through the California Highway Patrol (CHP), and Officer Ramon Silva through

their counsel of record, will and hereby do seek leave of this Court for a

modification of current discovery deadlines and a trial continuance. A modification

of the current Scheduling Order and a trial continuance is necessary for the

following reasons: (1) Defendants' motion to compel Decedent's medical and/or

mental health records from the Veteran's Administration in Long Beach (VA) was granted on November 12, 2024 and records were ordered to be produced by Plaintiffs' counsel by November 19, 2024; (2) these records are voluminous and total 866 pages; (3) Plaintiffs have withheld pertinent discoverable information relating to the Decedent's medical and mental health since the onset of this litigation; and (4) Defendants need time to adequately review these records and conduct additional discovery as needed, including but not limited to written discovery to Plaintiffs, issue subpoena duces tecum to outside facilities identified within these records, and take depositions of witnesses identified therein necessary to prevent prejudice against Defendants. Most importantly, these records and information that was clearly known to the Plaintiffs at the onset of this litigation were not previously disclosed or identified by Plaintiffs in their Rule 26 Initial Disclosures or discovery responses, were not identified in depositions, and were not disclosed or identified as part of Plaintiffs' continuing obligation to update discovery.

In July 2024, Defendants subpoenaed Decedent's medical and mental health records from the Veteran's Administration (VA). Plaintiffs' counsel objected to the disclosure of these records and refused to provide an authorization for Defendants to obtain these records despite putting the Decedent's mental health at issue in this litigation. Complaint, at ¶¶ 18, 29. 73(c) and (i), and ¶47.  The hearing on Defendants' motion to compel these records was held November 12, 2024. The Magistrate Judge granted Defendants' Motion to Compel and ordered Plaintiff to produce the records they had in their possession by November 19, 2024. Doc.  41. These records are voluminous in nature and contain discoverable information that requires additional discovery. (Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.,), at ¶9.  Defendants have been diligent in their efforts to obtain this information and have met and conferred with opposing counsel in attempt to obtain these records, but to no avail. *Id*., at ¶¶4-7. Further, Plaintiffs' counsel has

had possession of the records since July of 2024, knew the contents of these records, and was therefore required to identify requested information as part of Plaintiffs' continuing obligation to supplement their written responses with additional or recently discovered information. Id. at ¶8. As of the date of this filing, Plaintiff has failed to supplement any of their discovery responses. *Id*.

Upon identifying these issues, and the need for a modification of the scheduling order to accommodate these issues, Defendants promptly informed Plaintiffs' counsel that they would be moving *ex parte* due to the upcoming non-expert discovery deadline. *Id.*, at ¶11. Since there is an imminent need to obtain additional discovery regarding the content contained in the VA records, and Plaintiffs' counsel was presumably aware of the discoverable information contained within these records but withheld them, the current scheduling order must be modified, and the trial date vacated to prevent prejudice to Defendants. Defendants therefore request that all current dates within the scheduling order be extended at least 90-days to allow for the necessary discovery to be completed.

Dated:  November 20, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

LA2023603259
95604369.docx

3

## APPLICATION TO FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE

Defendants hereby respectfully submit their application for a modification of current discovery deadlines and a trial continuance. The basis for this request is due to the inability of the Defendants to conduct necessary discovery by the November 22, 2024, deadline because of the recent production of documents pursuant to Defendants' subpoena that resulted in a motion to compel that was granted November 12, 2024.  These records were ordered to be produced by November 19, 2024, three days prior to the non-expert discovery cut-off. As addressed by the Court in its order denying Defendants' previous ex parte request to modify the scheduling order (Doc. 39), Defendants are seeking a brief continuance to allow for further discovery to be completed on records that they were diligent in seeking. Further, Plaintiffs' counsel has had possession of the records since July of 2024 and knew they contained additional information that should have been identified as part of Plaintiffs' discovery obligation in their written responses, and as part of their continuing obligation to update responses with additional or recently discovered information, yet they have failed to do so.  The additional discovery that will need to be completed in regard to the Decedent's medical and/or mental health records from the VA is vital and goes both towards liability and damages. Defendants were diligent in attempting to obtain this discoverable and relevant information but were met with resistance from Plaintiffs' counsel.

