ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,*
*acting by and through the California Highway*
*Patrol and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**<br><br>Judge: Honorable Dolly M. Gee<br>Trial Date:    04/15/2025<br>Action Filed: 7/28/2023 |

I, Ashley Reyes, declare as follows:

1.    I am a duly appointed Deputy Attorney General and am assigned to represent Defendants State of California, acting by and through the California Highway Patrol (CHP), and Officer Ramon Silva in the above-captioned action. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

///

2.      Since the issuance of the Scheduling Order, both parties have engaged in multiple sets of written discovery. Plaintiffs have propounded two sets of Requests for Production of Documents on CHP. In response to these requests, CHP has produced over 9,000 documents. Defendants have propounded two sets of Requests for Production of Documents and two sets of Special Interrogatories on Plaintiff Carlos Alanis. Defendants have also propounded three sets of Requests for Production of Documents and two sets of Special Interrogatories on Plaintiff Sandra Kirkman. The Officer Silva's first set of Interrogatories to both Plaintiffs specifically asked for information relating to the Decedent's medical and mental health treatment.

3.      On July 2, 2024, Defendants issued a subpoena duces tecum to the Veteran's Administration in Long Beach, California. On August 22, 2024, Plaintiffs' served objections via USPS mail to the subpoena duces tecum to the Veteran's Administration in Long Beach, California.

4.      On September 6, 2024, I sent an email to Plaintiff's counsel, Shannon Leap, requesting a signed HIPAA authorization from Plaintiffs. This email set forth the reasoning why the records are pertinent, namely the fact that Plaintiffs' have placed the decedent's mental health at issued based on their claims contained within the complaint. Ms. Leap responded on September 9, 2024 indicating that they were not agreeable to providing a HIPAA authorization, and provided dates and times to meet and confer to discuss the issue further.

5.      The parties met and conferred via telephone on September 13, 2024 wherein Ms. Leap offered to provide redacted versions of the records they have personally received from the Veteran's Administration. The parties met and conferred further via email on September 19-20, 2024, and ultimately found that an impasse had been reached and an informal discovery conference was necessary.

///

///

6.      On October 11, 2024, the parties met and conferred via telephone further. The parties discussed narrowing the scope of the records, as well as the redactions of the records if Plaintiffs' counsel were to produce them. I requested that the scope be narrowed to eight years, since that was the timeframe to which Plaintiffs' claimed the Decedent had begun suffering from schizophrenia and Bipolar Disorder. Ms. Leap suggested that the records be narrowed to five years. I also requested that Ms. Leap provide proof that the records produced by their office were the totality of the records from the Veteran's Administration. I also inquired as to the scope of the redactions and whether Ms. Leap still intended to redact third-party information that was covered by the stipulated protective order. Ms. Leap indicated that she would need to check with the lead attorney and would get back to me.

7.      I emailed opposing counsel on October 15, 2024, asking about the timeframe and scope of redactions and whether Plaintiffs' position had changed. Ms. Leap proposed that the parties stipulate to amend the complaint so that the mention of Decedent's mental health was removed from the Complaint. Ms. Leap also proposed amending the prayer for relief to be less overbroad and more specific, and that with these changes, Plaintiffs would not have opened the door or waived the psychotherapist-patient privilege. I responded the same day indicating that Defendants were not agreeable to this proposal as Plaintiffs had already placed Decedent's mental health at issue by their claims and by virtue of seeking pre-death physical and mental pain and suffering as part of the survival claims. I also advised Ms. Leap that the Decedent's mental health is also related to Plaintiffs' relationship with the Decedent as part of their Fourteenth Amendment claims and may explain the Decedent's actions on the date of the incident and his encounter with CHP officers. Defendants have been diligent in their efforts to obtain this information and have met and conferred with opposing counsel in attempt to obtain these records, but to no avail.

8.      None of this information related to Decedent's medical and/or mental health had been previously identified by Plaintiffs in their Rule 26 Initial Disclosures or responses to discovery, despite requests asking for this information. For example, Officer Silva's Interrogatories, Set One, had specifically demanded the identification of all information relating to Decedent's medical care and treatment. Plaintiffs indicated in their responses that they did not have these records in their possession but would supplement these responses when and if additional information became available. Despite receiving this information in July 2024, Plaintiffs never supplemented these responses, nor did they produce or provided a privilege log regarding these documents. Attached as **Exhibit A** is a true and correct copy of Plaintiffs' responses to Officer Silva's Interrogatories, Set One.

