**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Shannon J. Leap (Bar No. 339574)
sleap@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>Assigned to:<br>Hon. Dolly M. Gee<br>Hon. Magistrate Stephanie S. Christensen<br><br>**DECLARATION OF SHANNON J. LEAP IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER.** |

## DECLARATION OF SHANNON J. LEAP

I, Shannon J. Leap, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs. I make this declaration in support of Plaintiffs' Opposition to Defendants' Ex Parte Application to Modify the Scheduling Order. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Plaintiffs noticed the depositions of Defendant Ramon Silva and Officer Van Dragt on January 30, 2024. Defendant Ramon Silva's deposition took place on March 6, 2024 and Officer Van Dragt's deposition took place on April 4, 2024.

3. On September 13, 2024, Counsel for Defendants State of California and Ramon Silva and I met and conferred regarding the production of Decedent's Mental Health and Medical Records from the Veteran's Administration in Long Beach, California. During that meet and confer, I explained the basis for Plaintiffs' contentions that the records were privileged, which were also reflected in Plaintiffs' objections to Defendants' subpoena to the Veteran's Administration. I offered to produce the records in Plaintiff's possession with appropriate redactions and a privilege log. Defense counsel maintained that they sought the unredacted versions of the documents.

4. Following the Parties' Informal Discovery Conference with Magistrate Judge Stephanie Christiansen, at an additional meet and confer effort on October 15, 2024, I recommended that Plaintiffs seek leave to amend their Complaint to remove references to Decedent's mental health on the date of the subject incident giving rise to this law suit. Defendants were not agreeable.

5. On November 20, 2024, Plaintiffs' counsel received five emails of supplemental production of documents from Defendants, which totaled over 4,500 documents. Given the volume of the production, its timing coinciding with the filing of Defendants' Ex Parte Application, and an inspection of physical evidence at the California Department Of Justice, pursuant to a separate Subpoena that Defendants served and which was scheduled for November 21, at 11:00 a.m., which I attended, I have not had a chance to review the production at the time of the filing of this declaration.

6. On June 19, 2024, Plaintiffs Sandra Kirkman and Carlos Alaniz sat for their depositions. In their depositions, they testified as to the nature and extent of their relationship with their son, Decedent, John Alaniz. Sandra Kirkman testified that to her knowledge, John Alaniz was diagnosed with bipolar disorder and schizophrenia. Both Plaintiffs testified as to the nature of their relationship with their son, including in the context of his mental health diagnoses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of November, 2024 in Woodland Hills, California.

*/s/ Shannon J. Leap*
Shannon J. Leap