ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Honorable Dolly M. Gee<br>Trial Date:   April 15, 2024<br>Action Filed: July  28, 2023 |

I, Ashley Reyes, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent Defendants in the above-captioned action.  The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. Good cause exists for the instant application as the Declaration of Deputy Attorney General Ashley Reyes in Support of Motion to Withdraw as Counsel contains privileged attorney-client communications and attorney work product related to the nature of the conflict disclosed to the Court to allow it to make an

1. informed ruling on the Attorney General's motion to withdraw. The Ninth Circuit has established that "[a]ttorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). Therefore, attorney-client communications do not require "compelling reasons" nor a "particularized showing of good cause" before such materials are filed with the court under seal. *Kamakana v. Ciry & Cnty of Honolulu*, 447 F.3d 1172,1185; see also Hernandez v. Creative Concepts, No. 2:10-cv-02132-PMP-VCF, 2013 WL 3864066, *9 (D. Nev. July 24, 2013) ("The Ninth Circuit ... recognizes that attorney-client communications are 'traditionally kept secret' and would not require 'compelling reasons' or a 'particularized showing of good cause' before such materials are filed with the court under seal.").

3. On November 19, 2024, I contacted Ms. Leap and informed her that my office would be filing an *ex parte* application for an order granting leave to file documents under seal. Ms. Leap indicated her office would likely be opposing the request.

4. This application is being filed due to the need to file documents under seal based on the attorney-client privileged communications contained therein, as well as the need to file a motion to withdraw as counsel based on a conflict.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 27, 2024, at Fresno, California.

                                        */s/ Ashley Reyes*
                                          Ashley Reyes

LA2023603259
95605056.docx