**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Shannon J. Leap (Bar No. 339574)
sleap@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-07532-DMG-SSC <br><br> Assigned to: <br> Hon. Dolly M. Gee <br> Hon. Magistrate Stephanie S. Christensen <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO FILE MOTION FOR WITHDRAWAL UNDER SEAL** |

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

## I.     INTRODUCTION

This Court should deny Defendants' instant application for leave to file a motion for withdrawal and its supporting documents under seal. Defendants have not made any showing as to why their application must be heard on an *ex parte* basis and have not shown why this motion could not have previously been brought as a regularly noticed motion. This application and motion lack merit and constitute another delay tactic by Defendants in this case. Defendants have known from the outset of this case that the Attorney General's Office would be representing the State of California by and through the California Highway Patrol and Officer Silva. Defendants have also known that the California Department of Justice Police Shooting Investigation Team ("CaPSIT") was tasked with conducting an independent investigation of the shooting, as required by AB 1506. Defendants offer no showing regarding any emergency or recently changed circumstances such that this motion could not have been made as a regularly-noticed motion prior to the motion filing cutoff date.

The application should also be denied because Defendants do not establish how the purported conflict is a true conflict under California Rules of Professional Conduct 1.7, especially given that the DOJ's investigation is completed and the investigation resulted in no criminal charges being filed against Officer Silva. If Defense Counsel believes any conflict of interest existed, such conditions have existed for the entire duration of this case, and Defendants offer no substantive argument as to why they file this application and motion for withdrawal of counsel only now, at a time prior to the Court's modification of the scheduling order. (Dkt. No. 45). If Defense Counsel is permitted to withdraw as counsel due to a conflict between the Attorney General's Office unit that represents the defendants in this case, and the DOJ in other cases, such a conflict would exist in all cases involving a

CHP officer-involved shooting of an unarmed civilian. The Attorney General's Office has established internal ethical wall to prevent against this exact scenario.

Defendants' *ex parte* application should also be denied because they have not established that the attorney-client privilege applies to the information they request to be filed under seal, and have not met their burden to show that a compelling reason exists to overcome the traditional presumption that judicial information should be available to the public, rather than filed under seal.

In any event, Defendants' request to be withdrawn as counsel should not be permitted to effect or delay any other deadlines in place in this case, and in particular should not continue the trial date.

## II.   RELEVANT PROCEDURAL HISTORY

On May 4, 2022, Defendant Officer Silva shot and killed Decedent, John Alaniz on the westbound Interstate 105 freeway. Decedent was unarmed at all relevant times, including when Silva used lethal force against him. On July 28, 2023, Plaintiffs filed their lawsuit arising out of this incident, naming the State of California, Ramon Silva, and DOES 1-10 as defendants. (Dkt. No. 1-1). On September 11, 2023, Defendants, represented by current Defense Counsel, filed their notice of removal to federal court. (Dkt. No. 1). As with all officer involved shootings of unarmed civilians, the Department of Justice ("DOJ") CaPSIT unit is required to conduct an independent investigation of the incident, pursuant to California statute, AB 1506. The DOJ's investigation began in the immediate aftermath of this officer-involved shooting, on May 4, 2022. In July of 2024, the DOJ published the findings of its completed investigation, concluding that it would not bring criminal charges against Officer Silva. Notably, neither these findings, nor the report itself would be admissible at trial and Plaintiffs may file motion *in limine* in that regard.

///

## III. LEGAL STANDARD

A proper ex parte motion contains two distinct parts: "[t]he first part should address only why the regular noticed motion procedures must be bypassed [and t]he second part consists of papers identical to those that would be filed to initiate a regular noticed motion." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492; *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief); *Erichsen v. Cnty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (mem.) (noting that appellants failed to meet threshold requirement for *ex parte* relief by failing to establish that they were "without fault in creating the crisis that requires ex parte relief" (quoting *Mission Power*, 883 F. Supp. at 492)).

A party seeking to leave to file a motion or other documents under seal bears the burden of establishing a "compelling reason" to overcome the "strong presumption in favor of access" to judicial documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135-1138 (9th Cir. 2003), See Also *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)). In order to overcome this presumption, Defendants must "articulate[ ] compelling reasons supported by specific factual findings," regarding the reasons the documents should be filed under seal. *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102–03 (9th Cir.1999)). These reasons, supported by specific factual findings must

"outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana,* 447 F.3d at 1178, quoting *Hagestad,* 49 F.3d at 1434 (quoting *EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana,* 447 F.3d at 1179, quoting *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)).

Furthermore, "[A] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication." *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir.2009) (quoting *United States v. Bauer,* 132 F.3d 504, 507 (9th Cir.1997)). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *United States v. Martin,* 278 F.3d 988, 999 (9th Cir.2002)). The Ninth Circuit has developed an eight-part test to determine if the attorney-client privilege applies to information:

> "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived."
>
> *U.S. v. Graf*, 610 F.3d 1148, 1156 (2010).

Defendants argue that *Kamanaka's* standard does not apply to their motion because they seek to file documents that they contend are privileged because the

documents contain attorney-client communications and attorney work product protected by these respective privileges. However, Defendants provide no information about the nature of the documents which they request to be sealed, upon which Plaintiffs, nor this Court can determine whether the attorney-client or work product privileges apply. Plaintiffs therefore contend that *Kanaka's* "compelling reasons," standard should be applied in evaluating whether Defendants should be granted leave to file their motion and/or supporting documents under seal.

