ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL AND REQUEST TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES**<br><br>Date:         January 3, 2025<br>Time:         9:30 a.m.<br>Courtroom:  8C<br>Judge:        Honorable Dolly M. Gee<br>Trial Date:   04/15/2025<br>Action Filed: 7/28/2023 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 3, 2025, at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 8C of the above-captioned court, located at 350 West 1st Street, Los Angeles, CA, 90012, counsel for Defendants, State of California, acting by and through the California Highway Patrol (CHP), and Officer Ramon Silva, will and hereby do move the Court to grant leave to withdraw as counsel for all Defendants. This motion is brought under the Local Rules for the United States District Court, Central District of California, Rule

1

83-2.3.2, and those rules governing withdrawal as set forth in the Rules of Professional Conduct of the State of California.

This Motion and Request for Order is based upon the following grounds:

1. The grounds and reasons set forth in the declaration of Deputy Attorney General Ashley Reyes, filed under seal herein as it involves the disclosure of client confidences and communications;

2. Because revealing the facts on which this motion is based would involve disclosure of client confidences, Defendants' present attorneys of record represent and certify to the Court that good cause exists for withdrawal under one or more of the more grounds specific in California Rules of Professional Conduct, including Rules 1.1, 1.3, 1-7 and 1-16(a).

3. Clients CHP and Officer Ramon Silva were served with this motion.

This motion is based on this Notice of Motion, the Attached Motion to Withdraw as Counsel for Defendants, the declaration of Deputy Attorney General Ashley N. Reyes, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

Dated: December 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

LA2023603259
95605492.docx

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. AUTHORITY

Local Rule 83-2.3.2 governs the withdrawal of counsel in the Central District of California. It provides:

> "An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."

C.D. Cal. L.R. 83-2.3.2.

In determining whether good cause is shown, the court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.*, No. 06CV1082-WMC, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007). Courts also consider any relevant rules of professional conduct. *Austin Inv. Fund, LLC v. United States*, No. SACV 11-750 DOC ANX, 2011 WL 4947550, at *1 (C.D. Cal. Oct. 17, 2011).

## II. ARGUMENT

### A. Defendants' Counsel's Withdrawal Is Necessary Due to A Conflict of Interest

Defendants' counsel's withdrawal is necessitated due to a conflict of interest, as identified by California Rules of Professional Conduct, Rule 1.7. Withdrawal is required pursuant to California Rules of Professional Conduct, Rule 1.16(a)(2), which provides in relevant portion that:

> [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if…the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act.

1    Client confidentiality and privilege interests impose a limitation on counsel's
2    ability to set forth the grounds for this withdrawal in this motion and the
3    accompanying documents that are not filed under seal. Cal. Rules of Prof. Conduct,
4    R. 1.7(a)-(b). However, good cause exists for counsel's both mandatory and
5    permissive withdrawal as specifically set forth in the California Rules of
6    Professional Conduct, Rule 1.7 as set forth in the Declaration of Deputy Attorney
7    General Ashley Reyes filed under seal concurrently herewith. For purposes of this
8    motion, Defendants' counsel notes that a conflict has arisen pursuant to California
9    Rules of Professional Conduct Rule 1.7 that serves to ethically bar and prevent the
10   Defendants' counsel of record from representing the Defendants in this action.
11   Further, any other attorneys within the California Attorney General's Office are
12   also ethically barred from representing Defendants in this matter pursuant to
13   California Rules of Professional Conduct Rule 1.10. The ethical conflict requiring
14   withdrawal has only recently arisen. Defendants' counsel attempted to identify
15   ethical and legally permissible methods of waiving the conflict but are unable to do
16   so. Accordingly, Defendants' counsel has taken prompt action to inform our clients
17   and obtain replacement counsel.

18   Further, Defendants have filed a separate ex parte motion regarding documents
19   and evidence which this Court has held is directly relevant to the claims and
20   defenses of the parties, and which although was in the possession, control and
21   knowledge of the Plaintiffs and their counsel of record, was never disclosed or
22   identified in any discovery responses or during the depositions of the Plaintiffs.
23   Although this evidence is clearly relevant and pertinent to the facts and allegations
24   in this case, Plaintiffs' counsel objected to its production and formally opposed
25   Defendants' motion to compel the production of such information. This evidence
26   was only recently produced on November 19, 2024, pursuant to this Court's order.
27   Accordingly, Defendants have requested additional time to conduct discovery into
28   the matters and subjects identified in these records, including information which

contradicts the Plaintiffs' sworn deposition testimony in this case, and which will affect the opinions and testimony of the experts of both sides in this case. Defendants' counsel anticipate that replacement counsel can be obtained and substitute in while such limited discovery is being conducted, thereby minimizing any delay in the trial of this case.

