DEAN GAZZO ROISTACHER LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Fax: (858) 492-0486
E-mail: lroistacher@deangazzo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>                              Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>                              Defendants. | 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF LEE H. ROISTATCHER IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Date:         January 3, 2025<br>Time:         9:30 a.m.<br>Courtroom:    8C<br>Judge:        Honorable Dolly M. Gee<br>Trial Date:   04/15/2025<br>Action Filed: 7/28/2023 |

   1.   I am a partner in the law firm of Dean Gazzo Roistacher LLP.  The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

   2.   I have been admitted to practice law in California and in the Central District since December 1995.  I have represented the California Highway Patrol (CHP) and its officers many times as conflict counsel and have significant

1

experience in use of force cases under 42 U.S.C. § 1983 and California law having represented government entities and their employees in these types of cases for decades.

3. Because of a conflict of interest declared by the Attorney General's Office, I have been asked by CHP to represent CHP and Officer Ramon Silva. My understanding is that CHP has an extremely limited number of qualified attorneys it can utilize for conflict cases in general and more specifically in the unique and complex civil rights cases, and I have been approved and been doing so since 2012.

4. As stated earlier, I have significant experience in cases like this one. I know the amount of material and information relevant to the case is tremendous. I know in this case specifically, at least 9000 pages of documents have been produced just by the defendants and many depositions taken. The time it takes to digest and analyze the information is significant, especially in a case like this one where all fact discovery is essentially completed.

5. I have reviewed the current dates set by the Court's Scheduling and Case Management Order (ECF Doc. 25).

6. I believe it would be extremely difficult for me, or any other attorney, to fully and properly analyze the vast amounts of evidence and the specific liability and damages issues in the case (which no new counsel would know) with those dates as currently set.

7. In particular, the February 25, 2025 deadline for submission of "trial material" and motions in limine, the March 18, 2025 final pretrial conference and the April 15, 2025 trial date. Indeed, under the local rules and this Court's scheduling order, the parties have to meet and confer about and collaborate on the "trial material" well in advance of the February 25, 2025 deadline.

8. By my calculation, proposed jury instructions, special verdict forms, and voir dire must be exchanged by January 23, 2025. Accordingly, I (or any other

attorney) would have just 60 days to be fully analyze and digest all the case material before having to make case critical decisions.

9. And within the relevant time frame, I have a date certain trial (after several continuances) in Los Angeles Superior Court in a wrongful death officer involved shooting case where I am serving as conflict counsel for CHP and an officer starting on February 4, 2025 (*Padilla, et. al. v. CHP*, et. al, Case No. 22STCV00661) in which I will need to devote preparation time in January and February 2025.

11. I have also just learned of an issue with expert witnesses retained by CHP and Officer Silva that I (or any new counsel) would have to deal with, but I have no real information on what that issue is other than it involved being unable to inspect physical evidence.

12. Accordingly, I believe it is appropriate and equitable to continue all case management dates 180 days to ensure CHP and Officer Silva are not significantly prejudiced by having to change counsel this far into the litigation.

13. While plaintiffs may claim prejudice if the dates are continued, there is really no prejudice. The continuance will not result on any loss of evidence or pose a risk to fading memories of witnesses because fact discovery is completed. And the continuance does not in any way impact plaintiffs' damages (all non-economic) because they are now what they will be in six months.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 26, 2024, at San Diego, California.

*/s/ Lee H. Roistacher*
Lee H. Roistacher

# CERTIFICATE OF SERVICE

Case Name: **Sandra Kirkman, et al. v. State of California, et al.**  No. **2:23-cv-07532-DMG-SSC**

I hereby certify that on <u>December 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF LEE H. ROISTATCHER IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 4, 2024</u>, at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|---|---|
| Declarant | Signature |

LA2023603259
95605504.docx