Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Ashley Reyes
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants, | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO WITHDRAW AS COUNSEL [DOCS. 48 & 49]**<br><br>Judge:    Honorable Dolly M. Gee<br>Trial Date:  April 15, 2025<br>Action Filed: July 28, 2023 |

Defendants, State of California, acting by and through the California Highway Patrol (CHP), and Officer Ramon Silva, respectfully move this Court for an *ex parte* order shortening time to hear the Motion to Withdraw as Counsel that was filed December 4, 2024. (Docs. 48 & 49.)

Defendants' counsel, the Office of the Attorney General seeks *ex parte* relief on the following basis:

///

1

1. Based on the upcoming deadlines and trial date, Defendants are moving for an order shortening time to have this matter heard before the Court as soon as possible.

2. In the event the motion to withdraw is granted, an order shortening time will allow new counsel to come into the case and get up to speed as quickly as possible to expedite the withdrawal as much as possible, including allowing new counsel to handle the discovery that was the subject of this Court's recent order granting a limited continuance to pursue additional discovery into specific records (Doc. 45), as well as addressing the issues arising out of the ethical conflict involving the records held and maintained by the Department of Justice.

3. In the event the motion to withdraw is granted, an order shortening time will also allow the effect of the transfer to be minimized, and would allow the procedural and technical aspects of the transfer, including transferring the case file, evidence and records, to the new counsel on an expedited basis over the next few weeks, rather than occurring in January or February of 2025.

Dated: December 6, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

LA2023603259
95605732.docx

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 4, 2024, Defendants' Counsel filed a Motion to Withdraw as Counsel due to a conflict of interest that ethically bars and prevent them from representing the Defendants in this action. (Docs. 48 & 49.) Due to the nature of the motion, as well as the upcoming deadlines, Defendants now request an order shortening time to hear the motion to minimize any effects of the withdrawal, should the Court grant the motion.

## II. ARGUMENT

### A. An Order Shortening Time is Appropriate Here Due to the Conflict and Upcoming Deadlines

Pursuant to Federal Rules of Civil Procedure Rule 6(c)(1)(c), a written motion and notice of the hearing must be served on all parties at least 14 days before the time specified for the hearing, with the following exceptions:

(A) When the motion may be heard *ex parte*;

(B) When these rules set a different time; or

(C) When a court order---which a party may, for good cause, apply for *ex parte*---sets a different time.

Defendants' counsel seeks this relief due to the conflict that has been identified, and the upcoming deadlines and trial date set forth in this Court's modified scheduling order. (Doc. 45)

In the present situation, the facts giving rise to the conflict and upcoming deadlines rise to the necessity of an order shortening time and demonstrated and alleged in the Motion to Withdraw as counsel, the Declaration of Deputy Attorney General Ashley Reyes filed under seal, and the Declaration of Lee Roistacher, filed December 4, 2025. (Docs. 48 & 49.) Briefly, the conflict of interest which has arisen between Defendants and counsel requires counsel to withdraw from representing the Defendants in this action. Counsel attempted to identify ethical and

legally permissible methods of waiving the conflict but are unable to do so. Defendants' counsel has taken prompt action to inform its clients, who obtained replacement counsel.

In light of the conflict of interest, the upcoming deadlines and trial date, and for the reasons set forth in the Declaration of Deputy Attorney General Ashley Reyes, Defendants' counsel, it is necessary for this motion to be heard on an expedited basis.

An order shortening time will allow new counsel to come into the case and get up to speed as quickly as possible to expedite the withdrawal as much as possible, including allowing new counsel to handle the discovery that was the subject of this Court's recent order granting a limited continuance to pursue additional discovery into specific records, (Doc. 45) reviewing the case file and evidence prior to the upcoming cutoff dates, participating in upcoming court proceedings, and preparing for trial. Because the first available normally noticed hearing date is not until January 2025, this would mean that new counsel would not be able to realistically take over handling this case until sometime later in January 2025, as the case files and evidence will need to be transferred over to replacement counsel and reviewed by counsel. By advancing the hearing date on the motion to withdraw. Defendants' counsel anticipates that the records, files and evidence will be able to be transferred prior to the end of the year, and prior to the holiday period.

Accordingly, this Court should grant Counsel's application for an *ex parte* Order Shortening Time.

**B.  There Is No Prejudice to the Parties By Advancing the Hearing Date On This Motion.**

Although Defendants' counsel anticipates that Plaintiffs will continue to oppose the motion to withdraw, there is not prejudice to the parties by advancing the hearing date. Significantly, no opposition has been filed by the Defendants' clients in this case, and Defendants' clients have already identified substitute

counsel to replace the Attorney General's Office in this case as a result of this conflict. Accordingly, no prejudice would arise to the Defendants in this case as a result of either the request to advance the hearing on the motion, or by way of ultimately granting the motion to withdraw filed by the Attorney General's Office.

Instead, the only opposition has been filed by the Plaintiffs, in response to the motion to file under seal (Doc. 46), Plaintiffs' counsel has already filed what they identify as their opposition to the motion to withdraw and have identified their arguments relating to Defendants' counsel's motion to withdraw. None of the arguments advanced by Plaintiffs in their opposition support a denial of the Defendants' counsel's motion to withdraw, as the motion to withdraw is based upon actual ethical conflicts that have arisen, and continue to exist, only recently. Plaintiffs additionally have failed to identify any way by which they would be actually prejudiced by the granting of the withdrawal motion, and Plaintiffs' opposition to the withdrawal appears premised upon tactical considerations for trial, including forcing the Attorney General's Office to continue representing the Defendants in this case despite the existence of a recognized ethical conflict, rather than actual considerations of actual prejudice to their clients. Granting this request would actually serve to further this case along more quickly toward trial preparation, to the benefit of all parties.

## LOCAL RULE 7-19 COMPLIANCE

Prior to filing this *ex parte* application, defense counsel contacted Plaintiffs' counsel of record, Shannon Leap, of the Law Offices of Dale Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, 91367, (818) 347-333, (sleap@galipolaw.com), in compliance with Local Rule 7-19 through 7-19.1. (Reyes Decl., ¶6.)

It is Defendants' understanding that Plaintiffs will not oppose this Application but have requested that their office have time to file an opposition to the motion to withdraw by December 13, 2024, and a hearing date on or before

5

December 20, 2024. (*Id.*) Defendants are filing this application due to the current conflict of interest, as well as the upcoming deadlines and trial date.

### III. CONCLUSION

For the reasons set forth above, this Court should grant Defendants' Motion for an *ex parte* application for an Order Shortening Time.

Dated: December 6, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 986 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 6, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Ramon Silva*

# CERTIFICATE OF SERVICE

Case Name:  **Sandra Kirkman, et al. v. State of California, et al.**   No.   **2:23-cv-07532-DMG-SSC**

I hereby certify that on <u>December 6, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO WITHDRAW AS COUNSEL [DOCS. 48 & 49]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 6, 2024</u>, at Fresno, California.

| Carrie Vue | */s/ Carrie Vue* |
|---|---|
| Declarant | Signature |

LA2023603259
95605782.docx