Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Shannon J. Leap, Esq. (SBN 339574)
sleap@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>Assigned to:<br>*Hon. Dolly M. Gee*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO WITHDRAW AS COUNSEL** |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR MOTION TO WITHDRAW AS COUNSEL

## I. INTRODUCTION

Plaintiffs hereby oppose Defendants' Ex Parte Application for an Order Shortening Time to Hear their Motion to Withdraw as Counsel on the grounds that (1) advancing the hearing would deprive Plaintiffs of the time permitted to oppose the Motion to Withdraw pursuant to Central District Local Rule 7-9 and this Court's Standing Order and (2) Plaintiffs' lead trial counsel, Mr. Galipo, will be unavailable between Monday, December 23, 2025, and Thursday, January 2, 2025. If this Court is able to grant Defendants' instant Ex Parte Application in a way that allows Plaintiffs to file their opposition Defendants' Motion to Withdraw up until December 13, 2024 (the date that Plaintiffs' opposition is currently due) *and* advances the hearing to a date occurring on or prior to Friday, December 20, 2024, so that Mr. Galipo can appear at the hearing, then and only then do Plaintiffs not oppose Defendants' instant Ex Parte Application.

## II. BRIEF PROCEDURAL HISTORY

On November 27, 2024, Defendants filed an Ex Parte Application for an Order Granting Leave to File Documents Under Seal relating to their anticipated Motion to Withdraw. (Dkt. No. 44). On November 29, 2024, Plaintiffs filed an opposition to Defendants' Ex Parte Application for an Order Granting Leave to File Documents Under Seal. (Dkt. No. 46). Defendants filed their Motion to Withdraw and Request to Modify Scheduling Order on December 4, 2024. (Dkt. No. 48). Defendants filed their Motion to Withdraw as a regularly noticed motion with a hearing date of January 3, 2025, at 9:30 a.m. (Dkt. No. 48). Pursuant to Central District Local Rule 7-9, Plaintiffs' opposition to Defendants' Motion to Withdraw must be filed no later than December 13, 2024. Contrary to the assertions in Defendants' Ex Parte Application,

Plaintiffs have not yet filed their opposition to Defendants' Motion to Withdraw. Plaintiffs intend to file an opposition to Defendants' Motion to Withdraw on December 13, 2024.

### III.  LEGAL STANDARDS

A proper ex parte motion contains two distinct parts: "[t]he first part should address only why the regular noticed motion procedures must be bypassed [and t]he second part consists of papers identical to those that would be filed to initiate a regular noticed motion." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492; *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief); *Erichsen v. Cnty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (mem.) (noting that appellants failed to meet threshold requirement for *ex parte* relief by failing to establish that they were "without fault in creating the crisis that requires ex parte relief" (quoting *Mission Power*, 883 F. Supp. at 492)).

Central District Local Rule 7-9 (Opposing Papers) states:

> Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

### IV. ARGUMENT

By way of their instant Ex Parte Application, Defendants now move this Court to hear their Motion to Withdraw "as soon as possible." In doing so, Defendants essentially purport to turn their regularly noticed Motion to Withdraw into yet another ex parte application. Defendants do not meet the requirements for requesting ex parte relief. Defendants offer no information regarding why they are without fault for creating this crisis themselves, such that this issue could not have been brought as a regularly noticed motion. Indeed, Defendants *did* file their Motion to Withdraw as a regular motion. This Court should not permit Defendants to circumvent the proper use of an ex parte application by shortening this Court's time to hear or Plaintiffs' time to oppose what was noticed as a regular motion. Nothing has changed since the time that Defendants filed their Motion to Withdraw as a regular motion on December 4, 2024. At the time that Defendants filed their Motion to Withdraw, they had the same desire expressed in their instant Ex Parte Application—to have new counsel take over the case as soon as possible. Furthermore, several of the instances that defense counsel has raised as examples of evidence of a purported conflict existed prior to the motion filing deadline, further evidencing that ex parte relief is not appropriate and the hearing this matter should not be advanced.

In addition to contesting Defendants' improper use of the ex parte procedure, Plaintiffs oppose Defendants' request for an order shortening time to the extent that advancing the hearing date will deprive Plaintiffs of the time provided to file an opposition pursuant to Central District Local Rule 7-9. This Court's Standing Order instructs that "Motions shall be filed in accordance with Local Rule 7." (Dkt. No. 8). Defendants now attempt to circumvent this Court's Standing Order and the Local Rules by relying on Federal Rules of Civil Procedure, Rule 6(c)(1)(c) to shorten Plaintiffs' time to oppose Defendants' Motion to Withdraw and shorten this Court's time to prepare for the hearing. If this Court grants Defendants' Ex Parte Application

for an Order Shortening Time and advances the hearing to a date that triggers Plaintiffs' opposition to the Motion to Withdraw to be filed earlier than December 13, 2024, then Plaintiffs will be prejudiced by not having sufficient time to oppose Defendants' Motion.

Plaintiffs further oppose Defendants' Ex Parte Application for an Order Shortening Time to the extent that it contemplates the hearing on the Motion to Withdraw to be advanced to a date between Monday, December 23, 2024, and Thursday, January 2, 2025. Plaintiffs' lead trial counsel, Dale K. Galipo, intends to appear on behalf of Plaintiffs at the January 3, 2025, hearing on the Motion to Withdraw. Given the upcoming holiday season, Mr. Galipo will be unavailable between December 21, 2024, and January 2, 2025. If this Court grants Defendants' Ex Parte Application for an Order Shortening Time and advances the hearing to a date when Mr. Galipo is unavailable, then Plaintiffs will be prejudiced by not having the opportunity to have their lead trial counsel appear at the hearing.

The only way that granting Defendants' Ex Parte Application for an Order Shortening Time will not result in prejudice to Plaintiffs is if this Court orders that (1) Plaintiffs' opposition to Defendants' Motion to Withdraw remains due on December 13, 2024; and (2) this Court advances the hearing to a date occurring on or before December 20, 2024. Accordingly, Plaintiffs oppose Defendants' Ex Parte Application for an Order Shortening Time if granting the Ex Parte Application would result in (1) Plaintiffs being required to file their opposition to the Motion to Withdraw prior to December 13, 2024; and/or (2) the hearing being advanced to a date where Mr. Galipo is unavailable. The available dates thus appear to fall between Monday, December 16, 2024, and Friday, December 20, 2024, which would not allow this Court a meaningful amount of time to review the Motion to Withdraw and opposition thereto. Additionally, Defendants' arguments that advancing the hearing date by a week or two would "allow new counsel to come into the case and get up to speed as

quickly as possible to expedite the withdrawal as much as possible" are uncompelling. (Dkt. No. 50:8-9). Defendants' argument that "[b]y advancing the hearing date on the motion to withdraw. [sic] Defendants' counsel anticipates that the records, files and evidence will be able to be transferred prior to the end of the year, and prior to the holiday period" also places an undue burden on this Court to rush a ruling on the Motion.

## V.   CONCLUSION

For each of these reasons, Plaintiffs respectfully request that this Court DENY Defendants' Ex Parte Application for an Order Shortening Time.

Dated:  December 9, 2024                    **LAW OFFICES OF DALE K. GALIPO**

By: _____*Shannon J. Leap*_____
Dale K. Galipo, Esq.
Shannon J. Leap
*Attorneys for Plaintiffs*