UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7532-DMG (SSCx)** | Date | December 12, 2024 |
|---|---|---|---|

| Title | ***Sandra Kirkman, et al., v. State of California, et al.*** | Page | 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)      Attorneys Present for Defendant(s)
None Present                             None Present

**Proceedings: [IN CHAMBERS] ORDER GRANTING MOTION TO SHORTEN TIME AND REGARDING HEARING ON MOTION TO WITHDRAW [48, 50]**

Attorney Ashley Nicole Reyes and the California Office of the Attorney General move to withdraw as counsel for Defendants the State of California and Ramon Silva in this civil rights action. MTW [Doc. # 48.] Defendants also move to advance the January 3, 2025 hearing on the MTW. [Doc. # 50.] In addition, the MTW incorporates a request to continue all case deadlines by 180 days in order to allow new counsel to familiarize themselves with the case materials.

"A motion for leave to withdraw must be made upon written notice given reasonably in advance *to the client* and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2 (emphasis added). "The motion for leave to withdraw must be supported by good cause." *Id.* Defense counsel seeks to withdraw based on a conflict of interest. MTW at 3. Defense counsel states that she has identified substitute counsel, and attorney Lee H. Roistacher of Dean Gazzo Roistacher LLP filed a declaration in which he states that he has been asked to take the case but requires a continuance in order to acquiesce to the representation. [Doc. # 48-1]. Defense counsel also states that she has served a copy of the MTW on her clients. MTW at 2.

Defense counsel shall serve a copy of this Order on Defendants. Defense counsel is further ordered to notify both Defendants that if a request for substitution of counsel *that identifies an attorney who will represent them* is not filed before the hearing (which would obviate the need for the hearing), Defendant Silva and a representative of the State of California must personally appear for the hearing on the motion to withdraw.[1]  **Their failure to appear at the hearing may result in the entry of default against Defendants.**  Moreover, the State must be represented by an attorney in this action. *See* L.R. 83-2.2.2.

---

[1] All hearings in this Court are in person unless the Court grants permission otherwise. For instructions to request permission to appear remotely, see https://www.cacd.uscourts.gov/honorable-dolly-m-gee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-7532-DMG (SSCx) | Date | December 12, 2024 |
|---|---|---|---|
| Title | Sandra Kirkman, et al., v. State of California, et al. | Page | 2 |

      **The Court *sua sponte* advances the hearing date on the motion to withdraw to December 20, 2024 at 9:30 a.m.**[2]  No later than **December 17, 2024,** defense counsel shall file (1) a proof of service indicating service of this Order on Defendants and (2) a declaration regarding the status of compliance with this Order.  The motion to shorten time is **GRANTED** as set forth herein, and any opposition to the MTW shall be filed no later than December 17, 2024.

**IT IS SO ORDERED**.

---

      [2] Defendants request to advance the hearing to a date earlier than January 2025 so that, if their MTW is granted, new counsel can "come into the case and get up to speed as quickly as possible." [Doc. # 50 at 4.] Plaintiffs oppose the motion to shorten time, with the caveat that they do not oppose advancing the hearing to December 20 or earlier, if they may file their opposition to the MTW by December 13, 2024.  [Doc. # 51].