**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Shannon J. Leap (Bar No. 339574)
sleap@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>Assigned to:<br>Hon. Dolly M. Gee<br>Hon. Magistrate Stephanie S. Christensen<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR WITHDRAWAL AND TO MODIFY THE SCHEDULING ORDER**<br><br>Date: December 20, 2024<br>Time: 9:30 a.m.<br>Courtroom: 8C<br>Judge: Honorable Dolly M. Gee<br>Trial Date: 04/15/2025<br>Action Filed: 7/28/2023 |

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

## I. INTRODUCTION

This Court should deny Defendants' motion for withdrawal and motion to modify the scheduling order. Defendants have known from the initiation of this case that the Attorney General's Office would be representing the State of California by and through the California Highway Patrol ("CHP") and Officer Silva. Defense counsel, the Attorney General's Office ("AGO"), has also known that another one of their clients, the California Department of Justice Police Shooting Investigation Team ("CaPSIT") conducted an independent investigation of the shooting, as required by AB 1506 and that the investigation began on the date of the incident.

The motion should also be denied because Defendants do not establish good cause for withdrawal based on a purported conflict under California Rules of Professional Conduct 1.7. Defendants also do not establish good cause to extend all of the dates and deadlines in this case by six months, as Federal Rule of Civil Procedure, Rule 16 requires. The California Department of Justice's ("DOJ") investigation, through the CaPSIT unit, is completed. The CaPSIT unit concluded that it would not criminally charge Officer Silva for his use of deadly force against Decedent, John Alaniz ("Mr. Alaniz"). This outcome is consistent with the CHP and Officer Silva's position in the instant federal civil case. Defense counsel's argument that a purported conflict exists lack merit and even if these reasons did constitute a conflict, they do not establish any changed circumstances such that Defendants could not have filed this motion months ago, or even at the outset of this case. It is unclear from Defendants' moving papers how or whether the DOJ is a client of the AGO's, and in what capacity the AGO represents the DOJ, if at all. If Defense Counsel is permitted to withdraw as counsel due to a conflict arising from the Attorney General's Office joint representation of the defendants in this case and the

DOJ in other cases, such a conflict would exist in all cases involving a CHP officer-involved shooting of an unarmed civilian. The Attorney General's Office has established internal ethical wall to prevent against this exact scenario. Nevertheless, if these are the circumstances constituting cause for withdrawal, Defense Counsel should have requested leave to withdraw at the beginning stages of this case.

In addition, Defendants fail to establish good cause to modify the scheduling order and extend all dates, including the trial date by six months. Not only has the Court already modified the scheduling order (Dkt. No. 45), including extending the fact discovery cutoff and the expert disclosure and discovery deadlines, but the parties had already completed fact discovery and retained experts. Defendants request that substitute counsel have six months to review the discovery documents in the case, which is an unreasonably long delay in the resolution of this case. In fact, substituted counsel will have the benefit of fact discovery being nearly complete, experts retained and able to be disclosed by the current initial disclosure date of January 14, 2025, and trial calendared for over four months away. Therefore, regardless of how the Court rules on Defendants' motion to withdraw, the Court should deny Defendants' motion to modify the scheduling order, for failure to establish good cause.

## II.   LEGAL STANDARD

An attorney may withdraw as counsel with leave of court. *See Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 16-cv-1602 ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). Additionally, pursuant to Local Rule 83-

2.3.2, "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."

Additionally, Federal Rule of Civil Procedure, Rule 16, states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify the schedule must show good cause and diligence in meeting Federal Rule of Civil Procedure 16's requirements. *See* Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking modification of the scheduling order). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *Johnson*, 975 F.2d at 609. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 875 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify a scheduling order. *Id.* However, "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic,* 302 F.3d at 1087 (citation omitted); *see also Johnson,* 975 F.2d at 609.

