Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
        ksullivan@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date:    February 7, 2025<br>Time:    9:30 a.m.<br>Dept:    8C<br>Judge:   Hon. Dolly M. Gee<br><br>Complaint Filed: July 28, 2023<br>Trial Date: April 15, 2025 |

///

///

///

///

///

///

///

///

///

///

///

1

**TABLE OF CONTENTS**

I.   INTRODUCTION…………………………………………………………4

II.  GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER….5

III. CONCLUSION……………………………………………………………9

# TABLE OF AUTHORITIES

**Cases**

*Burnett v. Duna USA Inc.*
　2023 U.S. Dist. LEXIS 157838 (C.D. Cal. Sep. 5, 2023)..................6, 7

*Coleman v. Metro. Gov't of Nashville*
　2018 U.S. Dist. LEXIS 130904 (M.D. Tenn. Aug. 3, 2018)..................6

*Doerken v. USAA Sav. Bank*
　2017 U.S. Dist. LEXIS 63474 (C.D. Cal. Apr. 26, 2017)..................9

*Exp.-Imp. Bank of Korea v. ASI Corp.*
　2018 U.S. Dist. LEXIS 177033 (C.D. Cal. 2018)..................6, 8

*Johnson v. Mammoth Recreations*
　975 F.2d 604 (9th Cir. 1992)..................6

*Mighty Enters. Inc. v. She Hong Indus. Co.*
　2015 U.S. Dist. LEXIS 194795 (C.D. Cal. 2015)..................7

*Monster Energy Co. v. Vital Pharms., Inc.*
　2022 U.S. Dist. LEXIS 239586 (C.D. Cal. Feb. 4, 2022)..................6

*Penk v. Or. State Bd. of Higher Educ.*
　816 F.2d 458 (9th Cir. 1987)..................5

*Shields v. Dollar Tree, Inc.*
　2023 U.S. Dist. LEXIS 213409 (S.D. Cal. Nov. 29, 2023)..................7

*Silbaugh v. Buttigieg*
　2021 U.S. Dist. LEXIS 154771 (W.D. Wash. May 25, 2021)..................8

*Zivkovic v. S. Cal. Edison Co.*
　302 F.3d 1080 (9th Cir. 2002)..................5, 6

**Statutes**

Fed. R. Civ. P. 16(b)..................6

I. **INTRODUCTION**

Not by choice and through no fault of their own, defendants State of California by and through California Highway Patrol and Ramon Silva were *forced* to obtain new counsel when the California Attorney General's Office ("AGO") *declared it had a conflict with itself* and would no longer represent defendants. See Doc. 49 (Reyes Declaration); Lloyd Declaration, ¶¶ 3-5; Roistacher Declaration, ¶ 5.

The AGO issued its conflict letter to defendants on November 20, 2024, Lloyd Declaration, ¶ 5, nearly 16 months after this multi-plaintiff civil rights/wrongful death officer involved shooting case was filed in state court and 13 months after it was removed to this Court. See Doc. 1. As is required, defendants were represented by the AGO from commencement to withdrawal. Lloyd Declaration, ¶¶ 2-3. This late conflict declaration and withdrawal is obviously prejudicial to defendants.

Immediately upon the AGO's conflict declaration, which is required before defendants can utilize counsel other than the AGO, defendants diligently attempted to obtain substitute counsel from an extremely limited pool of attorneys that defendants can retain and utilize in cases like this one. Lloyd Declaration, ¶¶ 4, 6-9.

New counsel formally substituted into the case on December 18, 2024 when this Court granted the OAG's motion to withdraw. Doc. 58. The AGO is in the process of transferring massive amounts of file material to new counsel. Roistacher Declaration, ¶¶ 11-13. New counsel has and will continue to diligently review all material when obtained but the amount its daunting. *Id.*

