Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:  lroistacher@deangazzo.com
         ksullivan@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF LEE H. ROISTACHER IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date:  February 7, 2025<br>Time:  9:30 a.m.<br>Dept:  8C<br>Judge: Hon. Dolly M. Gee<br><br>Complaint Filed: July 28, 2023<br>Trial Date: April 15, 2025 |

I, Lee H. Roistacher, declare:

1. I am a partner in the law firm of Dean Gazzo Roistacher LLP. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. I have been admitted to practice law in California and in the Central District since December 1995.

3. After plaintiffs filed their opposition to the motion to withdrawal and motion to modify the scheduling order by Attorney General's Office (AGO), and before this Court issued its order on those motions, I reached out to plaintiffs'

counsel on December 18, 2025 to explore whether an agreement could be reached on modifying the scheduling order. Counsel wanted to wait until after this Court issued its order. After this Court issued its December 18, 2024 order, Doc. 58, I again reached out to see if an agreement could be reached to continue just the March 16 and April 15, 2025 final pretrial conference and trial dates. Counsel responded stating plaintiffs were not agreeable to continuing those dates. I then arranged for a telephonic meet and confer conference, and asked counsel to consider continuing the final pretrial conference and trial dates 90 days rather than 180 days sought in the AGO's motion. I talked to counsel on December 20, 2024 and she reiterated plaintiffs would not agree to any continuance of those two dates.

4. I have represented the California Highway Patrol (CHP) and its officers many times as conflict counsel over the last 12 years and have significant experience in use of force cases under 42 U.S.C. § 1983 and California law having represented government entities and their employees in these types of cases for decades.

5. Because of a conflict of interest declared by the AGO for what appears to be an internal conflict of some sort between the investigative and the litigation divisions, I was asked by CHP to represent CHP and Officer Ramon Silva.

6. My understanding is that CHP has an extremely limited number of qualified attorneys it can utilize for conflict cases in general and more specifically in the unique and complex civil rights cases like this one, and I have been approved and been doing so since 2012.

7. I initially declined representation because of the scheduling order dates and press of other business – including a date certain 5-7 day officer involved shooting trial commencing on February 4, 2025 in in Los Angeles Superior Court, *Padilla, et. al. v. CHP, et. al*, Case No. 22STCV00661, in which I need to devote preparation time in January and February 2025.

8. After repeated requests by CHP and learning CHP had no other counsel it could retain for this case, I agreed to the representation if the Court continued the scheduling order dates.

9. Thereafter, in the face of the potential ramifications articulated by this Court in its December 12, 2024 order – including entry of default against defendants – after consultation with my partners it was decided out of loyalty to CHP and my belief it was the professional thing to do that I would to the representation and executed substitution of attorney forms despite the difficult the current dates posed for me and my firm.

10. I did this despite having a vacation planned for April 17-20, 2025 with my wife. I am not asking to continue the trial date for this reason because I signed the substitution knowing of the vacation and the April 15 trial date. If the trial date is not moved, I will just cancel the vacation or more likely my wife will go without me.

11. Because of my experience in cases like this one, I know the amount of material and information relevant to the case is tremendous. I know in this case specifically, at least 9000 pages of documents have been produced just by the defendants, and that many depositions were taken and there is also written discovery. The time it takes to digest and analyze the information for the first time is significant given I was not involved in the discovery.

12. I also understand a significant number of documents on the deceased from the Veteran's Administration were recently produced by plaintiffs after an order compelling the production (nearly 1000 pages). *See* Doc. 41. I do not know the number of documents, but it is 8-years-worth of what I believe are primarily mental health care records. I have not yet seen the documents.

13. I was formally substituted into the case on December 18, 2024 when this Court granted the OAG's motion to withdraw. Doc. 58. The AGO is in the process of transferring the file material to me with limited material first received

1  on December 19 (deposition transcripts and some written discovery). I have since
2  been provided with nearly 65 gigabytes of additional with more on the way. I have
3  and will continue to diligently review all material when obtained but the amount
4  of material is daunting.

