**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Shannon J. Leap, Esq. (Bar No. 339574)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>Assigned to:<br>Hon. Dolly M. Gee<br>Hon. Stephanie S. Christensen<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND TRIAL CONTINUANCE** |

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

## I. INTRODUCTION

This Court should deny Defendants' instant Motion to Modify the Scheduling Order and request to continue the final pre-trial conference (and related pre-trial document deadlines) and trial date. Defendants have sought to delay at every stage of this case. Defendants first moved to stay the case, pending the outcome of the Department of Justice's investigation of the shooting of the unarmed decedent, pursuant to AB 1506. (Dkt. No. 21). The Court denied that motion. (Dkt. No. 24). Since November of 2024, Defendants (albeit through now-withdrawn defense counsel) sought ex parte relief to modify the scheduling order and extend the deadlines in the case three times (See Dkt. No. 37, 42, and 48). The Court granted one of those requests, and extended the discovery cutoffs and motion-related deadlines. (Dkt. No. 45). Plaintiffs note that former defense counsel did not conduct any additional fact discovery, despite the Court granting their request specifically to conduct additional discovery. Plaintiffs further note that the Court declined to continue the trial date in the same order. Now, through new substitute counsel, Defendants seek to delay the resolution of this case a fourth time. Plaintiffs have diligently prosecuted their case against defendants since the initiation of this law suit, and will already be waiting three years since the date they lost their son for their day in court. Plaintiffs should not be prejudiced for Defendants' lack of diligence in the notice of conflict at the eleventh hour of this case.

The Court should deny Defendants' Motion because Defendants have failed to establish good cause and have not acted diligently; defendants apparently have sufficient time to review the entire case record to file a motion for summary judgment, but not sufficient time to prepare for trial; and Plaintiffs' lead trial counsel, Mr. Galipo is unavailable for trial at the time Defendants request. It would

not be in the interest of justice or judicial economy to continue the trial date and related pre-trial deadlines.

## II. LEGAL STANDARD

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify the schedule must show good cause and diligence in meeting Federal Rule of Civil Procedure 16's requirements. *See* Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking modification of the scheduling order). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *Johnson*, 975 F.2d at 609. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 875 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify a scheduling order. *Id.* However, "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic,* 302 F.3d at 1087 (citation omitted); *see also Johnson,* 975 F.2d at 609.

## III. GOOD CAUSE DOES NOT EXIST TO CONTINUE THE TRIAL DATE AND RELATED PRE-TRIAL DEADLINES

Courts recognize that retention of new counsel does not itself constitute good cause to modify the scheduling order under Rule 16. *Munoz v. PHH Mortg. Corp.*, No. 108CV00759DADBAM, 2021 WL 1928616 at *4 (E.D. Cal. May 13, 2021);

-3-  Case No. 2:23-cv-07532-DMG-SSC

See also *Washington v. Andrews*, No. 1:07-cv-00886-AWI, 2012 WL 5520413, at *2 (E.D. Cal. Nov. 14, 2012) ("mere change in counsel is not a basis to find good cause to modify the scheduling order under Rule 16). Moreover, in general, the actions of an attorney are attributable to their client. *In re Breul*, 533 B.R. 782, 789 (Bankr. C.D. Cal. 2015), citing *Seacall Development v. Santa Monica Rent Control Bd.*, 73 Cal.App.4th 201, 204–205 (1999). It is well-established law that a party to litigation "is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)); *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (holding that clients are "considered to have notice of all facts known to their lawyer-agent"). Courts regularly recognize that, "the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ] his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent' " *Santiago–Monteverde v. Pereira* (*In re Santiago–Monteverde*), 512 B.R. 432 (S.D.N.Y.2014) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir.1998)).

### 1. Defendants Have Not Acted Diligently

Defendants' substitution of counsel is an insufficient basis to modify the scheduling order. In addition, defendants have not acted diligently. Defendants, by and through prior defense counsel were not diligent in declaring the conflict that purportedly arose. The conditions that gave rise to the purported conflict existed through the duration of the case – the Attorney General's Office represented both the California Highway Patrol and the Department of Justice, which investigated the shooting. Plaintiffs should not be punished for the opposing party's lack of diligence. Plaintiffs agree with Defense Counsel, Mr. Roistacher, that declaration of

the conflict was untimely. This lack of diligence of prior counsel is imputed to defendants and defendants cannot again seek to delay the case due to their own lack of diligence. See *Link*, 370 U.S. at 633-634 ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

In addition, substituted defense counsel was aware of the deadlines in the case when he agreed to substitute in as counsel, apparently on the condition that the Court would modify the scheduling order – a condition only this Court can control, and a condition this Court has declined to grant each of the past three times Defendants have request it. As the Court states in its Initial Standing Order (Dkt. No. 8), it is important that this Court's schedule, docket, and trial schedule are understood as firm. This ensures that the Court and all parties are able to litigate the case accordingly.

2. *Defendants Intend to File a Motion for Summary Judgment, Which Requires Review of the Entire Case File*

Furthermore, through their motion, Defendants do not seek to continue all of the deadlines in the case, but only the pre-trial and trial deadlines. This is framed as a limited request, however, it is also one that does not make much sense: Defendants also intend to file a motion for summary judgment on Plaintiffs' claims. Filing a dispositive motion requires reviewing all of the evidence in the record, identifying disputed and undisputed facts, identifying issues that are or are not questions for the jury, and briefing the applicable law and defenses. These are the same activities Defense counsel describes as needing to complete as part of trial preparation. Defendants do not address this inconsistency in their motion. Moreover, given that fact discovery and expert discovery will also be complete in the next month, it is unclear what defense counsel would need the additional time after filing a dispositive motion for, as reviewing the case file would presumably need to be done

prior to filing Defendants' motion for summary judgment. Furthermore, it is highly likely that if the Court denies defendants' motion for summary judgment, defendants will exercise their right to file an interlocutory appeal, staying this case in the District Court and potentially delaying the trial indefinitely.

    3. *Plaintiffs' Counsel is Unavailable for Trial at the Time Defendants Request.*

Defendants move the Court to continue the current trial date 90 days, to July 2025. Plaintiffs' lead trial counsel, Mr. Galipo already has several trials scheduled for July 2025 and would not be available for a trial in this case at that time. Currently, Mr. Galipo has the following trials scheduled for July 14, 2025; and July 28, 2025. Mr. Galipo also has a full trial schedule for the intermittent months between April and July, 2025. It is not in the interests of justice to delay trial an three months, when lead trial counsel is not available at that time, and when Plaintiffs will have already waited three years from the death of their son to have their day in court.

## VI. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Modify Scheduling Order and continue the trial date and related pre-trial deadlines in its entirety.

Respectfully submitted,
DATED: January 17, 2025    LAW OFFICES OF DALE K. GALIPO

    By    */s/ Dale K. Galipo*
    Dale K. Galipo
    Shannon J. Leap
    Attorneys for Plaintiffs