Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail: lroistacher@deangazzo.com
ksullivan@deangazzo.com

Attorneys for Defendants
State of California by and through California Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**REPLY OF DEFENDANTS' TO PLAINTIFFS' OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER;**<br><br>Date: February 7, 2025<br>Time: 9:30 a.m.<br>Dept: 8C<br>Judge: Hon. Dolly M. Gee<br><br>Complaint Filed: July 28, 2023<br>Trial Date: April 15, 2025 |

## INTRODUCTION

Trying to refute defendants' good cause showing for a 90-day continuance of the March 18 and April 15, 2025 final pretrial conference and trial dates, plaintiffs offer two arguments.  Neither is persuasive.

First, plaintiffs argue defendants' prior counsel (the Attorney General's Office (AGO)) was not diligent in declaring the conflict that necessitated new counsel, and defendants should be punished for their conflicted counsel's conduct.

Although in some circumstances holding a client responsible for its counsel's conduct is appropriate under the theory that the client should be bound by their *chosen counsel's* neglect, this is not one of those circumstances because

1

1 defendants did not choose prior counsel – they had to use prior counsel and had no control of the timing of the AGO' conflict declaration. Doc. 59-3, ¶¶ 4-5 (Llyod Declaration).

Second, despite not disputing anything new counsel stated in his declaration regarding the amount of material or complexity of the issues in the case or the time it will take to become fully prepared for trial, *see* Doc. 59-2 (Roistacher Declaration), plaintiffs argue counsel's ability to prepare a summary judgment motion means counsel needs no additional time to prepare for trial.

That counsel devoted significant time since appearing in this case on December 18, 2024 to obtain and analyze the evidence needed to prepare a summary judgment motion does not also mean additional time to prepare for trial is not needed. Roistacher Declaration, ¶¶ 3, 6-7. To be sure, new counsel still does not have access to the entire case file from the AGO. *Id.*, ¶ 3.

Though not a factor in the "good cause" analysis, plaintiffs argue lead counsel Dale Galipo is not available for trial in July 2025 because he has trial scheduled for July 14 and July 28, 2025, and a full trial calendar between April and July 2025. Yet Mr. Galipo submits no declaration to support this assertion or even identify the matters in which trials are purportedly set. Indeed, no declaration of anyone was submitted. And certainly nothing establishes Mr. Galipo is unavailable for some date after July 2025. If Mr. Galipo is truly unavailable for trial in July 2025, then this Court can order the parties to confer on a trial date sometime after July 2025 when all counsel are available.

Moreover, plaintiffs oppose defendants' motion despite already accepting this case is unlikely to go to trial on April 15, 2025 given defendants' summary judgment motion which will be filed no later than January 24 and heard on February 28, 2025.[1] They state so in their opposition: "Furthermore, it is highly

---

[1] Defendants were prepared to file their summary judgment motion to meet the

likely that if this Court denies defendants' summary judgment motion, defendants will exercise their right to file an interlocutory appeal, staying this case in the District Court and potentially delaying the trial indefinitely." Doc. 62, p. 6:1-4. Given this is their expectation, which is not an unreasonable one, it raises the question of plaintiffs' true motivation behind fighting so hard to keep a trial date they do not expect will come to fruition. And if this is the case, why should the parties and court engage in time-consuming pretrial preparation only to have to (potentially) do it again sometime in the future depending on the outcome of an appeal. At the very least, defendants' summary judgment motion will alter the nature and extent of the claims that may have to be tried.

## PLAINTIFFS DO NOT REFUTE DEFENDANTS' SHOWING OF GOOD CAUSE

Plaintiffs argue the AGO should have declared a conflict earlier than it did, and that the AGO's dilatory conduct should be imputed to defendants to defeat a showing of good cause. Defendants agree with the former, but not the latter.

It is true that "a client is ordinarily chargeable with his counsel's negligent acts." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). This is "[b]ecause the client is presumed to have *voluntarily chosen* the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Id.* (emphasis added); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

///

---

original February 21, 2025 hearing deadline (with an additional week for plaintiffs' to file opposition), but cooperated and agreed to move the hearing date to February 28, 2025 because of Mr. Galipo's unavailability on February 21. *See* Doc. 60; Roistacher Declaration, ¶ 4.

1    Defendants did not voluntarily choose the AGO as its counsel. To be sure,
2 defendants *must be* represented by the AGO until a conflict is declared. Doc. 59-
3 3, ¶¶ 3-4. And for whatever reason, the AGO did not declare a conflict until it did.
4 Defendants had no control over the timing of the AGO's conflict declaration. *Id.*

5    Defendants are, as plaintiffs observe, filing a summary judgment motion.
6 This was no secret. *See* Doc. 59-2, ¶ 19 (stating intention to prepare and file a
7 summary judgment motion). According to plaintiffs, the ability to file a summary
8 judgment motion means new counsel should be fully prepared for the creation and
9 submission of trial exhibits and the trial itself. No doubt preparing a summary
10 judgment motion required reviewing case materials, but the knowledge of case
11 materials required for a summary judgment focusing entirely *on liability* is
12 significantly more limited than what is required to be fully prepared for a trial on
13 liability and damages. Roistacher Declaration, ¶¶ 6-8. To prepare the summary
14 judgment motion, new counsel watched videos recordings of the incident, read
15 officer and witness depositions and statements, and some of the material produced
16 during discovery that new counsel knew from experience would be necessary for
17 a summary judgment motion. *Id.,* ¶ 7. There still exists significant material new
18 counsel cannot currently access. *Id.,* ¶ 3.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Defendants respectfully contend that "good cause" exists in this unique set of circumstances warranting this Court's exercise of discretion to modify the scheduling order as requested.

Dated: January 23, 2025               Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Kimberly A. Sullivan
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva