Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
         ksullivan@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF LEE H. ROISTACHER IN SUPPORT OF REPLY OF DEFENDANTS' TO PLAINTIFFS' OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date:      February 7, 2025<br>Time:     9:30 a.m.<br>Dept:     8C<br>Judge:   Hon. Dolly M. Gee<br><br>Complaint Filed: July 28, 2023<br>Trial Date: April 15, 2025 |

I, Lee H. Roistacher, declare:

1. I am a partner in the law firm of Dean Gazzo Roistacher LLP. The facts set forth herein are within my personal knowledge and if called to testify herein I could and would competently testify thereto.

2. I have been admitted to practice law in California and in the Central District since December 1995.

3. Since being substituted into this case as counsel for defendants on December 18, 2025, I have worked diligently to obtain and review all case material.  To date, I have spent more than 140 hours reviewing what case

1

1  material I have been provided, and able to access.  I currently do not have access
2  to the AGO's internal case files (roughly 32,000,000 kb) as it was provided in a
3  format that is not accessible without the assistance of my outside IT consultants.
4  I am working on this issue now.

5        4.     Defendants are filing a summary judgment motion.  The new
6  deadline to file the motion is January 24 and the hearing date is February 28,
7  2025.  *See* Doc. 60.  Defendants were prepared to file their summary judgment
8  motion to meet the original February 21, 2025 hearing deadline (with an
9  additional week for plaintiffs to file opposition), but agreed to move the hearing
10 date to February 28, 2025 because of Mr. Galipo's unavailability on February 21.
11 *Id.*

12       5.     As plaintiffs readily concede, a denial of defendants' qualified
13 immunity-based summary judgment will likely result in defendants filing an
14 interlocutory appeal.  Although I cannot say it's a certainty because I cannot
15 predict how this Court will rule, I feel comfortable saying no clearly established
16 law holds a law enforcement officer violates the constitution when using deadly
17 force against a person in a "shooter's stance" like the decedent was in this case,
18 as this picture depicts:



2

Case No. 2:23-cv-07532-DMG-SSC

6. That I devoted significant time analyzing the evidence needed to prepare a summary judgment motion *on liability* does not also mean additional time to prepare for trial is not needed. Preparing a summary judgment motion did require reviewing case materials, but the knowledge of case materials required for a summary judgment focusing entirely *on liability* is significantly more limited than what is required to be fully prepared for a trial on liability *and damages*.

7. I was able to prepare a summary judgment motion on liability because I knew what I needed to review based on my experience and focused on that material. I watched videos recordings of the incident, read officer and witness depositions and statements, and reviewed some of the material produced during discovery that I could access and knew was needed for a summary judgment motion.

8. Because I had to focus on a liability summary judgment motion, I have not even started a damage analysis. For example, I have not even read the plaintiffs' depositions. I have not reviewed plaintiffs' responses to written discovery, nor any of the documents plaintiffs produced during discovery. I do not yet even have access to the latter, or all the documents defendants produced in discovery. And I just issued deposition subpoenas to third party damage witnesses based on a cursory review of over 900 pages of medical records on the decedent and documents produced by subpoena by the Torrance Police Department.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 23, 2025, at Solana Beach, California.

                                         */s/ Lee H. Roistacher*
                                         Lee H. Roistacher, declarant