UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-7532-DMG (SSCx)** | Date | February 6, 2025 |

| | | | |
|---|---|---|---|
| Title | ***Sandra Kirkman, et al v. State of California, et al.*** | Page | **1 of 2** |

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER [59]**

On January 3, 2025, Defendants State of California and Ramon Silva filed a motion to modify the Scheduling Order to extend the final pretrial conference ("FPTC"), trial, and pre-trial filings dates and deadlines by 90 days. [Doc. # 59 ("Motion").] The motion is fully briefed. [Doc. ## 62 ("Opp."), 64 ("Reply").]  The Court's Scheduling and Case Management Order, issued January 29, 2024, initially set the FPTC for March 18, 2025, the jury trial for April 15, 2025, and the pre-trial filings deadline for February 25, 2025.  [Doc. # 25.]

When a party moves for modification of the scheduling order before the final pretrial conference, the "good cause" standard of Federal Rule of Civil Procedure 16 applies.  Fed. R. Civ. P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  **If that party was not diligent, the inquiry should end**." *Id.* (emphasis added).

Defendants assert in their Motion that there is "good cause" for the Court to grant their requested 90-day continuance of the FPTC, trial, and pre-trial filings deadline because their new counsel—who formally substituted into the case on December 18, 2024—needs extra time to adequately prepare for trial and has another trial scheduled to commence on February 11, 2025. This late change in counsel came after Defendants' previous counsel, the California Attorney General's Office ("AGO"), issued a letter to Defendants on November 20, 2024 declaring that it had a conflict of interest.  Declaration of Carolyn Lloyd ("Lloyd Decl.") ¶ 5 [Doc. # 59-3].  The AGO issued its conflict letter approximately 16 months after this action was first filed in state court, and over 13 months after removal to this Court.  *Id.*

Defendants admit that the AGO's conflict declaration was "untimely," but they deny any lack of diligence on their part or on the part of their new counsel, and they argue that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-7532-DMG (SSCx) | | Date | February 6, 2025 |
|---|---|---|---|---|

| Title | *Sandra Kirkman, et al v. State of California, et al.* | | Page | **2** of **2** |
|---|---|---|---|---|

should not be held responsible for the actions of their prior counsel.  Opp. at 7; Reply at 3.[1]  It is well-established, however, that outside of "egregious" circumstances, clients are typically held responsible for their counsel's negligent acts.  *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).  Accordingly, Defendants are not shielded from the AGO's lack of diligence.

Further, although Defendants contend that their counsel needs 90 additional days "to receive, review and fully analyze all case material," they do not explain why the three months between their new counsel's substitution into this case and the FPTC, or the four months between the substitution and the trial, is not a sufficient amount of time, even considering new counsel's other approximately one-week trial commencing on February 11, 2025.  Motion at 7.  New defense counsel claims he only "agreed to the representation if the Court continued the scheduling order dates," but as an attorney with nearly 30 years of experience, counsel surely was, or should have been, aware of the possibility that the Court would *not* continue the dates.  *See* Declaration of Lee H. Roistacher ¶¶ 2, 8 [Doc. # 59-2].  While it was commendable that new counsel accepted the representation "out of loyalty to CHP and [his] belief it was the professional thing to do," that was a decision to assume the risk that trial would not be continued.  *Id.*  In fact, the Court's Initial Standing Order states, in no uncertain terms, that "[t]rial dates set by the Court are firm and will rarely be changed."  Initial Standing Order at 10 [Doc. #8].  And on November 7, 2024, the Court already had denied Defendants' prior *ex parte* application to modify the Scheduling Order and continue the trial.  [Doc. # 39.]  Thus, new counsel was on full notice.

In light of the foregoing, Defendants' motion to modify the scheduling order is **DENIED** and the February 7, 2025 hearing is **VACATED**.  Unless ordered otherwise by the Court following the February 28, 2025 hearing on Defendants' motion for summary judgment, the parties shall comply with the deadlines set forth in the Court's Scheduling and Case Management Order.  [Doc. # 25.]

**IT IS SO ORDERED.**

---

[1] Page references herein refer to the page numbers inserted by the CM/ECF system.