**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br>Judge:          Dolly M. Gee<br>Hearing Date:   February 28, 2025<br>Hearing Time:   9:30 a.m.<br>Courtroom:      8C |

1

## **PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

Pursuant to Local Rule 56-2 and this Court's Standing Order, Plaintiffs Sandra Kirkman and Carlos Alaniz respectfully submit their Statement of Genuine Disputes.

Dated: February 7, 2025                LAW OFFICES OF DALE K. GALIPO


                                       /s/ Cooper Alison-Mayne
                                       Dale K. Galipo
                                       Cooper Alison-Mayne
                                       *Attorneys for Plaintiffs*

**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 1.  On May 4, 2022, Alanez jumped in front of a big rig truck traveling around 54 mph on westbound I-105.<br><br>*Supporting Evidence:*<br><br>• Exh. 1: Truck Video: 1:40-1:50<br>• Exh. 2: Acosta Deposition, pp. 7:10-22, 8:8-9:6<br>• Exh. 3: Burtran Statement, pp. 5:25-7:3, 14:3-24 | Undisputed. |
| 2.  Alaniz landed in a traffic lane requiring a driver to stop.<br><br>*Supporting Evidence:*<br><br>• Exh. 1: Truck Video: 1:50-2:00<br>• Exh. 2: Acosta Deposition, p. 9:7-13 | Undisputed. |
| 3.  Alaniz eventually got up and tried to put his head under the wheels of another big rig.<br><br>*Supporting Evidence:*<br><br>• Exh. 1: Truck Video: 4:20-4:55<br>• Exh. 2: Acosta Deposition, pp. 15:20-16:25 | Undisputed. |
| 4.  Someone called 911 around 11:18 a.m. to report the incident.<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, p. 10:23-11:10. | Undisputed. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 3: Burtran Statement, p. 20:12-21:9.<br>• Exh. 4: 911 Transcript, pp. 1-20.<br>• Exh. 5: 911 Recordings: 0:00-20:55. | |
| 5. Starting around 11:20 a.m., information was dispatched by CHP regarding the location and incident.<br><br>*Supporting Evidence:*<br><br>• Exh. 6: Incident Log, p. .3<br>• Exh. 7: Van Dragt Deposition, pp. 9:1-7, 11:11-12:3.<br>• Exh. 8: Silva Deposition, pp. 22:19-24:1.<br>• Exh. 9: Silva DOJ Statement, pp. 10:1-11:25, 19:6-20:6.<br>• Exh. 10: Dispatch Transcript, pp. 2-9.<br>• Exh. 11: Dispatch Recordings: 0:00-11:46. | Undisputed. |
| 6. Alaniz eventually walked down the shoulder with a witness following fearing Alaniz would try to kill himself by jumping in front of another car.<br><br>*Supporting Evidence:*<br><br>• Exh. 1: Truck Video: 4:55-6:15.<br>• Exh. 2: Acosta Deposition, pp. 9:4-10:22, 11:19-22.<br>• Exh. 4: 911 Transcript, pp. 1-20.<br>• Exh. 5: 911 Recordings: 0:00-20:55. | Disputed in part.<br><br>The witness, Mr. Acosta, was not afraid of Mr. Alaniz; he was *concerned* for Mr. Alaniz's safety.<br><br>**Exh. C**: Acosta Dep., p. 4:18-22 |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 7. Alaniz pushed the driver aside and jumped in front of another truck.<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, pp. 11:19-12:11, 12:25-13:16, 14:12-14.<br>• Exh. 12: Verdugo Deposition, pp, 8:3-9:5. | Undisputed. |
| 8. Alaniz charged at the truck striking it with his head, breaking the front grill and denting the hood.<br><br>*Supporting Evidence:*<br><br>• Exh. 12: Verdugo Deposition, pp. 12:17-14:12.<br>• Exh. 13: Truck Photo. | Disputed in part. The hood was not dented.<br><br>**Exh. 13:** Truck Photo. |
| 9. Alaniz got up and continued to walk down westbound I-105 where he got stuck by a van.<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, pp. 13:20-14:17.<br>• Exh. 12: Verdugo Deposition, pp. 8:20-23, 14:13-15:1. | Undisputed. |
| 10. Alaniz ignored the witness and appeared to look for cars to jump in front of.<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, p. 17:4-16. | Undisputed. |

