**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>**DECLARATION OF POLICE PRACTICES EXPERT SCOTT DEFOE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:         Dolly M. Gee<br>Hearing Date:  February 28, 2025<br>Hearing Time:  9:30 a.m.<br>Courtroom:     8C |

## DECLARATION OF SCOTT A. DEFOE

I, Scott DeFoe, declare as follows:

1. I am a police practices expert specializing in law enforcement procedures, police tactics, and proper use-of-force standards, including appropriate

-1-

Case No. 5:23-cv-00695-SSS-SP

DECLARATION OF SCOTT DEFOE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1. methods for detention and arrest and the type and degree of force, if any, that is justified under different circumstances.

2. I am a competent adult, personally familiar with the facts stated herein, and would and could competently testify to them if called upon to do so.

3. My opinions are based on my training, professional experience, and education. I served as a police officer for over twenty years with the Los Angeles Police Department, holding supervisory positions for the last fourteen years of my career. During my tenure with the LAPD, I received over 100 commendations, including the Medal of Valor, Purple Heart, and Police Star.

4. Based on my review of the facts, testimony, and the totality of the circumstances, a reasonable police officer would not have used lethal force in this situation.

5. The use of deadly force is the highest level of force available to a police officer and should only be used as a last resort in immediate defense of life.

6. Officer Silva failed to exhaust other reasonable measures before resorting to deadly force.

7. Police officers are trained that an overreaction in using deadly force constitutes excessive force.

8. Fear alone does not justify the use of deadly force; officers are trained that they must have an objectively reasonable basis for such force, which was absent in this case.

9. A reasonable officer should have recognized that Mr. John J. Alaniz was exhibiting signs of a mental health crisis, potentially suicidal behavior, and that non-lethal intervention methods were appropriate.

10. ==The Taser deployed by Officer Jonathan Van Dragt was likely effective in achieving neuro-muscular incapacitation, as evidenced by the penetration of two Taser barbs into Mr. Alaniz.==

11. Officer Silva's body-worn camera footage further supports the conclusion that the Taser likely successfully incapacitated Mr. Alaniz, reducing any immediate threat he may have posed. The video depicts Mr. Alaniz's reaction to the Taser just prior to Officer Silva firing his weapon.

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed this 7th day of February, 2025 at Huntington Beach, California.

_____
Scott DeFoe