**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br>[*Hon. Dolly M. Gee*]<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT:**

Plaintiffs apply *ex parte* pursuant to Local Rule 7-19 for an order certifying Defendants' interlocutory appeal as frivolous, thereby allowing the Court to retain jurisdiction and proceed to trial as scheduled on April 15, 2025.

An application may be made on an *ex parte* basis where the moving party is exposed to prejudice not attributable to lack of diligence on the part of the moving party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). This application is properly made on an *ex parte* basis because there is not sufficient time for a regularly noticed motion that would prevent prejudice to Plaintiffs. Alison-Mayne Decl. ¶ 2. Defendants filed a notice of appeal on March 10, 2025, less than two weeks before the final pretrial conference, which is set for March 25, 2025. *Id.* The trial of this matter is set for April 15, 2025, and Plaintiffs would be prejudiced by having their trial delayed by Defendants' frivolous interlocutory appeal. *Id.*

For the reasons set forth in the attached memorandum of points and authorities, Defendants' interlocutory appeal should be certified as frivolous. Under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), this Court has the authority to certify Defendants' appeal as frivolous and proceed with trial. *See also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying the Chuman certification process).

Unless this Court certifies Defendants' appeal as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' unmeritorious appeal will likely result in a significant delay. The heavy weight of such potential prejudice justifies this *ex parte* application. There are multiple avenues of potential prejudice to Plaintiffs from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiffs' delayed remedies.

Accordingly, Plaintiffs request that the Court enter the proposed order filed concurrently, which would certify that Defendants' interlocutory appeal of the Court's order denying their motion for summary judgment is frivolous. Having certified the appeal as frivolous, this Court would retain jurisdiction over this matter, and the case could proceed to trial as scheduled.

Defendants' counsel is Lee Roistacher. Plaintiffs' counsel gave notice to defense counsel via telephone on March 10, 2025, to advise Defendants that Plaintiffs would be filing the instant *ex parte* application. Alison-Mayne Decl. ¶ 3. Defendants' counsel's contact information is as follows: DEAN GAZZO ROISTACHER LLP, 440 Stevens Avenue, Suite 100 Solana Beach, Ca. 92075; lroistacher@deangazzo.com, (858) 264-4938. *Id*. Defendants are not opposed to Plaintiffs filing this motion on an *ex parte* basis, but Defendants are opposed to certifying their interlocutory appeal as frivolous. *Id*. An opposition is expected to be filed on March 19, 2025. *Id*.

Respectfully submitted,

DATED:  March 12, 2025          LAW OFFICES OF DALE K. GALIPO

                                By        /s/ *Cooper Alison-Mayne*
                                    Dale K. Galipo
                                    Cooper Alison-Mayne
                                    Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

This civil rights lawsuit arises out of the use of deadly force against John Alaniz ("Alaniz") by California Highway Patrol Officer Ramon Silva on May 4, 2022. Alaniz's parents, Sandra Kirkman and Carlos Alaniz, bring this action under 42 U.S.C. § 1983 and state law against Officer Silva and the State of California.

On January 24, 2025, Defendants moved for summary judgment on all of Plaintiffs' claims. (ECF No. 66.) Plaintiffs opposed the motion, and Defendants filed a repy to Plaintiffs' opposition. (ECF Nos. 70, 72.) The Court held a hearing on February 28, 2025, where both parties presented their respective arguments. (ECF No. 74.) On March 5, 2025, the Court denied the motion, except as to Plaintiffs' Fourteenth Amendment claim, which was dismissed. (ECF No. 75.) The Court found that Silva was not entitled to qualified immunity with respect to his use of deadly force against Alaniz because there were genuine disputes of material fact that precluded summary judgment such as: (1) whether Silva knew that Alaniz was unarmed; (2) whether Silva knew Alaniz had already been struck by a taser; and (3) whether Alaniz was turning away from Silva at the time of the shots. *Id.* at 13. The Court concluded that "[g]iven the disputed facts and the opposing inferences that can be drawn from them, the Court cannot determine on summary judgment that Silva did not violate a clearly established constitutional right." *Id*.

