Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE BY DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER RAMON SILVA TO EXCLUDE INADMISSIBLE LAY OPINIONS AND IRRELEVANT AND PREJUDICAL WITNESS VIDEO COMMENTARY**<br><br>**[No. 1 of 4]**<br><br>Courtroom: 8C<br>Judge: Hon. Dolly M. Gee<br><br>FPTC: March 25, 2025, 2:00 p.m.<br>Trial Date: April 15, 2025, 8:30 a.m. |

**INTRODUCTION**

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

CHP Officers Jonathan Van Dragt and Ramon Silva responded to the I-105 freeway because John Alaniz was purposely trying to kill himself by jumping in front of cars. Upon contact with the officers, Alaniz ignored commands to remove

his hands from his pocket until he pulled objects from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force. Alaniz was shot three times and died.

Defendants Silva and State of California move to preclude and exclude improper lay witness opinion and prejudicial and irrelevant commentary from cell phone videos plaintiffs intend to introduce, and further move to preclude and exclude any similar testimony of witness Emanuel Clark or any other lay witnesses.

**ARGUMENT**

Plaintiff intends to call witness Emanuel Clark. He was not deposed so the content of his testimony is not yet known. But Clark did provide investigators cell phone video taking *after* the shooting occurred where he is heard making various statements. Plaintiffs have listed two of the videos as exhibits. This is what Clark says on the videos:

> Yo, bro. I'm in my work truck. I seen the whole shit. Yes, this man did run up with like a taser - some little bullshit. Nothing major. They killed this man though. They could 've used the taser. They could have did anything they wanted to keep this man alive. They fucking killed this man. Bro, you're still going to put his hands behind his back! He's fucking dead! Bro he's dead! He's dead!

> "N*****, they just killed this n*****. Oh. They just killed this dude. Oh my God, they just killed this n*****. Bro, they just killed him. Bro, they just killed him. Bro, they just killed him."

> Bro, you guys are going to handcuff a dead guy. He's dead. He's dead. You're handcuffing a dead guy. Hey, hey, excuse me mam' He's dead. They killed him already. Mam', I sat here and watched it. I watched it live. What are they doing. Oh my God."

Although the statement "Yo, bro. I'm in my work truck. I seen the whole shit. Yes, this man did run up with like a taser," is admissible because it is based

1  on his personal observations, Fed. R. Evid, 601, none of the other opinions or
2  commentary is admissible.

3  The statements from the video, or any similar trial testimony, that "[t]hey
4  could 've used the taser" and "[t]hey could have did anything they wanted to keep
5  this man alive" are inadmissible lay witness opinions on ultimate issues
6  concerning the reasonableness of lethal force or tactics employed regarding the
7  use of force. Fed. R. Evidence 701(c) (lay witness opinion testimony cannot be
8  expert testimony); *see Tan v. City & Cty. of S.F.*, 2010 U.S. Dist. LEXIS 24668,
9  at *7 (N.D. Cal. Feb. 26, 2010) (precluding lay witness from testifying that "force
10 used by Defendants was excessive, unreasonable, or greater than necessary",
11 including testimony "that she thought the officers were doing a lot more to Remi
12 Tan than he was doing in return; that is, the officers were using force when the
13 arrestee was not.").

14 The same is true for the statements impugning the officers for handcuffing
15 Alaniz because the propriety of handcuffing in that situation is a matter of police
16 practices and beyond common knowledge.  Statements about the handcuffing are
17 also inadmissible because they are irrelevant. Fed. R. Evid. 401, 402.  Silva did
18 not handcuff Alaniz.  Even if he did, conduct after the use of deadly force has no
19 bearing on any issue in this case.

20 Statements or testimony regarding how the officers "killed" Alaniz are not
21 helpful to the jury because it is undisputed that Silva killed Alaniz.  Also, the entire
22 emotional tenor of the statements and purported outrage is prejudicial.  Fed. R.
23 Evid. 403.

24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

This Court should grant defendants' motion in limine.

Dated: March 14, 2025

Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

# CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Motion in Limine to Exclude Inadmissible Lay Opinions and Irrelevant and Prejudical Witness Video Commentary [No. 1 of 4] contains 691 words, which:

__X__ complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: March 14, 2025          */s/ Lee H. Roistacher*
Lee H. Roistacher , declarant