Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,

Plaintiff,

v.

STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,

Defendant.

Case No.: 2:23-cv-07532-DMG-SSC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER RAMON SILVA'S MOTION IN LIMINE TO EXCLUDE GRUESOME POST-INCIDENT AND POST-MORTEM PHOTOGRAPHS**

**[No. 2 of 4]**

Courtroom: 8C
Judge: Hon. Dolly M. Gee

FPTC: March 25, 2025, 2:00 p.m.

Trial Date: April 15, 2025, 8:30 a.m.

## INTRODUCTION

This admittedly tragic case is about a May 4, 2022 officer involved shooting. CHP Officers Jonathan Van Dragt and Ramon Silva responded to the I-105 freeway because John Alaniz was purposely trying to kill himself by jumping in front of cars. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled objects from his pocket and immediately charged directly at the officers with his hands together

and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force. Alaniz was shot three times and died.

Plaintiffs seek to introduce scene photographs. It is unclear at this time which photographs they intend to use but as one can image those of Alaniz lying bloody on the ground with bullet holes in him are gruesome, gory and bloody.

Plaintiffs seek to introduce Alaniz's post-mortem autopsy photographs. They have shown defendants 11 photos they intend to use. Though defendants appreciate the attempt to limit the number of photographs, they remain gruesome, gory and bloody photographs of the three bullet wounds (and a head wound it seems) Alaniz sustained.

## ARGUMENT

### A. Gruesome, Gory And Graphic Photographs Of Alaniz Are Irrelevant To The Issues

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is relevant when "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "'Relevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387, (2008) (quoting Fed. R. Evid. 41, Adv. Comm. Note).

Determining relevancy of evidence rests with this Court's sound discretion. *Id.* The key question is whether the "item of evidence tend to prove the matter sought to be proved." Fed. R. Evid. 401, Adv. Comm. Note

The central issue in this case is whether Silva's use of deadly force was unreasonable under the totality of circumstances. The use of graphic and

gruesome photographs of Alaniz's body after being shot while on scene and after being stripped naked and cut open during the autopsy have no relevance to the central and dispositive issue in this case.

**B. Gruesome, Gory And Graphic Post-Shooting Scene Photographs And Autopsy Photographs Are Substantially More Prejudicial Than Probative**

Under Federal Rule of Evidence 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

There is no dispute that Alaniz was shot three times. There is no dispute regarding where the bullets struck Alaniz and there is no dispute regarding their path of travel. The medical examiner and the parties' respective forensic pathologists will all testify about these issues. There is simply no need for pictures like these:



Autopsy photographs (and similar scene photographs) are certainly cumulative and will cause undue delay and a waste of time.

They are also unfairly prejudicial. "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013); *see also Silva v. Chung*, 2019 U.S. Dist. LEXIS 85667, at *7 (D. Haw. May 21, 2019) ("Evidence is unfairly prejudicial when its probative value is outweighed because of its ability to appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions.").

Graphic photographs can illicit improper emotional responses from the jury. *See United States v. Ponce-Galvan*, 2024 U.S. App. LEXIS 7460, at *3 (9th Cir. Mar. 29, 2024) ("The photograph is graphic, and the district court could

conclude it risked eliciting an improper emotional response from the jury.") (unpub.).

"Death images 'may appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions.'" *United States v. Bash*, 2025 U.S. Dist. LEXIS 4219, at *99 (E.D. Cal. Jan. 8, 2025); *Nash-Perry v. City of Bakersfield*, 2022 U.S. Dist. LEXIS 145507, at *57 (E.D. Cal. Aug. 12, 2022) (same).

Courts need to be "cognizant of the danger that the autopsy [and scene] photographs present, as many are graphic portrayals of the decedent's injuries and wounds." *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *13-14 (C.D. Cal. June 14, 2012). With autopsy and post shooting scene photos, "[t]here is a strong possibility that such photographs will inflame the jury's sympathies and distract them from the relevant issues in dispute." *Id.* at *14 .

Because there is no dispute about how Alaniz died, an autopsy report exists, the medical examiner will be a witness at trial and both sides have expert forensic pathologies, gruesome scene and autopsy photographs must be excluded or seriously limited. *See Sanchez*, 2012 U.S. Dist. LEXIS 200372, at *14 ("Moreover, as the cause of death is not in question, such photographs will add little to autopsy reports and other evidence showing that Don Richard died because of the shooting. Given their potentially cumulative nature, such photographs may not only cause undue prejudice, but waste jury time. Fed. R. Evid. 403.").

///

///

///

///

///

///

**CONCLUSION**

This Court should exclude irrelevant, cumulative and prejudicial autopsy and scene photographs.

Dated: March 14, 2025

Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

**CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants State of California by and Through California Highway Patrol and Officer Ramon Silva, certify that this Motion in Limine to Exclude Exclude Gruesome Post-Incident and Post-Mortem Photographs [No. 2 of 4] contains 932 words, which:

__X__ complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: March 14, 2025

*/s/ Lee H. Roistacher*
Lee H. Roistacher , declarant