Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:    lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER RAMON SILVA'S MOTION IN LIMINE TO EXCLUDE OPINIONS OF PLAINTIFFS' POLICE PRACTICES EXPERT SCOTT DEFOE**<br><br>**[No. 3 of 4]**<br><br>Courtroom: 8C<br>Judge:     Hon. Dolly M. Gee<br><br>FPTC: March 25, 2025, 2:00 p.m.<br><br>Trial Date: April 15, 2025, 8:30 a.m. |

///
///
///
///
///
///
///
///

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………..6

ARGUMENT………………………………………………………………………….6

A.    Defoe Must Be Limited To The Opinions Contained In His Report And Thus Cannot Offer Any Taser-Related Opinions Or Any Other Opinions Not Contained In His Report…………………………………….6

B.    All of DeFoe's Opinions Are Inadmissible……………………………..9

      1.    Standards……………………………………………………………9

      2.    Analysis……………………………………………………………10

CONCLUSION………………………………………………………………………15

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. Cty. of San Diego*
 2020 U.S. Dist. LEXIS 136761 (S.D. Cal. July 31, 2020)....................10

*Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*
 683 F.3d 1144 (9th Cir. 2012)................................................10

*Burns v. Koudelka Transp. LLC*
 2024 U.S. Dist. LEXIS 194685 (D. Idaho Oct. 24, 2024)....................9

*Chavez v. S.F. Bay Area Rapid Transit Dist.*
 2024 U.S. Dist. LEXIS 110220 (N.D. Cal. June 21, 2024)....................9

*Chien Van Bui v. City & Cty. Of S.F.*
 2018 U.S. Dist. LEXIS 33917 (N.D. Cal. Feb. 27, 2018)....................11

*Daubert v. Merrell Dow Pharms., Inc.*
 509 U.S. 579 (1993).......................................................9

*Elosu v. Middlefork Ranch Inc.*
 26 F.4th 1017 (9th Cir. 2022).............................................9

*Estate of Morad v. City of Long Beach,*
 2018 U.S. Dist. LEXIS 245246 (C.D. Cal. June 15, 2018)...................10

*Foshee v. Zuniga*
 2021 U.S. Dist. LEXIS 92474 (N.D. Cal. May 14, 2021).....................9

*Giacometto Ranch Inc. v. Denbury Onshore LLC*
 2024 U.S. Dist. LEXIS 33596 (D. Mont. Feb. 27, 2024).....................7

*Godinez v. Huerta*
 2018 U.S. Dist. LEXIS 73623 (S.D. Cal. May 1, 2018)......................12

*Gonzalez v. City of Garden Grove*
 2006 U.S. Dist. LEXIS 97148).............................................10

*Jimenez v. Sambrano*
 2009 U.S. Dist. LEXIS 67060 (S.D. Cal. July 31, 2009)....................11

*Johnson v. City of L.A.*
 2019 U.S. Dist. LEXIS 241011 (C.D. Cal. Jan. 31, 2019)...................15

*Jones v. City of Los Angeles*
 No. 2:20-CV11147-FWS-SK, 2023 U.S. Dist. LEXIS 46869
 (C.D. Cal. Feb. 24, 2023)................................................14

*Kumho Tire Co. v. Carmichael*
 526 U.S. 137 (1999).......................................................9

*L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*
 2023 U.S. Dist. LEXIS 230550 (C.D. Cal. Nov. 14, 2023)....................8

*Landeros v. Las Vegas Metro. Police Dep't*
　2018 U.S. Dist. LEXIS 233434 (D. Nev. Sep. 18, 2018)................12, 14

*Lopez v. Johnson & Johnson*
　654 F. Supp. 3d 997, 1005 (C.D. Cal. 2023)......................10

*Malone v. Potter*
　2009 U.S. Dist. LEXIS 134861 (C.D. Cal. Feb. 25, 2009)............12, 14

*Martinez v. Davis*
　2011 U.S. Dist. LEXIS 15406 (C.D. Cal. Feb. 4, 2011)..................11

