1  Dean Gazzo Roistacher LLP
   Lee H. Roistacher, Esq. (SBN 179619)
2  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
3  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
4  E-mail:        lroistacher@deangazzo.com

5  Attorneys for Defendants
   State of California by and through California
6  Highway Patrol and Officer Ramon Silva

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER RAMON SILVA'S MOTION IN LIMINE TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT MEDICAL EXAMINER BENNETT OMALU**<br><br>**[No. 4 of 4]**<br><br>Courtroom: 8C<br>Judge:         Hon. Dolly M. Gee<br><br>FPTC: March 25, 2025, 2:00 p.m.<br><br>Trial Date: April 15, 2025, 8:30 a.m. |

///
///
///
///
///
///
///
///

1

Case No. 2:23-cv-07532-DMG-SSC

# TABLE OF CONTENTS

INTRODUCTION……………………………………………………………….…5

ARGUMENT……………………………………………………………………….5

A. Omalu Must Be Limited To The Opinions Contained In His Report And Cannot Offer Any Taser Related Opinions Or Any Other Opinions Not Contained In His Report……………………………………5

B. This Court Should Exclude Omalu's Opinions On Unconscious PreDeath Pain And Suffering………………………………………..…7

   1. Admissibility Standards…………………………………………….7

   2. Analysis……………………………………………………………8

CONCLUSION…………………………………………………………………...10

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. Cty. of San Diego*
  2020 U.S. Dist. LEXIS 136761 (S.D. Cal. July 31, 2020)……………….....7

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
  738 F.3d 960, 969 (9th Cir. 2013)……………………………………………8

*Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*
  683 F.3d 1144 (9th Cir. 2012)………………………………………………..7

*City of Pomona v. SQM N. Am. Corp.*
  750 F.3d 1036 (9th Cir. 2014)………………………………………………..7

*Curtiss v. Charter Commc'ns, Inc.*
  2023 U.S. Dist. LEXIS 170973 (N.D. Ohio Sep. 26, 2023)………………9

*Daubert v. Merrell Dow Pharms., Inc.*
  509 U.S. 579 (1993)………………………………………..…………7, 8, 10

*Ellis v. Costco Wholesale Corp.*
  657 F.3d 970 (9th Cir. 2011)…………………………………………………8

*Elosu v. Middlefork Ranch Inc.*
  26 F.4th 1017 (9th Cir. 2022)……………………………………….7, 8, 10

*Estate of Barabin v. AstenJohnson, Inc.*
  740 F.3d 457 (9th Cir. 2014)…………………………………………………8

*Giacometto Ranch Inc. v. Denbury Onshore LLC*
  2024 U.S. Dist. LEXIS 33596 (D. Mont. Feb. 27, 2024)…………………..6

*Kumho Tire Co. v. Carmichael*
  526 U.S. 137 (1999)…………………………………………………………7

*Leibfried v. Caterpillar*
  701 F. Supp. 3d 774 (E.D. Wis. 2023)……………………………………9

*Lopez v. Johnson & Johnson*
  654 F. Supp. 3d 997 (C.D. Cal. 2023)……………………………………..7

*Moller v. Cty. of San Bernardino*
  2024 U.S. Dist. LEXIS 232429 (C.D. Cal. Jan. 2, 2024)…………………6

*Murillo v. City of L.A.*
  2023 U.S. Dist. LEXIS 234423 (C.D. Cal. Aug. 21, 2023)………………7

*Ruiz v. Walmart Inc.*
  2021 U.S. Dist. LEXIS 49761 (C.D. Cal. Jan. 21, 2021)…………………6

*Sankaranarayanan v. Sashidhar*
  2025 U.S. Dist. LEXIS 1082 (W.D. Wash. Jan. 3, 2025)…………………6

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101 (9th Cir. 2001)……………………………………………..6

**Statutes**

Fed. R. Civ. P. 26. ……………………………………………………………6

Fed. R. Civ. P. 37 ..……………………………………………………………6

Fed. R. Evid. 702…………………………………………………………5, 7, 8

Fed. R. Evid. 703…………………………………………………………….5

Fed. R. Evid. 705…………………………………………………………….6

## INTRODUCTION

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

CHP Officers Jonathan Van Dragt and Ramon Silva responded to the I-105 freeway because John Alaniz was purposely trying to kill himself by jumping in front of cars. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled objects from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force. Alaniz was shot three times and died. Right before Silva's first shot, Officer Van Dragt fired his taser at Alaniz. Whether there was an effective Taser strike is disputed.

