**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br>[*Hon. Dolly M. Gee*]<br><br>**JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS**<br><br><u>Pre-Trial Conference</u><br>March 25, 2025, 2:00 p.m.<br><br><u>Trial</u><br>April 15, 2025, 8:30 a.m. |

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter. The Parties list does not include those instructions listed by the Court in its January 29, 2024 Order (Dkt. 25 at 8–9), namely, Duty of Jury, Claims and Defenses, Burden of Proof - Preponderance of the Evidence, Two or More Parties - Different Legal Rights, What is Evidence, What is Not Evidence, Evidence for Limited Purpose, Direct and Circumstantial Evidence, Expert Opinion, Ruling on Objections, Credibility of Witnesses, Conduct of the Jury, No Transcript Available to Jury, Taking Notes, Bench Conferences and Recesses, and Outline of Trial. The parties reserve their rights to supplement and amend these instructions.

Respectfully submitted,

DATED: March 14, 2025          **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Cooper Alison-Mayne*
      Dale K. Galipo, Esq.
      Cooper Alison-Mayne[1]
      *Attorneys for Plaintiffs*

DATED: March 14, 2025          **DEAN GAZZO ROISTACHER**

By:   */s/ Lee H. Roistacher*
      Lee H. Roistacher, Esq.
      *Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Ramon Silva*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# INDEX

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Stipulations of Fact | 9th Cir. 2.2 | 1 |
| 2. | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 2 |
| 3. | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof | 9th Cir. 9.3 | 3 |
| 4. | Comparative Fault of Decedent | CACI 405 | 4 |
| 5. | Causation – Substantial Factor | CACI 430 | 5 |
| 6. | Causation: Multiple Causes | CACI 431 | 6 |
| 7. | Vicarious Liability | CACI 3700 | 7 |
| 8. | Duty to Deliberate | 9th Cir. 3.1 | 8 |
| 9. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 9 |
| 10. | Communication with Court | 9th Cir. 3.3 | 11 |
| 11. | Return of Verdict | 9th Cir. 3.5 | 12 |

# JOINTLY PROPOSED INSTRUCTION NO. 1
## STIPULATIONS OF FACT

The Parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. This incident occurred on May 4, 2022, at approximately 11:30 a.m. in Paramount, CA.
2. Ramon Silva was acting within the course and scope of his employment as a California Highway Patrol Officer.
3. Ramon Silva was acting under color of law.
4. John Alaniz was struck multiple times by gunfire from Ramon Silva.
5. John Alaniz died as a result of the gunshot wounds.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), No. 2.2.

**JOINTLY PROPOSED INSTRUCTION NO. 2**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), No. 9.1 (revised Dec. 2022).

# JOINTLY PROPOSED INSTRUCTION NO. 3
## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on a § 1983 claim against the defendant Ramon Silva, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Ramon Silva acted under color of state law; and
2. The acts of the Ramon Silva deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions; and
3. The Ramon Silva's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Ramon Silva acted under color of state law.

The Ramon Silva's conduct is an actual cause of a plaintiffs' injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions [LIST INSTRUCTIONS BASED ON FINAL NUMBERS], your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), No. 9.3 (revised Nov. 2024).

# JOINTLY PROPOSED INSTRUCTION NO. 4
# COMPARATIVE FAULT OF DECEDENT

Defendants claim that John Alaniz's own negligence contributed to his death. To succeed on this claim, defendants must prove both of the following:

- 1. That John Alaniz was negligent; and
- 2. That John Alaniz's negligence was a substantial factor in causing his death.

If defendants prove the above, Sandra Kirkman and Carlos Alaniz's damages are reduced by your determination of the percentage of John Alaniz's responsibility. I will calculate the actual reduction.

Authority: CACI No. 405, (2024 Edition).

**JOINTLY PROPOSED INSTRUCTION NO. 5**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source: CACI 430 (2025 edition).

# JOINTLY PROPOSED INSTRUCTION NO. 6
## CAUSATION: MULTIPLE CAUSES

A person's negligence may combine with another factor to cause harm. If you find that Ramon Silva's negligence was a substantial factor in causing John Alaniz's harm, then Ramon Silva is responsible for the harm. Ramon Silva cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing John Alaniz's harm.

**Authority:** CACI 431 (2025 edition).

# JOINTLY PROPOSED INSTRUCTION NO. 7
## VICARIOUS LIABILITY

As to the battery, negligence and Bane Act claims, the State of California by and through the California Highway Patrol is responsible for harm caused by the wrongful conduct of Ramon Silva while acting within the scope of his employment.

The parties have stipulated that Ramon Silva was acting within the scope of his employment with the State of California by and through the California Highway Patrol at the time of the incident.

**Authority:** CACI 3700 (2025 edition).

# JOINTLY PROPOSED INSTRUCTION NO. 8
# DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), No. 3.1.

# JOINTLY PROPOSED INSTRUCTION NO. 9
# CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any

research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

<u>Authority</u>:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), No. 3.2 (revised Dec. 2020)

**INSTRUCTION NO. 10**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), No. 3.3 .

**JOINTLY PROPOSED INSTRUCTION NO. 11**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), No. 3.5.