**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br>[*Hon. Dolly M. Gee*]<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br><u>Pre-Trial Conference</u><br>March 25, 2025, 2:00 p.m.<br><br><u>Trial</u><br>April 15, 2025, 8:30 a.m. |

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

1. **THE PARTIES ARE:**

   <u>Plaintiffs</u>:    Sandra Kirkman
                        Carlos Alaniz

   <u>Defendants</u>:   State of California
                        California Highway Patrol Officer Ramon Silva

   Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

   The pleadings which raise the issues are: Plaintiffs' Complaint filed in the Superior Court of California July 28, 2023 (ECF No. 2-1) and removed to this Court on September 11, 2023; Defendants State of California and Ramon Silva's Answer filed September 18, 2023 (ECF No. 7); the parties respective Memorandums of Contentions of Fact and Law; and this Final Pretrial Conference Order.

2. **FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS:**

   Subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1343(a), and 1367 and venue is appropriate under 28 U.S.C. § 1391(b). The facts requisite to federal jurisdiction are admitted.

3. **TRIAL ESTIMATE:**

   The parties estimate 4–6 court days for this trial.

4. **THE TRIAL IS TO BE A JURY TRIAL**

   The trial is to be a jury trial.

   The parties have been and will continue to file pretrial documents according to this Court's Scheduling Order.

5. **THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF:**

   1. This incident occurred on May 4, 2022, at approximately 11:30 a.m. in Paramount, CA.
   2. Defendant Ramon Silva was acting within the course and scope of his employment as a California Highway Patrol Officer.
   3. Defendant Ramon Silva was acting under color of law.
   4. John Alaniz was struck multiple times by gunfire from Ramon Silva.
   5. John Alaniz died as a result of the gunshot wounds.

6. **THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:**

   The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts" in Section 5 above.

7. **THE PARTIES CLAIMS AND DEFENSES.**

Plaintiffs' Claims:

(a) Plaintiffs plan to pursue the following four claims against the following defendants:

Claim 1:    EXCESSIVE FORCE, 42 U.S.C. § 1983 (Survival)

Claim 1 is brought by Plaintiffs against Defendant Ramon Silva. Plaintiffs contend that Ramon Silva used excessive force against John Alaniz in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Ramon Silva's use of lethal force was unconstitutional because John Alaniz did not pose an immediate threat of death or serious bodily injury to any person.

Plaintiffs seek survival damages, including pain and suffering, and reasonable attorneys' fees and costs.

Defendants' Response to Claim 1:

Defendant Silva contends there is no Fourth Amendment violation because his use of lethal force was objectively reasonable under the totality of circumstances, including objectively reasonable mistaken beliefs. Silva further contends he is entitled to qualified immunity.

Claim 2:   BATTERY (Wrongful Death and Survival)

Claim 2 is brought by Plaintiffs against Defendant Ramon Silva directly and the State of California vicariously. Plaintiffs contend that Ramon Silva's use of excessive force against John Alaniz constituted battery under California law. Silva's use of lethal force was unreasonable because it was not necessary to protect human life, as Alaniz did not pose an immediate threat of death or serious bodily injury to Silva or anyone else.

The State of California is vicariously liable for Silva's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Plaintiffs bring this claim individually and as Alaniz's successors in interest and seek wrongful death and survival damages, including pre-death pain and suffering. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022). Defendants' Defendants' Response to Claim 2

Defendant State of California agrees it is subject to vicarious liability for defendant Silva's conduct. Silva did not commit battery because he did not violate the Fourth Amendment, as noted before, and the liability standards are the same.

Claim 3:   NEGLIGENCE (Wrongful Death and Survival)

Claim 3 is brought by Plaintiffs against Defendant Ramon Silva directly and the State of California vicariously. Plaintiffs contend that Ramon Silva, while acting in the course and scope of his employment with the State of California, acted negligently in his

pre-shooting tactics, conduct, actions/inactions, and use of deadly force against John Alaniz. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013) ("Pre-shooting tactics are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability.").

The State of California is vicariously liable for Silva's conduct pursuant to Cal. Gov. Code § 815.2(a). Plaintiffs bring this claim individually and as Alaniz's successors in interest and seek wrongful death and survival damages, including pre-death pain and suffering. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

<u>Defendants' Response to Claim 3</u>

Defendant State of California agrees it is subject to vicarious liability for defendant Silva's conduct. Silva was not negligent because all his conduct was objectively reasonable under the totality of circumstances.

<u>Claim 4</u>:   VIOLATION OF THE BANE ACT, Cal. Civil Code §52.1, (Survival)

Claim 4 is brought by Plaintiffs against Defendant Ramon Silva and the State of California. Plaintiffs contend that Defendant Silva acted with reckless disregard for John Alaniz's rights under Cal. Civil Code § 52.1 when he used excessive and deadly force against Alaniz.

