**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE DECEDENT JOHN ALANIZ'S PRIOR ENCOUNTER WITH POLICE**<br><br>Judge:   Dolly M. Gee<br>Hearing: March 25, 2025<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 8C<br><br>FPTC:   March 25, 2025<br>Trial:   April 15, 2025 |

PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE DECEDENT
JOHN ALANIZ'S PRIOR ENCOUNTER WITH POLICE

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 18, 2025, at 2:00 p.m., in Courtroom 8C of the United States District Court for the Central District of California, at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs, SANDRA KIRKMAN and CARLOS ALANIZ, hereby move *in limine* for an order excluding, at the trial of the above-referenced matter any evidence, testimony, argument, or reference at trial that on October 14, 2021, Decedent John Alaniz had an encounter with police officers unrelated to this case where Alaniz allegedly ran at a police officer, and was allegedly involved in a physical struggle with police officers in which one officer deployed their taser multiple times against Alaniz.

Plaintiffs make this Motion under Federal Rules of Evidence 401 and 402, on the grounds that this information is irrelevant. Plaintiffs further make this motion under FRE 404 because this evidence is impermissible character evidence. Moreover, Plaintiffs make this motion under FRE 403 because this evidence will unduly prejudice Plaintiffs, unduly consume this Court's time, and will confuse the issues.

**Statement of Local Rule 7-3 Compliance:** This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  March 14, 2025              **LAW OFFICES OF DALE K. GALIPO**

                                    By:    */s/ Cooper Alison-Mayne*
                                           Dale K. Galipo, Esq.
                                           Cooper Alison-Mayne
                                           *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by California Highway Patrol Officer Ramon Silva against Decedent John Alaniz ("Mr. Alaniz") on May 4, 2022. Plaintiffs' operative complaint asserts claims for (1) Excessive Force under the Fourth Amendment; (2) Battery; (3) Negligence; and (4) violation of the Bane Act. The primary issue in this case is whether Silva's use of deadly force against Mr. Alaniz was excessive and unreasonable under the circumstances known to him at the time of the use of force.

Plaintiffs hereby bring this Motion *in Limine* to exclude any prior encounters police had with Mr. Alaniz. Plaintiffs anticipate that Defendants may attempt to present evidence and/or argument at trial that Mr. Alaniz had a prior encounter with the police where Mr. Alaniz allegedly ran at and was involved in a physical encounter with police officers where he was tased multiple times. Plaintiffs anticipate that Defendants may attempt to use this information to argue that Alaniz tried to commit "suicide by cop." Plaintiffs further anticipate that Defendants may attempt to use this information to attempt to persuade the jury to determine that Silva's use of force was reasonable.

Accordingly, by way of this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to any evidence or testimony that on October 14, 2021, Alaniz had a prior encounter with police officers unrelated to this case where Alaniz allegedly ran at a police officer, and was allegedly involved in a physical struggle with police officers in which one officer deployed their taser multiple times against Alaniz.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence 401 and 402 because this evidence is immaterial to the issues to be decided by the jury in the instant case.

-1- Case No. 2:23-cv-07532-DMG (SSC)
PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE DECEDENT JOHN ALANIZ'S PRIOR ENCOUNTER WITH POLICE

Second, this Motion is also made on the grounds that any reference to the October 14, 2021, encounter with police is inadmissible character evidence under the Federal Rule of Evidence 404. Lastly, this evidence should be excluded under Federal Rule of Evidence 403 because it is unfairly prejudicial, confuses the issues, misleads the jury, and risks causing undue delay by creating a mini-trial on an unrelated matter, thereby wasting the Court's time.

## II. EVIDENCE OF MR. ALANIZ'S PRIOR ENCOUNTER WITH THE POLICE OR OTHER WRONG ACTS ARE IRRELEVANT AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 402

"[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the use of force incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the use of force is irrelevant and prejudicial.").

In an excessive force case such as this, the relevant inquiry is whether the officer's actions are "objectively reasonable", thus it is the decedent's actions during the incident, not his subjective state of mind, that is of consequence to whether the use of force was excessive. *Graham*, 49 U.S at 397; *Stringer v. City of Pablo*, No. C 07-03544 MEJ, 2009 WL 5215396, at *3 (excluding decedent's criminal history and

potential third-strike if arrested because "Decedent's motivation or intention to provoke the Officers to show him is not at issue. Rather, the key issue is Decedent's actions leading up to the shooting.")

