**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE DECEDENT JOHN ALANIZ'S MEDICAL RECORDS**<br><br>Judge:       Dolly M. Gee<br>Hearing:    March 25, 2025<br>Time:        2:00 p.m.<br>Dept.:        Courtroom 8C<br><br>FPTC:       March 25, 2025<br>Trial:         April 15, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 25, 2025, at 2:00 p.m., in Courtroom 8C of the United States District Court for the Central District of California, at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs, SANDRA KIRKMAN and CARLOS ALANIZ, hereby move *in limine* for an order excluding, at the trial of the above-referenced matter any evidence, testimony, argument, or reference at trial to any evidence or testimony related to Decedent John Alaniz's medical records.

Plaintiffs make this Motion under the following independent and sufficient reasons: (1) such evidence is irrelevant under Federal Rules of Evidence 401 and 402; (2) such evidence should be excluded under Federal Rule of Evidence 403 as unduly prejudicial; (3) such evidence is improper character evidence under Federal Rule of Evidence 404; (4) such evidence is inadmissible hearsay under Federal Rules of Evidence 801, 802, and 805; and (5) such evidence is private and privileged.

**Statement of Local Rule 7-3 Compliance:** This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  March 14, 2025            **LAW OFFICES OF DALE K. GALIPO**


By:      */s/ Cooper Alison-Mayne*
            Dale K. Galipo, Esq.
            Cooper Alison-Mayne
            *Attorneys for Plaintiffs*

-i-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3          This civil rights and state tort action arises from the use of deadly force by

4    California Highway Patrol Officer Ramon Silva against John Alaniz ("Mr. Alaniz")

5    on May 4, 2022. Plaintiffs' operative complaint asserts claims for (1) Excessive

6    Force under the Fourth Amendment;  (2) Battery; (3) Negligence; and (4) violation

7    of the Bane Act. The primary issue in this case is whether Silva's use of deadly

8    force against Mr. Alaniz was excessive and unreasonable under the circumstances

9    known to him at the time of the use of force.

10          Plaintiffs hereby bring this Motion *in Limine* to exclude any evidence,

11    testimony, argument, or reference at trial related to Mr. Alaniz's medical records,

12    including any information in those records pertaining to Mr. Alaniz's drug or

13    alcohol use and psychological treatments.[1] Plaintiffs anticipate that Defendants may

14    attempt to use this information to argue that Alaniz tried to commit "suicide by

15    cop." Plaintiffs further anticipate that Defendants may attempt to use this

16    information to attempt to persuade the jury to determine that Silva's use of force

17    was reasonable.

18          This Motion *in Limine* is based on several independent rationales. First, this

19    evidence is irrelevant pursuant to Federal Rules of Evidence 401 and 402, because

20    this evidence is immaterial to the issues to be decided by the jury in the instant case.

21    Second, this evidence usurps the jury's role and should be excluded under Federal

22    Rule of Evidence 403 on the grounds that this evidence would confuse the issues,

23    mislead the jury, cause undue delay, create a mini-trial on an unrelated issue, and

24    waste this Court's time. Third, this Motion is made on the grounds that any

25    reference to Alaniz's medical records is inadmissible character evidence under the

26    Federal Rule of Evidence 404. Fourth, this evidence should be excluded under

27

[1] Plaintiffs anticipate that Defendants will seek to admit Mr. Alaniz's medical records from Providence Little Mary Hospital, Hoag Memorial, and Hoag Medical Center.

28

-1-                              Case No. 2:23-cv-07532-DMG (SSC)

1   Federal Rules of Evidence 801 and 802 because it is inadmissible hearsay. Lastly,

2   John Alaniz's medical records are private and privileged.

3   **II.     ALANIZ'S MEDICAL RECORDS ARE IRRELEVANT AND SHOULD**

4   **BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND**

5   **402**

6   Rule 401 defines "relevant evidence" as evidence having any tendency to

7   make the existence of any fact that is of consequence to the determination of the

8   action more probable or less probable than it would be without the evidence. Rule

9   402 states in part that evidence which is not relevant is not admissible. Under

10  *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances

11  not known to the involved officers at the time of the use of force incident are

12  irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997)

13  ("[W]hen considering a charge of excessive force under the Fourth Amendment,

14  evidence outside the time frame of the use of force is irrelevant and prejudicial.").

15  In an excessive force case such as this, the relevant inquiry is whether the

16  officer's actions are "objectively reasonable", thus it is the decedent's actions during

17  the incident, not his subjective state of mind, that is of consequence to whether the

18  use of force was excessive. *Graham*, 49 U.S at 397; *Stringer v. City of Pablo*, No. C

19  07-03544 MEJ, 2009 WL 5215396, at *3 (excluding decedent's criminal history and

20  potential third-strike if arrested because "Decedent's motivation or intention to

21  provoke the Officers to show him is not at issue. Rather, the key issue is Decedent's

22  actions leading up to the shooting.")

