1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,

Plaintiffs,

v.

STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,

Defendants.

Case No. 2:23-cv-07532-DMG-SSC

*Honorable Dolly M. Gee*
*Hon. Mag. Judge Stephanie S. Christensen*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE INFORMATION UNKNOWN TO DEFENDANT RAMON SILVA AT TIME OF INCIDENT**

Judge:       Dolly M. Gee
Hearing:    March 25, 2025
Time:        2:00 p.m.
Dept.:       Courtroom 8C

FPTC:      March 25, 2025
Trial:        April 15, 2025

---

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 25, 2025, at 2:00 p.m., in Courtroom 8C of the United States District Court for the Central District of California, at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs, SANDRA KIRKMAN and CARLOS ALANIZ, hereby move *in limine* for an order excluding, at the trial of the above-referenced matter any evidence, testimony, argument, or reference at trial to information that was unknown to Defendant Officer Silva at the time of the incident, including: (1) any evidence of Mr. Alaniz's drug use that was unknown to Defendant Silva at the time of his use of force, including a glass pipe recovered after the incident; (2) evidence regarding Mr. Alaniz's limited criminal history and contacts with law enforcement; and (3) 911 calls and police records related to the incident.

This evidence should be excluded because it was unknown to Silva at the time of the incident and is therefore wholly irrelevant to whether he used excessive and unreasonable force under Federal Rules of Evidence, Rules 401 and 402. Because this evidence has zero or little probative value but is highly prejudicial to Plaintiffs, it should also be excluded under FRE 403. Much of this evidence is also improper character evidence and should be excluded under FRE 404, Finally, as to reports containing such information, it is inadmissible hearsay under rules 801 and 802.

**Statement of Local Rule 7-3 Compliance:** This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  March 14, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:    /s/ Cooper Alison-Mayne
       _____
       Dale K. Galipo, Esq.
       Cooper Alison-Mayne
       *Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE INFORMAITON
UNKNOWN

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by California Highway Patrol Officer Ramon Silva against John Alaniz ("Mr. Alaniz") on May 4, 2022. Plaintiffs' operative complaint asserts claims for (1) Excessive Force under the Fourth Amendment; (2) Battery; (3) Negligence; and (4) violation of the Bane Act. The primary issue in this case is whether Silva's use of deadly force against Mr. Alaniz was excessive and unreasonable under the circumstances known to him at the time of the use of force.

Plaintiffs hereby bring this Motion *in Limine* to exclude any evidence, testimony, argument, or reference at trial to the following information: (1) any evidence of Mr. Alaniz's drug use that was unknown to Defendant Silva at the time of his use of force, including a glass pipe recovered after the incident; (2) evidence regarding Mr. Alaniz's limited criminal history and contacts with law enforcement; and (3) 911 calls and police records related to the incident.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rules 401 and 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, create a mini-trial on an unrelated issue, and waste this Court's time. Third, evidence of this kind is improper character evidence, and should be excluded under the Federal Rules of Evidence, Rule 404. Finally, any reports referencing this information, such as medical records or police reports, should be excluded as hearsay for which there is no exception. *See* FRE 802.

**II.    INFORMATION NOT KNOWN TO SILVA AT THE TIME OF THE SHOOTING SHOULD BE EXCLUDED AS IRRELEVANT**

Under FRE 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to Officer Silva at the time of the shooting should be excluded. First, Plaintiffs anticipate that Defendants will seek to introduce evidence of drug use by Mr. Alaniz which Silva was not aware of, including a glass pipe recovered after the shooting and Mr. Alaniz's medical records referencing cannabis abuse. Officer Silva never had any specific information that Mr. Alaniz was under the influence during the incident. Officer Silva did not see the glass pipe that was recovered at the scene until after he shot Mr. Alaniz.

1  Accordingly, this information should be excluded. *See Herrera v. City of Ontario*,
2  No. EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct 24, 2016)
3  (excluding toxicology report as information unknown); *Ruvalcaba v. City of Los*
4  *Angeles*, No. 2:12-cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal.
5  Sept. 8, 2014) (same). Likewise, Officer Silva was not aware of any alleged drug or
6  alcohol use by Mr. Alaniz on prior occasions. *See Conan v. City of Fontana*, at *8
7  (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's prior drug use has limited, if
8  any, relevance to liability for excessive force, battery, or negligence . . . .").

9       Moreover, as the Ninth Circuit has explained, in cases challenging excessive
10  force by police, "evidence of [a person]'s drug use . . . has marginal, if any,
11  probative value as to damages, and none as to liability." *Estate of Diaz v. City of*
12  *Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding
13  for new trial where extensive evidence of drug use was admitted "under the guise of
14  impeaching [a mother's] testimony that she loved her son"), *see Watson v. City of*
15  *San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of
16  plaintiff's "intoxication" at time of incident "would be impermissible" as
17  information unknown to officers at time of incident) (citations omitted). Such
18  evidence is irrelevant and cannot be considered by the jury.

