**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br>[*Hon. Dolly M. Gee*]<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Pre-Trial Conference</u><br>March 25, 2025, 2:00 p.m.<br><br><u>Trial</u><br>April 15, 2025, 8:30 a.m. |

1
PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiffs respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties pertaining to the trial scheduled to commence on April 15, 2025.

## I. INTRODUCTION

Plaintiffs Sandra Kirkman and Carlos Alaniz bring this suit against the Defendants State of California and California Highway Patrol Officer Ramon Silva for violations of their federal civil rights stemming from the unjustified shooting of their son, John Alaniz. Plaintiffs claim that Silva violated the United States Constitution and state law when he used unreasonable and excessive deadly force against John Alaniz, resulting in his death.

On the morning of May 4, 2020, John Alaniz was experiencing a mental health crisis while walking alongside the shoulder of the westbound 105 freeway in Paramount, California. At some point, Alaniz ran in front of a semi-truck that was travelling at approximately 55 miles per hour. Alaniz was severely injured after being struck by multiple vehicles, bleeding heavily from his head as he stumbled along the freeway shoulder.

At approximately 11:31 a.m., Officer Ramon Silva arrived on scene. Silva had learned from dispatch that Alaniz was suicidal and had bene trying to jump in front of vehicles. Silva had no information that Alaniz was armed or that he had harmed or threatened anyone other than himself. Silva approached Alaniz, unholstering his weapon and ordering Alaniz to show his hands. With his hands visible, Alaniz began walking towards the other officer on scene, Van Dragt, before breaking into a slow run. Van Dragt saw that Alaniz did not have a gun or a knife, so he holstered his firearm and drew his taser while repositioning toward the front of his patrol vehicle. Van Dragt deployed his taser, striking Alaniz and causing him to seize up. While Alaniz was seizing up from the effects of the Taser, Silva shot five rounds at Alaniz without

warning, striking his left leg, his right leg, and his chest. Alaniz died from his injuries.

Silva failed to follow contact-cover tactics and de-escalate the situation per his training and professional standards. But most importantly, when Silva decided to use lethal force, Alaniz was unarmed and did not pose an immediate threat of death or severe bodily injury.

Plaintiffs Sandra Kirkman and Carlos Alaniz, individually and as successors-in-interest to their deceased son, seek survival damages for his pre-death pain and suffering, loss of life, and loss of enjoyment of life. They also seek wrongful death damages for the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of their son. Plaintiffs request attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## II. CLAIMS AND DEFENSES

**a) Plaintiffs Claims**

**Claim 1**:  Excessive Force, 42 U.S.C. § 1983 (Survival)

Claim 1 is brought by Plaintiffs against Defendant Ramon Silva. Plaintiffs contend that Silva used excessive force against Decedent John Alaniz in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Ramon Silva's use of lethal force was unconstitutional because John Alaniz did not pose an immediate threat of death or serious bodily injury to Silva or anyone else.

Plaintiffs seek survival damages, including pre-death pain and suffering and loss of life, and reasonable attorneys' fees and costs.

Elements:

1. Defendant Ramon Silva used excessive force against John Alaniz; and
2. Defendant Ramon Silva's use of force was the cause of injury, damage, loss, or harm to John Alaniz.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.25, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2017) (revised November 2024).

**Claim 2:** Battery (Wrongful Death and Survival).

Claim 2 is brought by Plaintiffs against Defendant Ramon Silva directly and the State of California vicariously. Plaintiffs contend that Ramon Silva's use of excessive force against John Alaniz constituted batter under California law. Silva's use of lethal force was unreasonable because it was not necessary to protect human life, as Alaniz did not pose an immediate threat of death or serious bodily injury to Silva or anyone else.

The State of California is vicariously liable for Silva's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Plaintiffs bring this claim individually and as Alaniz's successors in interest and seek wrongful death and survival damages, including pre-death pain and suffering. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

Elements:

1. Ramon Silva intentionally used deadly force on John Alaniz;
2. Ramon Silva use of deadly force was not necessary to defend human life; and
3. Ramon Silva use of deadly force was a substantial factor in causing John Alaniz's harm or death.

Source: CACI No. 1305B, (2025 edition); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004). Plaintiffs are taking these elements from the CACI instruction. The instruction explains what "necessary to defend human life" means, which includes defending against severe bodily injury. *See* CACI 1305B

**Claim 3:**   Negligence (Wrongful Death and Survival).

Claim 3 is brought by Plaintiffs against Defendant Ramon Silva directly and the State of California vicariously. Plaintiffs contend that Ramon Silva, while acting in the course and scope of his employment with the State of California, acted negligently in his pre-shooting tactics, conduct, actions/inactions and the use of deadly force against John Alaniz. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (Cal. 2013) ("Pre-shooting tactics are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability.").

