**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br>[*Hon. Dolly M. Gee*]<br><br>**PRETRIAL EXHIBIT STIPULATION**<br><br><u>Pre-Trial Conference</u><br>March 25, 2025, 2:00 p.m.<br><br><u>Trial</u><br>April 15, 2025, 8:30 a.m. |

1

**PLEASE TAKE NOTICE** that the Parties hereby submit their Pretrial Exhibit Stipulation.

Respectfully submitted,

DATED:  March 14, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:      _/s/ Cooper Alison-Mayne_
         Dale K. Galipo, Esq.[1]
         Cooper Alison-Mayne
         *Attorneys for Plaintiffs*


DATED:  March 14, 2025          **DEAN GAZZO ROISTACHER**


By:      _/s/ Lee H. Roistacher_
         Lee H. Roistacher, Esq.
         *Attorneys for Defendants, State of California,*
         *acting by and through the California Highway*
         *Patrol, and Ramon Silva*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

### Pretrial Exhibit Stipulation

The parties will not contest the authenticity of any evidence disclosed during discovery as of March 14, 2025 by the parties or any third party.

| Ex. # | Foundation | Objections | Response |
|---|---|---|---|
| 1. | Agreed | | |
| 2. | Agreed | | |
| 3. | | Defendants object to the entire nearly 60 minute video as being irrelevant and unduly time consuming. Fed. R. Evid. 401-403. | The parties will meet and confer to agree to an appropriate portion of the video to be included. |
| 4. | | Plaintiffs object under FRE 402 and 403. The video is irrelevant under FRE 402 because the officer did not see it and was unaware of the decedent's prior actions at the time of the shooting. The officer's use of force must be judged based on the facts known to him at the time, not information discovered after the fact.<br><br>Additionally, under FRE 403, the video confuses the issues by introducing evidence that has no bearing on the officer's state of mind or decision-making. Its admission would be highly prejudicial, as it invites the jury to speculate about the decedent's mental state in a way that distracts from the central legal question—whether the officer's use of force was reasonable under the circumstances he perceived at the time. | Prior to the officer's arrival, the decedent tried to commit suicide by jumping in front of a big-rig on the highway, and then tried to put his head under the wheels of another big rig. This exhibit is a video of that. The decedent's conduct is why the officers went to the scene. The video is relevant to both liability as defendants are pursuing a "suicide by cop" theory and damages because the fact that the decedent wanted to commit suicide is relevant to the quality of his life and relationship to his parents. *Sullivan v. City of Buena Park*, 2022 U.S. Dist. LEXIS 91684, at *12-14 (C.D. Cal. Apr. 11, 2022) (evidence of suicidal ideation admission on liability and damages); *see also Barillas v. City of L.A.*, 2021 U.S. Dist. LEXIS 194094, at *19-21 (C.D. Cal. Apr. 12, 2021); *A.H. v. Cty. of L.A.*, 2023 U.S. Dist. LEXIS 72288, at *7-8 (C.D. Cal. Jan. 19, 2023). Further, plaintiffs have put the decedent's mental health at issue (Doc. 1-1 ¶ 18) and their expert criticizes the officers for not recognizing the decedent was attempting |

| | | | |
|---|---|---|---|
| | | | "suicide by cop." See A.H., 2023 U.S. Dist. LEXIS 72288, at *7 ("The Court finds that Decedent's mental health, history of mental health treatment and medication, and any related diagnoses are relevant to the claims and defenses in this case because the litigation turns on the determination of Decedent's mental health condition."). |
| 5. | | Lack of foundation, irrelevant, improper lay witness opinion and prejudicial. Fed. R. Evid. 401, 403, 701; see defendants' motion in limine 1. Also, this is an edited version of the video not containing the first 8 seconds or so. | The statements in the video are not hearsay because they are an excited utterance. See Plaintiffs' opposition to Defendants MIL 1. |
| 6. | | Irrelevant, no foundation, improper lay witness opinion and prejudicial. Fed. R. Evid. 402, 701; *see* defendants' motion in limine 1. | See 5, above. |
| 7. | | The parties anticipate reaching an agreement on a limited set of scene photographs but have not yet finalized the selection. Plaintiffs object to the inclusion of cumulative scene photos that are unnecessary or duplicative.<br><br>Plaintiffs object to the admission of any photographs depicting the black vape device. It is undisputed that this object was not in Mr. Alaniz's hands, nor visible to the officers at the time of the shooting. Because its appearance has no relevance to the officers' decision-making, its inclusion would serve no probative purpose and risks confusing the jury.<br><br>Plaintiffs also object to the inclusion of photographs showing the contents of the grey glasses case. The contents were not visible to Officer Silva at the time of the shooting and are therefore irrelevant to assessing his actions. Additionally, because | Agree with the meeting and conferring. Disagree on the vape pen and the contents of the glasses case. On the latter, the glasses case the decedent had in his hands had the contents in them and determined the shape of the glasses case. As for the contents being a legal glass marijuana pipe, it is not more prejudicial than probative if prejudicial at all. On the former, the vape pen was found at the scene next to the decedent's body and supports what Officer Silva described seeing. Also, the decedent's drug use history – which the pipe alone does not establish – is relevant to damages – his quality of life, reduced life expectancy and relationship with his parents. |

