**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND *DAUBER* MOTION TO EXCLUDE TESTIMONY AND EXHIBITS OF DAVID BLAKE**<br><br>Judge:  Dolly M. Gee<br>Hearing: March 25, 2025<br>Time:   2:00 p.m.<br>Dept.:   Courtroom 8C<br><br>FPTC:  March 25, 2025<br>Trial:   April 15, 2025 |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY AND EXHIBITS OF DAVID BLAKE

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 25, 2025, at 2:00 p.m., in Courtroom 8C of the United States District Court for the Central District of California, at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs, SANDRA KIRKMAN and CARLOS ALANIZ, hereby move for an order excluding, at the trial of the above-referenced matter, any evidence, testimony, argument, or reference to the expert testimony of Defendants' Forensic Consultants Rod Englert, Nikki Wagner, and Cheryl Kanzler

**Statement of Local Rule 7-3 Compliance:** This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: March 14, 2025

**LAW OFFICES OF DALE K. GALIPO**

By:     */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have retained David Blake as their human factors expert. Mr. Blake is expected to testify regarding the reasonableness of Officer Silva's perception of a gun in the hands of decedent John Alaniz. However, his conclusions are unreliable, incomplete, and prejudicial. His opinions fail to meet the standards of Federal Rule of Evidence 702 and D*aubert v. Merrell Dow Pharms. Inc*., 509 U.S. 579 (1993), and should therefore be excluded.

## II. BLAKE'S OPINIONS ARE UNRELIABLE AND SHOULD BE EXCLUDED

Federal Rule of Evidence 702 requires that expert testimony be both relevant and reliable. An expert's conclusions must be based on sufficient facts, reliable methodology, and properly applied principles. Daubert, 509 U.S. at 589. Mr. Blake's testimony fails these requirements because it omits critical eyewitness evidence, relies on incomplete data, and improperly invades the jury's role in evaluating disputed factual issues.

<u>Failure to Consider Critical Witness Testimony</u>

Blake admitted in his deposition that consideration of how other witnesses perceived events is important to his analysis of whether Officer Silva's mistake was reasonable. Declaration of Cooper Alison-Mayne, Exhibit A, Blake Deposition at 50–51. However, his report omits any mention of the fact that Van Dragt, a fellow CHP officer standing next to Silva, stated that the object in Alaniz's hands looked nothing like a gun and instead resembled a Subway sandwich. Alison-Mayne Decl., Exhibit B, Blake expert report. Additionally, Blake fails to mention in his report that two other eyewitnesses, Acosta and Emmanuel Clark, who were present at the scene, both stated that Alaniz did not have a gun or anything resembling a gun in his hands. Alison-Mayne Decl., Exhibit A, Blake Deposition at 50–51.

This omission is a fundamental flaw in Blake's methodology. He acknowledges that witness testimony is important but selectively ignores multiple statements from independent witnesses that contradict his conclusion. His failure to include contrary evidence demonstrates serious bias to the point that his methodology is put into question. A reliable expert must consider all relevant data, not just the portions that support a predetermined conclusion.

<u>Blake's Testimony Is Not Helpful to the Jury</u>

Blake's testimony does not provide specialized knowledge that would assist the jury in determining the facts of this case. The central issue—whether Alaniz had an object that appeared to be a gun—is a factual dispute that the jury, not an expert witness, must resolve. Assessing what is visible in a video and weighing witness credibility are core jury functions, and expert testimony should not encroach upon them.

This is especially true given Blake's own admission in his deposition that he cannot see any object in Alaniz's hands. See Alison-Mayne Decl., Exhibit A, Blake Deposition at 38. Yet, he seeks to tell the jury that the evidence supports Officer Silva's mistaken perception.

Blake's testimony does not require technical expertise. He is merely interpreting video footage and witness statements—tasks the jury is fully capable of performing without expert assistance. His selective approach, ignoring evidence that does not support his client, further undermines his credibility. Allowing him to testify would improperly elevate one party's interpretation of the evidence and unfairly influence the jury.

**III.   CONCLUSION**

Mr. Blake's testimony fails to meet the standards of Federal Rule of Evidence 702 and Daubert. His opinions are neither reliable nor relevant because they are

based on an incomplete and biased review of the evidence, omit critical eyewitness testimony, and improperly invade the jury's role in resolving factual disputes. His methodology is fundamentally flawed, as he selectively disregards contrary evidence while purporting to assess the reasonableness of Officer Silva's perception. Furthermore, Blake's testimony does not require specialized knowledge, as it consists merely of interpreting video footage and witness statements—tasks well within the jury's capability. Allowing him to testify would unfairly lend expert authority to one party's interpretation of disputed facts, creating a significant risk of undue prejudice.

For these reasons, the Court should exclude Mr. Blake's testimony in its entirety.

Respectfully submitted,

DATED: March 14, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*