Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:  lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER RAMON SILVA'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION**<br><br>Courtroom: 8C<br>Judge: Hon. Dolly M. Gee<br><br>Complaint Filed: July 28, 2023<br>Trial Date: April 15, 2025 |

///
///
///
///
///
///
///
///
///

1

# TABLE OF CONTENTS

INTRODUCTION………………………………………………………………………..6

AUTHORITY……………………………………………………………………………..6

ARGUMENT……………………………………………………………………………..10

A.   Contrary To Plaintiffs' Belief, The Ninth Circuit's Jurisdiction To Review Qualified Immunity Denials Exists Notwithstanding A District Court's Finding Of Disputed Facts…………………………………………10

B.   Defendants Will Raise Non-Frivolous Arguments On Appeal Regarding The Factual Disputes Found By This Court……………………………...13

C.   Defendants Will Raise Non-Frivolous Arguments On Appeal Regarding The Clearly Established Prong Of Qualified Immunity ………………….16

CONCLUSION…………………………………………………………………………18

# TABLE OF AUTHORITIES

**Cases**

*Apostol v. Gallion*
  870 F.2d 1335 (7th Cir. 1989)..................................................................7, 8

*Assance v. Lincoln Cty.*
  2025 U.S. Dist. LEXIS 24733 (D. Mont. Feb. 11, 2025)........................7

*Bingue v. Prunchak*
  512 F.3d 1169 (2007) ..............................................................................10

*Castro v. Melchor*
  760 F. Supp. 2d 970 (D. Haw. 2010)........................................................9

*Chien Van Bui v. City & Cty. of S.F.*
  2014 U.S. Dist. LEXIS 144131 (N.D. Cal. Oct. 9, 2014)........................8

*Cluse v. Rowden,*
  No. 24-2045, 2024 U.S. App. LEXIS 30302 (9th Cir. Nov. 29, 2024).....14

*Cunningham v. Gates*
  229 F.3d 1271 (9th Cir. 2000)................................................................10

*David v. Betts*
  2021 U.S. Dist. LEXIS 108276 (D. Haw. June 9, 2021)..................9, 14

*District of Columbia v. Wesby*
  583 U.S. 48 (2018)..................................................................................17

*Durant v. Brooks*
  826 F. App'x 331 (5th Cir. 2020)...........................................................13

*Eisho Suzuki v. Cty. of Contra Costa*
  2019 U.S. Dist. LEXIS 166179 (N.D. Cal. Sept. 25, 2019)....................8

*Estate of Hernandez-Rojas v. United States*
  2015 U.S. Dist. LEXIS 173420 (S.D. Cal. Dec. 30, 2015)...........9, 10, 14

*Estate of Strickland v. Nev. Cty.*
  69 F.4th 614 (9th Cir. 2023)...................................................................15

*Gonzalez v. City of Alameda*
  2023 U.S. Dist. LEXIS 185735 (N.D. Cal. Oct. 16, 2023).....................9

*Harris v. City of Tulare*
  2022 U.S. Dist. LEXIS 187397 (E.D. Cal. Oct. 13, 2022).....................8

*Hart v. City of Redwood City*
  99 F.4th 543 (9th Cir. 2024),.........................................................*Passim*

*Isayeva v. Sacramento Sheriff's Dep't,*
  872 F.3d 938 (9th Cir. 2017)..................................................................10

*J.A. v. Cty. of San Bernardino*
  2024 U.S. Dist. LEXIS 182664 (C.D. Cal. Jan. 23, 2024)……………...….6

*Johnson v. Myers*
  No. 24-349, 2025 U.S. App. LEXIS 4926 (9th Cir. Mar. 3, 2025)………18

*J. P. v. Cty. of Alameda*
  2018 U.S. Dist. LEXIS 136651 (N.D. Cal. Aug. 13, 2018)…………..…7, 9

