**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY CASE PENDING RESOLUTION OF APPEAL**<br><br>Judge:     Dolly M. Gee<br>Hearing:  March 25, 2025<br>Time:      2:00 p.m.<br>Dept.:     Courtroom 8C<br><br>FPTC:    March 25, 2025<br>Trial:     April 15, 2025 |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

An interlocutory appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the divestiture of jurisdiction rule is a judge-made doctrine, not based on statutes or procedural rules, and is "applied in a 'less stern' manner than true jurisdictional rules." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). There is a well-established exception to the divestiture doctrine that allows Courts to maintain jurisdiction over claims even after an appeal has been filed insofar as the appeal is frivolous. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021).

For the reasons below, as well as the reasons discussed in Plaintiffs prior briefing (Dkt. 79), the Court should certify Defendants' appeal as frivolous, deny their *ex parte* motion to stay (Dkt. 78), and proceed to trial in this case.

On interlocutory appeal, the Ninth Circuit has "jurisdiction only to the extent 'the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (internal quotations ommited); *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) ("[I]nstant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication.").

Here, the Court's qualified immunity ruling in this case was based on accepting Plaintiff's facts, including "that Silva shot Alaniz despite knowing that he did not have a gun." (Dkt. 75 at 13.) This fact is supported by Defendant Silva's own statements moments after the shooting, when he asked his partner what Alaniz had in his hands. It is further reinforced by the fact that no other witnesses at the scene believed Alaniz was armed, and Silva's partner explicitly stated that the object

in Alaniz's hand looked nothing like a gun—comparing it instead to a Subway sandwich. This Court found that Plaintiffs had produced sufficient evidence such that a jury could find that Officer Silva knew Alaniz was unarmed when he decided to use lethal force.

Defendants are now appealing the Court's qualified immunity ruling based on their theory that *Silva mistakenly perceived Alaniz was armed* and his mistake was reasonable. The problem is this theory completely contradicts Plaintiffs' version of the facts, and thus, their appeal is entirely without merit.

The law is clear: interlocutory appeals not for second-guessing a trial court's determination that there is a genuine issue of fact. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (holding that there is no jurisdiction over an interlocutory appeal that merely disputes the existence of genuine issues of material fact); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) ("Our jurisdiction does not extend to all denials of qualified immunity on summary judgment. We do not have jurisdiction to decide whether there is a genuine issue of material fact."); *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal."); *Foster*, 908 F.3d at 1210; *Ortiz*, 562 U.S. at 188.

If the question were whether the disputed factual issue were "material," the Ninth Circuit would likely have jurisdiction on interlocutory appeal. *Hart v. City of Redwood City*, 99 F.4th 543, 548 (9th Cir. 2024)("because determining the materiality of disputed facts is a question of law over which we have jurisdiction. ") But materiality is not an issue here. It is uncontested that Officer Silva is not entitled to qualified immunity if he did not believe Alaniz was armed. Plaintiffs explicitly made this argument in their motion to deem the appeal frivolous, (Dkt. 79 at 6–7, 9 ("Defendants appear to agree that if Silva knew Alaniz was unarmed, qualified

immunity would not apply."), and Defendants have not challenged that view. (Dkt. 78 and Dkt. 110.)

Because Defendants' appeal is fundamentally based on a challenge to the Court's determination that it is a genuine factual dispute whether Silva *knew* at the time of the shooting that Alaniz was unarmed, their appeal is not appropriate for resolution on interlocutory appeal, and their arguments to the contrary are blatantly contradicted by the law in this circuit.

For the foregoing reasons and the reasons discussed previously (Dkt. 79), Plaintiffs respectfully request that this Court certify Defendants' appeal as frivolous, retain jurisdiction, deny Defendants' motion to stay, and proceed to trial.

Respectfully submitted,


DATED:  March 19, 2025          **LAW OFFICES OF DALE K. GALIPO**



By:     */s/ Cooper Alison-Mayne*
        Dale K. Galipo, Esq.
        Cooper Alison-Mayne
        *Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY CASE PENDING RESOLUTION OF APPEAL