1    Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
2    440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
3    Telephone: (858) 380-4683
Facsimile: (858) 492-0486
4    E-mail:      lroistacher@deangazzo.com

5    Attorneys for Defendants
State of California by and through California
6    Highway Patrol and Officer Ramon Silva

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10   SANDRA KIRKMAN AND      Case No.: 2:23-cv-07532-DMG-SSC
CARLOS ALANIZ,
11   INDIVIDUALLY AND AS      **OPPOSITION TO PLAINTIFFS'**
SUCCESSORS-IN-INTEREST TO   **MOTION IN LIMINE 1 TO**
12   JOHN ALANIZ, DECEASED,      **EXCLUDE DECEDENT ALANIZ**
                           **PRIOR ENCOUNTER WITH**
13           Plaintiff,          **POLICE**

14         v.

15   STATE OF CALIFORNIA;      Courtroom: 8C
RAMON SILVA; AND DOES 1-10,   Judge:     Hon. Dolly M. Gee
16   INCLUSIVE,
                            FPTC: March 25, 2025, 2:00 p.m.
17          Defendant.
                            Trial Date: April 15, 2025, 8:30 a.m.

18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………..4

ARGUMENT…………………………………………………………….5

A.    The Incredibly Similar Prior Incident Where Alaniz Immediately
      Charged At An Officer Is Relevant To Liability Because It Supports
      Defendants' "Suicide By Cop" Theory…………………………………5

B.    The Prior Incident Is Not Inadmissible Character Evidence……………...6

C.    The Prior Incident Is Not More Prejudicial Than Probative……………...7

CONCLUSION……………………………………………………………..8

Case No. 2:23-cv-07532-DMG-SSC

# TABLE OF AUTHORITIES

**Cases**

*Barillas v. City of L.A.*
    2021 U.S. Dist. LEXIS 194094 (C.D. Cal. Apr. 12, 2021)…………..4, 6, 7

*Boyd v. City & Cnty. of S.F.*
    576 F.3d 938 (9th Cir. 2009)……………………………………………6, 7

*Ely v. Cty. of Santa Barbara*
    2022 U.S. Dist. LEXIS 236211 (C.D. Cal. July 25, 2022)………………..6

*Hainze v. Richards*
    207 F.3d 795 (5th Cir. 2000)………………………………………………4

*Hermosillo v. Cty. of San Bernardino*
    2017 U.S. Dist. LEXIS 230350 (C.D. Cal. Feb. 16, 2017)………………..6

*Sullivan v. City of Buena Park*
    2022 U.S. Dist. LEXIS 91684 (C.D. Cal. Apr. 11, 2022)………………5, 6

*Virginia v. Zaragoza v. Cnty. of Riverside*
    2024 U.S. Dist. LEXIS 189610 (C.D. Cal. July 11, 2024)……...………6, 7

**Statutes**

California Welfare & Institutions Code § 5150………………………………4, 5

Federal Rule of Evidence 403…………………………………………………...7

Federal Rule of Evidence 404…………………………………………………...7

3

1

**INTRODUCTION**

2      This case arises out of the fatal shooting of John Alaniz by California

3  Highway Patrol Officer Ramon Silva.

4      CHP Officers Jonathan Van Dragt and Ramon Silva responded to the I-105

5  freeway because John Alaniz was purposely trying to kill himself by jumping in

6  front of vehicles.

7      Upon contact with the officers, Alaniz apparently changed his plans

8  regarding how he would commit suicide.

9      Alaniz ignored commands to remove his hands from his pocket until he

10  pulled object(s) from his pocket and immediately charged directly at the officers

11  with his hands together and outstretched in front of him in the classic "shooter's

12  stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone

13  would), Silva responded with objectively reasonable deadly force.

14      Alaniz has a long history of mental illness dating back to 2013 and over the

15  course of years has been hospitalized under California Welfare & Institutions Code

16  § 5150.

17      It is defendants' position that Alaniz charged at the officers and got into a

18  shooter's stance because Alaniz wanted the officers to shoot him. Indeed, there is

19  no other explanation for his actions. Thus, defendants are pursuing a "suicide by

20  cop" theory. *See Barillas v. City of L.A.*, 2021 U.S. Dist. LEXIS 194094, at *20

21  n.2 (C.D. Cal. Apr. 12, 2021) ("'"Suicide by cop" refers to an instance in which

22  a person attempts to commit suicide by provoking the police to use deadly force.'")

23  (quoting *Hainze v. Richards*, 207 F.3d 795, 797 (5th Cir. 2000)).

24      The prior incident plaintiffs seek to exclude is a previous attempted suicide

25  by cop by Alaniz.

26      About 6 months before this incident, Alaniz was involved in an extremely

27  similar encounter with Torrance Police where he suddenly and for no reason

28  charged an officer, a fight ensued during which multiple taser strikes were

1   ineffective and Alaniz tried to take the officer's gun.  Roistacher Declaration, Exh.

2   1 (Incident Report); *id.*, Exh. 2 (Norris Deposition), pp. 7:18-14:23, 18:9-24, 25:2-

3   5.[1]  The officer firmly believed Alaniz was trying to get him to shoot Alaniz (i.e,

4   "suicide by cop").  Exh. 2, pp. 17:21-18:24.  Alaniz was placed on a psychiatric

5   hold under California Welfare & Institutions Code § 5150 because he was

6   suicidal.[2]  Exh. 2, pp. 17:21-19:18, 25:25-26:16.

7        Plaintiffs argue evidence of the prior incident is inadmissible on liability

8   because it is irrelevant, improper character evidence and more prejudicial than

9   probative.  Plaintiffs are wrong.

