Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:     lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 2 TO EXCLUDE DECEDENT JOHN ALANIZ'S MEDICAL RECORDS**<br><br>Courtroom:  8C<br>Judge:      Hon. Dolly M. Gee<br><br>FPTC: March 25, 2025, 2:00 p.m.<br><br>Trial Date: April 15, 2025, 8:30 a.m. |

///

///

///

///

///

///

///

///

///

///

1

1

**TABLE OF CONTENTS**

2    INTRODUCTION……………………………………………………..…5

3    ARGUMENT…………………………………………………………….5

4    A.    Evidence Of Alaniz's Mental Health And Drug Use……………………5

5        1.    Evidence Of Alaniz's Mental Health Is Relevant And Any
        Privilege That Might Have Applied Has Been Waived As
6            Magistrate Judge Christensen Already Found In Her
        Unchallenged Discovery Order……………………………….…5
7
    2.    Evidence Of Alaniz's Drug Use Is Relevant To Damages…….…10
8
B.    Evidence Of Alaniz's Mental Health And Drug Use Is Not
9        Inadmissible Character Evidence Under Federal Rule of Evidence 404…11

10   C.    Records Documenting Alaniz's Mental Health Or Drug Use Are Not
    Inadmissible Hearsay………………………………………………..…11
11
D.    Evidence Of Alaniz's Mental Health And Drug Use Is Not More
12       Prejudicial Than Probative……………………………………………..12

13   CONCLUSION…………………………………………………………12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*A.H. v. County of Los Angeles*, No. CV 22-03671-SB (ASx)
    2023 WL 3035349, at *3 (C.D. Cal. Jan. 19, 2023)...........................7

*Arellano v. City of Santa Ana*
    2015 U.S. Dist. LEXIS 200531 (C.D. Cal. Dec. 29, 2015)..............…..9

*Barillas v. City of L.A.*
    2021 U.S. Dist. LEXIS 194094 (C.D. Cal. Apr. 12, 2021)...................8

*Boyd v. City & Cnty. of S.F.*
    576 F.3d 938 (9th Cir. 2009).............................................7, 11, 12

*Castro v. Cty. of L.A.*
    2015 U.S. Dist. LEXIS 103945 (C.D. Cal. Aug. 3, 2015)...............…..10

*Conan v. City of Fontana*
    2017 U.S. Dist. LEXIS 222451 (C.D. Cal. Oct. 6, 2017)....................10

*Ely v. Cty. of Santa Barbara*
    2022 U.S. Dist. LEXIS 236211 (C.D. Cal. July 25, 2022)...................8

*Graham v. Connor*
    490 U.S. 386 (1989)........................................................6

*Hermosillo v. Cty. of San Bernardino*
    2017 U.S. Dist. LEXIS 230350 (C.D. Cal. Feb. 16, 2017)..............…..8

*Hickman v. Taylor*
    329 U.S. 495 (1947)........................................................9

*Lindsey v. City of Pasadena*
    2018 U.S. Dist. LEXIS 229889 (C.D. Cal. Jan. 9, 2018)....................8

*McCoy v. City of Vallejo*
    2023 U.S. Dist. LEXIS 205639 (E.D. Cal. Nov. 16, 2023)...................9

*Nehad v. Browder*
    2016 U.S. Dist. LEXIS 49252 (S.D. Cal. Apr. 11, 2016)....................9

*N.W. v. City of Long Beach*
    2016 U.S. Dist. LEXIS 194469 (C.D. Cal. June 7, 2016)...............…..10

*Peck v. Cty. of Orange*
    2023 U.S. Dist. LEXIS 237801 (C.D. Cal. May 22, 2023)...................10

*Sesma v. State of California,*
    21-cv-01694-JWH-DTB...............................................................8

*Silva v. Chung*
    2019 U.S. Dist. LEXIS 90091 (D. Haw. May 29, 2019)................8, 9, 10

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Sullivan v. City of Buena Park*
     2022 U.S. Dist. LEXIS 91684 (C.D. Cal. Apr. 11, 2022)………………7, 8

*Trejo v. Cal. Forensic Med. Grp.*
     2024 U.S. Dist. LEXIS 164738 (S.D. Cal. Sep. 12, 2024)………………10

