1    Dean Gazzo Roistacher LLP
     Lee H. Roistacher, Esq. (SBN 179619)
2    440 Stevens Avenue, Suite 100
     Solana Beach, CA  92075
3    Telephone:  (858) 380-4683
     Facsimile:  (858) 492-0486
4    E-mail:      lroistacher@deangazzo.com

5    Attorneys for Defendants
     State of California by and through California
6    Highway Patrol and Officer Ramon Silva

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10   SANDRA KIRKMAN AND              Case No.: 2:23-cv-07532-DMG-SSC
     CARLOS ALANIZ,
11   INDIVIDUALLY AND AS             **OPPOSITION TO PLAINTIFFS'**
     SUCCESSORS-IN-INTEREST TO       **MOTION IN LIMINE 3 TO**
12   JOHN ALANIZ, DECEASED,          **EXCLUDE INFORMATION**
                                     **UNKNOWN TO DEFENDANT**
13              Plaintiff,           **RAMON SILVA AT TIME OF**
                                     **INCIDENT**
14         v.

15   STATE OF CALIFORNIA;            Courtroom:  8C
     RAMON SILVA; AND DOES 1-10,     Judge:       Hon. Dolly M. Gee
16   INCLUSIVE,
                                     FPTC: March 25, 2025, 2:00 p.m.
17              Defendant.
                                     Trial Date: April 15, 2025, 8:30 a.m.
18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                              1

# TABLE OF CONTENTS

NTRODUCTION…………………………………………………………..4

ARGUMENT…………………………………………………………5

A.    Evidence of Alaniz's History Of Drug Use Is Admissible……………..5

B.    Medical Records Documenting Alaniz's Drug Abuse Are Admissible …..6

C.    The Glass Pipe Is An Admissible Item Of Evidence ……………………..7

CONCLUSION……………………………………………………………..7

# TABLE OF AUTHORITIES

**Cases**

*Castro v. Cty. of L.A.*
    2015 U.S. Dist. LEXIS 103945 (C.D. Cal. Aug. 3, 2015)…………………5

*N.W. v. City of Long Beach*
    2016 U.S. Dist. LEXIS 194469 (C.D. Cal. June 7, 2016)…………………5

*Peck v. Cty. of Orange*
    2023 U.S. Dist. LEXIS 237801 (C.D. Cal. May 22, 2023)……………..…5

*Silva v. Chung*
    2019 U.S. Dist. LEXIS 90091 (D. Haw. May 29, 2019)…………………5

*Trejo v. Cal. Forensic Med. Grp.*
    2024 U.S. Dist. LEXIS 164738 (S.D. Cal. Sep. 12, 2024)………………..5

*United States v. Hall*
    419 F.3d 980 (9th Cir. 2005)……………………………………………6

*Valenzuela v. City of Anaheim*
    29 F.4th 1093 (9th Cir. 2022)……………………………………..…5

*Valtierra v. City of L.A.*
    99 F. Supp. 3d 1190 (C.D. Cal. 2015)……………………………………6

*V.V. v. City of L.A.*
    2022 U.S. Dist. LEXIS 153572 (C.D. Cal. July 6, 2022)…………………5

**Statutes**

Fed. R. Evid. 403……………………………………………………………6

Fed. R. Evid. 404……………………………………………………………6, 7

Fed. R. Evid. 803……………………………………………………………6

# INTRODUCTION

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

John Alaniz tried to kill himself by jumping in front of a big-rig on the I-105 freeway. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled object(s) from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force.

Plaintiffs are Alaniz's parents and they seek damages on his behalf for the loss of his ability to enjoy his life (survivor damages) and on their own behalf for the loss of care, comfort, society and support (wrongful death damages).

Plaintiffs seek to exclude from evidence a number of things under the reasoning that Officer Silva was unaware of them at the time of the shooting: (1) evidence that Alaniz was under the influence of drugs at the time of the incident; (2) a glass pipe that was in Alaniz's possession; (3) Alaniz's medical records referencing cannabis abuse; (4) Alaniz's criminal history; and (5) 911 calls.[1]

Defendants do not intend to offer evidence of Alaniz's criminal history. Nor do defendants intend to offer into evidence the 911 recordings or transcripts of those recordings. Defendants will also not introduce evidence to show Alaniz was under the influence of any drugs at the time of the incident.

The Court should deny the remainder of the motion.

///

---

[1] Though stating they seek to exclude "police records relating to the incident" in the notice of motion and introduction, plaintiffs never identify these records and never address the issue further. Defendants accordingly cannot meaningful respond and this Court should deny this portion of the motion for these reasons.

4

**ARGUMENT**

**A.    Evidence of Alaniz's History Of Drug Use Is Admissible**

Defendants will be introducing evidence of Alaniz's history of drug use, but not for liability purposes. That evidence is relevant to damages, an issue plaintiffs ignore.

