Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:        lroistacher@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol and Officer Ramon Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN AND CARLOS ALANIZ, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JOHN ALANIZ, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; RAMON SILVA; AND DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.: 2:23-cv-07532-DMG-SSC<br><br>**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EXHIBITS OF DAVID BLAKE**<br><br>Courtroom: 8C<br>Judge:        Hon. Dolly M. Gee<br><br>FPTC: March 25, 2025, 2:00 p.m.<br><br>Trial Date: April 15, 2025, 8:30 a.m. |

///
///
///
///
///
///
///
///
///
///

1

1

# TABLE OF CONTENTS

2   INTRODUCTION…………………………………………………………..4

3   ARGUMENT……………………………………………………………….6

4   A.    Admissibility Standards………………………………………….....6

5   B.    Plaintiffs' Proffered Reasons To Exclude Blake's Testimony Are
        Factually And Legally Flawed……………………………………………6

6

7   CONCLUSION…………………………………………………………....9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:23-cv-07532-DMG-SSC

# TABLE OF AUTHORITIES

## Cases

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
738 F.3d 960 (9th Cir. 2013)…………………………………………………6

*Aventis Env't Sci. USA LP v. Scotts Co.*
383 F. Supp. 2d 488 (S.D.N.Y. 2005)………………………………………..9

*Best Buy Co. v. Hitachi, Ltd. (In re Cathode Ray Tube (CRT) Antitrust Litig.)*
2016 U.S. Dist. LEXIS 166398 (N.D. Cal. Nov. 15, 2016)……………..…4

*City of Pomona v. SQM N. Am. Corp.*
750 F.3d 1036 (9th Cir. 2014)………………………………………...…9

*Daubert v. Merrell Dow Pharms. Inc*
509 U.S. 579 (1993)………………………………………..………4, 5, 6

*Elosu v. Middlefork Ranch Inc.*
26 F.4th 1017 (9th Cir. 2022)…………………………………………..*Passim*

*Ironhawk Techs., Inc. v. Dropbox, Inc.*
2 F.4th 1150 (9th Cir. 2021)………………………………………………7

*Krommenhock v. Post Foods, LLC,*
334 F.R.D. 552 (N.D. Cal. 2020)……………………………………………9

*United States v. L.E. Cooke Co.*
991 F.2d 336 (6th Cir. 1993)………………………………………………9

## Statutes

Fed. R. Civ. P. 26……………………………………………………………4, 7

Fed. R. Evid. 702……………………………………………………4, 5, 7

**INTRODUCTION**

David Blake is defendants' human factors expert.  He produced a Federal Rule of Civil Procedure 26 report listing his opinions and was also deposed. Roistacher Declaration, Exhs. 5, 6.

Plaintiffs' motion to exclude Blake's opinions and exhibits is flawed.

First, the title of the notice is directed at Blake and seeks to exclude "testimony" and "exhibits."  But the body of the notice is directed at different experts.  And plaintiffs do not actually seek to exclude any of Blake's exhibits. Nowhere in the memorandum is there a mention of an exhibit.  This Court must accordingly deny that aspect of the motion.

Second, it is unclear which opinion of Blake plaintiffs seek to exclude. Despite Blake's six opinions being laid out in his Rule 26 report, Exh. 5, pp. 18-47, and discussed during his deposition, plaintiffs do not identify any specific opinion but only broadly say Blake "is *expected* to testify regarding the reasonableness of Officer's Silva's perception of a gun in the hands of decedent John Alaniz."  Doc. 108, p. 3 (emphasis added).  With his report and deposition, plaintiffs know Blake's opinions.

Plaintiffs then go on to say Blake's "conclusions" fail to meet the admissibility standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc*, 509 U.S. 579 (1993).  What conclusions?  This Court should deny plaintiffs' motion for lack of specificity.  *See Best Buy Co. v. Hitachi, Ltd. (In re Cathode Ray Tube (CRT) Antitrust Litig.)*, 2016 U.S. Dist. LEXIS 166398, at *212-13 (N.D. Cal. Nov. 15, 2016) ("'In their motion in limine to "exclude any opinions by plaintiff's experts which are not based on the actual facts of the case," defendants do not identify any specific opinion to be excluded . . . . Without offering a specific opinion to be excluded under this rule, the Court cannot preemptively grant defendant's motion in limine.'").

