1  Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
2  440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
3  Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
4  E-mail:      lroistacher@deangazzo.com

5  Attorneys for Defendants
State of California by and through California
6  Highway Patrol and Officer Ramon Silva

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10  SANDRA KIRKMAN AND          Case No.: 2:23-cv-07532-DMG-SSC
    CARLOS ALANIZ,
11  INDIVIDUALLY AND AS         OPPOSITION TO PLAINTIFFS'
    SUCCESSORS-IN-INTEREST TO   MOTION IN LIMINE TO EXCLUDE
12  JOHN ALANIZ, DECEASED,      TESTIMONY AND EXHIBITS OF
                                ROD ENGLERT, NIKKI WAGAR
13                Plaintiff,    AND CHERYL KANZLER

14       v.

15  STATE OF CALIFORNIA;        Courtroom:  8C
    RAMON SILVA; AND DOES 1-10, Judge:      Hon. Dolly M. Gee
16  INCLUSIVE,
                                FPTC: March 25, 2025, 2:00 p.m.
17                Defendant.
                                Trial Date: April 15, 2025, 8:30 a.m.
18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                              1

1

**TABLE OF CONTENTS**

2

INTRODUCTION………………………………………………………..…5

3

ARGUMENT…………………………………………………………….6

4

A.    Plaintiffs' Challenge To Englert's Opinions Fails…………………………6

5

1.    Admissibility standards for expert opinions………………………..6

6

2.    Plaintiffs' evidentiary criticism of Englert's opinions provides
no legal basis to exclude them……………………………………7

7

8

B.    Plaintiffs' Challenge To The Animations Fails Because Animations
Are Demonstrative Or Illustrative Aids That Do Not Have To Meet
The Admissibility Standards Of Federal Rule Of Evidence 702…………10

9

CONCLUSION…………………………………………………………13

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:23-cv-07532-DMG-SSC

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
    738 F.3d 960 (9th Cir. 2013)……………………………………………6, 7

4

*Aventis Env't Sci. USA LP v. Scotts Co.*
    383 F. Supp. 2d 488 (S.D.N.Y. 2005)…………………………….…8

5

6

*City of Pomona v. SQM N. Am. Corp.*
    750 F.3d 1036 (9th Cir. 2014)………………………………………..8

7

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993)…………………………………………....5, 6, 10

8

9

*Elosu v. Middlefork Ranch Inc.*
    26 F.4th 1017 (9th Cir. 2022)……………………………………6, 7, 8

10

*Friend v. Time Mfg. Co.*
    2006 U.S. Dist. LEXIS 52790 (D. Ariz. July 28, 2006)………………12

11

12

*Ironhawk Techs., Inc. v. Dropbox, Inc.*
    2 F.4th 1150, 1166 (9th Cir. 2021)…………………………………10

13

*Krause v. Cty. of Mohave*
    459 F. Supp. 3d 1258 (D. Ariz. 2020)....................................................11, 12

14

15

*Krommenhock v. Post Foods, LLC*
    334 F.R.D. 552 (N.D. Cal. 2020)……………………………………8

16

*Kumho Tire Co. v. Carmichael*
    526 U.S. 137 (1999)……………………………………………..…8

17

18

*M.R. v. City of Azusa*
    2014 U.S. Dist. LEXIS 204804 (C.D. Cal. Oct. 1, 2014)………...…9, 11, 12

19

*Nenkov v. Siegmann*
    2025 U.S. Dist. LEXIS 49305 (W.D. Wash. Mar. 18, 2025)………….…9

20

*United States v. Holguin*
    51 F.4th 841 (9th Cir. 2022)…………………………………….…9

21

22

*United States v. L.E. Cooke Co.*
    991 F.2d 336 (6th Cir. 1993)…………………………………………8

23

*Unknown Party v. Ariz. Bd. of Regents*
    641 F. Supp. 3d 702 (D. Ariz. 2022)...........................................................9

24

25

*Van Loo v. United States*
    2025 U.S. Dist. LEXIS 38652 (W.D. Wash. Mar. 4, 2025)…………..10, 11

26

27

28

**Statutes**

Fed. R. Civ. P. 26……………………………………………………………………10

Fed. R. Evid. 107……………………………………………………………….…11

Fed. R. Evid. 702…………………………………………………………….*Passim*

**Other**

1 Federal Rules of Evidence § 403.02[11] (2024)……………………………...11

4

**INTRODUCTION**

This case arises out of the fatal shooting of John Alaniz by California Highway Patrol Officer Ramon Silva.

