**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE LAY WITNESS OPINIONS VIDEO COMMENTARY**<br><br>Judge:     Dolly M. Gee<br>Hearing:  March 25, 2025<br>Time:     2:00 p.m.<br>Dept.:    Courtroom 8C<br><br>FPTC:    March 25, 2025<br>Trial:     April 15, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Witnesses Immanuel Clark is entitled to testify about his personal observations and opinions of the shooting of John Alaniz. Federal Rule of Civil Procedure 701 provides that such testimony is admissible if "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Clark will testify to what he personally observed before, during, and after the incident. His testimony is admissible under Rule 701 as it is grounded in firsthand observations and will help the jury assess the facts of the case. See *U.S. v. Henderson*, 68 F.3d 323, 325–27 (9th Cir. 1995) (affirming admissibility of lay opinion based on personal perception).

Clark is also expected to offer lay opinions, including that Alaniz did not appear to have a gun, he did not appear to be about to shoot anyone, he did not appear to be a serious threat to anyone, and there were alternative means of resolving this conflict. These are the types of reasonable inferences permitted under Rule 701. *United States v. Vasquez*, 540 F. App'x 623, 627 (9th Cir. 2013) (lay opinion regarding whether a person was "aggressive," because it was rationally based on observations); *Stanhope v. Schriro*, No. CV 07-02 TUCDCB, 2008 WL 1927362, at *2 (D. Ariz. Apr. 29, 2008), report and recommendation adopted, No. CV 07-02 TUC DCB, 2008 WL 2388262 (D. Ariz. June 9, 2008) (lay witness can give lay opinions regarding whether injuries are "life threatening").

Defendants' motion to exclude Clark's lay opinions is particularly unpersuasive given that they relied on similar lay opinions in their own Motion for Summary Judgment. Specifically, they cited Van Dragt and Silva's lay opinions

that: (1) Alaniz posed a serious threat (e.g., SUF 24, 32, 36, 38, 40, 50, 52); (2) Alaniz appeared to have a gun and looked like he would shoot Silva; and (3) that there were no alternative but to use deadly force (SUF 52, 54). (Dkt. 66-2.) Defendants cannot now argue that lay opinions on these exact same topics are inadmissible simply because they come from a witness whose account contradicts theirs. Such an approach would be fundamentally unfair and inconsistent with Rule 701.

Moreover, Defendants are likely to argue at trial that Officer Silva acted reasonably under the circumstances, even if he was mistaken about key facts, due to the pressure of a rapidly evolving situation. Testimony from another eyewitness who experienced the same events but reached different conclusions about critical facts is highly relevant to rebutting Defendants' narrative.

For these reasons, Plaintiffs request that the Court deny Defendants' first motion in limine (Dkt. 80).

DATED: March 21, 2025

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*