**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KIRKMAN, CARLOS ALANIZ, individually and successors-in-interest to JOHN ALANIZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, RAMON SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07532-DMG-SSC<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Judge Stephanie S. Christensen*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE GRUESOME POST INCIDENT AND POST-MORTEM PHOTOGRAPHS**<br><br>Judge:   Dolly M. Gee<br>Hearing: March 25, 2025<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 8C<br><br>FPTC:  March 25, 2025<br>Trial:   April 15, 2025 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs do not intend to introduce more than a few post-shooting photographs of Mr. Alaniz. Plaintiffs do not intend to show photos that are unnecessarily bloody, depict Mr. Alaniz's genitalia, or reveal his open body cavity during autopsy.

However, this is a wrongful death and survival action and post-shooting photographs are relevant to establishing the facts of the shooting and the extent of Mr. Alaniz's pain and suffering. When Officer Silva shot Alaniz, he did not die instantly. He suffered for some period of time from the pain of being struck by three bullets. For the jury to fairly evaluate the survival damages claimed in this case, it is important that they understand the nature and extent of Mr. Alaniz's injuries. A limited number of carefully selected photographs depicting the severity of those wounds is extremely probative on this issue.

In addition, there is a factual dispute regarding Mr. Alaniz's body position at the time he was shot. Autopsy photographs showing bullet trajectories are directly relevant to this issue. They can help establish Mr. Alaniz's body position at the time he was shot, as well as his relative position to Officer Silva. Plaintiffs will argue that Mr. Alaniz was turning away from the officers in response to being struck by Van Dragt's taser when Silva shot him. Defendants have not conceded this point, and the autopsy photographs are critical evidence supporting Plaintiffs' theory of the case.

Defendants' claim of unfair prejudice is contradicted by a long line of federal and state cases holding that danger of unfair prejudice or inflaming the jury did not substantially outweigh the probative value of relevant autopsy and crime scene photographs, even when the photographs were far more gruesome than the ones at issue here. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 968 (9th Cir. 2007) (district court did not err in admitting photographs of the post-mortem decapitation and dismemberment of murder victims); *Maxwell v. United States*, 368 F.3d 735,

748-49 (9th Cir. 1966); *People v. Booker*, 51 Cal. 4th 141, 170 (2011) (trial court did not abuse its discretion in admitting over 100 crime scene photographs, some of which graphically depicted knife wounds to the victims' throats); *People v. Ramirez*, 39 Cal. 4th 398, 455 (2009) (trial court did not abuse its discretion in admitting photograph showing victim with her eyes cut out); *People v. Pride*, 3 Cal. 4th 195 (1992) (trial court did not err in admitting crime scene photographs of murder victims posed in sexually provocative positions); *People v. Martinez*, 31 Cal. 4th 673, 692 (2003) (trial court did not abuse discretion in admitting autopsy photograph of victim with his chest surgically opened and a probe inserted to show the bullet's trajectory).

  As Defendants note, Plaintiffs met and conferred on this issue in good faith and proposed a very limited set of photos selected from hundreds of available photos. Defendants declined this reasonable compromise.

  For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' second motion in limine (Dkt. 81).

DATED: March 21, 2025    **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
   Dale K. Galipo
   Cooper Alison-Mayne
   *Attorneys for Plaintiffs*