UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-7532-DMG (SSCx) | | Date | March 21, 2025 |
|---|---|---|---|---|

| Title | *Sandra Kirkman et al v. State of California, et al.* | | Page | **1 of 2** |
|---|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE DEFENDANTS' *EX PARTE* APPLICATION TO STAY CASE PENDING APPEAL AND PLAINTIFFS' *EX PARTE* APPLICATION TO CERTIFY APPEAL AS FRIVOLOUS [78] [79]**

On March 5, 2025, the Court granted in part and denied in part Defendants State of California and Ramon Silva's motion for summary judgment. [Doc. # 75.] As relevant here, the Court rejected Defendants' argument that qualified immunity shields Silva from liability for the potential violation of decedent John Alaniz's Fourth Amendment rights. *Id.* at 12.[1] Defendants now request, via *ex parte* application ("EPA"), that the case be stayed pending interlocutory appeal. [Doc. # 78 ("DEPA").] Plaintiffs Sandra Kirkman and Carlos Alaniz request that the Court certify the appeal as frivolous and deny the stay. [Doc. # 79 ("PEPA").] Each side opposed the other's EPA. [Doc. ## 110 ("PEPA Opp."), 111 ("DEPA Opp.").]

A district court's denial of qualified immunity, insofar as it rests on a question of law, is immediately appealable under the "collateral order" doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Unless and until a district court certifies in writing that a defendant's claim of qualified immunity is frivolous or has been waived, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

Plaintiffs argue that Defendants' appeal challenges the Court's findings of triable factual disputes regarding Silva's use of force—rather than the denial of qualified immunity—and is therefore frivolous. DEPA Opp. at 3. Plaintiffs are correct that the Court found many triable issues of fact, but the Court also addressed in its Order whether, viewing the facts in the light most favorable to Plaintiffs, qualified immunity shields Silva from liability. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003) (explaining that interlocutory appeals from denial of qualified immunity are not barred simply because the Court found a genuine factual dispute, if

---

[1] Page citations herein refer to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-7532-DMG (SSCx) | Date | March 21, 2025 |
|---|---|---|---|

| Title | *Sandra Kirkman et al v. State of California, et al.* | Page | **2 of 2** |
|---|---|---|---|

the Court also found that defendant's conduct as characterized by the plaintiff violated clearly established law). Thus, on appeal, Defendants intend to challenge this Court's conclusion that the rights asserted by Plaintiffs, on behalf of their decedent son, were clearly established at the time of the incident. PEPA Opp. at 17. This question is a purely legal one. *Id.*; *see also Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) ("[W]e may review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." (internal citation and quotation marks omitted)); *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018) ("[W]e have jurisdiction . . . even when the determination of qualified immunity depends upon disputed issues of material fact **so long as we assume the version of the material facts asserted by the non-moving party to be correct**.") (quoting *Johnson v. Cnty. of Los Angeles*, 340 F.3d 787, 791 (9th Cir. 2003) (emphasis added)).

The Court does not find that the appeal is frivolous. *See In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (a frivolous appeal is one in which the results are obvious or the arguments are "wholly without merit"); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("an appeal on a matter of law is frivolous where none of the legal points are arguable on their merits"). The Court is thus divested of jurisdiction over those claims as to which Defendant Silva asserts the qualified immunity defense. *See Chuman*, 960 F.2d at 105. Further, in the interest of judicial economy, the Court exercises its discretion to stay the remaining claims in this case because they are based on the same evidence underlying Plaintiffs' Fourth Amendment claim.

In light of the foregoing, Defendants' EPA to stay the action is **GRANTED** and Plaintiffs' EPA to certify the appeal as frivolous is **DENIED**. This action is **STAYED** pending the outcome of the appeal. The final pretrial conference and trial dates are **VACATED**. Within fourteen days of the conclusion of the appeal, the parties shall file a joint status report updating the Court as to the status of the matter and, if necessary, proposing a new schedule.

**IT IS SO ORDERED.**