Defendants additionally request a continuance in light of the fact that Defendants counsel will be filing a motion to withdraw, as required by the Central District's Local Rules, due to various matters and conflicts that have recently arisen involving this case, and as a result new counsel will be taking over the case. Reyes Decl., at ¶10.  Further information regarding the motion to withdraw will be provided under seal, for an in camera review by the Court, in connection with this motion. Defendants anticipate to file their motion to withdraw within a day or two

1    after an order on the Defendants' Application for Leave to File Documents Under

2    Seal is issued.

3        Thus, Defendants request a modification of the scheduling order and that the

4    trial date be vacated to prevent prejudice.

5                              **INTRODUCTION**

6        This action arises out of an incident that occurred on May 4, 2022, when

7    California Highway Patrol (CHP) dispatch received a 9-1-1 call reporting that a big

8    rig had collided with a pedestrian (later determined to be Decedent John Alaniz) on

9    the roadway of Interstate 105, westbound at Garfield Avenue.  It was also reported

10   that Decedent appeared to be intentionally jumping in front of additional vehicles

11   and running in the lanes of moving traffic. CHP dispatch broadcast this

12   information, and added Decedent was possibly suicidal.

13       Defendant, Officer Ramon Silva, responded to the call and arrived on scene

14   to check on the Decedent's welfare. Upon arrival he reported to dispatch that

15   Decedent had his hands in his pockets. CHP Officer Van Dragt arrived on scene

16   shortly thereafter and exited his vehicle. As the officers approached Decedent, they

17   instructed him to take his hands out of his pockets repeatedly. Decedent failed to

18   comply with the officer's commands.

19       Without warning, Decedent suddenly took both hands out of his pockets,

20   produced an unknown object in his right hand, and positioned himself in a shooting

21   platform. He began to run towards Officer Van Dragt with the unknown object in

22   his hand, causing Officer Van Dragt to retreat to the front of his patrol vehicle due

23   to his concerns for his safety and his life, believing based upon Decedent's actions

24   that he had a firearm that he intended to use against Officer Van Dragt. Decedent

25   then ran around the back of Officer Van Dragt's patrol vehicle and continued to

26   advance in a shooting stance with the unknown object in his hands. Fearing for his

27   life and the life of his partner, not knowing what the object was that Decedent had

28   in his hands, and with the Decedent continuing to aggressively advance towards

                                     5

him, Officer Silva utilized lethal force to stop the threat of the advancing Decedent. Life-saving measures were immediately performed on the Decedent following the shooting, however he ultimately succumbed to his injuries.

This wrongful death and survival action is brought by Decedent's parents, Plaintiffs Sandra Kirkman and Carlos Alaniz, Jr. Plaintiffs claim that Officer Silva's use of force and denial of medical care caused Decedent's death. Plaintiffs seek damages for decedent's "pre-death pain and suffering, loss of life, and loss of enjoyment of life, for violation of Decedent's rights." Complaint, at ¶ 47.

## RELEVANT PROCEDURAL HISTORY

On January 29, 2024, this Court issued its Scheduling Order (Doc. 25.) Since the issuance of the Scheduling Order, both parties have engaged in multiple sets of written discovery. (Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.), ¶2.). Officer Silva, CHP Officer Johnathon Van Dragt, both Plaintiffs, and Decedent's grandparents have all had their depositions taken. *Id*.

To assist with assessing Plaintiffs' claims for liability and damages, Defendants issued a subpoena duces tecum seeking production of Decedent's psychological and medical records on July 2, 2024. Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.), at ¶3.  Plaintiffs served objections to the subpoena. Reyes Decl., at ¶3. Defendants have worked diligently to obtain the Decedent's medical and/or mental health records and consistently met and conferred with opposing counsel regarding their objections, but the parties were unable to reach agreement and Plaintiffs refused to withdraw their objections and opposition to the subpoena. Reyes Decl., at ¶¶4-7.