9.      I received the Decedent's medical and/or mental health records from the VA from Plaintiffs' counsel on November 19, 2024. Upon review of these records, it is evident that Plaintiff Sandra Kirkman, who is identified as Decedent's Designated Power of Attorney in these records, and Plaintiff Carlos Alaniz been involved in Decedent's medical and mental healthcare with the VA from 2013 to 2022. Thus, there is reason to believe that these records include discoverable information that Plaintiffs were aware of at the onset of this litigation and therefore required to disclose during discovery. A review of these records also indicates that additional discovery is warranted. Although I was unable to go through the entire 866 documents prior to the filing of this motion, I was able to review the first 200 records which provided information relating to third-party witnesses that will need to be deposed, such as Decedent's ex-wife, additional records that will need to be subpoenaed from outside treatment facilities that Decedent was referred to relating to Welfare & Institutions Code §5150 holds and psychotherapy treatment, and additional written discovery that will need to be propounded on Plaintiffs relating to the Decedent's drug use, enrollment in treatment programs, and consistency of taking his medication for his mental health disorders.

10.     Our office will be filing a motion to withdraw, as required by the Central District's Local Rules, due to various matters and conflicts that have recently arisen involving this case, and as a result new counsel will be taking over the case. Further information regarding the motion to withdraw will be provided under seal, for an in camera review by the Court, in connection with this motion. I anticipate to file this motion to withdraw within a day or two after an order on the Defendants' Application for Leave to File Documents Under Seal is issued.

11.     Prior to filing this *ex parte* application, I contacted Plaintiffs' counsel of record, Shannon Leap, of the Law Offices of Dale Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, 91367, (818) 347-333, (sleap@galipolaw.com), in compliance with Local Rule 7-19 through 7-19.1. Ms. Leap indicated that Plaintiffs will oppose this Application. I am filing this application due to the upcoming non-expert discovery deadline, the recent production of discoverable information that has been withheld from Defendants by Plaintiffs, as well as the need to complete this discovery, and to allow the experts to review the evidence and formulate their opinions. Plaintiffs would not agree to stipulate to modify the scheduling order, and there was insufficient time in advance of this application to be heard as a regularly noticed motion prior to the discovery cut off.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 20, 2024, at Fresno, California.

_____ */s/ Ashley Reyes* _____

LA2023603259
95604370.docx

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT   A

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Shannon J. Leap, Esq. (SBN 339574)
*sleap@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>    Plaintiffs,<br><br>    vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>    Defendants. | **Case No. 2:23-cv-07532-DMG-SSC**<br><br>Assigned to: *Hon. Dolly M. Gee*<br>*Hon. Stephanie S. Christensen*<br><br><br>**PLAINTIFF SANDRA KIRKMAN'S RESPONSES TO DEFENDANT RAMON SILVA'S INTERROGATORIES (SET ONE)** |

**PROPOUNDING PARTY:**    Defendant Ramon Silva

**RESPONDING PARTY:**    Plaintiff Sandra Kirkman

**SET NO.:**        One (1)

Plaintiff, Sandra Kirkman hereby responds to Defendant Ramon Silva Interrogatories as follows:

**TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

Plaintiff has not fully completed an investigation of the facts relating to this

1

case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1.     Plaintiff objects on the grounds that he has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and

without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2.    Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4.    Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5.    Plaintiff objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6.    Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7.    Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8.    Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

3

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## INTERROGATORIES SET NO. ONE

### INTERROGATORY NO. 1:

State the name and telephone number of each individual with whom DECEDENT resided on the date of the INCIDENT.

### RESPONSE TO INTERROGATORY NO. 1

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objections on the ground that the question is request is compound, assumes facts, harassing, and oppressive. Further, this request is vague and ambiguous as to "resided" as Responding Party does not know Requesting Party's intended meaning and words can be interpreted differently. Plaintiff objects that this Interrogatory is overbroad and requests information protected by Plaintiff's right to privacy and the privacy rights of third parties. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff Responds as follows:

Plaintiff Carlos Alaniz himself, and Carlos Alaniz III, can be contacted through Plaintiffs' counsel.

### INTERROGATORY NO. 2:

State the total amount of damages YOU claim to have suffered as a result of the alleged wrongful conduct of the Doe Defendants.