## IV.  ARGUMENT

As a threshold matter, Defendants do not meet the requirements for requesting *ex parte* relief. Defendants offer no information regarding why they are without fault for creating this crisis themselves, such that this issue could not have been brought as a regularly noticed motion. Although Plaintiffs' counsel does not believe that the purported conflict Defense Counsel describes constitutes a true conflict of interest under California Professional Rules of Conduct, Rule 1.7, the conditions that Defense Counsel describes – which Defendants argue constitutes a conflict and meriting withdrawal of counsel – have existed for the entire duration of this case. The general nature of the purported conflict that Defendants describe is that Defense Counsel, the Office of the Attorney General, represents both the DOJ in some cases, and the State of California and the California Highway Patrol in others, including this instant case. (See Declaration of Ashley Reyes ("Reyes Decl."), Dkt. No. 44-3 at ¶ 5-6, 11). Defense counsel argues that this joint representation (albeit in different cases), has caused a conflict of interest to arise, meriting withdrawal of counsel. *Id.* at ¶ 11-13). If Defense Counsel believes these circumstances constitute a conflict, they could have and should have moved this Court for leave to withdraw as counsel long before the deadline to file motions had passed, and as a regularly noticed motion. This information has always been available to Defendants.

Furthermore, several of the instances that Defense Counsel raise as examples of evidence of a purported conflict existed prior to the motion filing deadline and, in any case, are insufficient to establish an actual conflict under the California Professional Rules of Conduct, Rule 1.7. In their declaration in support of their application, Defendants note that an ethical wall separates the Torts and Condemnation Unit of the Attorney General's Office, of which Defense Counsel is a part, from the CAPSIT unit that conducts the AB 1506 investigations. (Reyes Decl. at ¶ 6). Such an ethical wall is designed to protect against conflicts of interests.

Defendants note that one example of the purported conflict is that they received objections to Plaintiffs' subpoena for the investigative file of the officer involved shooting to the CaPSIT team. *Id.* at ¶ 13. Although Defendants provide no information as to when they received these objections, the DOJ produced the documents to plaintiffs on September 13, 2024. (Declaration of Shannon J. Leap ("Leap Decl."), at ¶ 2). Defendants also provide no information as to the nature of the DOJ's objections.

Defendants also cite their own service of a subpoena on the Office of the Attorney General to inspect physical evidence collected from the scene as an example that a conflict of interest exists. (Reyes Decl. at ¶ 8). Plaintiffs' counsel, Shannon Leap was also present at the inspection and was also denied the ability to inspect the items outside of their sealed containers. (Leap Decl. at ¶ 3-4). The law enforcement personnel who acted as the custodians of evidence at the inspection notified counsel for both parties that they would be able to view the items at a time in the future in an evidence lab to protect the integrity of the evidence. *Id.* It appeared that the restriction was not connected to the existence of any conflict of interest, but rather because of confusion in the scheduling, location, or other logistical concerns of the inspection.

     Defense Counsel also notes that they will need to scrutinize the DOJ's investigation of the incident in order to effectively represent their clients, CHP and Officer Silva. However, the DOJ is not a party to this civil rights case; already published its findings regarding its investigation, concluding that it will not charge Officer Silva with criminal charges; has not notified any party that the investigation results are being reconsidered or reopened; or that any new evidence has come to light such that circumstances of the investigation or its outcome are being reconsidered. If, as Defense Counsel notes in her declaration, that the DOJ is taking an adverse position against Officer Silva and the CHP, Plaintiffs' counsel should certainly be able to review any and all information in that regard it absolutely implicates Plaintiffs' interests in and prosecution of this case. That information should not be permitted to be filed under seal. If the adverse position is in regard to the production of evidence or documents, other remedies are available.

     Defendants have also failed to meet their burden of overcoming the presumption that Court documents be publicly available by showing that compelling reasons exist such that the documents should be filed under seal. Apart from conclusory assertions that attorney-client and/or work product privilege applies to the information contained in the documents, Defendants make no showing that such a privilege applies. Furthermore, if Defense Counsel's intention is to file information regarding the DOJ's position on the officer-involved shooting under seal, this would be a misuse of the assertion of the attorney client privilege, of sealed filings, and of in camera review of documents. This information should be made available for Plaintiffs' counsel to review.

     Additionally, the circumstances that Defense Counsel describes as constituting a conflict in this case can potentially exist in any case in which an unarmed civilian is shot and killed by a CHP officer, requiring that the California DOJ investigate the shooting, pursuant to AB 1506 and that Deputy Attorneys

General from the Office of the Attorney General would represent the involved officers and the California Highway Patrol. Inviting such a conflict of interest was not the intent of AB 1506, and Defendants should not now be allowed at this late stage of the case to cause further delay due to information that they have had for the entire duration of the case.

Should the Court grant Defendants' application and motion to file documents under seal, Plaintiffs request that, following an in camera review, the Court consider un-sealing the documents, even if for "Attorney's Eyes Only," such that Plaintiffs are not prejudiced in not having access to any information that would be relevant to the prosecution of their case. Finally, to avoid any improper or unnecessary delay in the trial of this matter, Plaintiffs request this Court to not permit Defendants' motion to withdraw to continue the current trial date.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Ex Parte Application for Leave to File a Motion to Withdraw in its entirety.

Respectfully submitted,

DATED: November 29, 2024      LAW OFFICES OF DALE K. GALIPO

By _____/s/ Shannon J. Leap_____
Dale K. Galipo
Shannon J. Leap
Attorneys for Plaintiffs