Most importantly, the conflict of interest which has arisen between Defendants and counsel requires counsel to withdraw from representing the Defendants in this action. *Inigo v. Express Movers, Inc*. No. 3:18-CV-02844-BEN-LL, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020; see also *People ex rel. Deukmejian v. Brown* (1981) 29 Cal.3d 150, 157 (1981) (the CA Supreme Court held that the Attorney General is subject to the same ethical rules as other lawyers with respect to the prohibition on taking a position adverse to a client.). As noted in the proposed sealed declaration, withdrawal is required by the Rules of Professional Conduct. Finally, there is no evidence that granting this motion harms administration of justice.

**B.   A Modification of the Current Scheduling Order Is Necessary for Defendants' Replacement Counsel to Prevent Prejudice to Defendants**

Should the Court grant Defendants' counsel's motion to withdraw,[1] Defendants' replacement counsel will need adequate time to ensure that he is able to sufficiently analyze the evidence produced, as well as the specific liability and damages issues. To date, Defendants alone have produced over 9,250 documents. Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.,), at ¶15.) The vast majority of these documents include evidence, photographs, interviews and videos from the DOJ's AB 1506 investigation, which include critical documents as the officer-involved shooting forms the basis of this lawsuit. *Id*. There has been a total of eight depositions taken between both parties. *Id*. The AB 1506 Report that

---

[1] Defendants' counsel will appear in camera, out of the presence of Plaintiffs' counsel, to discuss the specific nature and facts of the conflict.

was issued in July also identified a total of 25 civilian witnesses[2] that provided interviews; replacement counsel will need to review these witness statements to determine whether these individuals and any members of the CaPSIT team will need to be called as witnesses at the time of trial. *Id.* In addition to the documents produced, Defendants have subpoenaed records from various agencies including the Torrance Police Department and the Veteran's Administration. *Id*. These records combined total approximately 900 pages. *Id*. It is without a doubt that reviewing this information and becoming familiar with the file will take extensive time and is necessary to ensure that CHP and Officer Silva's interests are protected. *Id.*

In addition to reviewing and analyzing the evidence, liability, and damages, replacement counsel will also need time to review and analyze all expert materials. Although current counsel has already retained experts in this matter, replacement counsel will need to assist one of these experts in completing a vital physical evidence inspection as current counsel has been unable to do so because of the conflict. *Id*., at ¶16. Without this physical inspection and review of the physical evidence taken at the scene of this incident, CHP and Officer Silva's expert witness will be unable to issue a Rule 26 report, which would cause undue prejudice to Defendants. *Id.* On November 12, 2024, Defendants' counsel issued a subpoena on the DOJ for a physical inspection of evidence collected during the AB 1506 investigation. *Id*., at ¶14. On November 21, 2024, Defendants' counsel, Plaintiffs' counsel, Officer Silva, and Defendants' retained experts were present at the DOJ office in Commerce, California and were informed that a physical inspection of the physical evidence was not permitted, nor were photographs. *Id*. Despite the specific requests outlined in the subpoena served on the DOJ, the parties were told that they were only allowed to take notes of the items of evidence.[3] *Id*. Due to unique

---

[2] Two of the 25 civilian witnesses identified in the AB 1506 report have been deposed.
[3] The majority of the evidence were in brown evidence bags, which were sealed.

6

situation at hand, Defendants' counsel is unable to file a motion to compel an inspection as it would be against its own agency. *Id*. Thus, Defendants' counsel has a conflict between the interests of CHP and Officer Silva, and simultaneously the interests of our agency, thereby leading to an impermissible, unwaivable conflict. This conflict would not exist if outside counsel were brought into the matter.

      Finally, Defendants are the only party that would suffer any prejudice should the Court grant Defendants' counsel's motion to withdraw but deny a modification of the current scheduling order. Extending the deadlines within the scheduling order for 180-days is necessary to ensure that both CHP and Officer Silva are not significantly prejudiced by having to change counsel this far into the litigation. Declaration of Lee H. Roistatcher (Roistatcher Decl.,) at ¶¶6-12. Plaintiffs will suffer no prejudice as fact discovery has essentially concluded at this point, and a continuance will not result in the loss of any evidence or pose a risk to fading memories of witnesses. Roistatcher Decl., at ¶13. Further, a continuance does not in any way impact Plaintiffs' damages because they are all non-economic and will not change over the course of six months. *Id*.

///

///

///

7

## III. CONCLUSION

Based on the foregoing, as well as the information set forth in the Declaration of Deputy Attorney General Ashley Reyes filed under seal concurrently herewith, the Office of the Attorney General, Department of Justice, respectfully requests this Court grant its motion to withdraw as counsel for Defendants and extend the trial-related deadlines to allow new counsel to assume the handling of this case.

Dated: December 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Officer Ramon Silva*

LA2023603259
95605492.docx

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1.499 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Officer Ramon Silva*

LA2023603259
95605492.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Sandra Kirkman, et al. v. State of California, et al.** | No. | **2:23-cv-07532-DMG-SSC** |
|---|---|---|---|

I hereby certify that on <u>December 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL AND REQUEST TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 4, 2024</u>, at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|---|---|
| Declarant | Signature |

LA2023603259
95605504.docx