### III. ARGUMENT

#### A. A TRUE CONFLICT UNDER CALIFORNIA RULE OF PROFESSIONAL CONDUCT 1-7 DOES NOT EXIST.

California Rule of Professional Conduct, Rule 1.7(a) provides "a lawyer shall not, without informed written consent from each client and compliance with

paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter." CA ST RPC Rule 1.7. Defense counsel, the Attorney General's Office, represents both the DOJ in some cases, and the CHP and Officer Silva in the instant case. It is unclear from Defendants' motion in what capacity the AGO represents the DOJ. Defense counsel argues that a conflict has arisen because the DOJ has taken an adverse position against the CHP and Officer Silva, presumably by not permitting Defendants' retained experts to inspect physical evidence at the time noticed in Defendants' subpoena demanding the inspection. This does not constitute an adverse position, nor does it constitute a conflict requiring withdrawal of counsel.

Rather, the DOJ's refusal to permit inspection of evidence was due to a scheduling or logistical error, as the items were only permitted to be inspected in a crime lab, but the necessary arrangements for that inspection had not been made, for unclear reasons. (See Declaration of Shannon J. Leap, Dkt. No. 46-1 at ¶ 3-4). At the meeting where the DOJ law enforcement personnel brought the box of items of evidence, they stated that counsel could reschedule the inspection and the items would be made available at the crime lab to protect the integrity of the evidence. *Id.* These circumstances do not constitute an adverse position between clients and do not rise to the level of a conflict of interest.

Defense Counsel also argues that they received objections to their requests for the documents produced pursuant to Plaintiffs' July 31, 2024 subpoena to the DOJ requesting the investigative file following the conclusion of the CaPSIT. Defendants provide no information as to when they received these objections, nor the nature of these objections. Moreover, the DOJ produced the documents to plaintiffs on September 13, 2024 and defendants have also not served any request for production of documents on Plaintiffs for the production of the documents produced pursuant to the aforementioned subpoena.

Defense Counsel also notes that they will need to scrutinize the DOJ's investigation of the incident in order to effectively represent their clients, CHP and Officer Silva. It is again unclear the need or purpose of this scrutiny, especially when the DOJ CaPSIT unit concluded that criminal charges would not be brought against Officer Silva – a position consistent with Defendants' position in this civil case. Moreover, the DOJ is not a party to this civil rights case; has already published its findings regarding its investigation, concluding that it will not charge Officer Silva with criminal charges; has not notified any party that the investigation results are being reconsidered or reopened; or that any new evidence has come to light such that circumstances of the investigation or its outcome are being reconsidered.

Finally, the circumstances that Defense Counsel describes as constituting a conflict in this case can potentially exist in any case in which an unarmed civilian is shot and killed by a CHP officer, requiring that the California DOJ investigate the shooting, pursuant to AB 1506 and that Deputy Attorneys General from the Office of the Attorney General would represent the involved officers and the California Highway Patrol. In the years since the passing of AB 1506, Plaintiffs' Counsel, Mr. Dale K. Galipo, has litigated many cases involving the CHP and an officer-involved shooting of an unarmed civilian, requiring the DOJ to conduct an independent investigation. This is the first time the AGO's office has requested leave to withdraw due to a purported conflict in a case where Mr. Galipo represents the Plaintiffs. Inviting such a conflict of interest was not the intent of AB 1506, and Defendants should not now be allowed at this late stage of the case to cause further delay due to information that they have had for the entire duration of the case.

## B. GOOD CAUSE DOES NOT EXIST TO MODIFY THE SCHEDULING ORDER.

When a party "seeks to continue dates set by the court at a scheduling conference, it must first show 'good cause' for modification of the scheduling order

under Rule 16(b)." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Additionally, as the Court states in its Initial Standing Order (Dkt. No. 8), it is important that this Court's schedule, docket, and trial schedule are understood as firm. This ensures that the Court and all parties are able to litigate the case with an understanding that the deadlines are to be followed and respected. In their motion, Defendants have not met their burden to establish that good cause exists to modify the scheduling order. The conditions which Defendants argue merit withdrawal of counsel have existed for the entire duration of the case (i.e. Defense Counsel represents both the DOJ in some cases, and represents the CHP and Officer Silva in this case). Defendants therefore cannot establish that they have exercised diligence in timely bringing this motion, so as to avoid the need to modify the court's scheduling order. Moreover, the specific reasons Defendants cite as constituting a conflict occurred on November 21, 2024 in one instance, and Defendants fail to provide any timeline for the other instances. Defendants bear the burden of establishing that they have acted with diligence, and therefore have not established good cause sufficient to merit modifying the scheduling order.