///
///
///
///

4

1    Defendants are not seeking modification of the scheduling order for any
2    dates other than the March 18, 2025 final pretrial conference (and related "trial
3    filings") and the April 15, 2025 trial date.[1]
4    Defendants seek a 90-day continuance of the March 18 and April 15, 2025
5    final pretrial conference and trial dates to allow counsel time to receive, review
6    and fully analyze all case material to be sufficiently prepared to make critical
7    factual and legal decisions on liability and damages required to prepare the "trial
8    filings" and prepare for trial while at the same time working to meet the other
9    deadlines, including the dispositive motion filing deadline.  Roistacher
10   Declaration, ¶¶ 7, 11-21.
11   Again, defendants did not choose to switch counsel.  Defendants had no
12   choice in the matter, and it would be inequitable to punish defendants for the
13   AGO's untimely conflict declaration.  Defendants acted diligently in obtaining
14   new counsel, and this motion was diligently brought.  *See* Roistacher
15   Declaration; Lloyd Declaration.
16   Under the circumstances here, good cause exists to modify the scheduling
17   order to continue for 90 days the March 18 and April 15, 2025 final pretrial
18   conference and trial dates (which would continue the corresponding deadlines for
19   "trial documents").  *See* Roistacher Declaration, Lloyd Declaration.  It is the fair
20   and equitable thing to do, and this Court should exercise its discretion and do so.

21   **II.    <u>GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER</u>**
22   "The district court is given broad discretion in supervising the pretrial
23   phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th
24   Cir. 2002).  "The court has broad discretion in fashioning appropriate scheduling

---

[1] Defendants recognize seeking a 180-day continuance of all scheduling order dates in its motion to withdrawal and motion to modify the scheduling order, Doc. 48, and that this Court denied the later.  Doc. 58.  This motion by defendants, with new counsel, seeks significantly more limited relief and new counsel believes he is obligated to seek relief.  Roistacher Declaration, ¶ 14.

orders." *Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987).

"In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" *Zivkovic,* 302 F.3d at 1087 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 16(b). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth*, 975 F.2d at 609. "If the moving party was not diligent, the inquiry ends." *Id.*

Defendants acknowledge obtaining new counsel does not automatically constitute good cause to modify the scheduling order. *See Monster Energy Co. v. Vital Pharms., Inc.,* 2022 U.S. Dist. LEXIS 239586, at *25 (C.D. Cal. Feb. 4, 2022).

But as a discretionary decision, courts certainly find "good cause" to modify a scheduling order when a party obtains new counsel, particularly when a party *is forced* to do so. *See, e.g., Exp.-Imp. Bank of Korea v. ASI Corp.,* 2018 U.S. Dist. LEXIS 177033, at *7 (C.D. Cal. 2018) (where counsel withdrew due to conflict, good cause to modify scheduling order exists where "the just resolution of this action will benefit from taking steps to ensure the facts are fully developed and the parties are fully prepared for trial"); *Coleman v. Metro. Gov't of Nashville*, 2018 U.S. Dist. LEXIS 130904, at *7 (M.D. Tenn. Aug. 3, 2018) ("The court finds that withdrawal of plaintiff's former counsel, the engagement of new counsel, and the extension of the deadlines for conducting depositions and filing dispositive motions, along with the continuance of the trial date, qualify as sufficient 'good cause' to justify modifying the written discovery deadline and limitations."); *see also Burnett v. Duna USA Inc.*, 2023 U.S. Dist. LEXIS 157838, at *3-4 (C.D. Cal. Sep. 5, 2023) ("In any event, the fact that

plaintiff's new counsel needs time to prepare and conduct discovery is sufficient to establish good cause to extend the case deadlines."); *Shields v. Dollar Tree, Inc.*, 2023 U.S. Dist. LEXIS 213409, at *4 (S.D. Cal. Nov. 29, 2023) ("The need to find new counsel—and allow said counsel time to prepare—can constitute good cause to extend case deadlines.") (citing *Burnett*, 2023 U.S. Dist. LEXIS 157838, at *3-4); *Mighty Enters. Inc. v. She Hong Indus. Co.*, 2015 U.S. Dist. LEXIS 194795, at *9 (C.D. Cal. 2015) (finding "sufficient good cause" to extend trial and pretrial deadlines where plaintiff retained new counsel).

CHP, as a state agency, is not like a regular litigant. CHP does not have its choice of counsel. Lloyd Declaration, ¶ 4. CHP must use the AGO unless there is a conflict. *Id.* Conflicts arise in less than 99% of the cases involving CHP and its officers. *Id.* Thus, CHP has very limited relationships and experience with counsel outside the AGO. *Id.*

When a conflict does arise, CHP looks to a very shallow pool of attorneys outside of the AGO that CHP has previously vetted, approved and used and, for this case, CHP turned to its even shallower pool of counsel it has vetted, approved and used in officer involved civil rights cases like this one. Lloyd Declaration, ¶¶ 4-5; Roistacher Declaration, ¶ 6.