5      14.    Defendants are not seeking modification of the scheduling order for
6  any dates other than the March 18, 2025 final pretrial conference and the April 15,
7  2025 trial date. I recognize a 180-day continuance of all scheduling order dates
8  was previously sought in the AGO's motion to withdrawal and motion to modify
9  the scheduling order, Doc. 48, and that this Court denied the latter. Doc. 58. This
10 motion seeks significantly more limited relief, and I believe it is my professional
11 and ethical obligation to seek this continuance despite the Court's prior denial of
12 the longer continuance of all dates.

13     15.    Defendants seek a 90-day continuance of the March 18 final pretrial
14 conference and April 15 trial dates to provide me with additional time to receive,
15 review and fully analyze all case material so I can be sufficiently and fully
16 prepared to make critical factual and legal decisions on liability and damages to
17 prepare the "trial filings" and prepare for trial.

18     16.    This case is now in its most critical phase. I believe it will be
19 extremely difficult for me (as it would have been for any attorney) to fully analyze
20 the vast amounts of evidence and the specific liability and damages issues in the
21 case with the current final pretrial conference and trial dates while at the same time
22 complying with the dates defendants are not seeking to move.

23     17.    With the final pretrial conference on March 18, 2025, the deadline for
24 submission of "trial material" and motions in limine is March 4. *See* Doc. 45.
25 Indeed, under the local rules and this Court's scheduling order, the parties have to
26 meet and confer about and collaborate on the "trial material" well in advance of
27 March 4. Doc. 25, p. 8; Local Rule 16-2. To be sure, the date to exchange
28 ///

proposed jury instructions, special verdict forms, and voir dire is January 30 - just 43 days after I appeared in the case. *Id.*

18.  And expert disclosures are currently January 14, 2025, just 27 days after I appeared in the case. *Id.* Of course, I did not retain these experts and had never previously talked to them about this case. Though I know and have used one expert retained by the OAG, I have never worked with three others. I have made initial contact with all the experts but scheduling further meetings with them was challenging during the holiday season. The expert discovery deadline is currently February 25, 2024 (which means the depositions would occur while I am preparing for trial in *Padilla*), yet defendants are not asking for that date to be continued.

19.  There is also a settlement conference set for January 15, 2025 and the dispositive motion filing deadline is January 24, 2025 with a hearing deadline of February 21 and defendants will file a summary judgment motion that includes a qualified immunity argument that I must to prepare to meet the current motion deadlines while reviewing the massive amount of information in this case. *See* Doc. 45. I believe one should have been filed much earlier in the case. But, in my opinion, not filing one in this case based on simply what I know now would not be providing defendants with the best defense possible. That is why I am undertaking that time consuming project. But notably, defendants are not seeking to continue the dispositive motion hearing deadline.

20.  Also, there was an agreement between plaintiffs' counsel and the AGO in the Rule 26 report to provide plaintiffs 14 days to oppose a summary judgment motion which advances the final date for defendants to file their motion by 7 days to January 17. Doc. 12, p. 6. There was also an agreement that defendants would have 14 days to file their reply. But given the hearing deadline, that would require filing the motion by January 10.

///

21. I believe good cause exists to continue by 90-days the March 18, 2025 final pretrial conference and the April 15, 2025 trial date, which would continue the corresponding deadlines for "trial documents." Defendants acted diligently in obtaining new counsel after the AGO's extremely untimely and prejudicial declaration of a conflict. Defendants have diligently brought this motion.

22. In the event this Court continues the dates for something less than the 90 days sought, I have a prepaid vacation scheduled for May 8-13, 2025.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 02, 2025, at Solana Beach, California.

                                                 */s/ Lee H. Roistacher*
                                                 Lee H. Roistacher, declarant