5

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 11. The witness described Alaniz as "full of adrenalin" and "wanting to kill himself."<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, pp. 17-22-18:9. | Undisputed. |
| 12. Officers Silva arrived on scene around 11:31 a.m.<br><br>*Supporting Evidence:*<br><br>• Exh. 6: Incident Log, p. 4([63]).<br>• Exh. 10: Dispatch Transcript, pp. 9-10.<br>• Exh. 11: Dispatch Recordings: 12:12-12:37.<br>• Exh. 14: BWC: 6:20-6:40.<br>• Exh. 19: Blake Video File: 6:20-6:40. | Undisputed. |
| 13. Silva had previously requested air support for assistance.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 20:18-22:12. | Undisputed. |
| 14. Silva described the scene as "chaotic", "tense" and "uncertain."<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 12:5-13:12, 24:14-25:6. | Undisputed. |
| 15. Silva was concerned.<br><br>*Supporting Evidence:* | Disputed.<br><br>Silva shot and killed an unarmed within 30 seconds of seeing him. SUF |

6

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 9: Silva DOJ Statement, pp. 19:25-20:17. | 56. He caused physical harm to Van Dragt, who lost hearing due to the incident, and he shot with citizens in his backdrop. A jury could find that he was not "concerned" for Silva, Van Dragt, or innocent by-standers. |
| 16. Silva reported to dispatch that Alaniz had his hands in his pocket.<br><br>*Supporting Evidence:*<br><br>• Exh. 6: Incident Log, p. 4 ([64]).<br>• Exh. 9: Silva DOJ Statement, pp. 13:13-18, 14:24-15:4, 5:22-24.<br>• Exh. 10: Dispatch Transcript, p. 12.<br>• Exh. 11: Dispatch Recordings: 13:20-13:42.<br>• Exh. 14: BWC: 6:40-6:45.<br>• Exh. 19: Blake Video File: 6:40-6:45.<br>• Exh. 20: Blake Video File: 0:00-0:12. | Undisputed. |
| 17. Alaniz was between 50-100 feet from Silva at that point.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, p. 25:7-21. | Undisputed. |
| 18. Silva planned on waiting for back up.<br><br>*Supporting Evidence:* | Silva shot and killed an unarmed within 30 seconds of seeing him. SUF 56. His actions are not consistent with |