On March 10, 2025, Defendants filed their notice of appeal of this Court's denial of qualified immunity. (Doc. 76.) Plaintiff now respectfully requests that this Court certify Defendants' interlocutory appeal as frivolous, retain jurisdiction, and allow the trial to proceed as scheduled on April 15, 2025. As explained below, an order denying qualified immunity on the basis of disputed material facts is not immediately appealable, and a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the defendant assumes the plaintiff's version of the facts. *See Johnson v.*

*Jones*, 515 U.S. 304, 319-20 (1995). But throughout their briefing and at oral argument, Defendants have not even attempted to argue that Silva is entitled to summary judgment under Plaintiffs' version of the facts. Nor can they do so on appeal, as they are limited to the arguments raised below. Instead, their appeal will improperly challenge this Court's determination that Plaintiffs have presented sufficient evidence to create a genuine dispute of material fact—an issue beyond the scope of an immediate appeal on qualified immunity. Because their appeal does not raise a purely legal question but instead seeks to relitigate factual disputes, it should be certified as frivolous.

## II.     LEGAL STANDARD

Typically, the filing of an interlocutory appeal confers jurisdiction on the court of appeals, divests the district court of control over those aspects of the case involved in the appeal, and the district court does not regain jurisdiction over those issues until the court of appeals issues its mandate. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, there are exceptions to this general rule, and "circuit courts do not have jurisdiction over every appeal of a denial of summary judgment based on qualified immunity." *Carnell v. Grimm*, 74 F.3d 977, 980 (9th Cir. 1996).

Interlocutory appeal of a qualified immunity ruling is only available on "purely legal" issues, not to resolve "a fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 307 (1995). In other words, where "a portion of a district court's summary judgment order" in a qualified immunity case "determines only a question of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial," it is not a final decision under the collateral order doctrine. *Id*. at 313. Thus, the Ninth Circuit has "jurisdiction only to the extent 'the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed

a violation of clearly established law." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (internal quotations ommited); *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) ("[I]nstant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication.").

*Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives district courts the authority to certify an interlocutory appeal as frivolous and proceed with trial. *Id.*; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process). In *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996), the Supreme Court "endorsed the district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous or forfeited as a means of protecting civil rights plaintiffs from abusive successive pre-trial assertions of qualified immunity." *Id.* "This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.*

### III. DEFENDANTS' APPEAL IS FRIVOLOUS BECAUSE IT CHALLENGES THE COURT'S FACTUAL FINDINGS RATHER THAN THE COURTS FINDINGS ON LEGAL ISSUES

In their Motion for Summary Judgment, Defendants argued that Silva is entitled to qualified immunity because Silva believed Alaniz was pointing a gun at him and that this belief was a reasonable mistake. (ECF No. 66-1 at 17–25.) In their opposition, Plaintiffs argued that Silva knew Alaniz did not have a gun, and that the story about having mistakenly perceived a gun was concocted after the fact to avoid liability. (ECF No. 70 at 9:10, 21:11, 22:5.) In their reply, Defendants' challenged whether Plaintiffs had presented adequate evidence to create a genuine dispute regarding these factual questions. (ECF No. 72 at 7.) However, they *did not* argue that Silva was entitled to qualified immunity on Plaintiffs' version of the facts. (*Id., generally.*) The Court considered the record and found that there was a disputed

issue of fact on many issues including whether Silva knew Alaniz was unarmed, and the Court concluded that on "Plaintiffs' version of the facts," Silva was not entitled to qualified immunity ECF No. 75 at 13.[1]

    Defendants now appeal this Court's order, but their appeal is meritless. On interlocutory appeal, they may not challenge the Court's determination that a genuine dispute of material fact exists as to whether Silva knew Alaniz was unarmed. They are limited to the purely legal question of whether, under Plaintiffs' version of the facts it was clearly established that using deadly force would be unreasonable. Defendants have never attempted to make this argument, probably because it would be untenable on its face.

    Because Defendants' appeal is based on challenging the Court's finding about whether Plaintiffs put on sufficient evidence to create a genuine material dispute of material fact, the appeal is doomed from the start, and the Court should certify it as frivolous. *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996) ("Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal.")