*Moller v. Cty. of San Bernardino*
　2024 U.S. Dist. LEXIS 232429 (C.D. Cal. Jan. 2, 2024)..................7

*Mukhtar v. Cal. State Univ.*
　299 F.3d 1053 (9th Cir. 2002)..................................10

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*
　523 F.3d 1051 (9th Cir. 2008)..................................10

*Pajas v. Cty. of Monterey*
　2019 U.S. Dist. LEXIS 6629 (N.D. Cal. Jan. 14, 2019)..................9

*Plumley v. Mockett*
　836 F. Supp. 2d 1053 (C.D. Cal. 2010)..............................9

*Reinsdorf v. Skechers U.S.A.*
　922 F. Supp. 2d 866 (C.D. Cal. 2013)..............................8

*Romero v. AG Merrick B. Garland*
　2024 U.S. Dist. LEXIS 44685 (S.D. Cal. Mar. 13, 2024)..................9

*Ruiz v. Walmart Inc.*
　2021 U.S. Dist. LEXIS 49761 (C.D. Cal. Jan. 21, 2021).................7, 9

*Sankaranarayanan v. Sashidhar*
　2025 U.S. Dist. LEXIS 1082 (W.D. Wash. Jan. 3, 2025)..................7

*Schroeder v. Cty. of San Bernardino*
　2019 U.S. Dist. LEXIS 140301 (C.D. Cal. May 7, 2019)..................11

*Shirar v. Guerrero*
　2017 U.S. Dist. LEXIS 232684 (C.D. Cal. Aug. 2, 2017)..................10

*Valiavicharska v. Celaya*
　2012 U.S. Dist. LEXIS 8191 (N.D. Cal. Jan. 24, 2012)................11, 12

*Valtierra v. City of L.A.*
　99 F. Supp. 3d 1190 (C.D. Cal. 2015)..............................11

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
　259 F.3d 1101 (9th Cir. 2001)..................................7

**Statutes**

Evid. Code § 401…………………………………………………………………….13, 15

Evid. Code § 402…………………………………………………………………….13, 15

Evid. Code § 403……………………………………………………………….…..15

Fed. R. Civ. P. 26……………………………………………………………………...6, 7

Fed. R. Civ. P. 37……………………………………………………………….…..7

Fed. R. Evid. 702……………………………………………………………............6, 10

Fed. R. Evid. 703…………………………………………………………………...6

Fed. R. Evid. 704……………………………………………………………..6, 10

Fed. R. Evid. 705……………………………………………………………………6

# INTRODUCTION

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

CHP Officers Jonathan Van Dragt and Ramon Silva responded to the I-105 freeway because John Alaniz was purposely trying to kill himself by jumping in front of cars. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled objects from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force. Alaniz was shot three times and died. Right before Officer Silva fired his gun, Officer Van Dragt fired his taser at Alaniz. It is disputed whether there was an effective taser strike, which requires both taser barbs to imbed into Alaniz's skin/body.

Defendants Silva and State of California move to exclude opinions of plaintiffs' police practices expert Scott DeFoe. DeFoe's Federal Rule of Civil Procedure 26 report is Exhibit 1 to the Notice of Lodgment of Exhibits (NOL). *See* Roistacher Declaration, ¶ 2. DeFoe did not issue a supplemental report and was not deposed. *Id.*

# ARGUMENT

**A.   Defoe Must Be Limited To The Opinions Contained In His Report And Thus Cannot Offer Any Taser-Related Opinions Or Any Other Opinions Not Contained In His Report**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one