Defendants Silva and State of California (CHP) move to exclude opinions of plaintiffs' expert medical examiner, Bennett Omalu. Omalu's Federal Rule of Civil Procedure 26 report is Exhibit 3 to the Notice of Lodgment of Exhibits (NOL). *See* Roistacher Declaration, ¶ 3. Omalu did not prepare a supplemental report and he was not deposed. *Id.* Omalu's opinions must be accordingly limited to those contained in his report.

Defendants further move to exclude Omalu's opinion about "unconscious" pre-death pain and suffering." Exh. 3, pp. 11-16. In the alternative to exclusion, defendants request a pretrial evidentiary hearing to determine the admissibility of Omalu's opinions.

## ARGUMENT

**A.  Omalu Must Be Limited To The Opinions Contained In His Report And Cannot Offer Any Taser Related Opinions Or Any Other Opinions Not Contained In His Report**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or

705." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).   The report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(I).

Federal Rule of Civil Procedure 37(c) "'gives teeth" to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  It "provides that a party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The advisory committee's notes to the 1993 Amendments describe this as an 'automatic sanction.'" *Ruiz v. Walmart Inc.*, 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021).

Thus, "the purpose of Rule 26 is to provide notice to the opposing party so attorneys may prepare intelligently for trial" and "experts will be precluded from providing opinions that are not set forth in their reports." *Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024); *see also Giacometto Ranch Inc. v. Denbury Onshore LLC*, 2024 U.S. Dist. LEXIS 33596, at *9 (D. Mont. Feb. 27, 2024) ("'[e]xperts may only testify in accordance with their expert reports'").

Omalu did not offer any opinion in his Rule 26 report about whether there was an effective taser strike on John Alaniz, the effect of such a taser strike, or anything having to do with a taser.  He therefore cannot offer any taser-related opinions at trial, or any other opinions not contained in his report.

///

///

**B.     This Court Should Exclude Omalu's Opinions On Unconscious Pre-Death Pain And Suffering[1]**

**1.     Admissibility Standards**

"Rule 702 of the Federal Rules of Evidence tasks a district court judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  This gatekeeping obligation applies to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  "The party offering expert testimony has the burden of establishing its admissibility." *Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012); *see also Lopez v. Johnson & Johnson*, 654 F. Supp. 3d 997, 1005 (C.D. Cal. 2023) ("'The party offering the expert bears the burden of establishing that Rule 702 is satisfied.'").

"Rule 702 provides that expert testimony is admissible if: '(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.'" *Elosu*, 26 F.4th at 1023 (quoting *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing Fed. R. Evid. 702)).

///

---

[1] Defendants recognize other district courts have found Omalu's opinions admissible.  *See Murillo v. City of L.A.,* 2023 U.S. Dist. LEXIS 234423, at *6-8 (C.D. Cal. Aug. 21, 2023); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136761, at *20-21 (S.D. Cal. July 31, 2020).  Respectfully, defendants believe those courts did not fully examine the opinion under the *Daubert* framework.

"Rule 702 tasks a district judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Elosu*, 26 F.4th at 1024 (quoting *Daubert*, 509 U.S. at 597). "'Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" *Id.* (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)

"To evaluate reliability, the district court 'must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance. These factors are nonexclusive, and the trial court has discretion to decide how to test an expert's reliability based on the particular circumstances of the particular case." *Id.* (simplified)

"Ultimately, 'the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Id.* (citation omitted). "The duty falls squarely upon the district court to 'act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).