Plaintiffs bring this claim as Alaniz's successors in interest and seek survival damages for Alaniz's pain and suffering.

<u>Defendants' Response to Claim 4</u>

Defendants deny that Silva violated Alaniz's Fourth Amendment rights and further deny that Silva acted with reckless disregard for the decedent's Fourth Amendment rights.

**(b)   The elements required to establish Plaintiffs' claims are:**

<u>Claim 1</u>:   FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. § 1983) (Survival)

Elements:

1. Defendant Ramon Silva used excessive force against John Alaniz; and
2. Defendant Ramon Silva's use of force was the cause of injury, damage, loss, or harm to John Alaniz.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.25, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2017) (revised November 2024).

Defendants' Response

Defendant Silva agrees with this statement of elements.

Claim 2:   BATTERY (Wrongful Death and Survival)

Elements:

1. Ramon Silva intentionally used deadly force on John Alaniz;
2. Ramon Silva use of deadly force was not necessary to defend human life; and
3. Ramon Silva use of deadly force was a substantial factor in causing John Alaniz's harm or death.

Source: CACI No. 1305B, (2025 edition); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004). Plaintiffs are taking these elements from the CACI instruction. The instruction explains what "necessary to defend human life" means, which includes defending against severe bodily injury.

Defendants' Response

Defendant Silva believes the recitation of the elements is incomplete.  Plaintiffs must establish Silva intentionally used unreasonable deadly force that was not necessary to defend human life *or* to prevent serious bodily injury.  *See* CACI 1305B.

Claim 3:   NEGLIGENCE (Wrongful Death and Survival)

Elements:

    1.      Ramon Silva used deadly force on John Alaniz;

    2.      Ramon Silva use of deadly force was not necessary to defend human life; and

    3.      Ramon Silva use of deadly force was a substantial factor in causing John Alaniz's harm or death.

Source: CACI No. 441, (2025 edition). Plaintiffs are taking these elements from the CACI instruction. The instruction explains what "necessary to defend human life" means, which includes defending against severe bodily injury.

Defendants' Response

Defendant Silva believes the recitation of the elements is incomplete. Plaintiffs must establish Silva the use of deadly force was not necessary to defend human life *or* to prevent serious bodily injury. *See* Cal. Pen. Code § 835a; CACI 441.

Claim 4:    VIOLATION OF THE BANE ACT (Cal. Civil Code § 52.1) (Survival)

Elements:

    1.      Ramon Silva used excessive force under the Fourth Amendment;

    2.      Ramon Silva intended to violate John Alaniz's Fourth Amendment right to be free from excessive force, which can be shown by a reckless disregard for his right; and

    3.      Ramon Silva's conduct was a substantial factor in causing John Alaniz's injuries and/or death.

Source: *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018).

Defendants' Response

Defendants believe this recitation of elements is incomplete. The interference with a constitutional right must be done by threat, intimidation or coercion. *See* Cal. Civ. Code § 52.1; CACI 1306.

**(c)     Key evidence Plaintiffs Rely on for each claim:**

Plaintiffs will rely on testimony from involved CHP officers Ramon Silva and John Van Dragt, which will address their actions and decision-making, while civilian witnesses Andrew Acosta and others provide an independent account of the events. Plaintiffs Carlos Alaniz and Sandra Kirkman will testify regarding the impact of Mr. Alaniz's death. Expert testimony from Scott A. DeFoe (police practices) and Bennet Omalu, M.D. (forensic pathology) will analyze the appropriateness of Ramon Silva's actions and the pre-death pain and suffering suffered as a result. Other key evidence includes medical testimony from first responders and the Coroner who evaluated Mr. Alaniz, along with medical records documenting his injuries and cause of death; physical and documentary evidence such as CHP dispatch communications, scene photographs, video recordings, Taser deployment records, and forensic ballistics reports.

Defendants Response

Defendants will rely on testimony from Silva and Van Dragt, as well as witnesses to the incident. Defendants will rely on videos of the incident from MVARS and BWC, still shots from the video and evidence photographs and diagrams. Defendants will rely on expert testimony in the areas of police practices, human factors, incident reconstruction, pathology and animation and demonstrative exhibits of the experts. The evidence will show, before law enforcement's arrival, that John Alaniz attempted to commit suicide by jumping in front of a truck and trying to get hit my other vehicles and upon law enforcement arrival decedent disobeyed commands and within seconds of their arrival charged at officers with an object in his hands while in a "shooting stance." Defendants will further rely on pre-incident medical records and police reports demonstrating the decedent's mental illness, suicide attempts and similar behavior.

1. **<u>AFFIRMATIVE DEFENSES</u>**

(a) Defendants plan to pursue the following affirmative defenses:

On the claims under 42 U.S.C. § 1983, defendant Silva will pursue qualified immunity (assuming it is an affirmative defense).

On the state law claims, comparative fault of the decedent through general negligence and negligence per se principles.