At trial, the jury will be asked to look at the objective circumstances facing the deputies at the time of the incident and to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Alaniz] posed an immediate threat to the safety of [Silva] or others." Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017). Whatever other prior encounter with the police Mr. Alaniz may have had does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, Alaniz's prior encounter with the police is not probative of the factual circumstances confronting Silva at the time of the shooting. Silva was not involved in the prior incident, and Silva had no knowledge of the incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Alaniz's rights under federal and state law. Because evidence of Mr. Alaniz's prior encounter with the police is not probative of any fact of consequence of the determination of the action, this evidence should be excluded.

### III. REFERENCES TO MR. ALANIZ'S ALLEGED PRIOR ENCOUNTER WITH THE POLICE SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 404.

The foregoing items of evidence Plaintiffs seek to exclude cannot be used to show that Mr. Alaniz acted in conformity with some general poor character during this incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case such as this one. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an element of a charge, claim, or defense for character evidence to be

admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002).

Character is not an essential element to any claim or defense to be tried in this case. The issue to be resolved is whether Defendant Silva's use of lethal force against Alaniz was objectively reasonable. Testimony or information that Alaniz ran at a police officer during a previous incident poses a danger that the jury will (1) improperly infer that Silva knew this information, (2) improperly infer that Alaniz had the propensity to engage in criminal or inappropriate conduct, including on the date of the subject incident, and (3) reach a verdict that is not based on the circumstances that Silva faced during the incident.

Plaintiffs anticipate that Defendants will seek to use this information as evidence of a propensity for violence or a desire of Alaniz to commit "suicide by cop." In addition, Plaintiffs anticipate that Defendants will seek to use the information to imply that because Alaniz allegedly was tased multiple times in the prior encounter with the police. Rule 404(b)(1) prohibits "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Introduction of Alaniz's prior conduct with an uninvolved police officer serves no purpose other than to tarnish Alaniz's character and persuade the jury that Alaniz acted a particular way in this case because of how he allegedly acted on a single previous date. *See, e.g., Rogers v. Harrell*, 2010 WL 2011145, at *2 (E.D. Mich. May 19, 2010) (excluding plaintiff's prior criminal history under Rules 401, 402, and 404(b), and noting that "the only reason the Defendant would seek to introduce evidence of Plaintiff's prior convictions is to cast doubt on his character"). Such evidence is

exactly the type barred by Rule 404. Accordingly, this evidence should further be excluded under FRE 404.

## IV. EVIDENCE OF MR. ALANIZ'S PRIOR ENCOUNTER WITH THE POLICE SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULE 403.

Even if the foregoing evidence has some probative value, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of consuming the jury, and would cause undue delay and waste of time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *See Larez v. City of Los Angeles*, 946 F.2d 630, 641 n5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Plaintiffs maintain that such references to the foregoing evidence are of no probative value to whether Defendant Silva's use of force was reasonable. Any speculation that the prior incident makes it more likely that Defendant Silva's use of deadly force was reasonable in this case is inappropriate. Moreover, any potential relevance to such speculation pales in comparison to the unduly prejudicial and misleading nature of the evidence. Inflammatory and misleading evidence and arguments about alleged and unrelated acts are solely designed to unduly prejudice Plaintiffs. Any jury presented with this prejudicial evidence will not be able to divorce this evidence form its verdict on liability. A limiting instruction would only serve to further highlight the evidence and lengthen its exposure to the jury. *See*

*Stringer*, 2009 WL 5215396, at *3 ("Further, under Rule 403, the Court must balance the probative value of Decedent's criminal history against its prejudicial effect. The Court agrees with Plaintiffs that any probative value the evidence has is substantially outweighed by the potential that the jury would consider such evidence beyond the purpose for which it would be admitted—*even with a limiting instruction*.") (emphasis added).

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Mr. Alaniz's prior encounter with the police runs this precise risk because there is no probative value to such illusory references. The central factual dispute in this case is whether Defendant Silva's use of force against Mr. Alaniz was reasonable. Refuting the inferences that Defendants may attempt to raise by referencing Mr. Alaniz prior encounter with police officers who are not involved in this matter will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute in this case which will unduly consume this Court's and the jury's time.

For these reasons, the foregoing information should be excluded pursuant to Rule 403.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude any evidence, argument, testimony, or reference at trial that on October 14, 2021, Alaniz had a prior encounter with police officers unrelated to this case where Alaniz allegedly ran at a police officer, and was allegedly involved in a physical struggle with police officers in which one officer deployed their taser multiple times against Alaniz.

Respectfully submitted,

DATED: March 14, 2025　　　　**LAW OFFICES OF DALE K. GALIPO**

　　　　　　　　　　　　　　By:　*/s/ Cooper Alison-Mayne*
　　　　　　　　　　　　　　　　　Dale K. Galipo, Esq.
　　　　　　　　　　　　　　　　　Cooper Alison-Mayne
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*