23  At trial, the jury will be asked to look at the objective circumstances facing

24  officer Silva at the time he used lethal force and to consider factors such as "the type

25  and amount of force used" and "[w]hether [Mr. Alaniz] posed an immediate threat

26  to the safety of [Silva] or others." Ninth Circuit Manual of Model Jury Instructions,

27  9.25 (2017). Mr. Alaniz's medical history does not bear on any disputed fact or on

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DECEDENT
JOHN ALANIZ'S MEDICAL RECORDS

1    any element of any claim or defense in this case. Indeed, Alaniz's medical records

2    are not probative of the factual circumstances confronting Silva at the time of the

3    shooting. Any medical treatment received by Mr. Alaniz at any time does not make

4    it more or less likely that Defendant Silva's use of force was excessive or

5    unreasonable. Accordingly, this evidence is irrelevant as to questions of Defendants'

6    liability for the violations of Mr. Alaniz's rights under federal and state law.

7    Because evidence of Mr. Alaniz's medical records is not probative of any fact of

8    consequence of the determination of the action, this evidence should be excluded.

9    **III.    ALANIZ'S MEDICAL RECORDS SHOULD BE EXCLUDED UNDER**

10   **FEDERAL RULE OF EVIDENCE 403.**

11          Even if the foregoing evidence has some probative value, it should be

12   excluded under Rule 403 because it is highly prejudicial, poses a significant risk of

13   consuming the jury, and would cause undue delay and waste of time. Rule 403

14   requires exclusion of otherwise relevant evidence "if its probative value is

15   substantially outweighed by the danger of . . . unfair prejudice, confusing the issues,

16   misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

17   evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to

18   suggest decision on an improper basis, commonly, though not necessarily, an

19   emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *See*

20   *Larez v. City of Los Angeles*, 946 F.2d 630, 641 n5 (9th Cir. 1991) (noting that

21   evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive

22   impulses).

23          Plaintiffs maintain that such references to the foregoing evidence are of no

24   probative value to whether Defendant Silva's use of force was reasonable. Any

25   speculation that Alaniz's medical records makes it more likely that Defendant

26   Silva's use of deadly force was reasonable in this case is inappropriate. Moreover,

27   any potential relevance to such speculation pales in comparison to the unduly

28

1  prejudicial and misleading nature of the evidence. Inflammatory and misleading

2  evidence and arguments about Mr. Alaniz's medical history, including any

3  references to drug use or psychological treatment, are solely designed to unduly

4  prejudice Plaintiffs. Any jury presented with this prejudicial evidence will not be

5  able to divorce this evidence from its verdict on liability. A limiting instruction

6  would only serve to further highlight the evidence and lengthen its exposure to the

7  jury. *See Stringer*, 2009 WL 5215396, at *3 ("Further, under Rule 403, the Court

8  must balance the probative value of Decedent's criminal history against its

9  prejudicial effect. The Court agrees with Plaintiffs that any probative value the

10  evidence has is substantially outweighed by the potential that the jury would

11  consider such evidence beyond the purpose for which it would be admitted—*even*

12  *with a limiting instruction*.") (emphasis added).

13       Further, any references to prior drug use in particular within Mr. Alaniz's

14  medical records has significant potential to unjustly inflame a jury's passions and

15  prejudices against Mr. Alaniz and Plaintiffs. *See Gregory v. Oliver*, 2003 WL

16  1860270 at *1 (N.D. Ill. Apr. 9, 2023) ("In today's climate, any evidence as to a

17  litigant's use of drugs has an obvious potential for being extraordinarily

18  prejudicial—for creating the prospect of deflecting the factfinders' attention from

19  the matters that are really at issue in the case to everyone's universally-shared

20  concerns as to the problems that drug usage is creating for our society.").

21       Admission of such evidence also poses a substantial risk of leading to

22  "litigation of collateral issues, thereby creating a side issue which might distract the

23  jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir.

24  1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v.

25  Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Records relating to Mr. Alaniz's medical

26  history runs this precise risk because there is no probative value to such illusory

27  references. The central factual dispute in this case is whether Defendant Silva's use

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DECEDENT
JOHN ALANIZ'S MEDICAL RECORDS

1  of force against Mr. Alaniz was reasonable under the circumstances he was

2  presented with. Refuting the inferences that Defendants may attempt to raise by

3  referencing Mr. Alaniz's irrelevant medical history will necessitate a mini-trial on

4  collateral issues that have nothing to do with the central factual dispute which will

5  unduly consume this Court's and the jury's time.

6     For these reasons, the foregoing information should be excluded pursuant to

7  Rule 403.

8  **IV.   REFERENCES TO ALANIZ'S PSYCHOLOGICAL RECORDS**

9  **SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE**

10 **404.**

11    Further, Mr. Alaniz's medical records cannot be used to show that Decedent

12 acted in conformity with some general poor character during this incident. Rule

13 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait

14 . . . to prove that on a particular occasion the person acted in accordance with the

15 character or trait." Further, Ninth Circuit case law is clear that character evidence is

16 not normally admissible in a civil rights case such as this one. *See Gates v. Rivera*,

17 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an element of a

18 charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm.