19       Second, Plaintiffs anticipate that Defendants will seek to introduce evidence
20  of Mr. Alaniz's criminal history. The Ninth Circuit has explained that in excessive
21  force cases, it is permissible for officers to testify "in a limited manner" about "their
22  knowledge of [a decedent's] criminal history," because the testimony is "relevant to
23  establish the facts and circumstances known to the officers" during the
24  confrontation. However, Officer Silva did not know anything about Mr. Alaniz's
25  criminal history at the time of this incident. Because Officer Silva was not aware of
26  Mr. Silva's criminal history and it was not a part of his calculation when using
27  force, this information is irrelevant and cannot be considered at trial. *See Tofte v.*
28

*City of Longview*, No. 3:22-cv-05700-TMC, 2024 WL 4451403, at *1-2 (W.D. Wash. Oct. 8, 2024) (excluding criminal history information unknown to officers as irrelevant); *Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Hernandez v. City of Los Angeles*, No. 2:19-CV-00441 CAS (GJSx), 2022 WL 16551705, at *7-8 (C.D. Cal. Aug. 1, 2022) (excluding criminal history information unknown to officers as irrelevant); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers); *Ruvalcaba*, 2014 WL 4426303, at *1-2 (same).

Finally, Plaintiff anticipates that Defendants will seek to introduce the 911 calls related to this incident. Plaintiffs are not suggesting that Officer Silva was unaware of any information that dispatch relayed to him from the 911 call. However, any information from the 911 call that dispatch failed to give to Officer Silva is clearly unknown to Silva, and should therefore be excluded.

For the foregoing reasons, this evidence unknown to Officer Silva at the time force was used is irrelevant and should be excluded on this basis.

## III.    THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403.

Even if the foregoing evidence has some probative value, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of consuming the jury, and would cause undue delay and waste of time. FRE 403 requires exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an

"undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *See Larez v. City of Los Angeles*, 946 F.2d 630, 641 n5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

First, the drug evidence is unduly prejudicial because it has significant potential to unjustly inflame a jury's passions and prejudices against Mr. Alaniz. *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (excluding evidence of prior drug use as information unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *Id*. at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants). Evidence that Mr. Alaniz was on drugs or had a glass pipe during the incident is highly likely to prejudice

Plaintiffs and mislead the jury about the issues to be tried in this case and should therefore be excluded.

Second, evidence of Mr. Alaniz's criminal history is unduly prejudicial because it is likely to lead a jury to make negative assumptions about Mr. Alaniz's character that do not pertain to the incident at issue in this case. *See Speer v. Cnty. of San Bernardino*, No. EDCV 20-44 JGB (SPx), 2021 WL 5969521, at *4 (C.D. Cal. Aug. 9, 2021) (finding "that any evidence of Plaintiff's criminal history and prior contacts with law enforcement that Deputy Millan was unaware of at the time of the incident has no likelihood of proving any material facts relevant to Plaintiff's claim and would be highly prejudicial" and excluding it on that basis); *Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value" was outweighed by risk of prejudice). The same reasoning applies to the 911 calls, which is of undue prejudice because it is likely to inflame the jury against Mr. Alaniz and mislead the jury as to the issues of the case, including what information Mr. Silva had at the time of the shooting.

For these reasons, the foregoing information should be excluded pursuant to Rule 403.

## IV.    THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404

The foregoing items of evidence Plaintiffs seek to exclude cannot be used to show that Decedent acted in conformity with some general poor character during this incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case such as this one. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in

issue," *i.e.*, an element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002).

Character is not an essential element to any claim or defense to be tried in this case. The issue to be resolved is whether Defendant Silva's use of lethal force against Alaniz was objectively reasonable. *See Graham*, 490 U.S. at 388. Testimony or information relating to Alaniz's medical records poses a danger that the jury will (1) improperly infer that Silva knew this information, (2) improperly infer that Alaniz had the propensity to engage in criminal or inappropriate conduct, including on the date of the subject incident, and (3) reach a verdict that does not reflect the circumstances that Silva faced during the incident.

Plaintiffs anticipate that Defendants will seek to use this information as evidence of a propensity for violence. Rule 404(b)(1) prohibits "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of unknown information serves no purpose other than to tarnish Mr. Alaniz's character and pollute the jury against him and Plaintiff. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under FRE 404.

## V.    THIS EVIDENCE SHOULD ALSO BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULES 801 AND 802

Further, the Court should exclude any reports or records containing the aforementioned information as inadmissible hearsay without exception under

Federal Rules of Evidence, Rules 801, 802, and 805. This includes portions of medical records referencing substance abuse and any police reports containing any of the aforementioned information unknown to Officer Silva. Because all evidence that is subject of this Motion constitutes information that was unknown to Officer Silva during this incident, Officer Silva cannot testify to this information based on personal knowledge. *See* Fed. R. Evid. 602.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude any evidence, testimony, argument, or reference at trial regarding information that was unknown to Officer Silva at the time of the shooting as specifically set forth above.

Respectfully submitted,

DATED:  March 14, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:    */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE INFORMAITON UNKNOWN