The State of California is vicariously liable for Silva's conduct pursuant to Cal. Gov. Code § 815.2(a). Plaintiffs bring this claim individually and as Alaniz's successors in interest and seek wrongful death and survival damages, including pre-death pain and suffering. *See senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

Elements:

1. Ramon Silva used deadly force on John Alaniz;
2. Ramon Silva use of deadly force was not necessary to defend human life; and
3. Ramon Silva use of deadly force was a substantial factor in causing John Alaniz's harm or death.

Source: CACI 441 (2025 edition). Plaintiffs are taking these elements from the CACI instruction. The instruction explains what "necessary to defend human life" means, which includes defending against severe bodily injury.

**Claim 4:**   Violation of the Bane Act (Cal. Civil Code § 52.1) (Survival Claim)

Claim 4 is brought by Plaintiffs against Defendant Ramon Silva and the State of California. Plaintiffs contend that Defendant Silva acted with reckless disregard for John Alaniz's rights under Cal. Civil Code § 52.1 when he used excessive and deadly force against Alaniz.

Plaintiffs bring this claim as Alaniz's successors in interest and seek survival damages for Alaniz's pain and suffering.

Elements

1. Ramon Silva used excessive force under the Fourth Amendment;
2. Ramon Silva intended to violate John Alaniz's Fourth Amendment right to be free from excessive force, which can be shown by a reckless disregard for his right; and
3. Ramon Silva's conduct was a substantial factor in causing John Alaniz's injuries and/or death.

Source: *See Reese v. Cnty. of Sacramento*, 888 F. 3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018).

**b) Key Evidence**

Plaintiffs' claims are related. Plaintiffs will rely on testimony from involved CHP officers Ramon Silva and John Van Dragt, which will address their actions and decision-making, while civilian witnesses Andrew Acosta and others provide an independent account of the events. Plaintiffs Carlos Alaniz and Sandra Kirkman will testify regarding the impact of Mr. Alaniz's death. Expert testimony from Scott A. DeFoe (police practices) and Bennet, Omalu, M.D. (forensic pathology) will analyze the appropriateness of Ramon Silva's actions and the pre-death pain and suffering suffered as a result. Other key evidence includes medical testimony from first responders and the Coroner who evaluated Mr. Alaniz, along with medical records documenting his injuries and cause of death; physical and documentary evidence such as CHP dispatch communications, scene photographs, video recordings, Taser deployment records, and forensic ballistics reposts.

**c) Defendants' Counterclaims and Affirmative Defenses**

Defendants may argue they are entitled to qualified immunity.

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**d) Anticipated Evidentiary Issues**

Plaintiffs filed the following motions in limine:

1. Motion to Exclude Decedent John Alaniz's Previous Encounters with Police
2. Motion to Exclude Decedent John Alaniz's Medical Records
3. Motion to Exclude Information Unknown to Defendant Ramon Silva
4. *Daubet* Motion to Exclude Testimony of Defense Expert Englert
5. *Daubet* Motion to Exclude Testimony of Defense Expert Blake

Defendants filed several motions in limine and Daubert motions as well.

The parties motions were filed on March 14, 2025 and oppositions will be filed on March 21, 2025

**e) Issues of Law**

Plaintiffs are not aware of any particularly difficult issues of law that are in dispute at this time.

### III. BIFURCATION OF ISSUES

The parties are not requesting bifurcation at this point. However, Plaintiffs would like to reserve their right to raise this issue at a later stage.

### IV. JURY TRIAL

Plaintiffs have timely demanded a jury trial. Each of Plaintiffs' causes of action are triable to a jury. The parties made a timely demand for trial by jury in conformity with Rule 38 of the Federal Rules of Civil Procedure.

### V. ATTORNEYS' FEES

If Plaintiffs prevails on one of their claims under Section 1983, they will be entitled to an award of reasonable attorney's fees and costs. 42 U.S.C. § 1988(b). *Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1978), *rev'd on other grounds*, 435 U.S. 547 (1978).

### VI. ABANDONMENT OF ISSUES

Plaintiffs have abandoned their Denial of Medical Care claim, which was brought under the Fourth Amendment, their Substantive Due Process claim, which was brought

under the Fourteenth Amendment, and their claims for punitive damages.

Respectfully submitted,

DATED: March 14, 2025,			**LAW OFFICES OF DALE K. GALIPO**

					*/s/     Cooper Alison-Mayne*
					Dale K. Galipo
					Cooper Alison-Mayne
					*Attorneys for Plaintiffs*