PRETRIAL EXHIBIT STIPULATION

| | | | |
|---|---|---|---|
| | | the case contained a pipe used for smoking marijuana, introducing this evidence could unfairly prejudice the plaintiffs by invoking negative associations with drug use, which are entirely unrelated to the issues in this case. | |
| 8. | Agreed | | |
| 9. | Agreed | | |
| 10. | | See defendants' motion in limine 2. | See Plaintiffs opposition to Defendants' MIL 2. |
| 11. | Agreed | | |
| 12. | Agreed | | |
| 13. | Agreed | | |
| 14. | | The parties can meet and confer on these family photographs but defendants' object to 20 of them as cumulative. Fed. R. Evid. 403. | Agreed that the Parties can meet and confer further and will likely come to an agreement. |
| 15. | | Plaintiffs believe this exhibit requires foundation to be established by Van Dragt or an expert. | Defendants concur. |
| 16. | Agreed | | |
| 17. | | Plaintiffs object under FRE 402, 403, 801. See Plaintiffs' motions in limine. | See defendants' oppositions to motions in limine. |
| 18. | | Plaintiffs object under FRE 402, 403, 801. See Plaintiffs' motions in limine. | See defendants' oppositions to motions in limine. |
| 19. | | Plaintiffs object under FRE 402, 403, 801. See Plaintiffs' motions in limine. | See defendants' oppositions to motions in limine. |
| 20. | | Plaintiff agrees that anything heard by Silva is relevant and should come in. For anything not heard by Silva, Plaintiffs object under FRE 402, 403, 801. See Plaintiffs' motions in limine. | See defendants' oppositions to motions in limine. |
| 21. | | Plaintiffs object under FRE 801 and the best evidence rule. The jury does not need a transcript it is provided with audio. | A transcript would be available if needed. |
| 22. | | The Parties are continuing to meet and confer to come to an agreement on admissible photos of the scene. The Parties intend to file an amended exhibit list and exhibit stipulation form when they have finalized their agreements. | |

PRETRIAL EXHIBIT STIPULATION

| No. | | Plaintiffs' Objections | Defendants' Response |
|---|---|---|---|
| 23. | | See 22. | |
| 24. | | See 22. | |
| 25. | | See 22. | |
| 26. | | See 22. | |
| 27. | | See 22. | |
| 28. | | See 22. | |
| 29. | | See 22. | |
| 30. | | See 22. | |
| 31. | | See 22. | |
| 32. | | See 22. | |
| 33. | | See 22. | |
| 34. | | See 22. | |
| 35. | | See 22. | |
| 36. | | See 22. | |
| 37. | | See 22. | |
| 38. | | Plaintiffs object under Federal Rules of Evidence 402, 403, 702, and 703. See Plaintiffs' motion in limine on this topic. | See defendants' opposition to motion in limine. |
| 39. | | See Plaintiffs objections to 38. | See defendants' opposition to motion in limine. |
| 40. | | See Plaintiffs objections to 38. | See defendants' opposition to motion in limine. |
| 41. | | See 22. | |
| 42. | | See 22. | |
| 43. | | See 22. | |
| 44. | | See 22. | |
| 45. | | See 22. | |
| 46. | | See 22. | |
| 47. | | See 22. | |
| 48. | | See 22. | |
| 49. | | See 22. | |
| 50. | | Plaintiffs object under 402, 403, 602, 702, 703, 801, 1002. | A scene diagram is relevant and not prejudicial. Defendants can call a witnesses to lay the foundation if necessary. The scene diagram itself is not expert testimony, is not hearsay. And an original is available. |
| 51. | | Plaintiffs object under 402, 403, 602, 702, 703, 801, 1002. | A physical evidence diagram from the scene is |

PRETRIAL EXHIBIT STIPULATION

| | | | |
|---|---|---|---|
| | | | relevant and not prejudicial. Defendants can call a witnesses to lay the foundation if necessary. The scene diagram itself is not expert testimony, is not hearsay. And an original is available. |
| 52. | | Plaintiffs object to the inclusion of photographs showing the contents of the grey glasses case. The contents were not visible to Officer Silva at the time of the shooting and are therefore irrelevant to assessing his actions.<br><br>Additionally, because the case contained a pipe used for smoking marijuana, introducing this evidence could unfairly prejudice the plaintiffs by invoking negative associations with drug use, which are entirely unrelated to the issues in this case. | See response to 7. |
| 53. | | See Plaintiffs' objections to 52, above. | See response to 7. |
| 54. | | Plaintiffs object to the admission of any photographs depicting the black vape device. It is undisputed that this object was not in Mr. Alaniz's hands, nor visible to the officers at the time of the shooting. Because its appearance has no relevance to the officers' decision-making, its inclusion would serve no probative purpose and risks confusing the jury. | See response to 7. |
| 55. | | Plaintiffs object under Federal Rules of Evidence 402, 403, 702, and 703. Defendants' expert must lay a proper foundation before any enhanced videos or images are admitted. Some of the footage appears to have been brightened or otherwise altered, but the jury must evaluate the events as they actually appeared to Officer Silva at the time of the incident. The original, unaltered footage is the most accurate depiction of what Officer Silva perceived, and allowing | Defendant's expert can and will lay a foundation for the exhibit – which is just a side by side video containing the unaltered BWC and MVARS. And there is nothing warranting exclusion under FRE 403. |