*Jones v. McNeese*
  746 F.3d 887 (8th Cir. 2014)……………………………………………..13

*Kisela v. Hughes*
  584 U.S. 100 (2018)………………………………………………….17, 18

*Klene v. Riggs*
  2024 U.S. Dist. LEXIS 240173 (C.D. Cal. Dec. 13, 2024)………………..9

*Martinez v. City of Pittsburg*
  2019 U.S. Dist. LEXIS 58568 (N.D. Cal. Apr. 4, 2019)……………...9, 14

*Mersch v. City of Dall.*
  207 F.3d 732 (5th Cir. 2000)………………………………………….…13

*Moser v. Encore Capital Grp., Inc.*
  2007 U.S. Dist. LEXIS 22970 (S.D. Cal. Mar. 27, 2007)…………………7

*O'Connell v. Smith*
  2014 WL 12819563 (C.D. Cal. Jan. 7, 2014)……………………………..8

*Peck v. Cty. of Orange*
  528 F. Supp. 3d 1100 (C.D. Cal. 2021)…………………………………..8

*Perkins v. City of Anaheim*
  2022 U.S. Dist. LEXIS 127884 (C.D. Cal. Feb. 2, 2022)……………..7, 8

*Rivas Villegas v. Cortesluna*
  595 U.S. 1 (2021).................................................................................17

*Rivera v. Cater*
  2019 U.S. Dist. LEXIS 177424 (E.D. Cal. Oct. 11, 2019)………………15

*Saucier v. Katz*
  533 U.S. 194 (2001)…………………………………………………….7

*Schering Corp. v. First DataBank, Inc.*
  2007 U.S. Dist. LEXIS 45813 (N.D. Cal. June 18, 2007)……………...8

*Smith v. Agdeppa*
  81 F.4th 994 (9th Cir. 2023)……………………………………...…17

*Steep Hill Labs., Inc. v. Moore*
  2018 U.S. Dist. LEXIS 81094 (N.D. Cal. May 14, 2018)…………...…7

*Tennessee v. Garner*
    471 U.S 1 (1985)……………………………………………………………17

*United States v. Kitsap Physicians Serv.*
    314 F.3d 995 (9th Cir. 2002)……………………………………………….8

*Waid v. Cty. of Lyon*
    87 F.4th 383 (9th Cir. 2023)…………………………………………...…18

*White v. Pauly*
    580 U.S. 73 (2017)………………………………………………………17

*Wilkinson v. Torres*
    610 F.3d 546 (9th Cir. 2010)…………………………………………..…10

*Williams v. City of Sparks*
    112 F.4th 635 (9th Cir. 2024)…………………………………………..12, 14

*Wilson v. City of L.A.*
    2021 U.S. Dist. LEXIS 262688 (C.D. Cal. Mar. 12, 2021)……….………6, 7

*Zion v. Cty. of Orange*
    874 F.3d 1072 (9th Cir. 2017)……………………………………………18

# INTRODUCTION

Plaintiffs' motion to certify defendants' appeal as frivolous is based on an overly circumscribed view of the Ninth Circuit's jurisdiction to review interlocutory appeals of denials of qualified immunity and, thus, plaintiffs have a mistaken understanding of the arguments defendants can properly make on appeal; and wrongly assume defendants will make arguments over which the Ninth Circuit has no jurisdiction. And contrary to what plaintiffs believe, the arguments defendants made or did not make in the context of summary judgment before this Court do not control the arguments defendants can make on appeal.

Defendants will make non-frivolous arguments over which the Ninth Circuit has jurisdiction.

Plaintiffs fail to meet their heavy burden of establishing defendants' appeal is frivolous, and indeed never even articulate the stringent test. Defendants' appeal of this Court's denial of qualified immunity (which the Court noted during oral argument was essentially a close call) is nowhere close to frivolous. This Court should deny plaintiffs' motion.

# AUTHORITY

Notably, plaintiffs ignore the standard for finding an appeal frivolous. To be sure, plaintiffs do not even give it to the Court. This alone is sufficient to deny their motion. Regardless, plaintiffs' omission is unsurprising because the demanding standard is one plaintiffs do not come close to meeting.