10        Notably, plaintiffs ignore the evidence's relevance to damages.  And even

11   assuming the evidence is inadmissible on liability issues (it is not), it remains

12   admissible (and unchallenged by plaintiffs) on the "loss of life" and "wrongful

13   death" damages plaintiffs are pursuing.  *See Sullivan v. City of Buena Park*, 2022

14   U.S. Dist. LEXIS 91684, at *12-13 (C.D. Cal. Apr. 11, 2022) ("As the Court

15   explained above, one component of Plaintiff's damages with respect to her

16   constitutional claim is the value of Sullivan's life. Sullivan's suicide notes—which

17   may shed light on how Sullivan himself valued his own life—are highly probative

18   of that issue.").

19        This Court should deny plaintiffs' motion.

20                              **ARGUMENT**

21   **A.    The Incredibly Similar Prior Incident Where Alaniz Immediately
22          Charged At An Officer Is Relevant To Liability Because It Supports
            Defendants' "Suicide By Cop" Theory**

23        Plaintiffs' sole relevancy argument is that Officer Silva did not know about

24   this prior incident, and only facts known to him are relevant in determining

25   _____

26   [1] Defendants are awaiting production of the BWC.

27   [2] Under § 5150, a person can be taken into custody when, because of a mental
     disorder, is a danger to themselves or others.  Defendants are awaiting production
28   of the records relating to the § 5150 hold.

whether he used excessive force in violation of the Fourth Amendment.  Doc. 100, pp 4-5.

Plaintiffs correctly note the general rule regarding known or unknown facts. But plaintiffs, despite being aware of it, ignore defendants' "suicide by cop" theory.  Plaintiffs do not address the relevancy of the evidence to support this theory.  And plaintiffs' citations to cases dealing with evidence of prior criminal conduct is inapt.

Because defendants are raising "suicide by cop," "[e]vidence pertaining to [Alaniz's] suicidal ideation is relevant and admissible." *Sullivan,* 2022 U.S. Dist. LEXIS 91684, at \*12 (citing *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009)).

Evidence of the prior incident is thus relevant because it supports defendants' theory that Alaniz was attempting to commit "suicide by cop" on the date of this incident by running at the officers in a shooter's stance, particularly where, as here, plaintiffs dispute what Alaniz was doing at the time of the shooting. *Boyd*, 576 F.3d at 944-45, 947; *Virginia v. Zaragoza v. Cnty. of Riverside*, 2024 U.S. Dist. LEXIS 189610, at \*10-12 (C.D. Cal. July 11, 2024); *Hermosillo v. Cty. of San Bernardino*, 2017 U.S. Dist. LEXIS 230350, at \*3-4 (C.D. Cal. Feb. 16, 2017); *Sullivan,* 2022 U.S. Dist. LEXIS 91684, at \*12-15; *Barillas v. City of L.A.*, 2021 U.S. Dist. LEXIS 194094, at \*20 (C.D. Cal. Apr. 12, 2021); *see also Ely v. Cty. of Santa Barbara*, 2022 U.S. Dist. LEXIS 236211, at \*24 (C.D. Cal. July 25, 2022) ("the suicide-by-cop theory would provide an explanation for Defendants' version of events, thus making it relevant testimony").

**B.    The Prior Incident Is Not Inadmissible Character Evidence**

Plaintiffs' argument that the prior incident is inadmissible character evidence under Federal Rule of Evidence 404 is foreclosed by *Boyd,* 576 F.3d at 947:

///

The Boyd Family challenges the district court's admission of Cammerin's prior bad acts tending to support the suicide by cop theory using the argument that the evidence was inadmissible under Federal Rule of Evidence 404(b). The Boyd Family points out that this evidence served to convince the jury that Cammerin acted in a suicidal fashion at the time he was shot because it shows he had suicidal tendencies. This connection, they argue, is precisely what Rule 404(b) was intended to prevent.

This argument fails because the admission of evidence in support of the suicide by cop theory falls within the large exception for otherwise inadmissible character evidence carved out in Rule 404(b). To the extent that being shot by the police was Cammerin's plan, intent, or motive, the evidence supporting the theory of suicide by cop is admissible.

## C.   The Prior Incident Is Not More Prejudicial Than Probative

Plaintiffs' entire argument for exclusion under Rule 403 assumes the prior incident has little probative value.  Defendants already demonstrated how that is incorrect -- the evidence is extremely probative because it supports defendants' argument that Alaniz was intent on acting in a manner that would require Officer Silva to shot him.  Once evidence supporting a suicide by cop theory is found relevant, Courts have declined to find it inadmissible under Rule 403. *See, e.g., Zaragoza*, 2024 U.S. Dist. LEXIS 189610, at *12-13; *Barillas*, 2021 U.S. Dist. LEXIS 194094, at *19; *see also Boyd*, 576 F.3d at 947 (finding district court properly exercised discretion in refusing to exclude suicide by cop evidence under Rule 403).

Despite plaintiffs' argument, evidence of the prior incident does not involve litigation of any collateral issues that would distract the jury from its job in this case.  Plaintiffs certainly do not identify any.

///

///

**CONCLUSION**

This Court should deny plaintiffs' motion.


Dated: March 21, 2025                         Dean Gazzo Roistacher LLP


                                    By:  */s/ Lee H. Roistacher*
                                        Lee H. Roistacher
                                        Attorneys for Defendants
                                        State of California by and through
                                        California Highway Patrol and
                                        Officer Ramon Silva


**CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Opposition To Plaintiffs' Motion In Limine 1 To Exclude Decedent Alaniz Prior Encounter With Police contains 1,198 words, which:

  __X__  complies with the word limit of L.R. 11-6.1.

  _____  complies with the word limit set by court order dated [date].


Dated: March 21, 2025                  */s/ Lee H. Roistacher*_____
                                       Lee H. Roistacher , declarant

8