*United States v. Hall*
     419 F.3d 980 (9th Cir. 2005)……………………………………………..11

*Valenzuela v. City of Anaheim*
     29 F.4th 1093 (9th Cir. 2022)……………………………………………..9

*Valtierra v. City of L.A.*
     99 F. Supp. 3d 1190 (C.D. Cal. 2015)……………………………………10

*Virginia v. Zaragoza v. Cnty. Of Riverside*
     2024 U.S. Dist. LEXIS 189610 (C.D. Cal. July 11, 2024)……………7, 12

*V.V. v. City of L.A.*
     2022 U.S. Dist. LEXIS 153572 (C.D. Cal. July 6, 2022)…………………10

**Statutes**

Fed. R. Evid. 403……………………………………………………..…12

Fed. R. Evid. 803……………………………………………………..…11

**INTRODUCTION**

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

John Alaniz tried to kill himself by jumping in front of a big-rig on the I-105 freeway. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled object(s) from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force.

Plaintiffs are Alaniz's parents and they seek damages on his behalf for the loss of his ability to enjoy his life (survivor damages) and on their own behalf for the loss of care, comfort, society and support (wrongful death damages).

Somewhat in a vacuum, plaintiffs seek to exclude from evidence Alaniz's "medical records" and "psychological records" and any testimony about either.

Defendants are not intending to introduce "medical records" detailing Alaniz's general health or any similar testimony.

Defendants are intending to introduce testimony and "medical records" or "psychological records" regarding Alaniz's history of mental health issues and drug abuse. Defendants accordingly confine their arguments to that evidence, which is most definitely admissible.

The Court should deny plaintiffs' motion.

**ARGUMENT**

**A.    Evidence Of Alaniz's Mental Health And Drug Use**

**1.    Evidence Of Alaniz's Mental Health Is Relevant And Any Privilege That Might Have Applied Has Been Waived As Magistrate Judge Christensen Already Found In Her Unchallenged Discovery Order**

Plaintiffs' argument focuses solely on liability. Plaintiffs do not contest the relevance of Alaniz's mental health to damages. Regardless, the evidence is

5

1    relevant to both issues as Magistrate Judge Christensen already concluded in

2    compelling the release of Alaniz's mental health records from the VA.  *See* Doc.

3    41, p. 12 ("Because [Alaniz's] mental distress is at issue, the records sought are

4    highly relevant to the claims brought by Plaintiffs and to Defendants' anticipated

5    defenses ....")

6          Plaintiffs did not challenge Judge Christensen's order and it is now final.

7    *See* L.R. 72-2.1.   Worse yet, they act like it does not exist. Plaintiffs simply

8    ignore it and make the same arguments Judge Christensen rejected.[1]

9          Regarding relevance to liability, defendants cannot say it much better than

10   Judge Christensen's correct conclusion:

11         Plaintiffs assert that Decedent's 'mental health and medical records
           from the VA" are not relevant, but rather, "tangential to the primary
12         issue in this case: whether Defendant Ramon Silva['s] use[] of
           deadly force against [D]ecedent . . . was reasonable.' [Citation]. The
13         Court disagrees.
14

15         The records sought are directly relevant to at least Plaintiffs' Fourth
           Amendment excessive force claim. The Fourth Amendment requires
16         the degree of force to be 'objectively reasonable' under the
           circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989).
17         Courts apply an objective inquiry to determine whether excessive
           force was used. The 'reasonableness' of an officer's particular use
18         of force 'must be judged from the perspective of a reasonable
           officer on the scene, rather than with the 20/20 vision of hindsight.'
19         *Id.* at 396. This test considers the 'totality of the circumstances,'
           including 'the severity of the crime at issue, whether the suspect
20         poses an immediate threat to the safety of the officers or others, and
           whether he is actively resisting arrest or attempting to evade arrest
21         by flight.' *Id.*
22
23
24
25
_____
26   [1] Perhaps plaintiffs thought the order was not important because it was a
     discovery order.  The latter is right but the former is not.  Rejecting the precise
27   argument plaintiffs make here, Judge Christensen held the mental health
     information was *relevant*.
28