Plaintiffs seek damages for the impairment of their relationship with Alaniz. Alaniz's drug use is directly relevant to that relationship as many courts have found. *Trejo v. Cal. Forensic Med. Grp.*, 2024 U.S. Dist. LEXIS 164738, at *6 (S.D. Cal. Sep. 12, 2024); *Peck v. Cty. of Orange*, 2023 U.S. Dist. LEXIS 237801, at *15 (C.D. Cal. May 22, 2023); *V.V. v. City of L.A.* ,2022 U.S. Dist. LEXIS 153572, at *15 (C.D. Cal. July 6, 2022); *Castro v. Cty. of L.A.*, 2015 U.S. Dist. LEXIS 103945, at *20 (C.D. Cal. Aug. 3, 2015).

Drug use is also relevant to plaintiffs' claim for Alaniz's "loss of life" damages. These damages, otherwise known as "hedonic" damages, "purport to compensate a victim for the lost pleasure he would have enjoyed from his life." *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1096 (9th Cir. 2022). Drug use and abuse, among other things, is relevant evidence for the jury to consider in evaluating the quality of Alaniz's life. *Silva v. Chung*, 2019 U.S. Dist. LEXIS 90091, at *16 (D. Haw. May 29, 2019) ("Defendants are able to inquire with witnesses about the Decedent's quality of life, including his history of drug abuse and mental illness for purposes of damages. [¶] The Decedent's history of drug abuse and mental health treatment are relevant to the issue of life expectancy, occupation, and enjoyment of life.") (citing *Castro,* 2015 U.S. Dist. LEXIS 103945, at *20); *N.W. v. City of Long Beach*, 2016 U.S. Dist. LEXIS 194469, at *14 (C.D. Cal. June 7, 2016) (history of drug use relevant to "life expectancy . . ., health, habits, activities, [and] ]lifestyle.").

Moreover, plaintiffs denied in their depositions having any knowledge of Alaniz's drug use. Roistacher Declaration, Exh. 3 (Sandra Kirkman Deposition),

pp. 19:25-20:6; id., Exh. 4 (Carlos Alaniz Jr. Deposition), p. 17:10-15. Thus, evidence of his drug use is relevant to show the relationship plaintiffs had with Alaniz was not as close as they claim. *See Valtierra v. City of L.A.*, 99 F. Supp. 3d 1190, 1194 (C.D. Cal. 2015) ("The Court agrees with defendants that evidence of plaintiffs' claimed lack of awareness of decedent's criminal history is relevant to show that plaintiffs' relationships with decedent were not particularly close.") (simplified).

Because the evidence of past drug use is not being used to establish liability, plaintiffs' Federal Rule of Evidence 404 objection is misplaced. Nor is the evidence *unfairly* prejudicial such that it overrides the probative value regarding damages. Fed. R. Evid. 403.

## B.    Medical Records Documenting Alaniz's Drug Abuse Are Admissible

Pursuant to court order, plaintiffs produced Alaniz's medical records from the VA in discovery. Doc. 41. These records document a history of drug abuse by Alaniz.

Plaintiffs object to the admission of these records arguing statements in the records (as opposed to the records themselves) about Alaniz's drug abuse are hearsay. The statements in the records are not hearsay under Rule 803(4) and 803(6). *See United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005) ("The medical records from Hawkins' hospital visit and the notes of Hall's parole officer were records kept in the ordinary course of business, classic exceptions to the hearsay rule. Fed. R. Evid. 803(6). Hawkins' statements to Dr. Grover, including that her live-in boyfriend had caused her injuries, were statements made for the purpose of medical diagnosis or treatment, and also hearsay exceptions.").

Regardless, defendants have listed as a witness one of Alaniz's doctors that can testify as to his past drug use and he laid the business record exception foundation in his deposition. Further, defendants have listed as a witness a

///

custodian of records from the VA should it be necessary to lay a foundation for the records plaintiffs themselves produced.

**C.    The Glass Pipe Is An Admissible Item Of Evidence**

A glass pipe was found within the eyeglass case that Alaniz had in his hand at the time of the incident.  Roistacher Declaration, Exhs. 11, 12. The glass pipe is relevant to liability and damages.  On the latter, it is consistent with a history of drug use, which is relevant to damages.  On the former, it is highly relevant to what Silva observed in Alaniz's hands as it could give the appearance of a barrel of a gun.  Used for these purposes, the glass pipe is not character evidence under Rule 404.  And the glass pipe is not more prejudicial than probative.

## CONCLUSION

This Court should deny plaintiffs' motion.

Dated: March 21, 2025                          Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*

Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Opposition To Plaintiffs' Motion In Limine 3 To Exclude Information Unknown To Defendant Ramon Silva At Time Of Incident contains 1,092 words, which:

    _X_  complies with the word limit of L.R. 11-6.1.

    _____ complies with the word limit set by court order dated [date].

Dated: March 21, 2025                     */s/ Lee H. Roistacher*_____
                                          Lee H. Roistacher , declarant

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:23-cv-07532-DMG-SSC