///

4

Third, assuming plaintiffs are trying to exclude Blake's opinion that Officer Silva's mistaken perception was reasonable, the motion fails because that is not one of Blake's opinions. *See* Exh. 5, pp. 18-47. Although Blake does opine that objective human perception factors support Silva's mistaken belief that Alaniz had a gun in his hand, *id.*, p. 23, that is a much different opinion than the one plaintiffs ascribed to him. To be sure, Blake testified during his deposition that the "opinion" plaintiffs ascribe to him is a jury question:

> Q. And is it your understanding that at trial, it's a jury who ultimately decides whether Officer Silva's mistaken belief about what the decedent had in his hands was reasonable or not?
>
> A.    Yes.

Exh. 6, pp. 62:22-63:1.

Fifth, plaintiffs' purported basis to exclude under Rule 702 and *Daubert* – a flaw in Blake's methodology – rests on a failure to include in his Rule 26 report things witnesses may have said in statements or depositions that plaintiffs think are important. That is not a basis for exclusion but cross-examination. Even a claim that an expert ignored certain facts or data or reached conclusions contrary to evidence is not a basis for exclusion but, again, grounds for cross-examination. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022) (district court erred in excluding expert opinion when the "court took issue with [his] 'ultimate conclusions,' finding that the substance of his opinion was speculative, uncertain, and contradicted by multiple eyewitness accounts.").

For all those reasons and for the reasons further addressed, this Court should deny plaintiffs' motion.

///

///

///

1

**ARGUMENT**

2

**A.    Admissibility Standards**

3

In evaluating the admissibility of expert testimony, the trial court is "'a

4

gatekeeper, not a fact finder.'" *Elosu*, 26 F.4th at 1024.  As the Ninth Circuit has

5

repeatedly explained:

6
7
8
9
10
11
12
13
14

> Ultimately, the test under *Daubert* is not the correctness of the
> expert's conclusions but the soundness of his methodology. ...
> Accordingly, the district court is not tasked with deciding whether the
> expert is right or wrong, just whether his testimony has substance
> such that it would be helpful to a jury. If the proposed testimony
> meets the thresholds of relevance and reliability, its proponent is
> entitled to have the jury decide upon its credibility, rather than the
> judge.  Challenges that go to the weight of the evidence are within the
> province of a fact finder, not a trial court judge. A district court should
> not make credibility determinations that are reserved for the jury. ...
> This Court has previously noted that shaky but admissible evidence
> is to be attacked by cross examination, contrary evidence, and
> attention to the burden of proof, not exclusion.

15

*Id.*   (simplified); *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738

16

F.3d 960, 969-70 (9th Cir. 2013) ("Basically, the judge is supposed to screen the

17

jury from unreliable nonsense opinions, but not exclude opinions merely because

18

they are impeachable. The district court is not tasked with deciding whether the

19

expert is right or wrong, just whether his testimony has substance such that it

20

would be helpful to a jury.")

21

**B.    Plaintiffs' Proffered Reasons To Exclude Blake's Testimony Are**
**       Factually And Legally Flawed**

22

23

"'Expert opinion testimony is relevant if the knowledge underlying it has a

24

valid connection to the pertinent inquiry. And it is reliable if the knowledge

25

underlying it has a reliable basis in the knowledge and experience of the relevant

26

discipline.'" *Alaska Rent-A-Car, Inc*., 738 F.3d at 969.

27

///

28

6

An examination of Blake's extensive and detailed report shows his opinions meet both relevancy and reliability standards. *See* Exh. 5. Blake's unchallenged knowledge and experience are certainly connected to the issues in the case, he is surely qualified to render his opinions, *id*. *See Elosu*, 26 F.4th at 1024 (referring to Federal Rule of Evidence 702: "An expert's specialized knowledge and experience can serve as the requisite 'facts or data' on which they render an opinion.").