John Alaniz tried to kill himself by jumping in front of a big-rig on the I-105 freeway. Upon contact with the officers, Alaniz ignored commands to remove his hands from his pocket until he pulled object(s) from his pocket and immediately charged directly at the officers with his hands together and outstretched in front of him in the classic "shooter's stance." Reasonably believing Alaniz had a gun and was going to shoot (as anyone would), Silva responded with objectively reasonable deadly force.

Much of the incident was captured by Silva's BWC. There is about one second of the incident – the time between Silva's first and last shot – where Alaniz is blocked by Silva's arms.

Defendants retained a team of three experts lead by Rod Englert (along with Nikki Wagar and Cheryl Kanzler) to conduct a forensic reconstruction of the shooting. The well-qualified experts came to their conclusions and opinions after examining and analyzing all available evidence and conducting a forensic reconstruction of the incident. After formulating their conclusions and opinions, eight animations were created with the assistance of video expert Samir Lyons illustrating those opinions in video form. *See* Roistacher Declaration, Exh. 8 (Rule 26 report); *id.*, Exh. 10 (animations); Declarations of Englert, Wagar, Kanzler and Lyons.

It is Englert's opinions regarding what Alaniz was doing in the second where he is not visible on the BWC that plaintiffs challenge under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). According to plaintiffs, Englert's opinions regarding Alaniz's body position, including having an object in his hands, are inconsistent with and contradict by *their view* of the evidence. To that end, plaintiffs argue the

5

1   animation is speculative and prejudicial.  Yet plaintiffs do not specify which of

2   the eight animations they challenge and indeed do not even provide this Court

3   will all of them.[1]  This alone is sufficient to reject plaintiffs' challenge.

4       Plaintiffs' evidentiary criticisms of Englert's opinions are categorically not

5   grounds for exclusion, though they are grounds for cross-examination.  *See Elosu*

6   *v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022) (district court

7   erred in excluding expert opinion when the "court took issue with [his] 'ultimate

8   conclusions,' finding that the substance of his opinion was speculative, uncertain,

9   and contradicted by multiple eyewitness accounts.").

10      Accordingly, this Court should deny plaintiffs' motion.

11                          **ARGUMENT**

12  **A.    Plaintiffs' Challenge To Englert's Opinions Fails**

13  **1.    Admissibility standards for expert opinions**

14      In evaluating the admissibility of expert testimony, the trial court is "'a

15  gatekeeper, not a fact finder.'" *Elosu*, 26 F.4th at 1024.  As the Ninth Circuit has

16  repeatedly explained:

17          Ultimately, the test under *Daubert* is not the correctness of the
            expert's conclusions but the soundness of his methodology. ...
18          Accordingly, the district court is not tasked with deciding
            whether the expert is right or wrong, just whether his testimony
19          has substance such that it would be helpful to a jury. If the
            proposed testimony meets the thresholds of relevance and
20          reliability, its proponent is entitled to have the jury decide upon
            its credibility, rather than the judge. Challenges that go to the
21          weight of the evidence are within the province of a fact finder,
            not a trial court judge. A district court should not make
22          credibility determinations that are reserved for the jury. ... This
            Court has previously noted that shaky but admissible evidence
23          is to be attacked by cross examination, contrary evidence, and
            attention to the burden of proof, not exclusion.
24

25  *Id.*  (simplified); *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738

26

27  _____
    [1] Plaintiffs manually lodged some but not all of the animations. Defendants will
28  manually lodge all of them.

                                  6

1  F.3d 960, 969-70 (9th Cir. 2013) ("Basically, the judge is supposed to screen the

2  jury from unreliable nonsense opinions, but not exclude opinions merely because

3  they are impeachable. The district court is not tasked with deciding whether the

4  expert is right or wrong, just whether his testimony has substance such that it

5  would be helpful to a jury.").

6  **2.     Plaintiffs' evidentiary criticism of Englert's opinions provides no legal
         basis to exclude them**

7

8      "'Expert opinion testimony is relevant if the knowledge underlying it has a

9  valid connection to the pertinent inquiry. And it is reliable if the knowledge

10 underlying it has a reliable basis in the knowledge and experience of the relevant

11 discipline.'" *Alaska Rent-A-Car, Inc*., 738 F.3d at 969.