The parties attended an informal discovery conference with Magistrate Christensen on October 8, 2024, wherein the parties were ordered to continue to meet and confer further regarding these disputes. Doc. 30. After additional meet and confer sessions, Defense counsel informed Plaintiffs' counsel that Defendants would seek a motion to compel the records requested in the subpoena on October

1 15, 2024. Reyes Decl., at ¶7.

2      The hearing on Defendants' motion to compel Decedent's medical and/or

3 mental health records was heard on November 12, 2024, at 1:30 p.m. Doc. 41. The

4 Court ordered that these records be produced by Plaintiff's counsel by November

5 19, 2024, three days prior to the November 22, 2024, non-expert discovery cut off.

6 Upon review of these records, it is evident that additional discovery is necessary,

7 including but not limited to, additional written discovery to Plaintiffs, additional

8 subpoenas duces tecum, and the depositions of individuals identified within the

9 records. Reyes Decl., at ¶9.

10 **<u>ARGUMENT</u>**

11      Based on the recent granting of Defendants' motion to compel Decedent's

12 medical and/or mental health records from the VA, the contents of the records that

13 were ultimately produced on November 19, 2024, and the resulting need for

14 additional discovery, a modification of the Scheduling Order and trial continuance

15 are warranted. Defendants have been diligent in conducting discovery and obtaining

16 the necessary information concerning decedent's damages, including but not

17 limited to, taking the depositions of the parents, propounding written discovery, and

18 subpoenaing the proper records. Further, Plaintiffs' counsel had possession of the

19 records since July of 2024 and knew they contained additional discoverable

20 information that was requested in written discovery requests by Defendants, yet

21 they failed to provide responses with relevant information contained therein. They

22 also failed to produce or identify these records in a privilege log.

23      Defendants issued the subpoena duces tecum to the Veteran's Administration

24 immediately after taking the depositions of Plaintiffs, wherein Defendants learned

25 for the first time that the Decedent had received his medical and mental health

26 treatment there.[1]Defendants issued the subpoena duces tecum because: (1) the

27     [1] The fact that Decedent received medical and/or mental health treatment at

28 the VA was never disclosed in any of Defendants' requests for this information
(continued…)

complaint specifically alleges that Decedent was suffering from a mental health crisis at the time of the incident, See Complaint, at ¶¶18, 29, and 73 (c) and (i); (2) Plaintiffs' waived the psychotherapist-patient privilege by placing Decedent's mental health at issue by filing this lawsuit and seeking survival and wrongful death damages; (3) Plaintiffs' testified Decedent suffered from, and was diagnosed with schizophrenia and bi-polar disorder, which may have affected his encounter with CHP Officers on the date of the incident; (4) Plaintiffs seek damages for Decedent's emotional distress, including loss of enjoyment of life, loss of life, and loss of earning capacity, See Complaint, at ¶44; and (5) Plaintiffs are claiming damages for interference with their familial relations for the alleged wrongful death of Decedent. Despite Plaintiffs' claims otherwise, Decedent's psychological and medical health records are relevant to the claims and defenses in this lawsuit for several reasons, and each of these reasons will need to be explored through additional discovery.

First, and most importantly, the Plaintiffs have placed Decedent's mental health at issue by, among other things, seeking damages for his emotional distress and mental suffering, including pre-death pain and suffering, loss of life, and loss of enjoyment of life. Complaint, at ¶4. Second, one of Plaintiffs' theory of liability is that Officer Silva negligently used deadly force against the Decedent who was experiencing a mental health crisis/distress, and the failure to provide appropriate responses to the obvious mental health crisis calls resulted in the Decedent's death. Complaint, at ¶73 (c) and (i). Given this theory of liability, information about the Decedent's mental health care and whether he exhibited aggressive tendencies during any prior mental health episodes needs to be explored.

///

///

///

_____

through written discovery, despite both Plaintiffs being involved with Decedent's medical and mental health care with the VA from 2013 to 2022.

1  Third, Decedent's records may have information about whether his mental

2  illness impaired his ability to gain employment and/or spend time with his family,

3  which are directly relevant to Plaintiffs' alleged damages, including their

4  Fourteenth Amendment claim and loss of familial relationship. Not only does this

5  information bear on the amount of financial support Decedent would be able to

6  provide to his family, but also the nature and quality of his relationship with them.