### RESPONSE TO INTERROGATORY NO. 2

Plaintiff also objects to this request on the grounds that it is vague and ambiguous and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the grounds

that this interrogatory calls for premature expert opinion and calls for speculation. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Funeral and burial expenses for $7,765.81, medical expenses for Decedent John Alaniz's treatment at St. Francis Hospital following the incident for approximately $22,687.35. Additionally, as a result of the emotional distress following the loss of her son due to this incident, Plaintiff herself needed to take a leave of absence from work from May 2022 until October 2022 and had 60% reduced pay during that time period and approximates she lost $20,000 in wages as a result of this leave. Additionally, Plaintiffs seek compensatory and punitive damages under federal law and state law in the amount to be proven at trial and based on expert opinion, in excess of $15,000,000, including but not limited to: Decedent John Alaniz's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life in excess of $10,000,000; Plaintiffs' wrongful death damages for the life-long loss of their son in excess of $5,000,000; Special Damages, including Funeral and Burial Expenses, are being calculated; Punitive damages: in an amount to be proven at trial from each of the individual defendants, based on their involvement in the incident and the damage caused; Plaintiffs seek statutory attorney fees pursuant to 42 U.S.C. §1988 and under state law; Plaintiffs also seek costs of suit and interest.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS that YOU contend support YOUR calculation of damages identified in your response to Interrogatory number 2.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the grounds that this interrogatory

calls for premature expert opinion and calls for speculation. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: PLT 132-137; Plaintiffs' Initial Disclosures dated November 8, 2023.

**INTERROGATORY NO. 4:**

Describe any collateral source benefits YOU received or was eligible to receive in connection with any damages related to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 4**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. This request also violates the collateral source doctrine. Furthermore, Plaintiff objects to the extent that this request calls for pre-mature disclosure of expert opinions and witnesses. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, Plaintiff has not received any collateral source benefits. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 5:**

Identify all HEALTHCARE PROVIDERS that consulted with, examined and/or treated DECEDENT in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 5**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on

the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is not in possession of information responsive to this request at this time, but will continue to search for responsive information and will supplement and amend this response if responsive information becomes available.

**INTERROGATORY NO. 6:**

Identify all drug and/or alcohol treatment facilities or programs where DECEDENT underwent treatment in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 6**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague

and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing.

**INTERROGATORY NO. 7:**

Identify all mental health treatment facilities or programs where DECEDENT underwent treatment in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, psychotherapist-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is not currently in possession of information responsive to this request, but will continue to search for information responsive to this request and will supplement and amend this response if such information becomes available.

**INTERROGATORY NO. 8:**

Identify any medical insurance under which DECEDENT was covered in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and ambiguous, and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the collateral source doctrine. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff believes that Decedent John Alaniz was insured through the Veteran's Administration.

**INTERROGATORY NO. 9:**

State the name and address of each school or other academic or vocational institution DECEDENT attended beginning with high school.

**RESPONSE TO INTERROGATORY NO. 9**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also

compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School, 13520 Adelfa Dr, La Mirada, CA 90638 and then enrolled in the U.S. Air Force, and was stationed at Whiteman Air Force Base after graduating from High School. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 10:**

State the dates DECEDENT attended each school or other academic or vocational institution beginning with high school.

**RESPONSE TO INTERROGATORY NO. 10**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects that this request is not relevant to any parties' claims or defenses and is outside of the scope of Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School from 2002-2006, obtained his high school diploma; and then enrolled in the U.S. Air Force from 2009 to 2013. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 11:**

State the highest grade level DECEDENT completed.

10

**RESPONSE TO INTERROGATORY NO. 11**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School from 2002-2006, obtained his high school diploma; and then enrolled in the U.S. Air Force from 2009 to 2013. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 12:**

State all degrees received by DECEDENT beginning with high school.

**RESPONSE TO INTERROGATORY NO. 12**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz completed

High School and obtained a High School Diploma. Plaintiff believes that, while he was in the Air Force, John Alaniz attended some college-level courses and earned certificates and training in Airplane Mechanics, and other related subjects. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 13:**

State the name and address of DECEDENT's employer or place of self-employment at the time of the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 13**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff objects on the basis that this request is outside the scope of Rule 26 and violates the rule of proportionality. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 14:**

State the dates of DECEDENT'S employment with the employer identified in response to Interrogatory number 12.