Additionally, Defendants will not suffer any prejudice from a denial of their request to modify the Scheduling Order. Defendants have deposed both Plaintiffs, the Decedent's grandparents (who are not parties to this action or witnesses to the incident), and two of percipient witnesses to the shooting. Plaintiffs have also deposed Defendant Silva, as well as Officer Van Dragt, who was a percipient witness to the shooting and had a similar position and perspective to Defendant Silva but deployed his taser instead of his firearm at Decedent because he recognized that the object in Decedent's hand was not a firearm. Prior to the DOJ's production of documents responsive to Plaintiffs' subpoena, Defendants were in custody of, and produced many records, including: audio recordings of the 911 calls and dispatch channels, Defendant Silva's body worn video camera footage, dashcam

footage from the semi-truck that Decedent jumped in front of prior to the shooting, volumes of scene photos, Defendant Silva's and Officer Van Dragt's post-incident interview transcription, crime scene logs, and other materials from the investigative file.

Furthermore, Defendants have made no showing as to why substitute counsel would need six months to conduct additional discovery and prepare the case for trial, especially considering that experts have long-been retained and fact discovery – by Defendants' own account – is near complete. Though substitute counsel has provided a declaration in support of Defendants' motion to withdraw and modify the scheduling order, substitute counsel has provided no basis, apart from vague assertions of their need to review the documents in the case, to support a six-month extension of all dates and deadlines, including the trial. Moreover, since the Court granted Defendants' *ex parte* application to extend the fact discovery cutoff and other related deadlines on November 27, 2024 (Dkt. No. 45), Defendants have not propounded any additional discovery, noticed any additional depositions, or served any additional subpoenas.

Conversely, a six-month delay in the resolution of this case would prejudice plaintiffs. Plaintiffs have diligently conducted and cooperated with discovery throughout the duration of this case. Courts routinely acknowledge the interest plaintiffs have in expeditious litigation, recognizing that stays create a "danger of denying justice by delay." *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). This is in part because delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); see also *Est. of Lopez v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547 at *4 (N.D. Cal. Apr. 26, 2016) ("Nearly 14 months have passed since the shooting of Perez Lopez, and the Court agrees with Plaintiffs that the memories of witnesses, especially those

who may not be cooperating with the SFPD, may fade with time."). Here, Plaintiffs will have waited nearly three years for the trial in this case, since the death of their son in May 2022. Defendants request the Court to continue the trial an additional six months – a request the court has already denied upon a prior application – from April 15, 2025 to October 2025. Although Defendants argue that because fact discovery is nearly closed, the risk of witnesses' memories fading is low, this argument fails to acknowledge the risk of witnesses' memories fading between now and October 2025. Plaintiffs should not now be punished by an extensive and unwarranted delay to have their day in court, especially when this case is not particularly complicated. The subject incident was captured on video, the Defendant officer, Plaintiffs, Decedent's grandparents, and percipient witnesses have been deposed, and experts have been retained. Defendants should not now be allowed at this late stage of the case to cause further delay due to information that they have had for the entire duration of the case.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Withdrawal and to Modify the Scheduling Order in its entirety.

Respectfully submitted,

DATED:  December 17, 2024        LAW OFFICES OF DALE K. GALIPO

By _____/s/ Shannon J. Leap_____
Dale K. Galipo
Shannon J. Leap
Attorneys for Plaintiffs