CHP turned to new counsel, an attorney with decades of experience defendant government entities and employees in federal court civil rights cases. Roistacher Declaration, ¶¶ 4-5; Lloyd Declaration, ¶ 6. New counsel has a long-term relationship with the CHP and has served as conflict counsel many times since 2012. Lloyd Declaration, ¶ 6; Roistacher Declaration, ¶ 4.

Notably, new counsel initially declined representation because of the scheduling order dates and press of other business – including a date certain trial commencing on February 4, 2025. Roistacher Declaration, ¶ 7; Lloyd Declaration, ¶ 7.

///

After repeated requests and after learning CHP had no other counsel it could retain for this case, new counsel agreed to the representation if the Court continued the scheduling order dates, *see* Doc. 52, p. 1. Roistacher Declaration, ¶ 8; Lloyd Declaration, ¶¶ 8-9.

Thereafter, in the face of the potential ramifications articulated by this Court in its December 12, 2024 order – including entry of default against defendants – new counsel agreed to the representation and executed a substitution of attorney forms, Docs. 54, 55, out of loyalty to CHP and his belief it was the professional thing to do despite the difficulty the current dates posed, Roistacher Declaration, ¶¶ 9-10.

Defendants exercised diligence in obtaining new counsel – a choice not made by defendants – and "the just resolution of this action will benefit from taking steps to ensure the facts are fully developed and the parties are fully prepared for trial." *Exp.-Imp. Bank of Korea*, 2018 U.S. Dist. LEXIS 177033, at *7.

With the final pretrial conference on March 18, the deadline for submission of "trial material" and motions in limine is March 4. *See* Doc. 45. Indeed, under the local rules and this Court's scheduling order, the parties have to meet and confer about and collaborate on the "trial material" well in advance of March 4. Doc. 25, p. 8; Local Rule 16-2. To be sure, the date to exchange proposed jury instructions, special verdict forms, and voir dire is January 30 - *just 43 days* after new counsel entered the case. *Id.* Even more, a settlement conference is set for January 15 and the dispositive motion filing deadline is January 24, 2025 (dates defendants, notably, *are not* seeking to continue). *See* Doc. 45. And expert disclosures are currently January 14, 2025. *Id.*

Good cause exists to continue the final pretrial conference and trial dates 90-days, Roistacher Declaration, ¶¶ 11-21. *See Silbaugh v. Buttigieg*, 2021 U.S. Dist. LEXIS 154771, at *4-5 (W.D. Wash. May 25, 2021) ("Plaintiff had the

burden of demonstrating diligence in seeking to modify the scheduling order—one way to do so would have been to convince the Court that her new counsel needed more time to prepare for trial and that this new counsel was the only counsel available after a diligent search, or that this counsel had unique expertise for this case.").

Plaintiffs will certainly oppose this motion.

Plaintiffs may argue, as they did in opposing the AGO's motion to withdraw, that there was no conflict or the AGO waited too long to declare a conflict. Defendants themselves acknowledge both points, but whether or not either is accurate is irrelevant at this point because the *AGO made both decisions*.

Plaintiffs may also argue their lead counsel's trial schedule is booked solid for the foreseeable future, another point raised in opposition to the AGO's motion to withdraw. Again, defendants acknowledge the point but believe something could have been worked out, but counsel was unwilling to consider continuing the final pretrial conference and trial dates. Roistacher Declaration, ¶ 3.

While plaintiffs may claim prejudice if the dates are continued, there really is none. The continuation will not result in any loss of evidence or pose a risk to fading memories of witnesses because most fact discovery is done and expert discovery will continue as currently scheduled. And the continuance does not in any way impact plaintiffs' damages (all non-economic) because they are now what they always will be. *Cf., Doerken v. USAA Sav. Bank*, 2017 U.S. Dist. LEXIS 63474, at *4 (C.D. Cal. Apr. 26, 2017) ("courts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages").

### III. CONCLUSION

Defendants believe they have established "good cause" and request this Court exercise its discretion and grant this motion to alleviate the prejudice to

defendants caused by the AGO's unilateral conflict declaration right before the most critical phase of the litigation.

Dated: January 3, 2025                Dean Gazzo Roistacher LLP

                                      By: */s/ Lee H. Roistacher*
                                      Lee H. Roistacher
                                      Kimberly A. Sullivan
                                      Attorneys for Defendants
                                      State of California by and through
                                      California Highway Patrol and
                                      Officer Ramon Silva

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Motion To Modify Scheduling Order contains 1,878 words, which:

  X   complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: January 3, 3025                */s/ Lee H. Roistacher*
                                      Lee H. Roistacher , declarant