7

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 9: Silva DOJ Statement, pp. 13:18-21, 14:24-15:4. | someone who planned on waiting for back up. |
| 19. Silva's plan was to secure Alaniz and remove him from the roadway.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 13:24-14:3. | Silva shot and killed an unarmed within 30 seconds of seeing him. SUF 56. A jury could find he had no plan at all. |
| 20. Van Dragt arrived in his patrol car around 20-30 seconds after Silva.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, p. 22:11-18.<br>• Exh. 6: Incident Log, p. 4 ([65]).<br>• Exh. 7: Van Dragt Deposition, pp. 9:1-23, 11:11-23.<br>• Exh. 14: BWC: 6:50-6:55.<br>• Exh. 19: Blake Video File: 6:50-6:55. | Disputed.<br><br>**Exh. H:** BWC: 6:30-7:00 (Van Dragt arrived approximately 10 seconds after Silva.) |
| 21. Van Dragt positioned his vehicle at an angle to the shoulder between Alaniz and Silva, about 10-15 feet in front of Silva and in his line of sight.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 14:4-20 32:18-24.<br>• Exh. 8: Silva Deposition, pp. 32:16-33:1, 35:14-36:12.<br>• Exh. 14: BWC: 6:50-7:00.<br>• Exh. 18: Blake Video File: 0:00-0:10. | Disputed.<br><br>**Exh. H:** BWC: 6:50-6:55 (When Van Dragt stopped his vehicle, the front of the vehicle was approximately 60 feet from Silva.) |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 19: Blake Video File: 6:50-7:00.<br>• Exh. 20: Blake Video File: 0:00-0:12. | |
| 22. Van Dragt's plan was to secure and remove Alaniz from the roadway.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, p.16:5-15. | Undisputed. |
| 23. Van Dragt got out of his car and saw Alaniz standing on the shoulder with his hands in his pockets.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, pp. 17:9-18:3, 20:10-14.<br>• Exh. 14: BWC: 6:55-7:00. | Undisputed. |
| 24. Van Dragt believed Alaniz was a potential threat.<br><br>*Supporting Evidence:*<br><br>• Exh. 15: Van Dragt CHP Statement, pp. 12:19-13:6. | Undisputed. |
| 25. Van Dragt had unholstered his gun and moved toward the back of his car toward Alaniz.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 36:13-22, 37:9-13.<br>• Exh. 14: BWC: 6:55-7:00.<br>• Exh. 19: Blake Video File: 6:55-7:00. | Undisputed. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 26. Van Dragt ordered Alaniz to "let me see your hands." <br><br> *Supporting Evidence:* <br><br> • Exh. 7: Van Dragt Deposition, pp. 20:25-22:5. <br> • Exh. 17: MVARS: 7:00-7:03. <br> • Exh. 18: Blake Video File: 0:15-0:18. | Disputed. <br><br> **Exh. H**: BWC: 6:30-7:06 (the video appears to show *Silva* ordered Alaniz to "let me see your hands," not Van Dragt). |
| 27. Alaniz initially complied but then put his hands back into his pockets. <br><br> *Supporting Evidence:* <br><br> • Exh. 8: Silva Deposition, p. 39:6-10, 18-22. <br> • Exh. 7: Van Dragt Deposition, pp. 20:25-22:5. | Undisputed. |
| 28. Silva unholstered his gun. <br><br> *Supporting Evidence:* <br><br> • Exh. 8: Silva Deposition, p. 65:13-15. <br> • Exh. 9: Silva DOJ Statement, pp. 14:24-15:9. | Undisputed. |
| 29. Silva told Alaniz to "show his hands." <br><br> *Supporting Evidence:* <br><br> • Exh. 8: Silva Deposition, pp. 40:19-41:13, 65:11-18. <br> • Exh. 9: Silva DOJ Statement, pp. 15:10-15, 50:11-19. <br> • Exh. 14: BWC: 6:55-7:00. | Disputed. <br><br> **Exh. H**: BWC: 6:30-7:06 (the video appears to show Silva ordered Alaniz "let me see your hands," not "show me your hands") |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 30. Alaniz immediately started running at Van Dragt while removing an object from his pocket and getting into a "shooting platform" as Van Dragt retreated toward the front of his car away from Alaniz.<br><br>*Supporting Evidence:*<br><br>• Exh. 2: Acosta Deposition, pp. 21:11-22:5.<br>• Exh. 7: Van Dragt Deposition, pp. 22:21-24:6.<br>• Exh. 8: Silva Deposition, pp. 41:20-42:10, 42:18-43:11.<br>• Exh. 9: Silva DOJ Statement, p. 15:4-20.<br>• Exh. 14: BWC: 6:57-7:04.<br>• Exh. 19: Blake Video File: 6:57-7:04.<br>• Exh. 20: Blake Video File: 0:00-0:12.<br>• Exh. 21: Blake PDF File.<br>• Exh. 22: Blake PDF File. | Disputed in part.