    Since *Chuman*, the certification of an appeal such as this as frivolous has been sought and granted throughout the district courts of this Circuit and affirmed by the Ninth Circuit. *See Behrens*, 516 U.S. at 310-11; *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) (re-affirming that the district court may certify the appeal as

---

[1] The present the issue simply, Plaintiffs are only highlighting the most important genuine dispute of material fact that was found by the Court, but there were numerous other, including: (1) whether Alaniz was in a "shooter's stance"; (2) whether the object he was holding reasonably appeared to be a gun; (3) whether Silva's belief that Alaniz was armed was reasonable; (4) whether it was reasonable for Officer Silva to believe the taser discharge sounded like a gunshot; (5) whether Alaniz was charging toward the officers or turning away when he was shot; (6) whether less lethal alternatives were available and reasonable; (7) whether Office Van Dragt's use of his taser was effective.

frivolous and may then proceed with trial); *Wilson v. Maricopa County*, 484 F. Supp. 2d 1015 (Dist. Az. 2006) (concluding that the interlocutory appeal was frivolous where "the right at issue was clearly established . . . and the evidence, construed in Plaintiffs' favor, shows that no reasonable sheriff in [defendants'] position could have believed that his conduct was lawful."); *Frunz v. City of Tacoma*, 468 F.3d 1141, 1147 n.10 (9th Cir. 2006) (in the Ninth Circuit, defendants can be sanctioned for filing frivolous appeals that include a claim of qualified immunity and ordering defendants to show cause as to why they should not be sanctioned for filing a frivolous appeal).

In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC(KESx), Judge Cormac J. Carney granted the plaintiff's *ex parte* application to certify the defendants' appeal as frivolous under very similar circumstances.  ("Exhibit A" to Alison-Mayne Decl.). In that excessive force case, the individual officer defendant appealed the district court's order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. In holding that the defendants' appeal was frivolous, the *Craig* court stated:

> A defendant may appeal a district court's denial of qualified immunity on the basis that his conduct did not violate clearly established law, so long as the defendant assumes the plaintiff's version of the facts. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945–46 (9th Cir. 2017). Defendant fails to do this. In his motion for summary judgment, Defendant primarily challenged the sufficiency of Plaintiffs' evidence and asserted his own version of the facts, arguing he reasonably believed that Witt had a gun. . . . Accordingly, the Court denied summary judgment because there were genuine issues of fact as to whether Deputy Petropolus reasonably believed Witt had a gun, whether Witt was attempting to flee, and whether Witt posed an immediate threat.

("Exhibit A" to Mayne Decl. at p. 4; *see also*, *V.R. v. Cnty. of San Bernardino*, No. EDCV191023JGBSPX, 2022 WL 3137728 (C.D. Cal. Mar. 31, 2022) (denying qualified immunity where triable issues of fact precluded summary judgment,

certifying defendants' interlocutory appeal as frivolous, and rejecting defendants' mischaracterization of disputed facts as immaterial)).

Here, the Court's Order denying summary judgment to Silva on qualified immunity grounds was clearly premised on it's finding of genuine factual disputes. The Court's Order concluded: "*Given the disputed facts* and the opposing inferences that can be drawn from them, the Court cannot determine on summary judgment that Silva did not violate a clearly established constitutional right." (ECF No. 75 at 13.)

The parties' briefing and oral argument confirm that the denial of qualified immunity here hinges on disputed factual issues, not a purely legal issue. Plaintiffs concede that if Silva mistakenly perceived that Alaniz had a gun and his mistake was reasonable, he would be entitled to qualified immunity. Conversely, Defendants appear to agree that if Silva knew Alaniz was unarmed, qualified immunity would not apply. Thus, the central issue is whether a genuine dispute of material fact exists on these points. The Court has already determined that such a dispute does exist. Accordingly, Defendants' interlocutory appeal is baseless and does not divest this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (no jurisdiction over an interlocutory appeal that merely disputes the existence of genuine issues of material fact).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant this *ex parte* application and issue an order certifying Defendants' Interlocutory Appeal as frivolous, retaining jurisdiction, and keeping the trial date in place.

Respectfully submitted,

DATED: March 12, 2025,    **LAW OFFICES OF DALE K. GALIPO**
                          **LAW OFFICES OF GRECH & PACKER**

                          By: _____/s/ *Cooper Alison-Mayne*_____
                          Dale K. Galipo, Esq.
                          Cooper Alison-Mayne
                          *Attorneys for Plaintiffs*