1  retained or specially employed to provide expert testimony in the case." Fed. R.
2  Civ. P. 26(a)(2)(B). The report shall contain "a complete statement of all
3  opinions the witness will express and the basis and reasons for them." Fed. R.
4  Civ. P. 26(a)(2)(B)(i).
5        Federal Rule of Civil Procedure 37(c) "'gives teeth" to Rule 26's disclosure
6  requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at
7  *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor
8  Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). It "provides that a party that fails to
9  provide information as required by Rule 26(a) may not use that information on a
10 motion, at a hearing, or at a trial, unless the failure was substantially justified or
11 harmless. Fed. R. Civ. P. 37(c)(1). The advisory committee's notes to the 1993
12 Amendments describe this as an 'automatic sanction.'" *Ruiz v. Walmart Inc.,* 2021
13 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021).
14       Thus, "the purpose of Rule 26 is to provide notice to the opposing party so
15 attorneys may prepare intelligently for trial" and "experts will be precluded from
16 providing opinions that are not set forth in their reports." *Moller v. Cty. of San
17 Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024); *see
18 also Giacometto Ranch Inc. v. Denbury Onshore LLC*, 2024 U.S. Dist. LEXIS
19 33596, at *9 (D. Mont. Feb. 27, 2024) ("'[e]xperts may only testify in
20 accordance with their expert reports'").
21       On January 11, 2025, DeFoe issued his Rule 26 report. The report contained
22 10 opinions. *See* Exh. 1, pp. 7-25. Not one of those opinions dealt with the issue
23 of whether Officer Van Dragt managed an effective taser shot on Alaniz, which
24 requires two taser barbs to penetrate skin/body.
25       In his recitation of "facts," DeFoe does say "[t]he autopsy report indicates
26 that the taser barbs did penetrate [the decedent]." Exh. 1, p. 7. What the autopsy
27 ///
28

report says is not an opinion.[1]  DeFoe also misstates the autopsy report. This is what it says:

> A projectile consistent with an electronic control device bard is recovered from the clothing... Possible puncture marks are identified on the upper extremities, but in the setting of medical intervention no definite evidence of the electronic control device contacting the skin is evidence.

NOL, Exh. 2, Autopsy Report, p. 13.  *See* Roistacher Declaration, ¶ 3.

On February 7, 2025, plaintiffs submitted in opposition to defendants' summary judgment motion a declaration by DeFoe (signed the same day) providing the following opinion:

> The Taser deployed by Officer Jonathan Van Dragt was likely effective in achieving neuro-muscular incapacitation, as evidenced by the penetration of two Taser barbs into Mr. Alaniz. [¶] Officer Silva's body-warn camera footage further supports the conclusion that the taser likely successfully incapacitated Mr. Alaniz, reducing any immediate threat he may have posed.  The video depicts Mr. Alaniz's reaction to the Taser just prior to Officer Silva firing his weapon.

Doc. 70-13 ¶¶ 10, 11.

This is no question this new substantive opinion was not contained within DeFoe's Rule 26 report, and he did not do a supplemental report.[2]  This Court must

---

[1] What the autopsy report says is also hearsay that DeFoe cannot regurgitate to the jury.

[2] Even if DeFoe had done a supplemental report containing this opinion, it would have been improper.  *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880 (C.D. Cal. 2013) ("Supplementation means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure. The duty to supplement does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' original report.") (simplified); *see also L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, 2023 U.S. Dist. LEXIS 230550, at *26-27 (C.D.

preclude DeFoe from offering at trial the opinion set forth in his declaration, or any taser-related opinion.

New opinions offered in a declaration or even at deposition not contained within an expert's Rule 26 report are inadmissible. *Ruiz v. Walmart Inc.*, 2021 U.S. Dist. LEXIS 49761, at *12 (C.D. Cal. Jan. 21, 2021) (excluding new opinions in a declaration that were not contained in Rule 26 report); *Burns v. Koudelka Transp. LLC*, 2024 U.S. Dist. LEXIS 194685, at *12-13 (D. Idaho Oct. 24, 2024) (same) *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (same); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-8 (N.D. Cal. Jan. 14, 2019) (excluding opinions offered in deposition not contained in Rule 26 report); *Chavez v. S.F. Bay Area Rapid Transit Dist.*, 2024 U.S. Dist. LEXIS 110220, at *7 (N.D. Cal. June 21, 2024) ("A party may not cure a failure to disclose an expert opinion in a written report by supplementing the expert's disclosure with later deposition testimony."); *Romero v. AG Merrick B. Garland*, 2024 U.S. Dist. LEXIS 44685, at *41 (S.D. Cal. Mar. 13, 2024) (same); *Foshee v. Zuniga*, 2021 U.S. Dist. LEXIS 92474, at *25 (N.D. Cal. May 14, 2021) (same)