**2. Analysis**

Here, the shooting occurred around 11:32 a.m. and paramedics arrived on scene at around 11:35 a.m. Exh. 3, p. 3; NOL, Exh. 4, Paramedic Records, p. 1; *see* Roistacher Declaration, ¶ 5. Alaniz was unconscious in cardiac arrest before paramedics arrived. Exh. 4, p. 10. Alaniz measured 3/15 on the Glasgow Coma Scale, the lowest possible measurement. *Id.*, p. 12. He was pulse less with only agonal breathing. Id. After two agonal breaths, Alaniz stopped breathing. *Id.*
///

He was placed on an AED and found to be in PEA (cardiac arrest) and remained that way until he arrived at the hospital at 11:59 a.m. and pronounced dead at 12:08 p.m. *Id.*; NOL, Exh. 5, Hospital Records. *See* Roistacher Declaration, ¶ 6.

Olamu opines that Alaniz experienced pain and suffering from the time he was shot (actually before) until the time he was pronounced dead. Exh. 3, p. 16. Omalu is thus of the opinion that an unconscious person continues to experience pain and suffering even when in a coma and even after the absence of any measurable signs of life, like breathing or functional heart rate.[2] Exh. 3, pp. 15-16.

Although Omalu purports to provides his "reasoning" on why an unconscious person in Alaniz's grave condition can experience pain and suffering, it is virtually impossible to understand.[3] Exh. 3, pp. 15-16. Indeed, it seems Olamu purposefully uses language that would prevent a critical review of the foundation for his opinion for a determination of whether it meets the admissibility standards of Rule 702 and *Daubert*.

Olamu cites nothing in his report to support the validity of his opinion about unconscious pain and suffering other than his own words. Although he

---

[2] Courts in various jurisdictions have concluded unconscious pain and suffering is not recoverable. *See, e.g., Curtiss v. Charter Commc'ns, Inc.*, 2023 U.S. Dist. LEXIS 170973, at *19-20 (N.D. Ohio Sep. 26, 2023) ("['S]ince one cannot experience pain and suffering while unconscious no recovery can be had for pain and suffering endured by one fatally injured by the negligence of another if the injured person is rendered unconscious at the instant of the injury and dies of such injuries without ever having regained consciousness.'"); *Leibfried v. Caterpillar*, 701 F. Supp. 3d 774, 782 (E.D. Wis. 2023) ("A decedent's estate may pursue a claim against a tortfeasor 'for pain and suffering during the period intervening between the accident and death ....' [Citation]. But if the decedent was not conscious during that interval, he necessarily did not experience any pain or suffering. [Citation].").

[3] Nor is it clear how Omalu came up with the times that he did. *See* Exh. A, pp. 13-16. Indeed, the time frames he gives make little sense – "for less than 30-40 minutes." *Id.*, p. 16. Does that mean 1 minute, 5 minutes, or some other duration? To be sure, Olamu concedes the times are entirely speculative. *Id.*, p. 16 fns. 7-10. And Omalu also measures the outer limit at the time death was pronounced rather than the time Alaniz was clinically deceased. *Id.*, p. 16. Those are two different things.

9

may believe his theory, that is not enough.  Words of the expert do not meet the admissibility standards.

Olamu points to no studies supporting or accepting his theory that the unconscious perceives pain and suffering, much less peer reviewed studies. *See* Exh. 3. Olamu cites no materials demonstrating the scientific community accepts or supports his theory.  *Id.*  Omalu fails to demonstrate how his theory could be tested and confirmed.  *Id.*  That is what it takes to meet the admissibility standards of Rule 702 and *Daubert*, and without any of it this Court is unable to find Omalu's opinion admissible.  *See Elosu*, 26 F.4th at 1024.

## CONCLUSION

This Court should exclude Omalu's opinion that Alaniz was experiencing pain and suffering after he was unconscious.  At the very least, this Court should require an evidentiary hearing to determine whether Omalu's opinion meets the admissibility standards of Rule 702 and *Daubert*.

Dated: March 14, 2025                                         Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendant State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Motion in Limine to Exclude Opinions of Plaintiffs' Expert Medical Examiner Bennett Omalu [No. 4 of 4] contains 1,849 words, which:

   __X__  complies with the word limit of L.R. 11-6.1.

   ____  complies with the word limit set by court order dated [date].

Dated: March 14, 2025         */s/ Lee H. Roistacher*
                                         Lee H. Roistacher , declarant