(b) The elements required to establish Defendants' affirmative defenses are:

Qualified immunity exists unless the plaintiffs prove both a violation of a constitutional right and that the particular conduct at issue in this case was deemed unconstitutional by binding precedent prior to the incident underlying this case. *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018). Whether the law is clearly established is a pure legal question for the Court that will be raised by a Federal Rule Civil Procedure 50 motion. *See Lam v. City of San Jose*, 869 F.3d 1077, 1088 (9th Cir. 2017). Plaintiffs bear the burden of showing clearly established law. *Hart v. City of Redwood City*, 99 F.4th 543, 557 (9th Cir. 2024)

Comparative fault exists when: (1) the decedent was negligent; and (2) the negligence was a substantial factor in causing his death. Negligence per se exists where the decedent: (1) violated a law; and (2) the violation was a substantial factor in bringing about his death. CACI 401, 407, 418

<u>Plaintiffs' Contentions:</u>

Qualified immunity does not apply here for the reasons discussed in Plaintiffs Opposition to Defendants' Motion for Summary Judgment. None of the immunities raised by Defendants apply here. Plaintiffs are prepared to provide supplemental briefing on these issue if the Court would find that helpful. Regarding comparative fault, Plaintiffs agree that it is appropriate for the jury to determine that issue. Self-defense is not an appropriate affirmative defense here, because the right to self-defense is already integrated into the standard of liability for alleged use of excessive force.

1    Negligence per se does not apply here because Plaintiffs have not identified a
2    specific statute, ordinance, or regulation that Defendants violated which would give rise to
3    a presumption of negligence under Evidence Code § 669. To establish negligence per se,
4    Plaintiffs would need to demonstrate that Defendants violated a statute, that the violation
5    proximately caused the injury or death, that the harm was of the type the statute was
6    designed to prevent, and that Plaintiffs were within the class of persons the statute was
7    intended to protect. Because these elements have not been satisfied, the presumption of
8    negligence does not arise in this case.

   (c)   Key evidence Defendants rely on for each affirmative defense:
The testimony, video and photographic evidence will demonstrate the following: the decedent, before law enforcement's arrival, attempted to commit suicide by jumping in front of a truck and trying to get hit my other vehicles and upon law enforcement arrival decedent disobeyed commands and charged at officers with an object in his hands while in a "shooting stance."

**8.   REMAINING ISSUES:**

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

   1.   Whether the Ramon Silva used excessive or unreasonable force;
   2.   Whether Ramon Silva was negligent in his use of force considering the totality of circumstances, including pre-shooting tactics;
   3.   Whether John Alaniz was comparatively negligent and negligent per se;
   4.   Whether Ramon Silva's conduct was in reckless disregard to John Alaniz's Fourth Amendment right to be free from excessive force;
   5.   The amount of damages, both survival and wrongful death damages;
   6.   Defendants' affirmative defenses, including qualified immunity.

///
///

9. **ALL DISCOVERY IS COMPLETE**

Defendants issued subpoenas for document production to third parties prior to the discovery cut off but have not yet received the material. Defendants are working with the third parties to obtain the material.

10. **ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Counsel agrees that this is not the final joint exhibit list, and that counsel will file an Amended Joint Exhibit List as soon as practicable, at least 10 days before the trial begins.

11. **THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Witness lists are subject to modification before trial based on the Court's rulings on motions in limine.  The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh. Therefore, deposition transcripts will not be lodged with the court as required by L.R. 32-1.

12. **LAW AND MOTION:**

On March 10, 2025, defendants filed a notice of interlocutory appeal from this Court's order denying summary judgment.  (ECF No. 76.)

On March 12, 2025, the Parties filed ex parte applications requesting that the court consider two motions on an expedited basis: (1) Defendants' motion to stay the case while their appeal of the Court's summary judgment ruling is being appealed (ECF No. 78); and (2) Plaintiffs' motion to deem Defendants' appeal frivolous and proceed to trial on all claims as currently scheduled (ECF No. 79). The Parties requested leave of the Court to file opposition briefs on March 19, 2025.

The Parties filed their motions *in limine* on March 14, 2025. Oppositions will be filed on March 21, 2025.

## 13. THE COURT HAS NOT ORDERED BIFURCATION OF ANY ISSUES AT THIS TIME

The parties are not requesting bifurcation at this point. However, Plaintiffs would like to reserve their right to raise this issue at a later stage.

## 14. CONCLUSION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2025      _____
                                Honorable Dolly M. Gee
                                United States District Court
                                Central District of California

Approved as to form and content by:

DATED: March 14, 2025  **LAW OFFICES OF DALE K. GALIPO**


By: */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*


DATED: March 14, 2025  **DEAN GAZZO ROISTACHER**


By: */s/ Lee H. Roistacher*
Lee H. Roistacher, Esq.
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Ramon Silva*