19 Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103

20 (9th Cir. 2002).

21    Character is not an essential element to any claim or defense to be tried in this

22 case. The issue to be resolved is whether Defendant Silva's use of lethal force

23 against Alaniz was objectively reasonable. *See Graham*, 490 U.S. at 388. Testimony

24 or information relating to Alaniz's medical records poses a danger that the jury will

25 (1) improperly infer that Silva knew this information, (2) improperly infer that

26 Alaniz had the propensity to engage in criminal or inappropriate conduct, including

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DECEDENT
JOHN ALANIZ'S MEDICAL RECORDS

1    on the date of the subject incident, and (3) reach a verdict that does not reflect the

2    circumstances that Silva faced during the incident.

3         Plaintiffs anticipate that Defendants will seek to use this information as

4    evidence of a propensity for violence or a desire of Alaniz to commit "suicide by

5    cop." Rule 404(b)(1) prohibits "[e]vidence of any other crime, wrong, or act . . . to

6    prove a person's character in order to show that on a particular occasion the person

7    acted in accordance with the character." "Corroborating" evidence is propensity

8    evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding

9    "any circumstantial evidence that requires an inference of a person's character to

10   make it relevant"). Introduction of Alaniz's medical records, especially references to

11   drug use or psychological treatment, serves no purpose other than to tarnish Alaniz's

12   character and persuade the jury that Alaniz acted a particular way in this case

13   because of his prior medical history, including alleged drug use and psychological

14   treatment. Such evidence is exactly the type barred by Rule 404.

15        For the foregoing reasons, Mr. Alaniz's medical records should further be

16   excluded under Rule 404.

17   **V.    ALANIZ MEDICAL RECORDS SHOULD BE EXCLUDED UNDER**

18   **       FEDERAL RULES OF EVIDENCE 801 AND 802**

19        Further, the Court should exclude any reports or records related to Mr.

20   Alaniz's medical history as inadmissible hearsay without exception under Federal

21   Rules of Evidence 801, 802, and 805. Mr. Alaniz's medical history, including any

22   allegations of drug use or psychological treatment, as well as any reports made in

23   the course of any treatment Mr. Alaniz received, were made out of court and

24   Plaintiffs anticipate that Defendants will attempt to offer them for the truth of the

25   matter asserted. Therefore, the foregoing evidence is inadmissible hearsay without

26   exception, and should be excluded.

27

28

1  **VI.   ALANIZ'S PSYCHOLOGICAL RECORDS SHOULD BE EXCLUDED**

2  **BECAUSE THEY ARE PRIVILEGED AND PRIVATE**

3      Although the Constitution does not expressly grant the right of privacy, the

4  Supreme Court has held that the right is implicitly guaranteed by the Constitution.

5  *Fugate v. Phoenix Civ. Serv. Bd.*, 791 F.2d 736, 738 (9th Cir. 1986) (citing *Carey v.*

6  *Population Services Int'l*, 431 U.S. 678, 684 (1977); *Griswold v. Connecticut*, 381

7  U.S. 479, 484-85 (1965)). Here, Plaintiffs anticipate Defendants seek to use

8  information directly related to Mr. Alaniz's medical history. Such information is

9  clearly private, and the records should be protected by Mr. Alaniz's right of privacy.

10      Any of Mr. Alaniz's psychological health records in particular are further

11  protected by the psychotherapist-patient privilege.  The Supreme Court has held that

12  communications between licensed psychotherapists and their patients are privileged.

13  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The *Jaffee* Court recognized that the

14  psychotherapist-patient privilege applied to communications made to licensed

15  psychiatrists, psychologists, and social workers. *Id*. The Ninth Circuit has expanded

16  this privilege to cover communications to unlicensed counselors and representatives

17  involved in psychotherapeutic treatment undertaken through employee assistance

18  programs. *Oleszko v. State Comp. Ins. Fund*, 243 F.3d 1154, 1158-59 (9th Cir.

19  2001). Plaintiffs have not waived the privilege on behalf of Mr. Alaniz. Therefore,

20  any medical records related to Mr. Alaniz's mental health treatment are privileged

21  and must be excluded.

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DECEDENT
JOHN ALANIZ'S MEDICAL RECORDS

1
### VII.   CONCLUSION

2       For the foregoing reasons, Plaintiffs respectfully request that this Court

3   exclude any evidence, testimony, argument, or reference at trial related to Decedent

4   John Alaniz's medical records, including any information in those records

5   pertaining to Mr. Alaniz's drug or alcohol use, and psychological treatments.

6

7       Respectfully submitted,

8

9   DATED:  March 14, 2025           **LAW OFFICES OF DALE K. GALIPO**

10

11

12                    By:     */s/ Cooper Alison-Mayne*
                              Dale K. Galipo, Esq.
13                            Cooper Alison-Mayne
                              *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DECEDENT
JOHN ALANIZ'S MEDICAL RECORDS