PRETRIAL EXHIBIT STIPULATION

| | | | |
|---|---|---|---|
| | | enhanced versions without expert explanation risks misleading the jury in violation of FRE 403. Furthermore, under FRE 702 and 703, Defendants' expert must establish that any modifications to the footage were made using reliable principles and methods, and that such modifications are relevant and do not distort the original appearance of the events. | |
| 56. | | See Plaintiffs' objections to 55. | See response to 55. |
| 57. | | See Plaintiffs' objections to 55. | See response to 55. |
| 58. | | See Plaintiffs' objections to 55. | See response to 55. |
| 59. | | Plaintiffs object under Federal Rules of Evidence 402, 403, 702, and 703. See Plaintiffs' motion in limine on this topic. | See defendants' opposition to motion in limine. |
| 60. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 61. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 62. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 63. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 64. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 65. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 66. | | See Plaintiffs' objections to 59, above. | See defendants' opposition to motion in limine. |
| 67. | | See Plaintiffs' objections to 55. Additionally, Plaintiffs object to Defendants submitting a single selected frame that they believe favors their position. Cherry-picking one frame from a video risks misleading the jury by presenting an incomplete and distorted view of the moments leading up to the shooting. If the jury is to consider still frames from the footage, they should be presented with all relevant frames from the critical moments before the shooting to ensure a full and accurate depiction of events. Allowing Defendants to submit only one selectively chosen frame violates FRE 403 by creating a misleading and prejudicial impression that does | See defendants' opposition to motion in limine.  Also, plaintiffs' additional argument is a matter of cross-examination or argument, not admissibility. |

| | | | |
|---|---|---|---|
| 1 | | not reflect the totality of circumstances. | |
| 2 | 68. | See Plaintiffs objections to 67 | See defendants' opposition to motion in limine.  Also, plaintiffs' additional argument is a matter of cross-examination or argument, not admissibility |
| 69. | | See Plaintiffs objections to 67 | See defendants' opposition to motion in limine.  Also, plaintiffs' additional argument is a matter of cross-examination or argument, not admissibility |
| 70. | | Plaintiffs object under 402, 403, and 801. | Paramedic records are relevant and not prejudicial, and are not hearsay under the business records exception. |
| 71. | | Plaintiffs object under FRE 402, 403, 404, and 801. See Plaintiffs' motions in limine. See motions in limine. | See defendants' opposition to motions in limine |
| 72. | | See Plaintiffs objections to 71. | See defendants' opposition to motions in limine |
| 73. | | See Plaintiffs objections to 71. | See defendants' opposition to motions in limine |
| 74. | | See Plaintiffs objections to 71. | See defendants' opposition to motions in limine |
| 75. | | Plaintiffs object under FRE 402, 403, 404, 801, Medical Privilege. See Plaintiffs' motions in limine. See motions in limine. | See defendants' opposition to motions in limine.  See response to 4.  Also, the magistrate judge has already rejected the medical privilege argument and plaintiffs did not seek review of the order by this Court.  *See* Doc. 41. |
| 76. | | See Plaintiffs objections to 75. | See response to 75. |
| 77. | | See Plaintiffs objections to 75. | See response to 75. |
| 78. | | See Plaintiffs objections to 75. | See response to 75. |
| 79. | | See Plaintiffs objections to 75. | See response to 75. |
| 80. | | See Plaintiffs objections to 75. | See response to 75. |
| 81. | | See Plaintiffs objections to 75. | See response to 75. |
| 82. | | See Plaintiffs objections to 75. | See response to 75. |
| 83. | | See Plaintiffs objections to 75. | See response to 75. |
| 84. | | See Plaintiffs objections to 75. | See response to 75. |
| 85. | | See Plaintiffs objections to 75. | See response to 75. |
| 86. | | See Plaintiffs objections to 75. | See response to 75. |

PRETRIAL EXHIBIT STIPULATION

| 87. | | See Plaintiffs objections to 75. | See response to 75. |
|---|---|---|---|
| 88. | | Plaintiffs object under 402, 403, 801. But Plaintiffs are willing to meet and confer to find a portion of the video that may be agreeable to both sides | |