Whether to certify an appeal as frivolous is entirely discretionary. *J.A. v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 182664, at *7-8 (C.D. Cal. Jan. 23, 2024) ("A court 'may' certify an appeal as frivolous, but no authority suggests that a district court is ever required to do so."); *Wilson v. City of L.A.*, 2021 U.S. Dist. LEXIS 262688, at *9 (C.D. Cal. Mar. 12, 2021) ("[E]ven if the Court were to conclude that Defendant's position is baseless, *Chuman* plainly indicates that certifying an appeal as frivolous is discretionary. … Thus, the

1  Court concludes that the appropriate course is to allow the Ninth Circuit to
2  interpret its case law on the issue of qualified immunity before this litigation
3  proceeds to trial.").

4  Proceeding to trial on claims over which the Ninth Circuit has jurisdiction
5  is a serious matter not only because it results in two proceedings on the same
6  claims in different venues and infringes on the Ninth Circuit's superior
7  jurisdiction, but also because it significantly infringes on the purpose of qualified
8  immunity. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) ("Qualified
9  immunity is 'an entitlement not to stand trial or face the other burdens of
10 litigation.' The privilege is 'an immunity from suit rather than a mere defense to
11 liability; and like an absolute immunity, it is effectively lost if a case is
12 erroneously permitted to go to trial.'") (citation omitted). Indeed, the ability of
13 the district court to deem interlocutory appeals frivolous was designed to
14 eliminate the jurisdictional bar of proceeding in the district court for "sham"
15 immunity claims. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).
16 There is no "sham" immunity claim here.

17 Because of this, "'[t]he power to certify an appeal as frivolous must be
18 used with restraint.'" *J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651, at
19 *5 (N.D. Cal. Aug. 13, 2018) (quoting *Apostol,* 870 F.2d at 1339) (simplified);
20 *accord Assance v. Lincoln Cty.*, 2025 U.S. Dist. LEXIS 24733, at *2 (D. Mont.
21 Feb. 11, 2025).

22 For that reason, the standard to find an appeal frivolous "is a demanding
23 one," *Wilson v. City of L.A.*, 2021 U.S. Dist. LEXIS 262688, at *8 (C.D. Cal.
24 Mar. 12, 2021), that "is quite high," *Steep Hill Labs., Inc. v. Moore*, 2018 U.S.
25 Dist. LEXIS 81094, at *2 (N.D. Cal. May 14, 2018); *Moser v. Encore Capital
26 Grp., Inc.*, 2007 U.S. Dist. LEXIS 22970, at *8 (S.D. Cal. Mar. 27, 2007). *See
27 Perkins v. City of Anaheim*, 2022 U.S. Dist. LEXIS 127884, at *4 (C.D. Cal. Feb.
28

2, 2022) ("In *very limited circumstances*, however, a district court may certify an appeal as frivolous and order the case to proceed to trial.") (emphasis added).

The "demanding" standard being "quite high" means an interlocutory appeal of a qualified immunity denial is frivolous only if it is "'wholly without merit.'" *Chien Van Bui v. City & Cty. of S.F.*, 2014 U.S. Dist. LEXIS 144131, at *8 (N.D. Cal. Oct. 9, 2014) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)). Defendants' appeal has merit.

An appeal is frivolous only when it ""'so baseless that it does not invoke appellate jurisdiction," such as when "…nothing can be said on the other side."'" *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1104 (C.D. Cal. 2021) (quoting *Schering Corp. v. First DataBank, Inc.*, 2007 U.S. Dist. LEXIS 45813, at *9 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339)); *accord Harris v. City of Tulare*, 2022 U.S. Dist. LEXIS 187397, at *4-5 (E.D. Cal. Oct. 13, 2022). Much can be said by defendants on their side.