Case No. 2:23-cv-07532-DMG-SSC

Here, CHP officers responded to a call for assistance following a report that Decedent was hit by a big rig on the interstate, was jumping and running into traffic, and was exhibiting what appeared to be suicidal behavior. (ECF 32 at 7.) Plaintiffs allege that, 'despite [Decedent] showing obvious signs of mental distress,' Defendant Silva used unreasonable excessive force against Decedent, who "was unarmed" and "posed no immediate threat of death or serious bodily injury to anyone," resulting in Decedent's death. (ECF 1-1 at 6–7.) Defendant Silva's deposition testimony, as read into the record at the hearing, reflected that prior to his arrival on scene, Officer Silva had obtained some information through dispatch that led him to believe that he would be responding to assist with someone who might be experiencing a mental health crisis. (ECF 32 at 9.) The reasonableness inquiry is thus intertwined with Decedent's mental state during the incident and resulting conduct. Accordingly, *'[t]he Court finds that Decedent's mental health, history of mental health treatment and medication, and any related diagnoses are relevant to the claims and defenses in this case because the litigation turns on the determination of Decedent's mental health condition.' A.H. v. County of Los Angeles*, No. CV 22-03671-SB (ASx), 2023 WL 3035349, at *3 (C.D. Cal. Jan. 19, 2023).

Doc. 41, pp. 4-5 (emphasis added).

Though correct on its own, defendants add that Alaniz's prior mental health history is relevant to defendants' "suicide by cop" theory.

Evidence pertaining to Alaniz's mental health, including prior suicide attempts, is relevant to the "suicide by cop" theory. *Sullivan v. City of Buena Park*, 2022 U.S. Dist. LEXIS 91684, at *12 (C.D. Cal. Apr. 11, 2022) (citing *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009)).  The evidence supports defendants' theory that Alaniz was attempting to commit "suicide by cop" on the date of this incident by running at the officers in a shooter's stance, particularly where, as here, plaintiffs dispute what Alaniz was doing at the time of the shooting.  *Boyd*, 576 F.3d at 944-45, 947; *Virginia v. Zaragoza v. Cnty. of Riverside*, 2024 U.S. Dist. LEXIS 189610, at *10-12 (C.D. Cal. July 11, 2024);

*Hermosillo v. Cty. of San Bernardino*, 2017 U.S. Dist. LEXIS 230350, at *3-4 (C.D. Cal. Feb. 16, 2017); *Sullivan,* 2022 U.S. Dist. LEXIS 91684, at *12-15; *Barillas v. City of L.A.*, 2021 U.S. Dist. LEXIS 194094, at *20 (C.D. Cal. Apr. 12, 2021); *see also Ely v. Cty. of Santa Barbara*, 2022 U.S. Dist. LEXIS 236211, at *24 (C.D. Cal. July 25, 2022) ("the suicide-by-cop theory would provide an explanation for Defendants' version of events, thus making it relevant testimony").

Regarding damages, Judge Christensen again correctly found Alaniz's mental health relevant because of the damages plaintiffs seek:

> The records sought are also relevant to Plaintiffs' claimed wrongful death and survival damages. Plaintiffs allege that, before his death, Decedent suffered 'loss of earning capacity." (ECF 1-1 at 9.) They also allege that Plaintiffs have 'been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance' of Decedent. (Id. at 11–12.) Discovery related to Decedent's ability to provide financial support and his familial relationships is relevant to these allegations. See A.H., 2023 WL 3035349, at *3.

Doc. 41, pp. 5-6.

Other courts agree that evidence of a decedent's mental health relevant to damages. *Sesma v. State of California*, 21-cv-01694-JWH-DTB, Doc. 112, pp. 8-10 (finding decedent's mental health evidence admissible on damages); *Lindsey v. City of Pasadena*, 2018 U.S. Dist. LEXIS 229889, at *9 (C.D. Cal. Jan. 9, 2018) ("Plaintiffs' request for damages places decedent's medical and mental health prior to the incident at issue, as the documents would be relevant to decedent's ability to provide care, sustenance, comfort, and society to Plaintiffs."); *Silva v. Chung*, 2019 U.S. Dist. LEXIS 90091, at *16 (D. Haw. May 29, 2019) ("Defendants are able to inquire with witnesses about the Decedent's quality of life, including his history of drug abuse and mental illness for purposes of damages. [¶] The Decedent's history of drug abuse and mental