Nonetheless, plaintiffs attack the foundational basis for Blake's opinions because his report failed to mention in his Rule 26 report something Officer Van Dragt said about what the object in Alaniz's hands looking like a Subway sandwich. Doc. 108, p. 3. Rule 26 does not require an expert to identify in a report everything every witness said but only "the facts and data considered by the witness in forming [his or her opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). Blake most certainly did this. See Exh. 5. Regardless, the failure to do so provides no basis for exclusion. *See Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1166 (9th Cir. 2021) ("The lack of certain specific details goes to the weight of the testimony, not its admissibility. And the weight is to be assessed by the trier of fact at trial[.]")

This is particularly true because Blake testified in his deposition that he considered this statement:

> Q.    I'll shortcut it and say:· Did it affect your opinion in this case that Van Dragt said that the object he perceived in the decedent's hands looked like a Subway sandwich?
>
> A.    Yes.

Exh. 6, p. 51:13-17.

Plaintiffs go on to criticize Blake for, once again, "not mention[ing] in his report that two eyewitnesses, Carlos Acosta and Emmanuel Clark, who were present at the scene, both stated that Alaniz did not have a gun or anything

1    resembling a gun in his hands," Doc. 108, p. 3, which just discussed is not a basis

2    for exclusion.

3          Moreover, plaintiffs do not provide this Court with anything establishing

4    what Acosta or Clark said.  Counsel's "testimony" about why they said during

5    Blake's deposition is not evidence.  And what counsel said is wrong anyway.  This

6    is what Acosta actually said:

7        Q.    Mr. Acosta, do you recall telling DOJ investigators that you
            saw the individual pull a black object from his pocket when he was
8                running at the officers?

9
    A.    Yes.
10

11       Q.    Do you recall seeing a black object?

12
    A.    Yes.
13
    Q.    What did the black object look like, if you recall?
14

15       A.    Like a rectangular -- just rectangular.

16
    Q.    How big was it?
17
    A.    Maybe like hand, like a hand size.
18

19       Q.    Were you able to tell what it was?

20
    A.    No.
21

22   Roistacher Declaration, Exh 13 (Acosta Deposition), pp. 30:22-31:10.

23         And the statement by Clark that counsel refers to when questioning Blake

24   was given to law enforcement and contrary to what plaintiffs represent to this

25   Court, Clark says he did not seek and knows anything about the incident.

26   Roistacher Declaration, Exh. 7 (Clark Statement).

27   ///

28

Regardless, and even assuming the witnesses say what plaintiffs (wrongly) claims they said, and even assuming Blake did not consider what they said in rendering his opinions, or Blake chose to rely on other facts, this Court cannot exclude Blake's testimony for this reason because Blake's failure to consider the statements is a matter for cross-examination and not exclusion. *Elosu*, 26 F.4th at 1025-26 ("Rule 702 does not license a court to engage in freeform factfinding, to select between competing versions of the evidence, or to determine the veracity of the expert's conclusions at the admissibility stage."); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a battle of the experts before the fact finder, not by judicial fiat."); *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993) ("'[A]ny weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.'") (original ellipse); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 585 (N.D. Cal. 2020) ("Plaintiffs next challenge the reliability of Clemens' opinions, arguing they are based on insufficient facts and data. These challenges go to weight, not admissibility."); *Aventis Env't Sci. USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 514 (S.D.N.Y. 2005) ("Defendants are free to challenge the basis and source for [the proposed expert]'s numbers, but a challenge to the facts or data relied upon by [the proposed expert] does not go to the admissibility of his testimony, but only to the weight of his testimony.").

## CONCLUSION

This Court should deny plaintiffs' motion.

Dated: March 21, 2025                          Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*

Lee H. Roistacher
Attorneys for Defendants
State of California by and through
California Highway Patrol and
Officer Ramon Silva

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Opposition To Plaintiffs' Motion In Limine To Exclude Testimony And Exhibits Of David Blake contains 1,665 words, which:

   X   complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].


Dated: March 21, 2025              */s/ Lee H. Roistacher*
                                 Lee H. Roistacher , declarant