12     As demonstrated in the Rule 26 report and in the declarations of Englert,

13 Wagar, Kanzler, Englert's opinions meet both the relevance and reliability

14 requirements under Federal Rule of Evidence 702.  These are highly qualified

15 experts whose experience relates directly to their inquiries, and the opinions are

16 based on their experience and view of the evidence.  *Elosu*, 26 F.4th at 1024

17 (referring to Federal Rule of Evidence 702: "An expert's specialized knowledge

18 and experience can serve as the requisite 'facts or data' on which they render an

19 opinion.").

20     In plaintiffs' view, Englert's opinion regarding Alaniz's body positioning

21 is "inconsistent and contradicts established evidence." Doc. 107, p. 4.

22 Defendants disagree.  Ironically, plaintiffs' support their position by pointing to

23 Englert's deposition testimony wherein he agrees there is no video evidence

24 capturing Alaniz's body at the time of the second shot because he is blocked by

25 Silva's arms.  *Id.*, p. 5.  That begs the question – if there is no video evidence of

26 it then how can Englert's opinion contradict it? Of course, it cannot.

27 Plaintiffs also assert that Engert "has no basis for placing the object in Alaniz's

28 hand at the time of the shots."  *Id.*, p. 5.  Defendants disagree with this as well.

Regardless of the parties' disagreement about the evidentiary basis of Englert's opinions on these two issues, it is something for the jury and not this Court to resolve. *Elosu*, 26 F.4th at 1025-26 ("Rule 702 does not license a court to engage in freeform factfinding, to select between competing versions of the evidence, or to determine the veracity of the expert's conclusions at the admissibility stage."); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a battle of the experts before the fact finder, not by judicial fiat."); *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993) ("'[A]ny weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.'") (original ellipses); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 585 (N.D. Cal. 2020) ("Plaintiffs next challenge the reliability of Clemens' opinions, arguing they are based on insufficient facts and data. These challenges go to weight, not admissibility."); *Aventis Env't Sci. USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 514 (S.D.N.Y. 2005) ("Defendants are free to challenge the basis and source for [the proposed expert]'s numbers, but a challenge to the facts or data relied upon by [the proposed expert] does not go to the admissibility of his testimony, but only to the weight of his testimony.").

Because there is no visual evidence of Alaniz's body between the second and last shot by Silva, Englert relied (as explained in his deposition) on his unchallenged experience and knowledge in forensic reconstruction in connection with the available evidence, and assumptions reasonably drawn from his experience, knowledge and available evidence, to reach his conclusions on both the positioning of Alaniz's body and Alaniz retaining the object in his hands during the shooting, Roistacher Declaration, Exh. 9 (Englert Deposition), pp. 14-23, 28-41, 50-76. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (expert may "draw a conclusion from a set of observations based on extensive and specialized experience" and formulate an opinion through "visual

1  examination and process of elimination"); *United States v. Holguin*, 51 F.4th

2  841, 854 (9th Cir. 2022) (expert may rely on personal knowledge or experience

3  to formulate opinion); *Nenkov v. Siegmann*,   2025 U.S. Dist. LEXIS 49305, at

4  *9 (W.D. Wash. Mar. 18, 2025) ("An expert may rely on assumptions when

5  formulating opinions. Fed. R. Evid. 702, advisory committee notes to 2000

6  amendments ('The language 'facts or data' is broad enough to allow an expert to

7  rely on hypothetical facts that are supported by the evidence.')"); *Unknown Party*

8  *v. Ariz. Bd. of Regents*, 641 F. Supp. 3d 702, 727 (D. Ariz. 2022) ("Disagreement

9  with an expert's assumptions does not, in general, provide a basis for excluding

10  the expert's testimony."); Fed. R. Evid. 702 advisory committee's note to 2000

11  amendment ("[P]roponents do not have to demonstrate to the judge by a

12  preponderance of the evidence that the assessments of their experts are correct,

13  they only have to demonstrate by a preponderance of evidence that their opinions

14  are reliable")).