7  See *Nehad v. Browder*, No.: 15-CV-1386 WQH NLS, 2016 WL 1428069 at *5

8  (S.D. Cal., Apr. 11, 2016.) Finally, these records may explain the Decedent's

9  behavior on the date of the incident. As in *I.R.,* whether Decedent was experiencing

10  a mental health crisis may have affected how he responded to CHP officers on the

11  date of the incident. *I. R. v. City of Fresno*, Nos. 1:12–CV–00558–AWI–GSA,

12  1:13–CV–00850 AWI GSA, 2014 WL 1419305 at *4 (E.D. Cal. April 11, 2014)

13  (holding that the psychotherapist-patient privilege was waived in part because the

14  decedent's mental illness may have affected the altercation he had with the police).

15  Defendants have only been able to briefly begin their review of the hundreds

16  of pages of records produced by Plaintiffs on November 19, 2024, and will need to

17  have time to adequately evaluate the records that have been withheld. Defense

18  counsel can then conduct the additional discovery as needed by propounding

19  additional written discovery, deposing additional witnesses, and issuing additional

20  subpoena duces tecums. This non-expert discovery is also needed in order to

21  complete expert discovery, as both parties' experts will need to review the records,

22  any new discovery responses and witnesses' testimony.

23  ///

24  ///

25  ///

26

27

28

1   Due to the upcoming deadline, and the production of these vital records three

2   days before the non-expert discovery cutoff, Defendants request that the current

3   deadlines identified in the scheduling order be extended at least 90-days to allow

4   for further discovery to be completed. Defendants further request that the current

5   trial date of April 15, 2025, be continued.

6   ## **LOCAL RULE 7-19 COMPLIANCE**

7   Prior to filing this *ex parte* application, Defendants' counsel contacted

8   Plaintiffs' counsel of record, Shannon Leap, of the Law Offices of Dale Galipo,

9   located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California,

10  91367, (818) 347-333, (sleap@galipolaw.com), in compliance with Local Rule 7-

11  19 through 7-19.1. (Reyes Decl., ¶11.)

12  It is Defendants' understanding that Plaintiff will oppose this Application.

13  Defendants are filing this application due to the upcoming non-expert discovery

14  deadline, Plaintiffs' withholding of this information, as well as the need to complete

15  this discovery, and to allow the experts to review the evidence and formulate their

16  opinions. There was insufficient time in advance of this application to be heard as a

17  regularly noticed motion prior to the discovery cut off. Reyes Decl., at ¶11.

18  ## **CONCLUSION**

19  For the reasons set forth in the Declaration of Deputy Attorney General

20  Ashley Reyes in Support of Ex Parte Application for Modification of the

21  Scheduling Order and Trial Continuance, filed concurrently herewith, and due to

22  the fact that Defendants will be filing a motion to withdraw and have replacement

23  counsel take over this case imminently due to conflicts and related issues,

24  ///

25  ///

26  ///

27  Defendants respectfully request that this Court grant this application and modify the

28  Scheduling Order and continue the trial. Specifically, Defendants request that the

10

1  Court extend all deadlines by at least 90-days to allow the completion of non-expert

2  discovery. Defendants further request that the current trial date of April 15, 2025 be

3  continued.

4  Dated:  November 20, 2024                    Respectfully submitted,

5                                              ROB BONTA
                                               Attorney General of California
6                                              NORMAN D. MORRISON
                                               Supervising Deputy Attorney General
7

8

9                                              */s/ Ashley Reyes*
                                               ASHLEY REYES
10                                             Deputy Attorney General
                                               *Attorneys for Defendants, State of*
11                                             *California, acting by and through the*
                                               *California Highway Patrol, and*
12                                             *Officer Ramon Silva*

13  LA2023603259
    95604369.docx
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name: **Sandra Kirkman, et al. v. State of California, et al.**    No.    **2:23-cv-07532-DMG-SSC**

I hereby certify that on <u>November 20, 2024,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 20, 2024,</u> at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|------------|------------------|
| Declarant | Signature |

LA2023603259
95604446.docx