**RESPONSE TO INTERROGATORY NO. 14**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense

12

and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff further objects on the basis that this request is not relevant to any parties' claim or defense and violates the rule of proportionality embedded within Rule 26. Plaintiff also objects to this request on the grounds that it is vague and overbroad, calls for speculation, lacks foundation, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 15:**

State the job title and/or nature of work for DECEDENT with the employer identified in response to Interrogatory number 12.

**RESPONSE TO INTERROGATORY NO. 15**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff further objects on the basis that this request is not relevant to any parties' claim or defense and violates the rule of proportionality embedded within Rule 26. Plaintiff also objects to this request on the grounds that it is vague and overbroad, calls for speculation, lacks foundation, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and

13

harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 16:**

State the name and address of DECEDENT's employers or places of self-employment for five years before the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 16**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff further objects on the basis that this request is not relevant to any parties' claim or defense and violates the rule of proportionality embedded within Rule 26. Plaintiff also objects to this request on the grounds that it is vague and overbroad, calls for speculation, lacks foundation, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed during this time period. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 17:**

State the dates of DECEDENT'S employment with the employer identified in response to Interrogatory number 15.

**RESPONSE TO INTERROGATORY NO. 17**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed during this time period. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 18:**

State the job title and/or nature of work for DECEDENT with the employer identified in response to Interrogatory number 15.

**RESPONSE TO INTERROGATORY NO. 18**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed during this time period. Plaintiff reserves

the right to supplement and amend this response.

DATED: April 5, 2024                         LAW OFFICES OF DALE K. GALIPO

                                    By:    */s / Dale K. Galipo*
                                           Dale K. Galipo
                                           Shannon J. Leap
                                           Attorney for Plaintiff

PLAINTIFF SANDRA KIRKMAN'S RESPONSES TO DEFENDANT RAMON SILVA'S
INTERROGATORIES (SET ONE)

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Shannon J. Leap, Esq. (SBN 339574)
*sleap@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,

        Plaintiffs,

    vs.

STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,

        Defendants.

**Case No. 2:23-cv-07532-DMG-SSC**

Assigned to: *Hon. Dolly M. Gee*
*Hon. Stephanie S. Christensen*

**PLAINTIFF CARLOS ALANIZ'S RESPONSES TO DEFENDANT RAMON SILVA'S INTERROGATORIES (SET ONE)**

**PROPOUNDING PARTY:**    Defendant Ramon Silva

**RESPONDING PARTY:**    Plaintiff Carlos Alaniz

**SET NO.:**    One (1)

Plaintiff, Carlos Alaniz, hereby responds to Defendant Ramon Silva Interrogatories as follows:

**TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

Plaintiff has not fully completed an investigation of the facts relating to this

1

case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1.      Plaintiff objects on the grounds that he has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and

2

without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2.    Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4.    Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5.    Plaintiff objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6.    Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7.    Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8.    Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

PLAINTIFF CARLOS ALANIZ RESPONSES TO DEFENDANT RAMON SILVA'S INTERROGATORIES (SET ONE)

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## INTERROGATORIES SET NO. ONE

### INTERROGATORY NO. 1:

State the name and telephone number of each individual with whom DECEDENT resided on the date of the INCIDENT.

### RESPONSE TO INTERROGATORY NO. 1

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objections on the ground that the question is request is compound, assumes facts, harassing, and oppressive. Further, this request is vague and ambiguous as to "resided" as Responding Party does not know Requesting Party's intended meaning and words can be interpreted differently. Plaintiff objects that this Interrogatory is overbroad and requests information protected by Plaintiff's right to privacy and the privacy rights of third parties. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff Responds as follows:

Plaintiff himself, and Carlos Alaniz III, both of whom can be contacted through Plaintiffs' counsel.

### INTERROGATORY NO. 2:

State the total amount of damages YOU claim to have suffered as a result of the alleged wrongful conduct of the Doe Defendants.

### RESPONSE TO INTERROGATORY NO. 2

Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as

phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the grounds that this interrogatory calls for premature expert opinion and calls for speculation. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Funeral and burial expenses for $7,765.81, medical expenses for Decedent John Alaniz's treatment at St. Francis Hospital following the incident for approximately $22,687.35. Additionally, Plaintiffs seek compensatory and punitive damages under federal law and state law in the amount to be proven at trial and based on expert opinion, in excess of $15,000,000, including but not limited to: Decedent John Alaniz's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life in excess of $10,000,000; Plaintiffs' wrongful death damages for the life-long loss of their son in excess of $5,000,000; Special Damages, including Funeral and Burial Expenses, are being calculated; Punitive damages: in an amount to be proven at trial from each of the individual defendants, based on their involvement in the incident and the damage caused; Plaintiffs seek statutory attorney fees pursuant to 42 U.S.C. §1988 and under state law; Plaintiffs also seek costs of suit and interest. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS that YOU contend support YOUR calculation of damages identified in your response to Interrogatory number 2.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the grounds that this interrogatory calls for premature expert opinion and calls for speculation. Plaintiff further objects on

the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: PLT 132-137, Plaintiffs' Initial Disclosures dated November 8, 2023.