<br><br>It is misleading to describe someone as being in a "shooter's platform" when they are not holding anything that resembles a gun. For example, if someone is holding a phone with their hands outstretched, they would more accurately be described as in a "photographer's stance." Similarly, a person gripping a remote control with both hands might appear to be in a "gamer's stance," while someone holding a book with their arms extended could be said to be in a "reader's stance." Context matters, and mischaracterizing an individual's posture without considering what they are actually holding—or not holding—can lead to dangerous and unjustified assumptions.<br><br>Here, Plaintiffs contend Silva knew Alaniz was not armed with a gun, so to describe his stance as a shooter's stance is disingenuous. **Exh. H:** BWC: 7:16-7:21 (Silva did not mistakenly perceive a gun, which is why he asks Van Dragt what was in Alaniz's hands. A reasonable jury could find that he was not in fear for anyone's life given that a reasonable jury could find that he accurately perceived Alaniz as unarmed.)<br><br>**Exh. F**: Van Dragt Dep. p. 7:6-16, Van Dragt described the object in Alaniz's hands as resembling "a subway sandwich," not a weapon. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
|  | **Exh. H**: BWC: 6:55-7:06; Exh. I: Autopsy Report, p. 4; Exh. J: Defoe Decl., ¶¶ 10-11) Silva saw and heard Van Dragt deploy his Taser, which successfully struck Alaniz, causing him to seize up and turn away—further undermining any claim that Alaniz was in a "shooter's platform" at the time of the shots. |
| 31. Silva believed he saw a "the barrel of a gun" or a "cylindrical silver thing" in Alaniz's hands.<br><br>*Supporting Evidence:*<br>• Exh. 8: Silva Deposition, pp. 58:17-20, 60:8-13 67:19.<br>• Exh. 9: Silva DOJ Statement, pp. 15:21-16:1, 28:21-29:13.<br>• Exh. 16: Silva CHP Statement, pp. 19:23-20:6.<br>• Exh. 30: Photo of Vape Pen | Disputed.<br><br>**Exh. H**: BWC 7:16-7:21, Silva himself was unsure what Alaniz was holding, as evidenced by his immediate question to Van Dragt, "What did he have in his hands?"<br><br>**Exh. C:** Acosta Dep. 9:8-18; Exh. M: Van Dragt Interview, May 10, 2022, p. 41:15-18) Both Acosta and Van Dragt, who had clear views of Alaniz, did not perceive anything resembling a firearm.<br><br>**Exh. F**: Van Dragt Dep. pp. 7:6-16, Van Dragt described the object in Alaniz's hands as resembling "a subway sandwich," not a weapon.<br><br>**Exh. F**: Van Dragt Dep. pp. 7:21-24; 45:20-46:18, The object in Alaniz's hand was likely a gray sunglass case, which does not have the defining features of a firearm—no barrel, trigger, or grip.<br><br>**Exh. G**: Silva Dep. pp. 10:19-61:4, Silva admitted that the gray sunglass |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| | case "obviously does not look like a gun." |
| | **Exh. G**: Silva Dep. pp. 6:16-20, 6:21-24, 7:3-4, Silva failed to follow his training, which required him to yell "gun" upon seeing an armed suspect and to order them to drop their weapon—commands that were feasible given the five-second window before he fired. |
| 32. Silva feared for Van Dragt's life.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 25:22-27:12, 29:14-23.<br>• Exh. 16: Silva CHP Statement, pp. 16:4-12, 17-24. | Disputed.<br><br>See Plaintiffs' response to SUF 31. A reasonable jury could find that he was not in fear for anyone's life given that a reasonable jury could find that he accurately perceived Alaniz as unarmed.) |
| 33. Alaniz and Van Dragt were about 10-12 feet from each other.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, p. 27:13-22. | Undisputed. |
| 34. Van Dragt did not know if Alaniz was pointing a gun or knife at him but could not confirm it was a gun.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, pp. 24:15-17, 26:23-27:15, 46:13-18.<br>• Exh. 15: Van Dragt CHP Statement, p. 15:17-16:7. | Disputed.<br><br>**Exh. F**: Van Dragt Dep., p. 7:6-16 (Van Dragt saw Alaniz pull out an objection from his jacket pocket before he started running in his direction, but it looked like "a subway sandwich.") |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 35. Because Van Dragt couldn't positively recognize the object as a gun, he did not use deadly force.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, pp. 24:7-21, 26:23-28:11, 36:15-22. | Disputed.<br><br>**Exh. M**: Van Dragt Interview, May 10, 2022, p. 41:15-18 (Van Drag did not see anything that looked like a firearm in anyway. He says he would have shot if he even remotely thought the object looked like a gun, not that he would have had to "positively recognize it.") |