**B.     All of DeFoe's Opinions Are Inadmissible**

*1.     Standards*

"Rule 702 of the Federal Rules of Evidence tasks a district court judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  This gatekeeping obligation applies to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  "The party offering

---

Cal. Nov. 14, 2023) ("'Courts have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories, or attempted to deepen and strengthen the experts' prior reports.").

expert testimony has the burden of establishing its admissibility." *Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012); *see also Lopez v. Johnson & Johnson*, 654 F. Supp. 3d 997, 1005 (C.D. Cal. 2023) ("'The party offering the expert bears the burden of establishing that Rule 702 is satisfied.'").

Expert testimony must 'help the trier of fact to understand the evidence or to determine a fact in issue.' Fed. R. Evid. 702(a). Opinions that 'merely tell the jury what result to reach' are inadmissible. Fed. R. Evid. 704 advisory committee's note on proposed rules. Accordingly, "[e]xpert witnesses are prohibited from drawing legal conclusions since this would interfere with the province of the trier of fact or the Court.'" *Shirar v. Guerrero*, 2017 U.S. Dist. LEXIS 232684, at *17 (C.D. Cal. Aug. 2, 2017) (quoting *Gonzalez v. City of Garden Grove*, 2006 U.S. Dist. LEXIS 97148, at *8); *accord Estate of Morad v. City of Long Beach*, 2018 U.S. Dist. LEXIS 245246, at *11 (C.D. Cal. June 15, 2018); *see Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008) ("[E]vidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible.") (simplified); *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.")

2.   *Analysis*

Thus, "[p]olice practices experts may only testify as to whether an action conformed with a reasonable standard of practice, not whether the particular officer's action was reasonable under the specific circumstances he faced." *Shirar*, 2017 U.S. Dist. LEXIS 232684, at *17. District court decisions throughout the Ninth Circuit are in accord. *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136761, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions

and whether his use of force was appropriate under the facts of the case.'"); *Schroeder v. Cty. of San Bernardino*, 2019 U.S. Dist. LEXIS 140301, at *5-6 (C.D. Cal. May 7, 2019) ("The Court shall not permit [the expert] to testify in the form of legal conclusions, such as whether Defendants' force was excessive or unreasonable, or whether Defendants' actions were justified under the Fourth Amendment, as those conclusions are within the province of the jury."); *Valtierra v. City of L.A.*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) ("Whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances confronting them is, however, a question for the jury or, if no material facts are in dispute, for the Court."); *Chien Van Bui v. City & Cty. of S.F.*, 2018 U.S. Dist. LEXIS 33917, at *14 (N.D. Cal. Feb. 27, 2018) ("[A]n expert may address hypothetical situations (such as what a police officer might do in a given situation) but cannot testify as to ultimate legal issues (such as whether a course of conduct is legally reasonable or unreasonable)."); *Valiavicharska v. Celaya*, 2012 U.S. Dist. LEXIS 8191, at *9 (N.D. Cal. Jan. 24, 2012) ("In excessive force cases, an expert may not opine on whether the 'Defendants' use of force was reasonable under the circumstances" as this 'is just such an opinion on an ultimate issue of law that risks usurping the jury's province.'") (quoting *Martinez v. Davis*, 2011 U.S. Dist. LEXIS 15406, at *8 (C.D. Cal. Feb. 4, 2011); *Jimenez v. Sambrano*, 2009 U.S. Dist. LEXIS 67060, at *8-9 (S.D. Cal. July 31, 2009) ("whether Defendants' use of force was unreasonable or excessive is an ultimate issue of law in this case" and thus "opinions in this regard are inadmissible").