Importantly, neither the Court's disagreement with defendants' position nor a belief that the appellate court will reject defendants' arguments are sufficient to find an appeal frivolous. As a district court in Hawaii aptly explained:

> The standard for certifying an appeal as 'frivolous' requires the court to find that an appeal is 'so baseless that it does not invoke appellate jurisdiction,', such as where 'nothing can be said on the other side.' Even if the court believes it was correct (indeed, even if the Ninth Circuit ultimately affirms the court's decision), the court cannot say that an appeal would be completely baseless such that 'nothing can be said on the other side.'; *See, e.g., Eisho Suzuki v. Cty. of Contra Costa*, 2019 U.S. Dist. LEXIS 166179, 2019 WL 4674418, at *2 (N.D. Cal. Sept. 25, 2019) ('[A] district court's belief that parties are unlikely to prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous.') (citation omitted); *O'Connell v. Smith*, 2014 WL 12819563, at *2 (C.D. Cal. Jan. 7, 2014) (declining to certify a qualified-immunity appeal as frivolous even though the facts and law 'almost necessarily indicate that an

appeal of such a finding lacks support'); *Castro v. Melchor*, 760 F. Supp. 2d 970, 1002 (D. Haw. 2010) ('The Court stands by its ruling in the Summary Judgment Order that Defendant Bauman is not entitled to qualified immunity . . .. This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous.'); *J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651, 2018 WL 3845890, at *2 (N.D. Cal. Aug. 13, 2018).

*David v. Betts*, 2021 U.S. Dist. LEXIS 108276, at *9 (D. Haw. June 9, 2021); *see also Gonzalez v. City of Alameda*, 2023 U.S. Dist. LEXIS 185735, at *8 (N.D. Cal. Oct. 16, 2023) ("While the court stands by its denial of qualified immunity, there is room for the Ninth Circuit to disagree. '[A] district court's belief that parties are unlikely to prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous.'"); *Klene v. Riggs*, 2024 U.S. Dist. LEXIS 240173, at *7 (C.D. Cal. Dec. 13, 2024) ("[W]hile the Court stands by its decision to deny qualified immunity, the Court cannot conclude defendant Jones' argument is 'so baseless that it does not invoke appellate jurisdiction.'"); *Martinez v. City of Pittsburg*, 2019 U.S. Dist. LEXIS 58568, at *5 (N.D. Cal. Apr. 4, 2019) ("Although it appears unlikely Defendants will prevail on appeal, their legal arguments are substantial enough to justify interlocutory review. Accordingly, the motion to certify Defendants' appeal as frivolous is denied.); *J.P.*, 2018 U.S. Dist. LEXIS 136651, at *5-6 ("While the Court disagrees with the County Defendants as to the characterization and substance of the constitutional arguments underlying their qualified immunity claim, such disagreement does not meet the demanding standard for certifying an appeal as frivolous, namely that the appeal be so baseless that it does not invoke appellate jurisdiction, such as when the disposition is so plainly correct that nothing can be said on the other side.") (simplified).

The existence of a single non-frivolous issue precludes a finding of frivolousness. *Estate of Hernandez-Rojas v. United States*, 2015 U.S. Dist.

LEXIS 173420, at *11 (S.D. Cal. Dec. 30, 2015) ("Because at least one issue on appeal is appropriately before the Court of Appeals, the Court finds that defendants' appeal is not frivolous.").

## ARGUMENT

### A. Contrary To Plaintiffs' Belief, The Ninth Circuit's Jurisdiction To Review Qualified Immunity Denials Exists Notwithstanding A District Court's Finding Of Disputed Facts

Plaintiffs argue defendants' appeal is frivolous because this Court found disputed factual issues, so any argument by defendants on appeal necessarily improperly challenges the district court's factual findings. Doc. 79, pp. 5, 6-9. Plaintiffs are very wrong, on both assertions.