8

1    health treatment are relevant to the issue of life expectancy, occupation, and

2    enjoyment of life."); *Nehad v. Browder*, 2016 U.S. Dist. LEXIS 49252, at *7

3    (S.D. Cal. Apr. 11, 2016) (finding mental health of decedent relevant to damages

4    for impairment of relationship with decedent); *Arellano v. City of Santa Ana*,

5    2015 U.S. Dist. LEXIS 200531, at *4-5 (C.D. Cal. Dec. 29, 2015) ("By seeking

6    damages for the loss of decedent's financial and emotional support, Plaintiffs

7    have made decedent's mental health relevant.").

8         And evidence of Alaniz's mental health is not only relevant to the

9    "wrongful death" damages but is also relevant to plaintiffs' claim for Alaniz's

10   "loss of life" damages.  These damages, otherwise known as "hedonic" damages,

11   "purport to compensate a victim for the lost pleasure he would have enjoyed

12   from his life."  *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1096 (9th Cir.

13   2022).

14        Mental health, among other things, is relevant evidence for the jury to

15   consider in evaluating the quality of Alaniz's life. *Silva*, 2019 U.S. Dist. LEXIS

16   90091, at *16; *McCoy v. City of Vallejo*, 2023 U.S. Dist. LEXIS 205639, at *12

17   (E.D. Cal. Nov. 16, 2023) ("[I]nformation regarding Mr. McCoy's physical and

18   mental health .... would be relevant to how Mr. McCoy lived and his life

19   expectancy and therefore relevant to damages.").

20        Regarding the assertion of the right to privacy and the psychotherapist-

21   patient privilege over mental health information, Judge Christensen rightly found

22   those privileges were waived because this lawsuit places Alaniz's mental

23   condition at issue regarding both liability and damages.  Doc. 41, pp. 8-9; *see*

24   *Hickman v. Taylor*, 329 U.S. 495, 512 (1947) (party asserting privilege has the

25   burden to establish it applies).  Moreover, since Judge Christensen's order, one

26   of Alaniz's treating psychiatrists was deposed and testified without objection to

27   Alaniz's mental health history.

28   ///

1

**2.      Evidence Of Alaniz's Drug Use Is Relevant To Damages**

2          Defendants will be introducing evidence of Alaniz's history of drug use,

3   but not for liability purposes.  That evidence is relevant to damages, an issue

4   plaintiffs ignore.

5          Plaintiffs seek damages for the impairment of their relationship with

6   Alaniz.  Alaniz's drug use is directly relevant to that relationship as many courts

7   have found. *Trejo v. Cal. Forensic Med. Grp*., 2024 U.S. Dist. LEXIS 164738, at

8   *6 (S.D. Cal. Sep. 12, 2024); *Peck v. Cty. of Orange*, 2023 U.S. Dist. LEXIS

9   237801, at *15 (C.D. Cal. May 22, 2023); *V.V. v. City of L.A*.,2022 U.S. Dist.

10  LEXIS 153572, at *15 (C.D. Cal. July 6, 2022); *Conan v. City of Fontana*, 2017

11  U.S. Dist. LEXIS 222451, at *20 (C.D. Cal. Oct. 6, 2017); *Castro v. Cty. of L.A*.,

12  2015 U.S. Dist. LEXIS 103945, at *20 (C.D. Cal. Aug. 3, 2015).

13         And like Alaniz's mental health, his drug use is relevant to the loss of life

14  damages sought because drug use, and especially drug abuse, impacts the quality

15  of one's life.  *Silva*, 2019 U.S. Dist. LEXIS 90091, at *16 ("The Decedent's

16  history of drug abuse and mental health treatment are relevant to the issue of life

17  expectancy, occupation, and enjoyment of life."); *N.W. v. City of Long Beach*,

18  2016 U.S. Dist. LEXIS 194469, at *14 (C.D. Cal. June 7, 2016) (history of drug

19  use relevant to "life expectancy . . ., health, habits, activities, [and] ]lifestyle.")