15      Indeed, this Court in *M.R. v. City of Azusa*, 2014 U.S. Dist. LEXIS 204804

16  (C.D. Cal. Oct. 1, 2014) refused to exclude Englert's opinions and rejected the

17  same arguments plaintiffs make here[2]:

18      Plaintiffs also request that the Court exclude Englert's opinions
19      regarding Rivera's body position and movements at the time of
        the shooting. Plaintiffs challenge Englert on the basis of his
20      qualifications under Federal Rule of Evidence 702 and *Daubert*
        .... More specifically, they seek to exclude the opinion that
21      Rivera's right hand was concealed, his shoulder dropped, his
        upper torso turned to his right, twisting towards Kimes at the
22      time of the shooting. [Citation]. Further, Plaintiffs object to
        Englert's second opinion that (1) the bullet path established by
23      the medical examiner corroborates Kimes's statement that
        Rivera's torso was turned toward the right and his right
24      shoulder was dipped, and (2) the trajectory of the other bullet
        that struck the cinder block wall undermines Plaintiffs'
25      contention that Rivera was facing away from the shooting
        officer and shot in the back without making any threatening
26      movements. [Citation]. In response to the latter point,
        Defendants contend that because the bullets were fired in rapid

27  _____
    [2]The *M.R.* docket reveals plaintiffs' counsel here represented the plaintiffs in
28  *M.R.*

1
2
3
4

succession, the fact that one bullet hit the wall while the other
struck Rivera indicates that he was turning as the bullets were
fired. [Citation].   After reviewing the excerpts of Englert's
report and resumé, the Court concludes that his opinions have
adequate factual support to be admissible and Englert is
qualified to testify as an expert.

5    2014 U.S. Dist. LEXIS 204804, at *10-11.  The result is the same here.

6    Plaintiffs also criticize Engert's opinions because his Rule 26 report "lacks

7    the necessary transparency and documentation for a reliable forensic analysis"

8    because the report does not detail the varying positions of Alaniz's body Englert

9    considered before concluding which was most likely.  Doc. 107, p. 7. The latter

10   may be true, but the former is not.  Rule 26 does not require an expert to identify

11   and describe every scenario considered but only "the facts and data considered by

12   the witness in forming [his or her opinions]."  Fed. R. Civ. P. 26(a)(2)(B)(ii).  And

13   the failure to do so provides no basis for exclusion.  *See Ironhawk Techs., Inc. v.*

14   *Dropbox, Inc.*, 2 F.4th 1150, 1166 (9th Cir. 2021) ("The lack of certain specific

15   details goes to the weight of the testimony, not its admissibility.  And the weight

16   is to be assessed by the trier of fact at trial[.]") Regardless, Englert explained in

17   his deposition the reasons for his conclusions and plaintiffs are free to cross-exam

18   Englert on this issue.  Exh. 9, pp. 14-23, 28-41, 50-76.

19
20

**B.    Plaintiffs' Challenge To The Animations Fails Because Animations Are
Demonstrative Or Illustrative Aids And Do Not Have To Meet The
Admissibility Standards Of Federal Rule Of Evidence 702**

21   Plaintiffs only challenge to the animations is to what they depict.  Though

22   unclear the precise authority for the challenge, it appears to rest on Rule 702 as

23   plaintiffs bring this motion as a *Daubert* motion and do not cite any other basis

24   for exclusion. Plaintiffs' motion fails at the outset because animations reflecting

25   an expert's already formed opinions need not meet the admissibility standards of

26   Rule 702.  *Van Loo v. United States*, 2025 U.S. Dist. LEXIS 38652, at *8-9

27   (W.D. Wash. Mar. 4, 2025).  That is the case here.  As the declarations of

28   Englert, Wagar, Kanzler and Lyons and the Rule 26 report establishes, the

10

1    animations were created after Englert formed his opinions to provide a visual

2    representation of them.  *See id.* at *18 ("The Court concludes that the model

3    itself is demonstrative, not substantive evidence, as it is 'a product of [the

4    expert's] review of the evidence and illustrate[s] the conclusions he drew.'").

5         Because plaintiffs offer no challenge to the animations other than a Rule

6    702 challenge, the Court could stop here and deny plaintiffs' motion.  But

7    defendants nevertheless explain why the animations are admissible as

8    demonstrative or illustrative aids. *See Van Loo*, 2025 U.S. Dist. LEXIS 38652 at

9    *8 ("The Ninth Circuit has recognized that 'demonstrative aid' and 'illustrative

10   aid' are equivalent terms").

11        The Ninth Circuit allows for the use of computer animations to help

12   explain or illustrate expert opinions. *M.R.*, 2014 U.S. Dist. LEXIS 204804, at

13   *9; *accord Van Loo v. United States,* 2025 U.S. Dist. LEXIS 38652, at *7 (W.D.