**INTERROGATORY NO. 4:**

Describe any collateral source benefits YOU received or was eligible to receive in connection with any damages related to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 4**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. This request also violates the collateral source doctrine. Furthermore, Plaintiff objects to the extent that this request calls for pre-mature disclosure of expert opinions and witnesses. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, Plaintiff has not received any collateral source benefits. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 5:**

Identify all HEALTHCARE PROVIDERS that consulted with, examined and/or treated DECEDENT in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 5**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is not in possession of information responsive to this request at this time, but will continue to search for responsive information and will supplement and amend this response if responsive information becomes available.

**INTERROGATORY NO. 6:**

Identify all drug and/or alcohol treatment facilities or programs where DECEDENT underwent treatment in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 6:**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and overbroad as phrased. Accordingly, as phrased, the request is also compound,

1  overbroad and unduly burdensome, and harassing. Plaintiff further objects on the

2  ground that the discovery is ongoing.

3  **INTERROGATORY NO. 7:**

4  Identify all mental health treatment facilities or programs where DECEDENT

5  underwent treatment in the five years prior to the INCIDENT.

6  **RESPONSE TO INTERROGATORY NO. 7**

7  Plaintiff objects to this request on the basis that it seeks information protected from

8  disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient

9  privilege, psychotherapist-patient privilege, and Health Insurance Portability and

10  Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a),

11  164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal.

12  Civ. Code § 56.10.  Plaintiff also objects to this request on the grounds that it is vague

13  and overbroad as phrased. Accordingly, as phrased, the request is also compound,

14  overbroad and unduly burdensome, and harassing. Plaintiff further objects on the

15  ground that the discovery is ongoing. Subject to and without waiving the foregoing

16  objections, Plaintiff responds as follows: After diligent search and reasonable inquiry,

17  Plaintiff is not currently in possession of information responsive to this request, but

18  will continue to search for information responsive to this request and will supplement

19  and amend this response if such information becomes available.

20

21  **INTERROGATORY NO. 8:**

22  Identify any medical insurance under which DECEDENT was covered in the five years

23  prior to the INCIDENT.

24  **RESPONSE TO INTERROGATORY NO. 8**

25  Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense

26  and is not proportional to the needs of the case. Responding Party further objects on

27  the grounds that this Request is not reasonably calculated to lead to the discovery of

28  admissible evidence. Plaintiff objects to this request on the basis that it seeks

information protected from disclosure by Plaintiff's right to privacy and that of the third parties, doctor-patient privilege, and Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a), 164.508(a)(1), and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10. Plaintiff also objects to this request on the grounds that it is vague and ambiguous, and overbroad as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff also objects on the collateral source doctrine. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff believes that Decedent John Alaniz was insured through the Veteran's Administration.

**INTERROGATORY NO. 9:**

State the name and address of each school or other academic or vocational institution DECEDENT attended beginning with high school.

**RESPONSE TO INTERROGATORY NO. 9**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects that this request is not relevant to any parties' claims or defenses and is outside of the scope of Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School from 2002-2006, obtained his

high school diploma; and then enrolled in the U.S. Air Force from 2009 to 2013. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 10:**

State the dates DECEDENT attended each school or other academic or vocational institution beginning with high school.

**RESPONSE TO INTERROGATORY NO. 10**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects that this request is not relevant to any parties' claims or defenses and is outside of the scope of Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School from 2002-2006, obtained his high school diploma; and then enrolled in the U.S. Air Force from 2009 to 2013. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 11:**

State the highest grade level DECEDENT completed.

**RESPONSE TO INTERROGATORY NO. 11**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz attended La Mirada High School from 2002-2006, obtained his high school diploma; and then enrolled in the U.S. Air Force from 2009 to 2013. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 12:**

State all degrees received by DECEDENT beginning with high school.