| 36. Van Dragt still feared injury or death from Alaniz.<br><br>*Supporting Evidence:*<br><br>• Exh. 15: Van Dragt CHP Statement, p. 16:15-23. | Disputed.<br><br>**Exh. F**: Van Dragt Dep., p. 7:6-16 (Van Dragt saw Alaniz pull out an objection from his jacket pocket before he started running in his direction, but it looked like "a subway sandwich." A reasonable jury could find his testimony that he feared injury from a Subway sandwich to lack credibility) |
| 37. Silva momentarily lost sight of Alaniz behind Van Dragt's car.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 43:12-44:4, 65:25-66:10, 66:19-67:2.<br>• Exh. 9: Silva DOJ Statement, pp. 15:21-16:3, 31:13-32:9;<br>• Exh. 14: BWC: 7:02-7:04.<br>• Exh. 16: Silva CHP Statement, pp. 16:25-17:20.<br>• Exh. 19: Blake Video File: 7:02-7:04.<br>• Exh. 20: Blake Video File: 0:04-0:06. | Undisputed. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 38. Silva feared for Van Dragt's life and his own.<br><br>*Supporting Evidence:*<br>• Exh. 9: Silva DOJ Statement, pp. 15:21-17:15, 29:20-23, 31:13-32:8, 32:25-33:9.<br>• Exh. 16: Silva CHP Statement, p. 17:21-23. | Disputed.<br><br>See Plaintiffs' response to SUF 31. A reasonable jury could find that he was not in fear for anyone's life given that a reasonable jury could find that he accurately perceived Alaniz as unarmed. |
| 39. Silva's focus was on where Alaniz would next appear right in front of him.<br><br>*Supporting Evidence:*<br>• Exh. 9: Silva DOJ Statement, pp. 32:25-33:9. | Disputed.<br><br>See Plaintiffs' response to SUF 31, Silva's incredible misperception of events is circumstantial evidence that he was not focused on where Alaniz would next appear. Otherwise, he would likely have perceived that Alaniz did not have a weapon, just as Van Dragt did. |
| 40. Van Dragt thought Alaniz was going to attack him.<br><br>*Supporting Evidence:*<br>• Exh. 7: Van Dragt Deposition, pp. 24:4-21, 39:12-14. | Disputed.<br><br>**Exh. F**: Van Dragt Dep., p. 7:6-16 (Van Dragt saw Alaniz pull out an objection from his jacket pocket before he started running in his direction, but it looked like "a subway sandwich." A reasonable jury could find his testimony that he feared Alaniz would attack him with a Subway sandwich to lack credibility). |
| 41. Van Dragt retreated toward the front of his car away from Alaniz while holstering his gun and drawing his Taser.<br><br>*Supporting Evidence:* | Undisputed. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 7: Van Dragt Deposition, pp. 37:4-11; 38:2-16.<br>• Exh. 8 - Silva Deposition, p. 44:8-13.<br>• Exh. 14: BWC: 6:57-7:04.<br>• Exh. 19: Blake Video File: 6:57-7:04.<br>• Exh. 20: Blake Video File: 0:00-0:05. | |
| 42. Van Dragt ordered Alaniz to get on the ground.<br><br>*Supporting Evidence:*<br><br>• Exh. 2 - Acosta Deposition, pp. 20:18-21:10.<br>• Exh. 15 - Van Dragt Deposition, p. 39:10-14.<br>• Exh. 17 - MVARS: 7:00-7:07.<br>• Exh. 18: Blake Video File: 0:12-0:19.<br>• Exh. 20: Blake Video File: 0:00-0:07. | Undisputed. |
| 43. Van Dragt fired the Taser when Alaniz was 3-5 feet away from him as he was retreating around his car.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, 36:23-37:1, 37:17-39:14, 52:14-17.<br>• Exh. 14: BWC: 7:04.<br>• Exh. 17: MVARS: 7:07-7:09.<br>• Exh. 18: Blake Video File: 0:18-0:22.<br>• Exh. 19: Blake Video File: 7:04. | Disputed in part.<br><br>**Exh. H**: BWC: 7:00-7:06 (based on the video, it appears that Van Dragt is approximately 10 feet from Alaniz at the time he fires his Taser.) |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 44. Van Dragt did not hear gunshots before deploying his Taser.<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, p. 39:23-25. | Undisputed. |
| 45. Silva heard what he thought was a gunshot from the direction of Van Dragt and Alaniz and saw Van Dragt to a "weird side step thing."<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 51:1-52:9.<br>• Exh. 9: Silva DOJ Statement, p. 17:18-23. | Disputed.<br><br>**Exh. H**: BWC: 7:00-7:06 (the sound of the Taser is nothing like a gunshot, a reasonable jury could find Silva's testimony on this point to lack credibility.) |
| 46. A Taser deployment can sound like a gunshot and can be difficult to distinguish.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 51:1-52:3.<br>• Exh. 7: Van Dragt Deposition, p. 42:3-23. | Disputed<br><br>**Exh. H**: BWC: 7:00-7:06 (the sound of the Taser is nothing like a gunshot, a reasonable jury could find Silva's and Van Dragt's testimony on this point to lack credibility.). |