      This Court should exclude the following opinions of DeFoe because they all run afoul of the rules just laid out for police practices experts. The "opinions" are nothing more to instructions to the jury on how to view the facts and how to decide the issues in the case. To the extent other rules warrant exclusion, those rules are noted where appropriate.

**Opinion No. 1:** "[A] reasonable police Officer would have initially determined [the decedent] was suicidal, mentally ill, and or experience a mental crisis. It is my opinion that ... Officer Silva failed to initially determine [the decedent] was suicidal mentally ill, and or experience a mental crisis."[3] Exh. 1, p. 7.

**Opinion No. 1(a):** "It is my opinion that ... Officer Silva failed to properly recognize that [the decedent] was exhibiting "Suicide by Cop" ideation when they contacted him," Exh. 1, p. 8; *see Valiavicharska v. Celaya*, 2012 U.S. Dist. LEXIS 8191, at *8-9 (N.D. Cal. Jan. 24, 2012) ("It is also inappropriate for an expert to attempt to intuit a party's subjective knowledge or create a question of fact as to what the party actually knew.") (simplified); *accord, Godinez v. Huerta*, 2018 U.S. Dist. LEXIS 73623, at *18 (S.D. Cal. May 1, 2018).

**Opinion No. 1 (b):** "[I]t is my opinion that ... Officer Silva failed to comply with California Highway Manual, HPM 70.6 ...," Exh. 1, p. 8. *See Landeros v. Las Vegas Metro. Police Dep't*, 2018 U.S. Dist. LEXIS 233434, at *8 (D. Nev. Sep. 18, 2018) ("The court is persuaded by defendants' argument that the trier of fact does not need expert testimony to determine whether Officer Parra violated the LVMPD internal policy."); *Malone v. Potter*, 2009 U.S. Dist. LEXIS 134861, at *11 (C.D. Cal. Feb. 25, 2009) ("The court concludes that Ball's testimony regarding defendant's alleged failure to follow its employment policies does not meet the requirements of Rule 702.")

**Opinion No. 2**: "[A] reasonable Police Officer would have initially determined [the decedent] was a Danger to Self and met the criteria for a 5150 Hold. It is my opinion ... Officer Silva failed to initially determine whether [the

---

[3] Many of DeFoe's opinions are phrased this way. He starts by saying what the "reasonable officer" would know or do and then says Officer Silva failed to conform his conduct to the "reasonable officer." This is no different than saying Officer Silva acted unreasonably.

decedent] was a Danger to Self and met the criteria for a 5150 Hold." Exh. 1, pp. 9-10.

**Opinion No. 3**: "[A] reasonable Police Officer would have established an inner and outer perimeter around I-105 W/B, W/ of Garfield Avenue, Paramount California to contain [the decedent]. .... ¶ It is my opinion ... "Defendants to include ...Officer Silva failed to contain [the decedent] in the area of I-105 W/B, W/ of Garfield Avenue, Paramount California to include shutting down the freeway until he was safely in custody. Exh. 1, p. 11. The portion of Opinion No. 3 referring to other "defendants" is additionally inadmissible given only Officer Silva's conduct is relevant in this case; there are no other individual defendants and the State's liability is solely vicarious for Silva's conduct. Evid. Code §§ 401, 402.

**Opinion No. 4**: "[A] reasonable Police Officer would have immediately tactically retreated or moved to a position of cover, if possible, to properly and safely manage this tactical incident. [¶] In addition, it is my opinion ... Officer Silva should have tactically retreated or moved to a position of cover, if possible, to properly and safely manage this tactical incident." Exh. 1, pp. 12-13.

**Opinion No. 5**: "It is my opinion .... the Defendants to include, ... Officer Silva failed to formulate a safe tactical plan." Exh. 1, p. 16. The portion of Opinion No. 5 referring to other "defendants" is additionally inadmissible given only Officer Silva's conduct is relevant in this case; there are no other individual defendants and the State's liability is solely vicarious for Silva's conduct. Evid. Code §§ 401, 402.