This Court's findings of factual disputes in no way precludes interlocutory appellate review. *Hart v. City of Redwood City*, 99 F.4th 543, 548 (9th Cir. 2024). This has long been the rule. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944-46 (9th Cir. 2017)[1]; *Bingue v. Prunchak*, 512 F.3d 1169, 1173 (2007); *Cunningham v. Gates*, 229 F.3d 1271, 1286 (9th Cir. 2000).

Any other rule "would eviscerate the very purpose of qualified immunity, which is 'to protect defendants even from defending the action.'" *Bingue*, 512 F.3d at 1173; *see Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010) ("[W]e must view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. However, when the facts, as alleged by the non-moving party, are unsupported by the record such that no reasonable jury could believe them, we need not rely on those facts for purposes of ruling on the summary judgment motion.") (simplified).

---

[1] Notably, *Isayeva* found error in the district court's frivolous certification of the interlocutory appeal because the court's conclusion was based on the existence of disputed factual issues. 872 F.3d at 945.

With respect to purported disputes of fact on either qualified immunity prong, it is true the Ninth Circuit cannot resolve them based on defendants' view of the evidence.

But defendants can challenge, and the Ninth Circuit has jurisdiction over whether the disputed facts are material; defendants can challenge and the Ninth Circuit has jurisdiction to determine whether the purported disputes of fact are blatantly contradicted by other record evidence; and defendants can argue and the Ninth Circuit has jurisdiction to consider whether uncontradicted evidence offered by the defendants supports qualified immunity notwithstanding materially disputed facts.

As explained in *Hart v. City of Redwood City*:

> The district court erred in denying Defendants' motion for summary judgment on the ground that Officer Gomez is not entitled to qualified immunity. As an initial matter, we have jurisdiction to hear this appeal even though a purported dispute of material facts exists because determining the materiality of disputed facts is a question of law over which we have jurisdiction. And in light of the undisputed material facts, Officer Gomez is entitled to qualified immunity because Plaintiffs have shown neither (1) that Officer Gomez's conduct was objectively unreasonable and therefore a violation of Hart's Fourth Amendment rights, nor (2) that such rights were clearly established by precedent existing at the time of the conduct.
>
> That a purported dispute of material facts exists is not enough to divest us of our jurisdiction in this case. If it were, then every denial of summary judgment based upon controverted issues of material fact would be nonappealable. But summary judgment determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity, even when the underlying conduct is controverted.  In other words, we have jurisdiction to review an issue of law determining entitlement to qualified immunity—even if the district court's summary judgment ruling also contains an evidence-sufficiency determination—but not to accede to a defendant's request that we review that evidence-sufficiency determination on appeal.

> While appellate review does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact, any issue of law, including the materiality of the disputed issues of fact, is a permissible subject for appellate review. Once the materiality of the facts is determined, we assume the version of the material facts asserted by the non-moving party to be correct. And in doing so, we may consider facts offered by the defendant that are uncontradicted by any evidence in the record.

99 F.4th 543, 548 (9th Cir. 2024) (simplified).

*Williams v. City of Sparks* holds likewise:

> [I]n the qualified immunity context, we typically have jurisdiction over interlocutory appeals from the denial of summary judgment. We review the district court's conclusions regarding qualified immunity de novo and consider all disputed facts in the light most favorable to the nonmoving party. Although we assume that the version of material facts asserted by the plaintiff is correct, we may consider facts offered by the defendant that are uncontradicted by any evidence in the record.
>
> [Plaintiffs] contends that the appeal is based only on factual disputes that are unreviewable on interlocutory appeal. We disagree. While appellate review does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact, any issue of law, including the materiality of the disputed issues of fact, is a permissible subject for appellate review. The Supreme Court has recognized that a genuine issue of fact does not exist where a party's assertion of fact is plainly contradicted by a video recording. We have noted the same. Where, as here, defendants contend on appeal that the district court failed to review the facts in the light depicted in the videotape, they raise a question of law over which we have appellate jurisdiction.