20          Moreover, plaintiffs denied in their depositions having any knowledge of

21  Alaniz's drug use.  Roistacher Declaration, Exh. 3 (Sandra Kirkman Deposition),

22  pp. 19:25-20:6; id., Exh. 4 (Carlos Alaniz Jr. Deposition), p. 17:10-15.  Thus,

23  evidence of drug use is relevant to show the relationship was not as close as they

24  claim.  *See Valtierra v. City of L.A*., 99 F. Supp. 3d 1190, 1194 (C.D. Cal. 2015)

25  ("The Court agrees with defendants that evidence of plaintiffs' claimed lack of

26  awareness of decedent's criminal history is relevant to show that plaintiffs'

27  relationships with decedent were not particularly close.") (simplified).

28  ///

1

2

**B.     Evidence Of Alaniz's Mental Health And Drug Use Is Not Inadmissible Character Evidence Under Federal Rule of Evidence 404**

3       "Evidence of crimes, wrongs, or prior bad acts is inadmissible 'to prove

4   the character of a person in order to show action in conformity therewith." *Boyd*

5   *v. City & Cty. of S.F.*, 576 F.3d 938, 946-47 (9th Cir. 2009) (quoting Fed. R.

6   Evid. 404(b)).  Defendants are not using evidence of Alaniz's drug use to

7   establish liability.  Thus, the evidence is not character evidence because it is not

8   being used to show Alaniz acted in any particular way on the day of the incident.

9       Certainly, evidence of Alaniz's mental health is not character evidence

10  because it is a medical condition and not a crime, wrong or prior bad act.  And as

11  to damages, the evidence is not sought to prove anything about how Alaniz acted

12  on the day of the incident. As to liability, it is questionable whether a prior

13  suicide attempt is character evidence.  Assuming it is, it is nonetheless

14  admissible character evidence when used to support a "suicide by cop" theory.

15  *Boyd,* 576 F.3d at 947.

16  **C.     Records Documenting Alaniz's Mental Health Or Drug Use Are Not Inadmissible Hearsay**

17

18      Plaintiffs move to exclude "reports and records" detailing Alaniz's mental

19  health and drug use as hearsay "without exception."

20      Medical records are not hearsay under Rule 803(4) and 803(6).  *See United*

21  *States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005) ("The medical records from

22  Hawkins' hospital visit and the notes of Hall's parole officer were records kept in

23  the ordinary course of business, classic exceptions to the hearsay rule. Fed. R.

24  Evid. 803(6). Hawkins' statements to Dr. Grover, including that her live-in

25  boyfriend had caused her injuries, were statements made for the purpose of

26  medical diagnosis or treatment, and also hearsay exceptions.").

27  ///

28  ///

Moreover, defendants have listed as a witness one of the Alaniz's doctors that can testify as to his past mental health and drug use, and he laid the business record exception foundation in his deposition.

**D.     Evidence Of Alaniz's Mental Health And Drug Use Is Not More Prejudicial Than Probative**

Plaintiffs' entire argument for exclusion under Rule 403 assumes that the evidence has little probative value as to *liability*. Plaintiffs make no argument that the purported prejudice outweighs the highly probative *damage* evidence.

And when mental health evidence is used to support a "suicide by cop" theory, courts have declined to find it inadmissible under Rule 403.  *See, e.g., Zaragoza*, 2024 U.S. Dist. LEXIS 189610, at *12-13; *Barillas*, 2021 U.S. Dist. LEXIS 194094, at *19; *see also Boyd*, 576 F.3d at 947 (finding district court properly exercised discretion in refusing to exclude suicide by cop evidence under Rule 403).

**CONCLUSION**

The Court should deny plaintiffs' motion.


Dated: March 21, 2025                              Dean Gazzo Roistacher LLP


                                        By:  */s/ Lee H. Roistacher*
                                        _____
                                            Lee H. Roistacher
                                            Attorneys for Defendants
                                            State of California by and through
                                            California Highway Patrol and
                                            Officer Ramon Silva

///

///

///

///

12

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Opposition To Plaintiffs' Motion In Limine 2 To Exclude Decedent John Alaniz's Medical Records contains 2,368 words, which:

   X   complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: March 21, 2025         */s/ Lee H. Roistacher*_____
                                Lee H. Roistacher , declarant