14   Wash. Mar. 4, 2025); *Krause v. Cty. of Mohave*, 459 F. Supp. 3d 1258, 1271 (D.

15   Ariz. 2020).

16        Indeed, the Federal Rules of Evidence endorse their use.  *Krause*, 459 F.

17   Supp. 3d at 1271; 1 Federal Rules of Evidence Manual § 403.02[11] (2024).  To

18   be sure, newly enacted Federal Rules of Evidence 107(a) provides animations

19   can be used as "an illustrative aid to help the trier of fact understand the evidence

20   or argument if the aid's utility in assisting comprehension is not substantially

21   outweighed by the danger of unfair prejudice, confusing the issues, misleading

22   the jury, undue delay, or wasting time."

23        Because demonstrative or illustrative aids are not "evidence" provided to

24   the jury during deliberations, *Van Loo*, 2025 U.S. Dist. LEXIS 38652, at *6; Fed.

25   R. Evid. 107(b), animations need only "satisfy[y] the usual foundational

26   requirements for demonstrative evidence." *M.R.*, 2014 U.S. Dist. LEXIS

27   204804, at *9; *accord Krause*, 459 F. Supp. 3d at 1271.  An animation need only

28   "'fairly and accurately depict what it represents" which can be established

1   "through the computer expert who prepared it or some other witness who is
2   qualified to so testify.'"  *M.R.*, 2014 U.S. Dist. LEXIS 204804, at *9 (quoting
3   *Friend v. Time Mfg. Co.*, 2006 U.S. Dist. LEXIS 52790, at *20 (D. Ariz. July 28,
4   2006)) (alterations in *M.R.* omitted).

5         In *M.R.*, this Court denied a motion in limine to exclude an animation
6   illustrating Englert's opinions.  The plaintiffs argued, like plaintiffs do here, "that
7   Englert's computer-animated reconstruction of the incident should be excluded
8   because it was inconsistent with the evidence and would be confusing and
9   misleading to the jury" by "highlight[ing] a series of differences between the
10  incident as described in depositions and interviews and the incident as depicted
11  in the animated reconstruction.  *M.R.*, 2014 U.S. Dist. LEXIS 204804, at *8.
12  These included purported inconsistences, like plaintiffs assert here, regarding the
13  positioning of the decedent's body when he was shot.  *Id.* at *8-9.

14        This Court held that "because Plaintiffs will have the opportunity to
15  challenge these inconsistencies between the video and the testimony at trial ... the
16  animated reconstruction is admissible so long as it 'fairly and accurately depicts'
17  the testimony presented by Englert or another witness at trial."  *M.R.*, 2014 U.S.
18  Dist. LEXIS 204804, at *10; *see also Krause*, 459 F. Supp. 3d at 1272 ("Plaintiff
19  does not challenge [the expert's] methodology, but instead argues the end
20  product misleads. To the extent the parties contest the accuracy of the underlying
21  data that supports [his] depictions, such weaknesses can be addressed through
22  cross-examination and other expert testimony. But, as illustrative animations—
23  rather than exact recreations—of the incident, the Court finds no sound basis to
24  exclude the animations.").

25        The Court should come to the same conclusion here and deny plaintiffs'
26  motion.  Indeed, based on the declarations of Englert, Wagar, Kanzler and
27  Lyons, and the Rule 26 report, the foundation for the animations has already
28  been established and this Court should find the animations admissible.

12

1

**CONCLUSION**

2        This Court should deny plaintiffs' motion and in doing so should also find

3  the animations admissible.

4

5  Dated: March 21, 2025               Dean Gazzo Roistacher LLP

6

7                       By:  */s/ Lee H. Roistacher*

8                           Lee H. Roistacher

                             Attorneys for Defendants

9                         State of California by and through

10                        California Highway Patrol and

                         Officer Ramon Silva

11

12

**CERTIFICATION OF COMPLIANCE**

13        The undersigned, counsel of record for Defendants State of California by

14  and through California Highway Patrol and Officer Ramon Silva, certify that this

15  Opposition To Plaintiffs' Motion In Limine To Exclude Testimony And Exhibits

16  Of Rod Englert, Nikki Wagar And Cheryl Kanzler contains 2,697 words, which:

17       __X__ complies with the word limit of L.R. 11-6.1.

18       _____ complies with the word limit set by court order dated [date].

19

20  Dated: March 21, 2025            */s/ Lee H. Roistacher*

21                       Lee H. Roistacher , declarant

22

23

24

25

26

27

28

13