**RESPONSE TO INTERROGATORY NO. 12**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Decedent John Alaniz completed High School and obtained a High School Diploma. Plaintiff believes that, while John Alaniz was in the Air Force, he earned certificates and training in Airplane Mechanics, and other related subjects. Plaintiff reserves the right to supplement and amend this response

**INTERROGATORY NO. 13:**

State the name and address of DECEDENT's employer or place of self-employment at the time of the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 13**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff objects on the basis that this request is outside the scope of Rule 26 and violates the rule of proportionality. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 14:**

State the dates of DECEDENT'S employment with the employer identified in response to Interrogatory number 12.

**RESPONSE TO INTERROGATORY NO. 14**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff further objects on the basis that this request is not relevant to any

parties' claim or defense and violates the rule of proportionality embedded within Rule 26. Plaintiff also objects to this request on the grounds that it is vague and overbroad, calls for speculation, lacks foundation, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 15:**

State the job title and/or nature of work for DECEDENT with the employer identified in response to Interrogatory number 12.

**RESPONSE TO INTERROGATORY NO. 15**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff further objects on the basis that this request is not relevant to any parties' claim or defense and violates the rule of proportionality embedded within Rule 26. Plaintiff also objects to this request on the grounds that it is vague and overbroad, calls for speculation, lacks foundation, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed at the time of the incident. Plaintiff reserves the right to supplement and amend this response.

1  **INTERROGATORY NO. 16:**

2      State the name and address of DECEDENT's employers or places of self-

3  employment for five years before the INCIDENT.

4  **RESPONSE TO INTERROGATORY NO. 16**

5  Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense

6  and is not proportional to the needs of the case. Responding Party further objects on

7  the grounds that this Request is not reasonably calculated to lead to the discovery of

8  admissible evidence. Plaintiff objects to this request on the basis that it seeks

9  information protected from disclosure by Plaintiff's right to privacy and that of the

10  third parties. Plaintiff further objects on the basis that this request is not relevant to any

11  parties' claim or defense and violates the rule of proportionality embedded within Rule

12  26. Plaintiff also objects to this request on the grounds that it is vague and overbroad,

13  calls for speculation, lacks foundation, and compound as phrased. Accordingly, as

14  phrased, the request is also compound, overbroad and unduly burdensome, and

15  harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject

16  to and without waiving the foregoing objections, Plaintiff responds as follows: to the

17  best of Plaintiff's knowledge, John Alaniz was not employed during this time period.

18  Plaintiff reserves the right to supplement and amend this response.

19

20  **INTERROGATORY NO. 17:**

21      State the dates of DECEDENT'S employment with the employer identified in

22  response to Interrogatory number 15.

23  **RESPONSE TO INTERROGATORY NO. 17**

24  Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense

25  and is not proportional to the needs of the case. Responding Party further objects on

26  the grounds that this Request is not reasonably calculated to lead to the discovery of

27  admissible evidence. Plaintiff objects to this request on the basis that it seeks

28  information protected from disclosure by Plaintiff's right to privacy and that of the

third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed during this time period. Plaintiff reserves the right to supplement and amend this response.

**INTERROGATORY NO. 18:**

State the job title and/or nature of work for DECEDENT with the employer identified in response to Interrogatory number 15.

**RESPONSE TO INTERROGATORY NO. 18**

Pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the basis that it seeks information protected from disclosure by Plaintiff's right to privacy and that of the third parties. Plaintiff also objects to this request on the grounds that it is vague and overbroad, and compound as phrased. Accordingly, as phrased, the request is also compound, overbroad and unduly burdensome, and harassing. Plaintiff further objects on the ground that the discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the best of Plaintiff's knowledge, John Alaniz was not employed during this time period. Plaintiff reserves the right to supplement and amend this response.

DATED: April 5, 2024

LAW OFFICES OF DALE K. GALIPO

By:  */s / Dale K. Galipo*

Dale K. Galipo

Shannon J. Leap

Attorney for Plaintiff

PLAINTIFF CARLOS ALANIZ RESPONSES TO DEFENDANT RAMON SILVA'S INTERROGATORIES (SET ONE)

# CERTIFICATE OF SERVICE

Case Name: **Sandra Kirkman, et al. v. State of California, et al.**       No.    **2:23-cv-07532-DMG-SSC**

I hereby certify that on <u>November 20, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 20, 2024</u>, at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|:---:|:---:|
| Declarant | Signature |

LA2023603259
95604446.docx