| 47. Silva did not know Van Dragt transitioned to a Taser.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, p. 50:23-25. | Disputed.<br><br>**Exh. H**: BWC: 7:00-7:06 (Van Dragt is clearly visible switching to his Taser in Silva's BWC. A jury could find that he saw what is clearly depicted on his camera and that his testimony lacks credibility.) |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 48. Van Dragt did not know if the Taser darts hit Alaniz because he deployed it "on the move."<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, p. 44:6-11. | Disputed.<br><br>**Exh. H**: BWC: 7:00-7:06; **Exh. N:** Frame-by-frame version of Silva's BWC, frames 8–15 (the Taser is clearly visible and the video shows Silva's raction); **Exh. I:** Autopsy Report, p. 4; **Exh. J:** Defoe Decl., ¶¶ 10-11 (the autopsy and DeFoe declaration support the fact that the taser was succefully depoyed, which is evidence supporting that Van Dragt would have seen that, since he was looking at Alaniz at the time.) |
| 49. Alaniz came around the corner of Van Dragt's car in a "shooter's stance" pointing his outstretched arms with hands together while moving toward the officers.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 13:22-14:1, 51:1-5, 52:4-23.<br>• Exh. 9: Silva DOJ Statement, pp. 17:13-18:5, 35:7-36:7, 39:1-18.<br>• Exh. 14: BWC: 7:02-7:04.<br>• Exh. 16: Silva CHP Statement, pp. 17:24-18:15.<br>• Exh. 19: Blake Video File: 7:02-7:04.<br>• Exh. 20: Blake Video File: 0:04-0:06.<br>• Exh. 23: Blake PDF File.<br>• Exh. 24: Blake PDF File.<br>• Exh. 25: Zhou AG Statement, pp. 4:20-25. | Disputed.<br><br>See Plaintiffs' response to SUF 30. It is misleading to describe someone as being in a "shooter's stance" when they are not holding anything that resembles a gun. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 26: Horbino AG Statement, pp. 2:23-3:9, 5:9-16, 8:19-22. | |
| 50. Believing Alaniz had a gun and was a threat, Silva used deadly force against Alaniz.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 58:17-20, 60:8-13.<br>• Exh. 9 - Silva DOJ Statement, pp. 15:21-16:1, 28:21-29:13, 43:16-22, 44:13-45:3.<br>• Exh. 14: BWC: 7:04-7:06.<br>• Exh. 16: Silva CHP Statement, pp. 19:23-20:6.<br>• Exh. 18: Blake Video File: 0:15-0:22.<br>• Exh. 19: Blake Video File: 7:04-7:06.<br>• Exh. 20: Blake Video File: 0:00-0:12.<br>• Exh. 23: Blake PDF File.<br>• Exh. 24: Blake PDF File. | Disputed.<br><br>See Plaintiffs' response to SUF 31. A reasonable jury could find that he did not perceive a gun and did not perceive an immediate threat of death or severe bodily injury. |
| 51. When Silva fired his gun, he was about five feet from Alaniz who was moving forward.<br><br>*Supporting Evidence:*<br><br>• Exh. 8: Silva Deposition, pp. 66:19-67:1.<br>• Exh. 14: BWC: 7:04-7:06.<br>• Exh. 19: Blake Video File: 7:04-7:06.<br>• Exh. 20: Blake Video File: 0:00-0:12.<br>• Exh. 23: Blake PDF File. | Disputed.<br><br>**Exh. H**: BWC: 7:00-7:06 (based on the video, it appears that Van Dragt is approximately 15 feet from Alaniz at the time he fires his Taser); Exh. N (just prior to the shots, Alaniz appears to turn away from the officers.) |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| • Exh. 24: Blake PDF File. | |
| 52. Silva thought he was going to get shot if he did not use deadly force.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, p. 45:4-8. | Disputed.<br><br>See Plaintiffs' response to SUF 50. |
| 53. Silva's intent when he fired was to neutralize a lethal threat.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, p. 17:18-23. | Disputed.<br><br>See Plaintiffs' response to SUF 50. |
| 54. Silva did not believe he had any other options.<br><br>*Supporting Evidence:*<br><br>• Exh. 9: Silva DOJ Statement, pp. 33:10-35:6, 48:20-49:15. | Disputed.<br><br>See Plaintiffs response to SUF 31, Plaintiffs dispute that he perceived a gun, therefore, Plaintiffs dispute whether he thought he faced an imminent threat, therefore, Plaintiffs contend that he knew he had less lethal alternatives.<br><br>Exh. H: BWC 7:04 (Van Dragt, another officer at the scene believed there were non-lethal options, and used one, i.e. a Taser) |
| 55. Van Dragt reported "shots fired" around 11:32 a.m.<br><br>*Supporting Evidence:*<br><br>• Exh. 6: Incident Log, p. 4(\[67]).<br>• Exh. 8: Silva Deposition, p. 73:13-15. | Undisputed. |