**Opinion No. 6**: "It is my opinion that a reasonable Police Officer ... would have given a verbal warning to [the decedent] that he was going to fire his service weapon .... It is my opinion .... Officer Silva did not give a verbal warning to [the decedent] and give [him] opportunity to comply prior to firing his [gun] .... Exh. 1, p. 18.

**Opinion No. 7**: "[A] reasonable policy officer acting consistent with standard police practices would not have used lethal force in this situation. [¶] In my opinion ... Officer Silva used unnecessary, unreasonable and inappropriate force when he shot and killed [the decedent] as he was not an imminent threat of serious/great bodily injury or death to the Officers or a citizen(s)."  Exh. 1, p. 19.

**Opinion No. 7(a)**: "[I]t is my opinion based on my review of the facts and videos in this matter ... Officer Silva violated with [sic] failed to comply with California Highway Manual, HPM 70.6, Revised December 2020," Exh. 1, p. 20. *See Landeros*, 2018 U.S. Dist. LEXIS 233434, at *8; *Malone*, 2009 U.S. Dist. LEXIS 134861, at *11; see also *Jones v. City of Los Angeles*, No. 2:20-CV-11147-FWS-SK, 2023 U.S. Dist. LEXIS 46869, at * 8 (C.D. Cal. Feb. 24, 2023) ("[An expert"s] testimony regarding his mere observations drawn from the video evidence would be unhelpful to the jury, because the jurors can watch the videos for themselves and make their own factual determinations In that sense, [the expert] is not permitted to testify by narrating and/or instructing the jury regarding what actually took place, as a factual matter, during the incidents captured in the videos he edited and reviewed.").

**Opinion No. 8**: "It is my opinion .... Officer Silva's use of lethal force violated Peace Officer Standards and Training and caused the unnecessary death of [the decedent] ...."  Exh. 1, p. 24

**Opinion No. 9**: "It is my opinion .... Officer Silva's tactical conduct and decisions preceding the use of deadly for in this matter was inappropriate based on the totality of the circumstances.  It is my opinion there was a departure from POST Standards."  Exh. 1, p. 25.

**Opinion No. 10**: "It is my opinion that the California Highway Patrol should have determined through its review process that the use of lethal force by ... Officer Silva was unreasonable, unnecessary and inappropriate," Exh. 1, p. 25. Opinion No. 10 is additionally inadmissible because it is irrelevant to any issue

in the case and would only confuse the jury and prejudice Officer Silva; no direct federal or state claims are alleged against CHP and whatever determination CHP made has no bearing on Officer Silva's liability. Evid. Code §§ 401, 402, 403. Further, the opinion contains no foundation basis. DeFoe does not even state knowing what the CHP determined, if anything. *Johnson v. City of L.A.*, 2019 U.S. Dist. LEXIS 241011, at *6 (C.D. Cal. Jan. 31, 2019) ("'expert opinions must have a sufficient factual and foundational basis in order to be helpful'").

**Opinion No. 10(a)**: "[I]t is further my opinion .... there was a failure by the California Highway Patrol to properly train ... Officer Silva ...." Exh. 1, Report, p. 25. This opinion is inadmissible as irrelevant for the same reason Opinion 10 is inadmissible.

## CONCLUSION

This Court should grant defendants' motion in full. DeFoe cannot be allowed to opinion on any taser-related issue. And, as currently framed, not one of DeFoe's 10 opinions contained in his Rule 26 report are admissible.

Dated: March 14, 2025                                         Dean Gazzo Roistacher LLP

By: /s/ Lee H. Roistacher
Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this

///

Motion in Limine to Exclude Opinions of Plaintiffs' Police Practices Expert Scott Defoe [No. 3 of 4] contains 3,137 words, which:

   __X__ complies with the word limit of L.R. 11-6.1.

   _____ complies with the word limit set by court order dated [date].

Dated: March 14, 2025           */s/ Lee H. Roistacher*
                                             Lee H. Roistacher , declarant