112 F.4th 635, 642 (9th Cir. 2024) (simplified).

Moreover, though the Ninth Circuit has seemingly not addressed the issue, the Fifth Circuit holds jurisdiction exists to consider, and a defendant may challenge, a purported disputed fact based on the admissibility of the underlying

12

evidence. *Mersch v. City of Dall.*, 207 F.3d 732, 735 (5th Cir. 2000) ("Where, as here, the admissibility of particular evidence is critical to a summary judgment founded on qualified immunity, this court has not hesitated to review the admissibility of the evidence on appeal."); *Durant v. Brooks*, 826 F. App'x 331, 335 (5th Cir. 2020)  (following *Mersch*: "The district court expressly relied on Durant's declaration, … in finding genuine disputes as to several material facts underlying Durant's excessive force claim. We therefore have jurisdiction to review Officer Brooks's challenge to the district court's consideration of Durant's declaration.").  The Eleventh Circuit has the same rule.  *Jones v. McNeese*, 746 F.3d 887, 894-95, 899 (8th Cir. 2014).

**B.     Defendants Will Raise Non-Frivolous Arguments On Appeal Regarding The Factual Disputes Found By This Court**

Under plaintiffs' version of the facts, this Court found it could not determine "whether Alaniz posed an immediate threat to Officers Silva and Van Dragt" because it was disputed "whether Alaniz was in a 'shooter's stance' at the time he was shot," "whether it was reasonable to believe that the item Alaniz was holding … looked like a gun" and "whether Alaniz was charging toward the officers or whether he was turning away as Silva fired his gun."  Doc. 75, p. 10.

Defendants intend to argue on appeal that plaintiffs' version of facts is contradicted by the video evidence and the still frames extracted from the video and this Court in finding factual disputes failed to properly review the facts in light of what the video and still frames show, which defendants assert is Alaniz moving forward toward the officers in a shooting stance with an object in his hand that could reasonably be perceived as a gun to an objectively reasonable officer.

Although this Court disagreed with defendants and likely still disagrees or even thinks defendants will lose the argument on appeal, defendants' argument remains a non-frivolous one over which the Ninth Circuit has jurisdiction.

1    *Williams*, 112 F.4th at 642; *see David*, 2021 U.S. Dist. LEXIS 108276, at *9;

2    *Martinez*, 2019 U.S. Dist. LEXIS 58568, at *5; *Suzuki*, 2019 U.S. Dist. LEXIS

3    166179, at *6.

4         *Williams* itself demonstrates the non-frivolous nature of defendants'

5    argument. Here, both plaintiffs' and this Court's version of what the video and

6    photographs show, on the one hand, and defendants' version on the other, are

7    based on the same evidence. There is no competing evidence, just competing

8    interpretations of the same evidence.

9         This was the exact situation in *Williams* and the Court had jurisdiction to

10    resolve the competing interpretations. The crux of the factual dispute between

11    the parties was whether the video showed the suspect accelerating when officers

12    opened fire. Plaintiffs' position was "no" and defendants was "yes," and the

13    district court found triable issues on that material fact based on its interpretation

14    of the video. Reviewing video evidence for itself on interlocutory appeal from

15    the denial of qualified immunity, the Ninth Circuit disagreed with both plaintiffs'

16    position and the district court's conclusion that factual issues existed and sided

17    with the defendant. *Williams*, 112 F.4th at 643-44; *see also Cluse v. Rowden*,

18    No. 24-2045, 2024 U.S. App. LEXIS 30302, at *2-3 (9th Cir. Nov. 29, 2024)

19    (unpub) (one interlocutory appeal from denial of qualified immunity: "[T]he

20    district court determined that a question of fact remains as to whether Plaintiff

21    was still 'pinned face-down on the ground with his arms outstretched' when

22    [defendant] began to strike him in the head. [Defendant] argues that the district

23    court erred in making that determination because bodycam footage plainly shows

24    that Plaintiff's hands moved before the punches began. We agree.").