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| <ul><li>Exh. 10: Dispatch Transcript, p. 10.</li><li>Exh. 11: Dispatch Recordings: 13:52-15:05.</li><li>Exh. 17: MVARS: 7:12-7:14.</li></ul> | |
| 56. About 30 seconds elapsed between Silva's arrival (stopping) and the shooting.<br><br>*Supporting Evidence:*<br><ul><li>Exh. 14: BWC: 6:35-7:04.</li><li>Exh. 19: Blake Video File: 6:35-7:04.</li></ul> | Undisputed. |
| 57. Officers provided Alaniz with medical care for about 4 minutes until the fire department arrived and took over at 11:36 a.m.<br><br>*Supporting Evidence:*<br><ul><li>Exh. 6: Incident Log, p. 4 ([69-85]).</li><li>Exh. 7: Van Dragt Deposition, pp. 54:2-12, 54:21-55:2.</li><li>Exh. 8: Silva Deposition, p. 27:17-23.</li><li>Exh. 10: Dispatch Transcript, p. 14.</li><li>Exh. 11: Dispatch Recordings: 19:57-20:13.</li><li>Exh. 27: LA County Records.</li><li>Exh. 28: McCormick Records.</li></ul> | Disputed.<br><br>Officers did not provide immediate medical care. **Exh. H.** BWC: 7:00 – 9:25 (Two and a half minutes passed between Silva killing Alaniz and Silva and two other officers putting his limp body in handcuffs). So it is incorrect to say "medical care was provided for four minutes until the fire department arrived and took over" |
| 58. Paramedics took Alaniz to the hospital where he was pronounced dead at 12:08 p.m. | Undisputed. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Defendant's Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| *Supporting Evidence:*<br><br>• Exh. 27: LA County Records.<br>• Exh. 28: McCormick Records. | |
| 59. An open eyeglass case holding a glass pipe was found at the scene that Dragt believes was in Alaniz' hands<br><br>*Supporting Evidence:*<br><br>• Exh. 7: Van Dragt Deposition, pp. 58:24-61:10 and exhibits 3-5 to his deposition.<br>• Exhs. 29, 31-35. | Disputed in part.<br><br><br>Disputed in part.<br><br>Undisputed that an eyeglass case holding a glass pipe was found at the scene that Dragt believes was in Alaniz' hands.<br><br>Disputed that it was open. There is no testimony that the officers at the scene saw the eyeglass case *open*. |
| 60. A black vape pen was also found at the scene.<br><br>*Supporting Evidence:*<br><br>• Exhs. 29, 30. | Undisputed. |
| 61. Plaintiffs' expert concludes that Alaniz was intent on committing "suicide by cop", which is where "a suicidal individual deliberately behaves in a threatening manner with the intent to provide a lethal response from a law enforcement officer to end their own life."<br><br>*Supporting Evidence:*<br><br>• Exh. 36: DeFoe Rule 26 Report Excerpt. | Disputed in part.<br><br>These statements were part of DeFoe's analysis but they are not correctly characterized as conclusions. |

22

Dated: February 7, 2025                    LAW OFFICES OF DALE K. GALIPO


                                           /s/ *Cooper Alison-Mayne*
                                           Dale K. Galipo
                                           Cooper Alison-Mayne
                                           *Attorneys for Plaintiffs*