25         This non-frivolous argument alone is sufficient to deny plaintiffs' motion.

26    *Estate of Hernandez-Rojas*, 2015 U.S. Dist. LEXIS 173420, at *11. But there is

27    more.

28    ///

Case No. 2:23-cv-07532-DMG-SSC

To the extent a dispute exists regarding Alaniz altering his position (e.g., turning his body away from the officers or even lowering his arms a few inches because of a taser strike or any other reason), from the time he presented himself to Silva and the fraction of a second between that time and Silva firing, or during the second between the first and last shot, defendants will argue any factual dispute is *immaterial* given the miniscule time frame during rapidly unfolding events where hesitation could cost lives, particularly when the video and photographic evidence, in defendants' non-frivolous view, shows Alaniz continuing to move forward with his hands together and outstretched in front of him. *See Estate of Strickland v. Nev. Cty.*, 69 F.4th 614, 620 (9th Cir. 2023) ("Officers shouldn't have to wait until a gun is pointed at them before they are entitled to take action.  If the person is armed -- or reasonably suspected of being armed -- a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat.")  (simplified); *Rivera v. Cater*, 2019 U.S. Dist. LEXIS 177424, at *11 (E.D. Cal. Oct. 11, 2019) ("The video ... shows Attaway's arms extended, hands clasped together in front of him, and head cocked between his arms in a manner which would cause any reasonable person, whether a police officer or not, to reasonably fear they were about to be shot.").

Again, this Court disagreed with defendants and may still disagree, but arguing disputed facts are immaterial is a non-frivolous argument over which the Ninth Circuit has jurisdiction. *Hart*, 99 F.4th at 548.  Yet again, defendants have more non-frivolous arguments to make on appeal.

This Court also identified as a disputed fact "whether it was reasonable to think the sound of the taser deploying was a gunshot."  Doc. 75, p. 10.  Assuming the Court found a factual dispute, defendants will make the non-frivolous argument that the dispute is immaterial given the other undisputed

///

///

material facts regarding Alaniz's conduct and the undisputed evidence in the record.[2]  *Hart*, 99 F.4th at 548.

This Court further determined "[i]t is disputed whether Alaniz began to turn away after being struck with the taser."  Doc. 75, p. 6.  Much like the discussion above about Alaniz's movements, defendants will argue the dispute is immaterial.

Finally, defendants will argue the Court erred in overruling their objections to the declaration of plaintiffs' expert asserting the opinion that there was a successful taser strike on Alaniz (which was the only record evidence of an effective taser strike).  Because the Ninth Circuit has not decided whether it has jurisdiction to review a challenge to evidence admissibility on an interlocutory appeal, and authority from other appellate courts holds jurisdiction exists, the challenge to this Court's ruling on the objection is a non-frivolous argument.

In sum, defendants will make many non-frivolous arguments on appeal that within the Ninth Circuit's jurisdiction.  Acceptance by the Ninth Circuit of defendants' argument that the video and photographic evidence contradicts the purported factual disputes or acceptance of the argument that factual disputes are immaterial, or acceptance of both, provides defendants with a non-frivolous argument that no Fourth Amendment violation occurred and Silva is entitled to qualified immunity.

**C.  Defendants Will Raise Non-Frivolous Arguments On Appeal Regarding The Clearly Established Prong Of Qualified Immunity**

The issue of whether an officer violated "clearly established" law is dependent on the "particularized" and "specific facts" involved in the encounter.

---

[2] *See* Doc. 66-11, p. 42:13-15, 19-21 (Van Graft testifying a taser sounds like a .22 caliber firearm and "[i]f I had my eyes closed and someone deployed a Taser and they asked me if it was a Taser or a firearm, I would't be able to tell you which is which").

*Kisela v. Hughes*, 584 U.S. 100, 104 (2018); *White v. Pauly*, 580 U.S. 73, 79 (2017); *see also Rivas Villegas v. Cortesluna*, 595 U.S. 1, 6 7 (2021) (existing case law with "materially distinguishable" facts is insufficient to constitute "clearly established" law).

This Court found under plaintiffs' version of the facts and "given the disputed facts" (identified in the previous discussion), that it could not on summary judgment find the absence of a violation of clearly established law, which the Court defined as "the [obvious] right of a non-threatening suspect not to be killed." Doc. 75, p. 13.

As already discussed, defendants will non-frivolously argue on appeal that both plaintiffs' version of the facts and the disputed facts found by this Court are either contradicted by record evidence, or otherwise immaterial and, perhaps, supported by inadmissible evidence.

Acceptance by the Ninth Circuit of defendants' arguments on any single purported disputed fact found impacts and alters the "clearly established" analysis undertaken by this Court because it alters the factual basis on which this Court relied to find it could not determine the absence of a violation of clearly established law, thus allowing defendants to make non-frivolous arguments on the absence of clearly established law.

Even assuming the disputed facts identified by the Court, defendants have a non-frivolous argument that the cases this Court relied on did not "clearly established" the law. *See* Doc. 75, p. 13 (citing cases).

*Tennessee v. Garner*, 471 U.S 1 (1985) "set forth standards that are for the most part pitched at too high a level of generality to overcome a qualified immunity defense." *Smith v. Agdeppa*, 81 F.4th 994, 1006-07 (9th Cir. 2023); *see District of Columbia v. Wesby*, 583 U.S. 48, 63-64 (2018) ("[C]ourts must not define clearly established law at a high level of generality") (simplified).

///

*Johnson v. Myers*, No. 24-349, 2025 U.S. App. LEXIS 4926 (9th Cir. Mar. 3, 2025) was decided after the incident and thus cannot constitute "clearly established" law. *Kisela*, 584 U.S. 107.

And the non-threatening suspect in *Zion v. Cty. of Orange*, was shot and lying on the ground injured when the officer initiated a second volley of shots. 874 F.3d 1072, 1075-76 (9th Cir. 2017). Not even close to what occurred here.

Defendants also have a non-frivolous argument this is not an "obvious case" even assuming the factual disputes the Court identified. As the Ninth Circuit explains:

> [T]he obviousness principle, an exception to the specific-case requirement, is especially problematic in the Fourth-Amendment context. This is so because a categorical statement that conduct obviously violates the Fourth Amendment is particularly hard to make when officers encounter suspects every day in never-before-seen ways, including countless confrontations that yield endless permutations of outcomes and responses. We thus require Fourth Amendment violations to be beyond debate to be considered obvious. For that reason, we have only found obvious violations in exceedingly rare circumstances with extreme facts ….

*Waid v. Cty. of Lyon*, 87 F.4th 383, 388-89 (9th Cir. 2023) (simplified).

In defendants' view, and it is certainly not a frivolous one, *Waid* demonstrates how the "obvious case" exception is inapplicable here. *Waid* held that "[e]ven assuming that [the suspect] was unarmed and not reaching for a weapon, there is no dispute that he used aggressive language with the officers, ignored an order from the officers, and rushed towards them in a small and confined space. It is not obvious that the officers were constitutionally precluded from firing in this situation …." *Id.* at 389.

## CONCLUSION

Defendants have a settled right to challenge this Court's denial of qualified immunity through an interlocutory appeal. Despite plaintiffs failing to meet their

initial burden of establishing defendants' appeal is frivolous, defendants have clearly demonstrated the many non-frivolous arguments that they will make on appeal.

This Court should deny plaintiffs' motion (and grant defendants' motion to stay pending resolution of its non-frivolous appeal).

Dated: March 19, 2025         Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Opposition to Plaintiffs' Ex Parte Application for an Order Certifying Defendants' Appeal as Frivolous and Retaining Jurisdiction contains 4,217 words, which:

  X   complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: March 19, 2025         */s/ Lee H. Roistacher*
Lee H. Roistacher , declarant